IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re* Application of ) <br> ATIKU ABUBAKAR ) <br> ) <br> ) <br> For an Order Directing Discovery from ) <br> CHICAGO STATE UNIVERSITY Pursuant to ) <br> 28 U.S.C. § 1782. ) <br> ) | Case No. 23-cv-05099 |

**APPLICATION PURSUANT TO 28 U.S.C. § 1782
FOR AN ORDER DIRECTING DISCOVERY FROM CHICAGO STATE UNIVERSITY
FOR USE IN A FOREIGN PROCEEDING**

1.     Pursuant to 28 U.S.C. § 1782, and based upon this application, concurrently filed Memorandum of Law, Declaration of Angela Liu ("Liu Decl."), and supporting documents attached thereto, Atiku Abubakar ("Applicant"), by and through his counsel, applies to this Court for an Order granting Applicant leave to serve targeted discovery, in compliance with all relevant provisions of Federal Rule of Civil Procedure 45, and in the same form as the Subpoena *Duces Tecum* and the Subpoena *Ad Testificandum* (the "Subpoenas") attached as Exhibits 1 and 2 respectively to this Application, upon Respondent Chicago State University ("CSU"), for use in a foreign proceeding: *Atiku Abubakar and Peoples Democratic Party v. Independent National Electoral Commission, Bola Ahmed Tinubu, and All Progressives Congress*, No. CA/PEPC/05/2023 (Court of Appeal of Nigeria, Presidential Election Petition Court, Holden at Abuja) ("*Abubakar v. INEC*"), and any further proceedings arising therefrom.  *See* Liu Decl.¶ 5 and Ex. B.

2.     Respondent CSU is established pursuant to Illinois law, 110 ILCS 660/5-1 et seq., and provides higher education within the State of Illinois, including Cook County.  Upon

information and belief, CSU has its principal campus and offices in Chicago, Illinois. *See* Liu Decl. ¶ 4. The subpoenas seek documents and testimony for use in *Abubakar v. INEC*, where Applicant is challenging the conduct and subsequent results of Nigeria's presidential elections held on February 15, 2023. *See id.* ¶ 5. CSU is not a party to the Nigerian proceedings. *Id.*

3. As discussed in the accompanying Memorandum of Law, the documents and testimony Applicant seeks are likely to contain information relevant to Applicant's claims in *Abubakar v. INEC*, and to documents that are already at issue in the case (including documents purporting to originate from CSU). CSU has not yet provided Applicant the documents he seeks pursuant to the Subpoena *Duces Tecum* attached hereto as Exhibit 1, nor has Applicant had an opportunity to elicit the testimony sought in the Subpoena *Ad Testificandum* attached hereto as Exhibit 2.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1782, which authorizes any "interested person" to request that a United States District Court order the discovery of documents and testimony for use in a foreign proceeding from persons that "reside[] or [are] found" within its District. 28 U.S.C. § 1782(a).

5. As described in further detail below, Applicant is an "interested person" pursuant to 28 U.S.C. § 1782. He seeks an order granting discovery from this Court for use in *Abubakar v. INEC*, pending in the Nigerian Court of Appeal.

6. Upon information and belief, Respondent CSU is a public university established and existing under the laws of Illinois, with its principal campus and offices in Chicago. Liu Decl. ¶ 4.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1782 and 28 U.S.C. § 1391(c) because Respondent CSU is a public university established in Chicago and existing under the laws of Illinois, with principal campus and offices in Chicago, Illinois, within this District.

## THE BASIS FOR RELIEF SOUGHT IN THIS PETITION

8. As set forth more fully in the accompanying Memorandum of Law and Liu Declaration, this Application satisfies the statutory elements of 28 U.S.C. § 1782 and the discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004). Under 28 U.S.C. § 1782(a), a federal district court can order discovery from persons that reside or are found within its district:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court.

9. Thus, a party must satisfy three statutory requirements to obtain discovery under 28 U.S.C. § 1782. *First*, the person from whom discovery is sought must "reside[] or [be] found" in the district. *Second*, the petitioner must be an "interested person." *Third*, the proceeding at issue must be in a "foreign or international tribunal."

10. Here, the three statutory requirements set forth in 28 U.S.C. § 1782(a) are satisfied. *First*, CSU is established in Chicago pursuant to Illinois law, 110 ILCS 660/5-1 *et seq.*, and maintains its principal campus and offices within the Northern District of Illinois; thus it is "found" in this District. *Second*, Applicant Abubakar is the lead petitioner in *Abubakar v. INEC,* thus qualifying as an "interested person." *Third*, the foreign proceeding at issue is in a

3

"foreign or international tribunal" because the Court of Appeal, Holden at Abuja is a proof-taking judicial body empowered with sovereign authority. It is therefore a "foreign tribunal" within the meaning of 28 U.S.C. § 1782(a). Thus, the statutory requirements are met, and this Court has discretion to grant the discovery sought by Applicant.

