# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

*In re* Application of )
)
ATIKU ABUBAKAR )
) Civil Action No. 1:23-cv-5099
)
For an Order Directing Discovery from )
CHICAGO STATE UNVERSITY )
Pursuant to 28 U.S.C. § 1782. )

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Chicago State University, Admin. Room 128
9501 South King Drive, Chicago, Illinois 60628

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: DECHERT LLP<br>35 West Wacker Drive, Suite 3400<br>Chicago, Illinois 60601 | Date and Time:<br>August 30, 2023 at 9:00 a.m. CDT, unless otherwise ordered by the Court |
|---|---|

The deposition will be recorded by this method: In-person by stenographic and videographic means.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Atiku Abubakar , who issues or requests this subpoena, are:

Angela Liu; 35 West Wacker Dr., Suite 3400, Chicago, Illinois 60601; Angela.Liu@dechert.com; (312) 646-5800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print] [Save As...] [Add Attachment] [Reset]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

I. **DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the words and terms set forth below shall be defined as follows:

1. "Applicant" means Atiku Abubakar.

2. "Communications" shall be construed in the broadest sense to include any oral or written transmittal of information, facts, opinions, ideas, or thoughts between persons including, but not limited to, by means of Documents, and includes the transfer of data from one location to another by electronic or similar means. "Communications" include, but are not limited to: dialogues, colloquies, discussions, or conversations via telephone, video conference, or in-person meeting; text messages; instant or social media messages; e-mails; and calendar invitations.

3. "CSU" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives or any other individual or entity acting for its benefit or on its behalf.

4. "Documents" is synonymous to and coextensive with its meaning in Federal Rule of Civil Procedure 34. "Documents" shall include, but are not limited to: all objects, tangible or intangible, from which information may be derived, however reproduced, including any recording in any tangible form of any information, whether handwritten, typed, printed, stored electronically on computer disks, tapes, or databases, or otherwise stored or reproduced. Further, "documents" includes, but is not limited to: books, pamphlets, periodicals, letters, reports, memoranda, drafts, handwritten notes, notations, messages, e-mails, text messages, facsimiles, voicemails, records, videotapes, studies, analyses, summaries, bulletins, instructions, minutes, photographs, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indices,

tapes, correspondence, agreements, trip reports, releases, estimates, opinions, electronic or other video and/or audio recordings of any kind, transcriptions, or any and all other written, printed, typed, taped, filmed, or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed.

5. "Including" and "including, but not limited to" are intended to illustrate the kind of information responsive to each Request herein. Such examples are not exhaustive of the information sought and shall not be read to limit the scope of the Requests.

6. "June 22, 1979 Diploma" means the diploma dated June 22, 1979 purporting to grant Mr. Tinubu the degree of Bachelor of Science from CSU.

7. "June 27, 1979 Diploma" means the diploma dated June 27, 1979 purporting to grant Mr. Tinubu the degree of Bachelor of Science from CSU.

8. "Mr. Tinubu" means Bola Ahmed Tinubu and any of his agents, attorneys, representatives, or any other individual or entity acting on his behalf.

9. "Nigerian proceedings" refers to the proceedings between Petitioners Atiku Abubakar and the People's Democratic Party, and Respondents Bola Ahmed Tinubu, the Independent National Electoral Commission, and the All Progressives Congress, initiated on or about March 21, 2023 in the Court of Appeal (In the Presidential Election Petition Court), Holden at Abuja, to challenge the conduct and subsequent results of Nigeria's presidential elections held on February 15, 2023; the proceedings between Mike Enahoro-Ebah and Bola Ahmed Tinubu, initiated on or about November 10, 2022 in the Chief Magistrate Court of the FCT in the

Magisterial District, Holden at Abuja; the proceedings between Petitioners Peter Obi and the Labour Party and Respondents Bola Ahmed Tinubu, the Independent National Electoral Commission, and the All Progressives Congress, initiated on or about March 20, 2023 in the Court of Appeal (In the Presidential Election Court) at Abuja to challenge the qualifications of Mr. Tinubu and the conduct of the Presidential elections; and any other proceedings brought in the Nigerian courts to challenge the electoral process and/or results in Nigeria's February 2023 Presidential elections.

10. "Referring," "relate to," "related to," and "relating to" shall be construed in their broadest possible sense, and include, but are not limited to: referring to, reflecting, memorializing, comprising, constituting, containing, creating, bearing upon, identifying, supporting, showing, contradicting, defining, discussing, describing, evidencing, setting forth, underlying, commenting upon, forming the basis of, analyzing, deriving or arising from, or mentioning in any way the pertinent subject matter.

11. The "Requests" means the document requests in Attachment A of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served to You by Applicant.

12. The "August 11 Subpoena" means the subpoena served on CSU on or about August 11, 2022, by Mike Enahoro-Ebah in *Mike Enahoro-Ebah, et al. v. University of Chicago, et al.*, Case No. 2022L007289 (Cook County, Illinois), for use by Mike Enahoro-Ebah in the Nigerian proceedings.

13. "You" and "Your" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives or any other individual or entity acting for its benefit or on its behalf.

3

14. The use of the singular form of any term shall be construed to include its plural, and vice versa.

15. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

16. To the extent these Topics use a term that is defined by the Federal Rules of Civil Procedure, the term is to be construed in accordance with its definition under the Federal Rules of Civil Procedure and/or applicable law, unless the term is defined more broadly herein.

## II. INSTRUCTIONS

17. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, You are directed to designate one or more of Your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

18. No fewer than five (5) days prior to the date of the deposition, Applicant requests that You identify, in writing, the person(s) designated to testify on Your behalf, the job title of such person(s), and the topic(s) on which each such person(s) will testify.

19. Your answers to the Topics shall be in accordance with the Federal Rules of Civil Procedure and/or applicable law and the Local Rules of the United States District Court for the Northern District of Illinois.

## III. TOPICS

Counsel for Applicant Abubakar intends to ask questions of You or Your designated representative on the following Topics:

**Topic No. 1.**

The authenticity and veracity of the contents of each of the Documents and Communications sought in response to the Requests, including but not limited to all diplomas

4

purportedly issued to Mr. Tinubu, including the June 22, 1979 Diploma and the June 27, 1979 Diploma, and any other CSU documents related to Mr. Tinubu that were provided by CSU to litigants (including Mr. Tinubu) in the Nigerian proceedings.

**Topic No. 2.**

The processes and procedures by which CSU maintains diplomas and other documents and records, and by which it searches for and provides such documents and records in response to students' requests and/or third-party subpoenas, or other legal processes, including, without limitation, for students who attended CSU during the 1970s and early 1980s.

**Topic No. 3.**

The process by which You searched for and produced Documents and Communications in response to the August 11 Subpoena and for any other request for CSU documents related to Mr. Tinubu.

**Topic No. 4.**

The process by which CSU's Deputy General Counsel, Mr. Jamar Orr, produced any certification or other statement for use in the Nigerian proceedings and/or concerning the authenticity of documents produced by CSU relating to Mr. Tinubu.

**Topic No. 5.**

Whether CSU actually produced and/or issued either the June 22, 1979 Diploma or the June 27, 1979 Diploma to Mr. Tinubu.

**Topic No. 6.**

CSU's reasons for identified differences and discrepancies between the June 22, 1979 Diploma and the June 27, 1979 Diploma.

**Topic No. 7.**

5

The current employment status of Mr. Jamar Orr, and if no longer employed in CSU General Counsel's office, the circumstances relating to his departure.