IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| *In re* Application of <br> ATIKU ABUBAKAR <br><br><br> For an Order Directing Discovery from <br> CHICAGO STATE UNIVERSITY Pursuant to <br> 28 U.S.C. § 1782. | ) <br> ) <br> ) <br> )    No. 23 CV 5099 <br> ) <br> ) <br> ) <br> ) |

## MOTION TO JOIN OR INTERVENE

Bola A. Tinubu moves, pursuant to Federal Rules of Civil Procedure 19, 20, and 24 to join or intervene in this action because the Application seeks Mr. Tinubu's confidential educational records which are protected from disclosure by both federal and state law. Mr. Tinubu should be allowed to joint or intervene because he has a direct personal interest in records sought, his interests are not fully represented or protected by Respondent Chicago State University, and his interests will be affected if he is not permitted to join or intervene.

### Argument

Federal Rule of Civil Procedure 19 provides, in relevant part, that a person must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may[,] as a practical matter[,] impair or impede the person's ability to protect the interest." FED. R. CIV. P.

19(a)(1)(B) and (B)(ii). Here, Mr. Tinubu has an interest because his educational records are sought and granting the petition would directly affect his interests.

Federal Rule of Civil Procedure 20 provides, in relevant part, that a person may be joined as a defendant "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). The Application seeks relief against Mr. Tinubu's records that cannot be released without his consent or court process. The Application indirectly seeks relief against Mr. Tinubu by seeking his records that the federal and state governments have determined should be confidential. *See* 20 U.S.C. § 1232(g) (describing the purpose of the Federal Educational Records and Privacy Act of 1974 as to protect students from a school's unauthorized release of a student's records); 105 ILCS 10/6(a) (prohibiting the release, transfer, disclosure and dissemination of school student records).

Federal Rule of Civil Procedure 24 provides, in relevant part, that a court must permit intervention on timely application by anyone "who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest. FED. R. CIV. P. 24(a)(2). As the Seventh Circuit has concluded, "Rule 24(a)(2) requires the court to allow intervention if the would-be intervenor can prove: '(1) timely application; (2)

an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action.'" *Bost v. Illinois State Board of Elections*, No. 22-3034, 2023 WL 4781687, 2023 U.S. App. LEXIS 19346, at *4 (7th Cir. July 27, 2023) (citation omitted). Here, all four factors are established.

First, the motion is timely, coming within a day of the filing of the Application. Second, Mr. Tinubu has a direct interest in his academic records sought by the Application. This is a "unique" right possessed by Mr. Tinubu. *See id.* at *4-5. Third, the Application seeks to overcome protections afforded to academic records by law and impairs Mr. Tinubu's interests. Fourth, Chicago State University stated that its obligation is satisfied by providing notice of the Application and attempt to access the records. *See id.* at *7-8. Chicago State's position is that it does not have an obligation to oppose the Application and, therefore, CSU does not adequately represent Mr. Tinubu's interests. *Id.* at *11 ("The lenient default standard is satisfied when the named party fails to make an argument before the trial court that would further the intervenor's interests.").

## Conclusion

Bola A. Tinubu meets all the qualifications necessary to join this action as party or to intervene. Intervention is probably the simplest way to allow Mr. Tinubu to present his opposition to the Application. Mr. Tinubu requests time to prepare and file

a response to the Application, prior to the ruling upon the Application and the issuance of any discovery. Providing the interested party time to respond is proper, as other courts have concluded in the context of Section 1782 petitions.[1] *See In re Merck & Co.*, 197 F.R.D. 267, 271 (M.D.N.C. 2000) ("Therefore, in any case where the Court has such doubts or for other reasons, it has authority to simply require notification of other parties in the foreign litigation prior to the issuance of an order to a Section 1782(a) applicant for subpoenas."). The Application seeks to have CSU produce documents on August 23, 2023 and sit for a deposition on August 30, 2023. Intervenor desires to file a response and leave sufficient time to resolve the issues prior to the date sought by the Application.

**WHEREFORE**, Intervenor Bola A. Tinubu requests that the Court grant his motion to intervene and provide until August 11, 2023 to file a response to the Application, and for such other and further relief as deemed appropriate under the circumstances.

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: /s/Christopher Carmichael
    One of his Attorneys

---

[1] Generally, under Rule 24, a motion to intervene is accompanied by a pleading that sets forth a claim or defense. In this case, however, there is a petition, not a complaint and no "claim or defense" to be presented. Rather, there will be an opposition to the Petition, similar to a response to a motion.

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 3, 2023, the foregoing **Motion to Join or Intervene** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By: /s/ Chirstopher Carmichael