**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE APPLICATION OF ATIKU ABUBAKAR; | ) ) | |
| | ) | **Case No. 1:23-cv-05099** |
| CHICAGO STATE UNIVERSITY, | ) | **Judge Maldonado** |
| | ) | **Magistrate Judge Gilbert** |
| Respondent. | ) ) | |

**RESPONDENT CHICAGO STATE UNIVERSITY'S
RESPONSE TO APPLICATION PURSUANT TO 28 U.S.C. §1782**

Pursuant to this Court's Order dated August 9, 2023 (Doc. 15), Respondent Chicago State University (the "University"), for its response to the 28 U.S.C. §1782 Application filed herein by Atiku Abubakar ("Abubakar"), states and submits as follows:

**The University Defers to Intervenor Tinubu Concerning Privacy and Relevancy Issues**

Bola Tinubu, the President of Nigeria, graduated from the University in 1979. One of his political opponents, Abubakar, seeks discovery from the University of Tinubu's student records and information about the dates and circumstances certain diplomas were issued by the University, asserting such discovery is pertinent to a Nigerian proceeding challenging Tinubu's election earlier this year.

The student records Abubakar seeks from the University via a documents subpoena (Doc. 1-1) and the information Abubakar seeks the University to provide pursuant to a deposition subpoena (Doc. 1-2) concern Tinubu's private educational records. But since Tinubu has intervened to oppose this discovery, the University defers to Tinubu on the privacy issues implicated by Abubakar's Application.

Similarly, the University defers to Tinubu on whether any of the discovery information sought here is appropriate under 28 U.S.C. §1782, including whether it is relevant to the pending Nigerian proceeding. The University struggles to understand how – given that Tinubu did in fact graduate from the University in 1979 – Tinubu's grades and other student records from the 1970s and date and signatory information on subsequently issued ceremonial diplomas could possibly have any bearing on a 2023 election challenge in a foreign country. But the University is admittedly not familiar with the issues in the Nigerian proceeding or the evidentiary and other legal principles applicable therein. Accordingly, the University defers to Tinubu – who obviously is familiar with these issues and directly involved in that foreign proceeding – to advance procedural and relevancy objections to the Application.

In a recent conference with Abubakar's counsel about the Application, Abubakar's counsel confirmed that the evidentiary phase of the Nigerian proceeding has concluded, but that the information sought in the Application *might* be introduced in appellate proceedings to come. The University respectfully requests that this Court, in ruling on the Application, scrutinize both the actual status of the Nigerian proceeding and the likelihood that any discovery information provided by the University would in fact be considered in the Nigerian proceeding.

**The University Reserves Objections to the Scope of the Discovery Sought by Abubakar**

Finally, in the event the Court determines to allow any discovery to proceed here, the University urges the Court to direct only limited, targeted discovery on the University. As leave to issue any discovery has not yet been granted, and the Court's views on what if any discovery is appropriate here under 28 U.S.C. §1782 are not yet known, it is premature for the University to raise objections to the scope of the documents and information sought in Abubakar's two subpoenas. But without limiting further objections, which the University expressly reserves, the

2

University notes that the scope and relevancy of certain of Abubakar's requests are clearly

inappropriate. For example, Abubakar's document subpoena Request No. 5 seeks information on

diplomas issued by the University for a 44-year period (1979 to the present), and Abubakar's

deposition subpoena Topic No. 7 seeks information on the employment status and reasons for

departure of a former employee in the University's General Counsel's Office. Following this

Court's ruling on the Application, should any discovery be permitted, the University will meet

and confer promptly and in good faith with Abubakar's counsel to attempt to address all the

University's concerns.

Dated: August 23, 2023                          **CHICAGO STATE UNIVERSITY**

                                                By: */s/ Michael D. Hayes*
                                                    Counsel for Respondent

Michael D. Hayes
Husch Blackwell LLP
120 S. Riverside Plaza
Suite 2200
Chicago, Illinois 60603
312/341-9830
michael.hayes@huschblackwell.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 23rd day of August, 2023 the foregoing **Respondent Chicago State University's Response to Application Pursuant to 28 U.S.C. §1782** was served on all counsel of record as a result of the CM/ECF filing of this document.

              /s/ *Michael D. Hayes*