11. In exercising that discretion, the Court must consider four factors articulated by the U.S. Supreme Court in *Intel*, which guide the Court's discretion in determining whether to order discovery under Section 1782: *first*, whether the evidence sought by the applicant is available to him absent judicial assistance under Section 1782; *second*, the receptivity of the foreign or international tribunal to such assistance; *third*, whether the request "conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or of the United States"; and *fourth*, whether the discovery sought is unduly burdensome or intrusive. 542 U.S. at 264-65.

12. As explained further in the accompanying Memorandum, here, each of the four *Intel* factors weighs decisively in favor of granting the application. *First*, the documents and testimony sought pursuant to this Application are not otherwise accessible to Applicant because CSU is not a party to the Nigerian proceedings, nor is CSU expected to be subject to the jurisdiction of the Court of Appeal of Nigeria (the "Nigerian court"). *See* Liu Decl. ¶ 5. *Second*, there has been no indication that the Nigerian court would reject use of the requested documents and testimony in the Nigerian proceedings. *Third*, production of the requested discovery will not circumvent any proof-gathering restrictions or other policies of courts in Nigeria or in the United States, given that documents purporting to be from CSU are already at issue in *Abubakar v. INEC* and related proceedings in the Nigerian courts. *Fourth*, the request is neither unduly intrusive nor burdensome, as evidenced by CSU's apparent production of the same or similar

4

documents to other litigants in proceedings in the Nigerian courts (including to Mr. Tinubu, one of the respondents in *Abubakar v. INEC*). Additionally, the document requests and proposed topics of testimony, attached to the proposed Subpoena *Duces Tecum* (Exhibit 1 hereto) and the Subpoena *Ad Testificandum* (Exhibit 2 hereto), are specific and narrowly tailored.

13. Accordingly, the statutory factors under 28 U.S.C. § 1782 are satisfied. The discretionary factors under *Intel* plainly and decisively weigh in favor of granting the application.

14. Because the Court of Appeal is expected to issue its decision in *Abubakar v. INEC* on or before September 21, 2023, the Applicant requests that any subsequent briefing relating to the application or subpoena be permitted on an expedited basis.

## **RELIEF REQUESTED**

15. For these reasons, Applicant respectfully requests that this Court grant his Application for an Order granting leave to serve upon CSU the Subpoenas attached hereto as Exhibits 1 and 2. A proposed Order is enclosed.

Date: August 2, 2023

/s/ *Angela M. Liu*

DECHERT LLP
Angela M. Liu
35 West Wacker Drive, Suite 3400,
Chicago, IL 60601
(312) 646-5816
angela.liu@dechert.com

Andrew J. Levander*
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com

Alexandre de Gramont*
1900 K Street, NW,
Washington, DC 20006-1110

(202) 261-3320
Alexandre.deGramont@dechert.com

\* *Pro hac vice* motions forthcoming

*Attorneys for Applicant Atiku Abubakar*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 2nd day of August, 2023, a copy of the foregoing document was served on counsel for Respondent Chicago State University via email (Michael Hayes, michael.hayes@huschblackwell.com), pursuant to Respondent's consent, authorized by Federal Rule of Civil Procedure Rule 5(b)(2)(F).

                                      /s/ *Angela M. Liu*
                                      Angela M. Liu

DECHERT LLP
Angela M. Liu
35 West Wacker Drive, Suite 3400,
Chicago, IL 60601
(312) 646-5816
angela.liu@dechert.com

*Attorney for Applicant Atiku Abubakar*

## **CERTIFICATE OF NOTICE PURSUANT TO LOCAL RULE 26.4**

I hereby certify that Applicant has provided notice of the request for testimony to the parties in the foreign proceedings by mailing and emailing copies of the Application and accompanying documents to counsel for those parties at the following addresses:

**PEOPLE'S DEMOCRATIC PARTY**
c/o Chief Chris Uche (SAN) & Co.
34 Kumasi Crescent, Wuse II,
Abuja, Nigeria
info.uchelaw@gmail.com

**INDEPENDENT NATIONAL ELECTORAL COMMISSION**
c/o Abubakar Balarabe Mahmoud, SAN
Dikko & Mahmoud,
No 10 Seguela Street, Wuse 2,
Abuja, Nigeria
info@dikkoandmahmoud.com

**MR. BOLA TINUBU**
c/o Chief Oluwole Olanipekun, SAN
Wole Olanipekun & Co., God's Grace Chambers, 5, Maple Close,
Osborne Foreshore Estate, Phase 2, Ikoyi, Lagos, Nigeria
wole@woleolanipekun.com

Chris Carmichael
ccarmichael@henderson-parks.com

Victor Henderson
vphenderson@henderson-parks.com

**ALL PROGRESSIVES CONGRESS**
c/o  Prince Lateef Fagbemi, SAN
Lateef Fagbemi SAN & Co., 4th Floor,
Rivers State Office Complex, Central Area, Abuja, Nigeria
lateeffagbemi@nigeriabar.org; fagblat@yahoo.com

/s/ *Angela M. Liu*
Angela M. Liu

DECHERT LLP
Angela M. Liu
35 West Wacker Drive, Suite 3400,
Chicago, IL 60601
(312) 646-5816
angela.liu@dechert.com

*Attorney for Applicant Atiku Abubakar*