# EXHIBIT 1

District 1

# Case Summary

### Case No. 2023L006854

| | | | |
|---|---|---|---|
| **Atiku Abubakar-vs-Chicago State University** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, B** |
| | § | Filed on: | **07/11/2023** |
| | § | Cook County Attorney Number: | **56333** |
| | § | Cook County Attorney Number: | **60047** |

---

## Case Information

**Statistical Closures**                                                      Case Type:  Petition To Issue Subpoena
07/11/2023   Disposed                                               Case Status:  **07/11/2023   Disposed**

---

## Assignment Information

**Current Case Assignment**
Case Number     2023L006854
Court                District 1
Date Assigned    07/11/2023
Judicial Officer    Calendar, B

---

## Party Information

*Lead Attorneys*

**Plaintiff**     **Abubakar, Atiku**     **Liu, Angela Marie**
                                                      *Retained*

**Defendant**   **Chicago State University**

                    **Tinubu, Bola Ahmed**     **Henderson, Victor P.**
                                                                 *Retained*

---

## Events and Orders of the Court

08/02/2023     🖹
   *CANCELED* **Motion Hearing**  (1:30 PM)   (Judicial Officer: Heneghan, Patrick J)
        Resource: Location L2202 Court Room 2202
        Resource: Location D1 Richard J Daley Center
        *Stricken*

07/31/2023     🖹
   Strike From Motion Call - Allowed     (Judicial Officer: Heneghan, Patrick J)
        Party:   Plaintiff Abubakar, Atiku

07/31/2023     🖹
   Miscellaneous Motion - Allowed -     (Judicial Officer: Heneghan, Patrick J)
        *Previously disposed*
        Party:   Plaintiff Abubakar, Atiku

07/31/2023     🖹
   Strike Or Withdraw Motion Or Petition - Allowed -     (Judicial Officer: Heneghan, Patrick J)
        Party:   Plaintiff Abubakar, Atiku
        —

**District 1**

## Case Summary

### Case No. 2023L006854

| | |
|---|---|
| 07/28/2023 | Notice Of Motion Filed
*Notice of Petitioner's Motion for Voluntary Dismissal of His Petition To Issue Subpoena* |
| 07/28/2023 | Motion Filed
*Petitioner's Motion For Voluntary Dismissal of His Petition To Issue Subpoena* |
| 07/28/2023 | Affidavit Filed
*Affidavit of Angela M. Liu* |
| 07/28/2023 | Exhibits Filed
*[Proposed] Order* |
| 07/27/2023 | Dismiss, Strike Or Withdraw Allegations - Continued -     (Judicial Officer: Heneghan, Patrick J)
Party:   Defendant Tinubu, Bola Ahmed |
| 07/27/2023 | Case Assigned to Zoom Hearing - Allowed     (Judicial Officer: Heneghan, Patrick J)
*08/02/23@130pm*
Party:   Defendant Tinubu, Bola Ahmed |
| 07/27/2023 | File Amendment, Additional, Amended Pleadings - Allowed -     (Judicial Officer: Heneghan, Patrick J)
Party:   Defendant Tinubu, Bola Ahmed |
| 07/27/2023 | Courtesy Copies Required - Allowed     (Judicial Officer: Heneghan, Patrick J)
*by 3:30pm*
Party:   Defendant Tinubu, Bola Ahmed |
| 07/27/2023 | File Amendment, Additional, Amended Pleadings - Allowed -     (Judicial Officer: Heneghan, Patrick J)
Party:   Plaintiff Abubakar, Atiku |
| 07/27/2023 | Brief Filed
*Petitioner's Memorandum of Law in Opposition to "Intervenor's" Motion to Quash Subpoena, Strike Petition, & For Sanctions* |
| 07/27/2023 | Affidavit Filed
*Affidavit of Angela M. Liu* |
| 07/27/2023 | Exhibits Filed
*Exhibit A* |
| 07/27/2023 | Exhibits Filed
*Exhibit B* |
| 07/27/2023 | Exhibits Filed
*Exhibit C* |
| 07/27/2023 | Exhibits Filed
*Exhibit D* |
| 07/27/2023 | Exhibits Filed
*Exhibit E* |
| 07/27/2023 | Exhibits Filed
*Exhibit F* |
| 07/27/2023 | Exhibits Filed |

District 1

## Case Summary

### Case No. 2023L006854

| | | |
|---|---|---|
| | | *Exhibit G* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit H* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit I* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit J* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit K* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit L* |
| 07/27/2023 | 📕 | Exhibits Filed |
| | | *Exhibit M* |
| 07/27/2023 | 📕 | Appearance Filed - Fee Paid - |
| | | *Attorney Appearance of Angela M. Liu on Behalf of Atiku Abubakar* |
| 07/20/2023 | 📕 | Execute Or Perform - Allowed -    (Judicial Officer: Heneghan, Patrick J) |
| | | Party:   Defendant Chicago State University; |
| | | Defendant Tinubu, Bola Ahmed; |
| | | Plaintiff Abubakar, Atiku |
| 07/19/2023 | 📕 | Notice Filed |
| | | *Notice of Motion* |
| 07/19/2023 | 📕 | Motion Filed |
| | | *Motion to Quash Subpoena, Strike Petition & for Sanctions* |
| 07/19/2023 | 📕 | Exhibits Filed |
| | | *Exhibits to Motion to Quash, Strike, and For Sanctions* |
| 07/18/2023 | 📕 | Subpoena - Retd P.S. |
| | | *Corrected Subpoena with Proof of Service* |
| 07/13/2023 | 📕 | Subpoena - Retd P.S. |
| | | *Subpoena - Chicago State University* |
| 07/11/2023 | | New Case Filing |
| 07/11/2023 | 📄 | Petition To Issue Subpoena Filed |
| | | *Civil Cover Sheet* |
| 07/11/2023 | 📄 | Exhibits Filed |
| | | *Petition to Issue a Subpoena* |
| 07/11/2023 | 📄 | Exhibits Filed |
| | | *Subpoena* |

# EXHIBIT 2

District 1

# Case Summary

### Case No. 2022L007289

| | | | |
|---|---|---|---|
| MIKE EBAH,BELLO TANKO-vs-UNIVERSITY OF CHICAGO,CHICAGO STATE UNIVERSITY,RICHARD DALEY COLLEGE,CHICAGO POLICE DEPARTMENT,ILLINOIS BOARD OF EXAMINERS,ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION | § § § § | Location: Judicial Officer: Filed on: Cook County Attorney Number: | **District 1** **Calendar, B** **08/12/2022** **45875** |

---

## Case Information

**Statistical Closures**                                    Case Type:  Petition To Issue Subpoena

08/12/2022   Disposed                                   Case Status:  **08/12/2022   Disposed**

---

## Assignment Information

**Current Case Assignment**
Case Number    2022L007289
Court          District 1
Date Assigned  08/12/2022
Judicial Officer  Calendar, B

---

## Party Information

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **EBAH, MIKE ENAHORO** | **Kowals, Matthew Joseph** *Retained* |
|  | **TANKO, BELLO** |  |
| **Defendant** | **CHICAGO POLICE DEPARTMENT** |  |
|  | **CHICAGO STATE UNIVERSITY** |  |
|  | **ILLINOIS BOARD OF EXAMINERS** |  |
|  | **ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION** |  |
|  | **RICHARD DALEY COLLEGE** |  |
|  | **UNIVERSITY OF CHICAGO** |  |

---

## Events and Orders of the Court

08/12/2022    New Case Filing

08/12/2022    Petition To Issue Subpoena Filed
                   *Petition for Subpoena*

08/12/2022    Exhibits Filed
                   *Civil Cover Sheet*

**District 1**

## Case Summary

### Case No. 2022L007289

08/12/2022

Exhibits Filed
*University of Chicago Subpoena*

08/12/2022

Exhibits Filed
*Chicago State University Subpoena*

08/12/2022

Exhibits Filed
*Richard Daley College Subpoena*

08/12/2022

Exhibits Filed
*Illinois Board of Examiners Subpoena*

08/12/2022

Exhibits Filed
*Illinois Department of Professional Regulation Subpoena*

08/12/2022

Exhibits Filed
*Chicago Police Department Subpoena*

# EXHIBIT 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ATIKU ABUBAKAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| CHICAGO STATE UNIVERSITY, | ) | No. 2023 L 006854 |
| | ) | |
| Respondent. | ) | |

<u>AFFIDAVIT</u>

Caleb Westberg, first being duly sworn, states that if called to testify in this matter, I am over eighteen years of age and could competently testify as to the facts contained herein, and do affirm as follows:

1.      I am employed as the Registrar of Chicago State University and am authorized to submit this Affidavit on its behalf.

2.      Bola Ahmed Tinubu graduated and was awarded a degree from Chicago State University on June 22, 1979.

3.      Chicago State University provided a diploma to Bola Ahmed Tinubu, and subsequently provided a certified (or official) *copy* of that diploma. Both are valid and authentic diplomas of Chicago State University.

4.      There are certain differences between the diploma and the certified copy because all diplomas are signed by the *current* President/Board Chair. There are also differences in the font and seal on the diploma versus the certified copy because the University updated its font and seal after the diploma was issued.

5.      The difference in the date of award on the diploma versus the certified copy is likely the result of human error. The graduation date on the certified copy is typed in manually by a person and can be inaccurate.

6.      In the United States of America, institutions of higher education often consider the diploma to be a ceremonial document.

7.     The official records of Chicago State University reflect and verify that Bola Ahmed Tinubu graduated and was awarded a degree as stated above.

Caleb Westberg

Subscribed and Sworn,
this 24th day of July 2023.

_____
Notary Public

OFFICIAL SEAL
BOBBIE D GARNER STEWART
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04/15/2027

State of ___FL___   County of ___Cook___
The foregoing instrument was acknowledged before
me this ___24___ day of ___July___, 20__23__
by _____
BOBBIE D GARNER STEWART, Notary Public
My Commission Expires___APRIL 15, 2027___

# EXHIBIT 4

ETA & ANOR V. DAZIE

(2013) LPELR-20136(SC)

CHIEF EMMANUEL EYO ETA & ANOR v. ELDER CHIEF OKON H. A. DAZIE

(2013) LPELR-20136(SC)

**In The Supreme Court Of Nigeria**

On Friday, the 1st day of March, 2013

Suit No: SC.125/2003

Before Their Lordship

| | |
|---|---|
| **MAHMUD MOHAMMED** | **Justice of the Supreme Court** |
| **MUHAMMAD SAIFULLAHI MUNTAKA-COOMASSIE** | **Justice of the Supreme Court** |
| **SULEIMAN GALADIMA** | **Justice of the Supreme Court** |
| **NWALI SYLVESTER NGWUTA** | **Justice of the Supreme Court** |
| **STANLEY SHENKO ALAGOA** | **Justice of the Supreme Court** |

Between

1. CHIEF EMMANUEL EYO ETA 2. MISS AGNES EYO ITA          APPELLANT(S)

And

ELDER CHIEF OKON H. A. DAZIE          RESPONDENT(S)

i

SUMMARY OF JUDGMENT

INTRODUCTION:
This appeal borders on Civil Procedure.

FACTS:

This is an appeal against the judgment of the Court of Appeal, wherein the Court dismissed the appellants' appeal against the judgment of the High Court of Cross River State sitting at Calabar. In the High Court, the appellants then plaintiffs had claimed against the respondent (then defendant) for a  declaration that the pretended Will of the deceased was invalid; an Order setting aside the pretended Will of the deceased for want of due execution and form and as being inconsistent and unconscionable and failing totally of its purpose and intention; an injunction restraining defendant from executing the said pretended Will.

In the judgment eventually delivered on the 28th day of January 1998, the learned trial Judge, after exhaustive review of the case, concluded that the matter be dismissed for lack of merit.

Aggrieved by the judgment, the plaintiffs (now appellants) challenged same at the Court of Appeal, Calabar Division. The Court of appeal found no merit in the appeal and accordingly dismissed it. The appellants further dissatisfied, appealed to the Supreme Court.

ISSUES:

The appellant formulated five issues from his five grounds of appeal. The five issues are:

1. Was the Court of Appeal right when it held that the evidence of the three witnesses called by the respondent was pleaded?

2. Is it the practice and in fact the Law that a party can bring an application to amend its pleadings in order to bring such pleadings in line with evidence already adduced by it but which was based (sic) upon un-pleaded facts?

3. Was the amendment sought by the respondent of such simple error or mistake that an application on notice was not necessary?

4. Was it right for the Court of Appeal to reverse a finding of fact by the trial Court which was not appealed against by the respondent?

5. What is the standard of proof required from the appellants in view of fact that the respondent did not (sic) led evidence in support of his pleadings?

The respondent formulated the following three issues for determination by the Court:

"1. Whether an oral application for amendment of Pleadings irrespective of the nature and scope of such amendment is contemplated by the High Court (Civil Procedure) Rules 1988 and if it is, whether respondent's pleadings as amended covered the evidence of respondent's witnesses regarding due execution of the Will?

2. Whether the complaint that the Court of Appeal reversed portions of the decisions of the trial Court not appealed against is justified having regards to the totality and purport of the decision of the said trial Court.

3. Whether having regard to the evidence adduced by appellant and respondent the Court of trial was justified in dismissing their claims in their entirety and the Court of Appeal correct in affirming the decision.
The Supreme Court determined the appeal on the issues as formulated by the Appelant.

DECISION/HELD:
In the final analysis, the Supreme Court held that the appeal lacked merit and thereby dismissed same.

ii

RATIO DECIDENDI

WORDS AND PHRASES - "APPEAL" - Definition of "appeal"

"An appeal is a resort to a superior Court to review the decision of an inferior Court and find out whether on the facts placed before it, and applying the relevant and applicable law the inferior Court came to a right or wrong decision. See Ponnamma v. Arumagun (1905) AC 390 applied by Oputa, JSC in AG of Oyo State & Anor v. Fairlakes Hotel Ltd SC.169/1986 delivered on 2nd December, 1988."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( Pp. 5-6, paras. E-A )

READ IN CONTEXTVIEW ANALYTICS

APPEAL - ISSUE(S) FOR DETERMINATION - Effect of issue(s) for determination not distilled from/related to ground(s) of appeal

"Any issue not distilled from the ground or grounds of appeal and argument thereon go to no issue in the appeal and are liable to be struck out. (See Osinupebi v. Saibu (1982) 7 SC 164; Ali v. CBN (1997) 4 NLCR (Pt. 498) 152)."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( P. 7, paras. A-B )

READ IN CONTEXTVIEW ANALYTICS

APPEAL - FORMULATION OF ISSUE(S) FOR DETERMINATION - Principles guiding formulation of issues for determination in an appeal

"... Issues are not formulated to coincide with the number of grounds of appeal. An issue is preferably framed from a combination of grounds of

appeal. (See Nwudenyi & Ors. v. Aleke (1996) 4 NWLR (Pt. 442) 349; Labiyi
v. Anretidea (1992) 10 SCNJ 1 at 2."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( P. 7, paras. D-E )

READ IN CONTEXTVIEW ANALYTICS


EVIDENCE - EVIDENCE ON UNPLEADED FACTS - Effect of evidence of facts
not pleaded and how court should treat same

"As strenuously argued by learned Counsel for the appellant, evidence led on
facts not pleaded go to no issue and is liable to be expunged. Issues are
joined on the pleadings, not on the evidence. See Bamgboye v. University of
Ilorin (1999) 6 SCNJ 295 at 324. Failure to call evidence in support of
averment denied means that the averment is abandoned. See Yusuf v.
Oyetunde (1998) 10 SCNJ 1 at 18-19. Conversely, evidence led on
unpleaded facts go to no issue in the case. See Ndoma-Egba v. Chukwuogor
(2004) e KLR p.173 at 671."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( P. 13, paras. C-F )

READ IN CONTEXTVIEW ANALYTICS


PRACTICE AND PROCEDURE - AMENDMENT OF COURT
PROCESSES/PLEADINGS - Circumstances under which the Court may grant
amendment or leave to amend pleadings/Court processes

"On the propriety vel non of the amendment granted at the time it was
sought, the law is that no kind of error or mistake, which if not fraudulent or
intended to overreach the Court cannot correct if it can be done without
injustice to the other party. See Amadi v. Thomas Aplin & Co. Ltd (1972) 1
All NLR (Pt.1) 409; Shell BP Petroleum Development Company v. Jammal
Eng. Ltd. (1974) 4 SC 33. Amendment will be allowed if by so doing the real
issue in dispute can be raised and resolved. See Engr. Samuel Melifeonwu v.
Egbunike (2001) 1 NWLR (Pt.4) 271."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( Pp. 14-15, paras. F-C )

READ IN CONTEXTVIEW ANALYTICS


PRACTICE AND PROCEDURE - AMENDMENT OF COURT
PROCESSES/PLEADINGS - When pleadings/processes may/can be amended

"In Okafor v. Ikeanyi (1979) 3-4 SC 99 the Court held that amendment can be granted at any stage if it is in the interest of justice."
Per NWALI SYLVESTER NGWUTA ,J.S.C ( P. 16, para. B )

READ IN CONTEXTVIEW ANALYTICS


PRACTICE AND PROCEDURE - AMENDMENT OF COURT PROCESSES/PLEADINGS - Principles governing the discretionary power of Court to grant or refuse an application for amendment of pleadings/Court processes

"The guiding principles of cardinal importance which guides the Court in an application for leave to amend the Writ of Summons or pleadings is that such amendment is made for the purpose of enabling the Court to determine the real question in controversy between the parties or correcting any defect or error in the proceedings. See Amadi v. Thomas Applin & Co. Ltd. (1972) 1 All N.L.R. 409 and Alhaji Karim Laguro & Ors. v. Honsu Toku (Bale of Itoga) & Ors. (1992) 2 N.W.L.R. (Pt.223) 278 at 287 and 290 - 291. Some of the guiding principles for granting amendments of pleadings include, the consideration of the Justice of the case and the rights of the parties before the Court, the duty of a Judge to see that everything is done to facilitate the hearing of any action pending before him and whenever it is possible to cure and correct an honest or unintentional blunder or mistake in the circumstances of the case and where such amendment will help to expedite the hearing of the action without injustice to the other party. Furthermore, amendments are more easily granted whenever the grant does not necessitate the calling of additional evidence or the changing of the character of the case, and in that aspect no prejudice or injustice can be said to result from such amendment. See Writ v. Wuche (1980) 1 - 2 S.C. 12; Afolabi v. Adekunle (1983) 2 S.C.N.L.R 141; Akinkuowo v. Fafimoju (1965) N.M.L.R. 349; Oguntimeyin v. Gubere (1964) N.M.L.R. 55; Dominion Flour Mills Ltd v. George (1960) L.L.R 53; Adetutu v. Aderohunmu (1984) 1 S.C.N.L.R. 515; Amadi v. Thomas Applin & Co. Ltd (1972) 1 All N.L.R. (Pt.1) 409; Adekeye v. Akin-Olugbade (1987) 3 N.W.L.R. (Pt.60) 214; Akoh v. Abuh (1988) 3 N.W.L.R. (Pt. 85) 696; England v. Palmer 14 W.A.C.A. 659; Metal Construction (W.A.) Ltd. v. Migliore (1979) 6 - 9 S.C. 163."
Per MAHMUD MOHAMMED ,J.S.C ( Pp. 17-19, paras. E-B )

READ IN CONTEXTVIEW ANALYTICS

PRACTICE AND PROCEDURE - AMENDMENT OF COURT PROCESSES/PLEADINGS - Whether Order 26 Rules 2 and 3 of the High Court (Civil Procedure) Rules, 1988 permits amendment of pleadings

"Order 26 Rules 2 and 3 of the High Court (Civil Procedure) Rules 1988 allow an amendment to be made at any stage of the proceedings for the purpose of determining the real questions in controversy between the parties."
Per STANLEY SHENKO ALAGOA ,J.S.C ( P. 27, paras. D-E )

READ IN CONTEXTVIEW ANALYTICS

APPEAL - PROLIFERATION OF ISSUES - Attitude of the Supreme Court towards proliferation of issues; principle against proliferation of issues

"This Court has time without number condemned the proliferation of issues in a brief of argument as would appear to have been done by the appellant. See OMEGA BANK NIGERIA PLC V. O.B.C. LTD (2005) 8 NWLR (PART 928) 547; IWUOHA V. NIPOST LTD. (2003) 8 NWLR (PART 822) 308."
Per STANLEY SHENKO ALAGOA ,J.S.C ( P. 27, paras. B-C )

READ IN CONTEXTVIEW ANALYTICS

PRACTICE AND PROCEDURE - AMENDMENT OF COURT PROCESSES/PLEADINGS - Circumstances under which the court will not grant amendment of pleadings

"Where evidence has been led on a particular point through witnesses, an application to amend the pleadings to fall in line with the evidence so already given is not one intended to over reach. There is nothing sacrosanct in such an application being made orally. In IMONIKHE V. A. G. BENDEL STATE (1992) NWLR (PART 248) 396, this Court held that an amendment of pleadings should be allowed unless it will entail injustice to do so or the person so applying for the amendment is acting mala fide. See generally the following cases on this subject matter. OLU OF WARRI V. ESI (1958) SCNLR 384; UNION BANK v. OGBOH (1995) 2 NWLR (PART 380) 647; SALAMI V. OKE (1987) NWLR (PART 631) 1."
Per STANLEY SHENKO ALAGOA ,J.S.C ( P. 28, paras. A-E )

READ IN CONTEXTVIEW ANALYTICS

APPEAL - INTERFERENCE WITH CONCURRENT FINDING(S) OF
FACT(S) - Instances where the Supreme Court will interfere with concurrent
findings of fact(s) by Lower Courts

"In CHIEF OYELAKIN BALOGUN v. ALHAJI BUSARI AMUBIKAHUN (1989)
NWLR (PART 107) 18 this Court per Obaseki, JSC held that "Where there are
concurrent findings of facts in the Court below i.e. High Court and the Court
of Appeal the Supreme Court will only interfere with those findings if it can
be shown on the record that those findings are not justified by the evidence
and that the error in coming to those findings had led to a miscarriage of
justice." See also LOKOYI V. OLOJO (1983) 8 SC 61 at 68; IBRAHIM v.
SHAGARI (1983) 2 SCNLR 176; OJOMU v. AJAO (1983) 9 SC 22 at 53."
Per STANLEY SHENKO ALAGOA ,J.S.C ( Pp. 31-32, paras. D-A )

READ IN CONTEXTVIEW ANALYTICS

iii

ETA & ANOR V. DAZIE
1

---

*NWALI SYLVESTER NGWUTA, J.S.C.* **(Delivering the Leading**

**Judgment):** This is an appeal against the judgment of the Court of Appeal,

Calabar, delivered on 23rd November, 1999. In the said judgment, the Court

below dismissed the appellants' appeal against the judgment of the High

Court of Cross River State sitting at Calabar in which the trial Court

dismissed the suit filed by the appellants as plaintiffs.

In the High Court, the appellants then plaintiffs had claimed against the

respondent (then defendant) as follows:

**"(1***) A declaration that the pretended Will of the deceased is invalid.*

***(2) An Order setting aside the pretended Will of the deceased for want of due execution and form and as being inconsistent and unconscionable and failing totally of its purpose and intention.***

***(3) An injunction restraining defendant from executing said pretended Will."***

At the trial in the High Court each side called three witnesses and rested its case. The main addresses of learned counsel for the parties were concluded on 29th October, 1997. On the application of learned counsel for the defendant (now respondent), the

ETA & ANOR V. DAZIE
2

---

case was adjourned to the next day 30/10/97 for rejoinder (See page 68 of the record.)

In his rejoinder on points of law on 30/10/97, learned counsel for the defendant (now respondent) realized that he did not expressly deny paragraph 23 of the statement of claim nor did he plead due execution of the Will in his Statement of Defence. Learned Counsel for the respondent then made an oral application to amend the Statement of Defence in line

with the evidence on record by adding that "the Will was duly executed in accordance with the law" to paragraph 33 of the Statement of Defence. Learned Counsel for the appellant opposed the oral application, arguing that there should be a formal application to enable the appellants react. He said that the application at the stage it was made would bring untold hardship to the appellants.

The learned trial Judge did not rule on the application but rather adjourned the case with the consent of both counsels to 8th December, 1997 for judgment. (See page 70 of the record.)

In the judgment eventually delivered on the 28th day of January 1998, the learned trial Judge,

ETA & ANOR V. DAZIE

3

after exhaustive review of the case, concluded thus:

**_"Consequently, it is my considered opinion that the action be and is hereby dismissed for want of merit."_**

Earlier in the judgment, the learned trial Judge had granted the application

for amendment thus:

***"I do not think that the application ought to have been formal as proposed by learned Counsel for the plaintiffs. The facts are already before the Court. I am however of the opinion that the defendant be made to pay the cost of the application which is hereby granted as prayed with N2,000,00 costs to the plaintiffs."*** (See pages 98-99 of the record.)

Aggrieved by the judgment, the plaintiffs (now appellants) challenged same at the Court of Appeal, Calabar Division. The lower Court found no merit in the appeal and accordingly dismissed it. The appellants further appealed to this Court on six grounds.

In accordance with the rules and practice of the Court the parties through their counsel, filed and exchanged briefs of argument. In his brief, as amended, learned Counsel for the appellants abandoned ground one in his Notice of Appeal (which is hereby struck

ETA & ANOR V. DAZIE

4

out) and formulated five issues from his remaining five grounds of appeal. The five issues are:

"1. *Was the Court of Appeal right when it held that the evidence of the three witnesses called by the respondent was pleaded?*

*2. Is it the practice and in fact the Law that a party can bring an application to amend its pleadings in order to bring such pleadings in line with evidence already adduced by it but which was based (sic) upon un-pleaded facts?*

*3. Was the amendment sought by the respondent of such simple error or mistake that an application on notice was not necessary?*

*4. Was it right for the Court of Appeal to reverse a finding of fact by the trial Court which was not appealed against by the respondent?*

*5. What is the standard of proof required from the appellants in view of fact that the respondent did not (sic) led evidence in support of his pleadings?*"

In his brief of argument, learned Counsel for the respondent formulated the following three issues for determination by the Court:

"1*. Whether an oral application for amendment of Pleadings irrespective of the nature and scope of such amendment is*

ETA & ANOR V. DAZIE

*contemplated by the High Court (Civil Procedure) Rules 1988 and if it is, whether respondent's pleadings as amended covered the evidence of respondent's witnesses regarding due execution of the Will?*

*2. Whether the complaint that the Court of Appeal reversed portions of the decisions of the trial Court not appealed against is justified having regards to the totality and purport of the decision of the said trial Court.*

*3. Whether having regard to the evidence adduced by appellant and respondent the Court of trial was justified in dismissing their claims in their entirety and the Court of Appeal correct in affirming the decision."*

I am constrained to comment on the briefs filed by learned counsel for the parties. I will start with the respondent's brief.

An appeal is a resort to a superior Court to review the decision of an inferior Court and find out whether on the facts placed before it, and applying the relevant and applicable law the inferior Court came to a right or wrong

decision. See Ponnamma v. Arumagun *(1905) AC 390*applied by Oputa, JSC in

5

ETA & ANOR V. DAZIE
6

---

AG of Oyo State & Anor v. Fairlakes Hotel Ltd**SC.169/1986** delivered on 2nd December, 1988.

The traditional role of learned counsel for the respondent, in contradistinction to that of learned counsel for the appellant, is to support the judgment appealed against. Where, however, learned Counsel for the respondent cannot, in good conscience, support the judgment appealed against, he should make his position known to his client with a view to either conceding the issues raised by the appellant or withdrawing from the appeal if his client persists in his pursuit of same.

Learned counsel cannot indulge in ambivalence. In his brief of argument, learned counsel for the respondent dwelt on a critique of the judgment of the trial Court and presented a thesis on the High Court (Civil Procedure)

Rules of Cross River State to demonstrate that the Court of Appeal, in the judgment appealed against, misapplied the rules, an issue not raised by the appellant, and the respondent did not file a respondent's notice.

Moreover, of the three issues formulated by the respondent only the second issue can be

ETA & ANOR V. DAZIE
7

---

traced to the appellant's grounds of appeal. Issues one and three particularly issue one appear to have come from the blues. Any issue not distilled from the ground or grounds of appeal and argument thereon go to no issue in the appeal and are liable to be struck out. (See Osinupebi v. Saibu *(1982) 7 SC 164;* ***Ali v. CBN*** *(1997) 4 NLCR (Pt.498) 152).*

Issues 1 and 3 in the respondent's brief are hereby struck out as irrelevant in the determination of the appeal.

Learned counsel for the appellant formulated five issues from his five grounds of appeal. This, by itself, has no adverse effect on the appeal though it is not a commendable practice. Issues are not formulated to coincide with the number of grounds of appeal. An issue is preferably framed from a combination of grounds of appeal. (See Nwudenyi & Ors. v. Aleke ***(1996) 4 NWLR (Pt. 442) 349;*** ***Labiyi v. Anretiola*** *(1992) 10 SCNJ 1 at 2.).*

Shorn of its extravagant build up and reduced to its true dimensions, the main issue in the

7

ETA & ANOR V. DAZIE

8

---

appeal is the propriety *vel non* of the Order for amendment at the time it was sought and granted. There is also the alleged reversal of a finding by the trial Court against which there was no appeal. I will determine the appeal on the following two issues:

(1) Was it right for the Court below to affirm the decision of the trial Court granting the oral application to amend the Statement of Defence in line with the evidence led?

(2) Was it right for the Court of Appeal to reverse a finding of fact by the trial Court which was not appealed against by the respondent?

All the other issues in the appellant's brief are peripheral in the resolution of the two issues above. I will deal with the second issue first.

Issue 2 (appellant's issue 4):

**"Was it right for the Court of Appeal to reverse a finding of fact by the trial Court which was not appealed against by the Respondent?"**

In his argument on the issue, learned Counsel for the appellant reproduced

page 97 of the record of the trial Court:

*"It is trite law that it is the duty of the propounder of a Will to prove the validity of the Will. To do this he*

ETA & ANOR V. DAZIE
9

---

*must plead the relevant facts. Equally related to the issue of burden of prove (sic) in probate matters is the trite law that he who alleges the positive must prove. It is therefore the considered opinion of this Court that the duty placed on the plaintiffs is to allege that the Will was not duly executed as required by law which they have discharged. Going through the pleading in this case, it is clear and this Court hereby finds and holds that the defendant failed to plead due execution of the Will despite the directive attach (sic) at it in paragraph 23 of the Statement of Claim..."*

On the face of it and read in isolation of the rest of the judgment of the trial Court, it does appear to be a finding of fact settling the question of whether or not the respondent, as the propounder of the Will, discharged the burden placed on him to plead and prove the due execution of the Will. The said finding was obliterated, or displaced or overtaken as it were, when the trial

Court granted the respondent's oral application to amend the Statement of Claim to bring the pleading in line with the evidence on record.

ETA & ANOR V. DAZIE
10

The trial Court, on the oral application, held:

**"The facts are already before this Court. I am however of the opinion that the defendant be made to pay the cost of the application which is hereby granted as prayed with N2,000.00 costs to the plaintiffs. ...I do not agree that there are any material contradictions in the evidence of DW1-3 as to due execution of Exhibit B. I believe their evidence and therefore find and hold that Exhibit B was duly executed as required by law."** (See page 99 of the record).

The Court below in its judgment affirmed the finding on the due execution of the Will. It held at page 543 of the record:

**"There is no way that this finding can be faulted as there is overwhelming evidence to establish that the respondent has discharged its duty to prove that Exhibit B was made by a free and capable testator that it represents his intention and instructions and that it was duly executed in accordance with the law."**

In his argument that the lower Court reversed the finding of fact of the trial Court not appealed against, learned Counsel for the appellant did not appreciate that the finding of fact affirmed by the lower Court is the one

ETA & ANOR V. DAZIE
11

made by the trial Court after it granted the oral application to amend the defendant's pleading and not the one made before the amended pleadings.

It is therefore not correct to say that the lower Court over-ruled the trial Court's finding of fact not appealed against. The operative finding of fact as to the due execution of the Will is the finding made after the oral application for amendment had been granted. The issue is resolved against the appellant.

Issue 1 questions the propriety of the oral application to amend the Statement of Defence granted by the trial Court and endorsed by the Court below.

In their Statement of Claim the appellants as plaintiffs, impugned the due

execution of the Will. In paragraph 23 of the Statement of Claim, it was pleaded thus:

> **"23. The purported witnesses to the Will did not all sign in the presence of each other and the testator as required by law."**

In addition to the general traverse, the respondent, as the propounder of the Will, has a duty to plead and prove due execution of same. Respondent failed to discharge the burden in the pleadings. Be that

ETA & ANOR V. DAZIE
12

as it may, the evidence of DW1-3 which the trial Court believed, showed that the Will was duly executed even though the evidence; as rightly argued by learned Counsel for the appellants, went to facts not pleaded at the time it was adduced.

Tardy as he was, learned Counsel for the respondent woke up from slumber after learned Counsel for the appellants had addressed the trial Court, urging the Court to expunge the evidence of DW1-3 as going to no issue in the case.

The record, at page 68, shows that learned Counsel for the plaintiffs (now appellants) concluded his address on 29/10/97 and the matter was adjourned to the next day 30/10/97 for rejoinder. It was at the stage of rejoinder that learned Counsel for the respondent orally applied to amend his Statement of Defence to bring the pleading in line with the evidence by adding: "The Will was duly executed in accordance with the law" to paragraph 33 of the Statement of Defence.

The application was opposed. The trial Court did not rule one way or the other. The ruling was incorporated in the judgment. In fact, the judgment dismissing the case was

ETA & ANOR V. DAZIE

13

predicated on the amendment granted to the respondents.

I think that the ruling on the application to amend the Statement of Defence should have been made before the judgment. Also the amendment should have been reflected in the Statement of Defence. However, in my view, these are mere irregularities which do not affect the substance or validity of the Order made or the proceedings in the matter.

As strenuously argued by learned Counsel for the appellant, evidence led on facts not pleaded go to no issue and is liable to be expunged. Issues are joined on the pleadings, not on the evidence. See Bamgboye v. University of Ilorin *(1999) 6 SCNJ 295 at 324*. Failure to call evidence in support of averment denied means that the averment is abandoned. See Yusuf v. Oyetunde*(1998) 10 SCNJ 1 at 18-19.*

Conversely, evidence led on unpleaded facts go to no issue in the case. See Ndoma-Egba v. Chukwuogor *(2004) e KLR p.173 at 671*. This was the position when the learned trial Judge started reading the judgment of the Court. The evidence of the DW1-3 relating

ETA & ANOR V. DAZIE
14

to the due execution of the Will went to no issue in the matter as the due execution of the Will was not pleaded in the Statement of Defence. At this point the non-execution of the Will in accordance with the law was deemed admitted by the respondent who chose not to plead to the contrary.

However, the scenario changed the moment the trial Court granted the oral application to amend the pleading by pleading due execution of the Will,

though much later in the judgment, the amendment made in line with the evidence on record spoke from the date of the original Statement of Defence and the original Statement of Defence was discarded as it were. See Rotimi v. Macgregor *(1974) 11 SC 133 at 152;* Sneade v. Watherton *(1904) 1 KB 295 at 297;* Adewunmi v. A.G. Ekiti State *(2002) 93 LRCN 43 at 64 & 65.*

Once the amendment was granted to bring the pleading in line with the evidence on record, the amended Statement of Defence superseded the Writ or Claim. See Ewarami v. ACB Ltd *(1978) 4 SC 99 at 107*. On the propriety *vel non* of the amendment granted at the

14

ETA & ANOR V. DAZIE
15

time it was sought, the law is that no kind of error or mistake, which if not fraudulent or intended to overreach the Court cannot correct if it can be done without injustice to the other party. See Amadi v. Thomas Aplin & Co. Ltd *(1972) 1 All NLR (Pt.1) 409;* Shell BP Petroleum Development Company v. Jammal Eng. Ltd . *(1974) 4 SC 33.*

Amendment will be allowed if by so doing the real issue in dispute can be raised and resolved. See Engr. Samuel Melifeonwu v. Egbunike **(2001) 1 NWLR (Pt.4) 271.**

The grant of the application did not cause an undue delay in the proceedings nor is the amendment irrelevant or useless. There is no evidence that it was intended to overreach or ambush the appellant. The learned Counsel for the appellant cross-examined the witnesses who gave the evidence in line of which the respondent sought to amend the Statement of Defence. It is not enough to say that the application was brought in bad faith. I see no fact or facts which show bad faith or from which the inference of bad faith can be drawn.

Though the amendment came extremely late at the trial, it did not introduce

ETA & ANOR V. DAZIE
16

a new case. It was meant to, and did, bring into focus the main issue in contention between the parties - that is, whether or not the Will was duly executed in accordance with the law. And the appellant was compensated by order for costs.

In Okafor v. Ikeanyi *(1979) 3-4 SC 99* the Court held that amendment can be granted at any stage if it is in the interest of justice. In my considered view, the Order for amendment was justified on the facts of the case at the time it was granted. An application for amendment calls for exercise of the Court's discretion and it has not been shown that the exercise was not judicial and judicious. (See Shell PB v. Jammal *(supra).*

In my view, the appeal is devoid of merit and consequently it is hereby dismissed. Appellant to pay N100,000.00 costs to the respondent.

*MAHMUD MOHAMMED, J.S.C.* **:** This appeal is against the judgment of the Court of Appeal Calabar delivered on 23rd November, 1999. In that judgment, the Court of Appeal dismissed the Appellants' appeal against the judgment of the trial

ETA & ANOR V. DAZIE

17

High Court of Justice of Cross-River State dismissing the Plaintiffs/Appellants action challenging the validity of their fathers Will dated 24th March, 1992.

Although at the hearing of this appeal on 11th December, 2012 the Appellants brief of argument upon which the appeal was heard had raised as many as 5 issues for the determination of the appeal, while in the Respondent's brief of argument 3 issues were identified, all the issues formulated by the parties revolved around a central issue on the complaint of the Appellant on the validity of the amendment to the Defendant/Respondent's Statement of Defence by the trial Court on an oral application after the parties had closed their respective cases. The oral application for amendment was made pursuant to the provision of ***Order 23 Rule 1 of the High Court (Civil Procedure Rules) of Cross-Rivers State 1987*** .

The guiding principles of cardinal importance which guides the Court in an application for leave to amend the Writ of Summons or pleadings is that such amendment is made for the purpose of enabling the Court to determine the real question

17

ETA & ANOR V. DAZIE

18

in controversy between the parties or correcting any defect or error in the proceedings. See Amadi v. Thomas Applin & Co. Ltd. **_(1972) 1 All N.L.R. 409_** and **_Alhaji Karim Laguro & Ors. v. Honsu Toku (Bale of Itoga) & Ors._**_(1992) 2 N.W.L.R. (Pt.223) 278 at 287 and 290 - 291_. Some of the guiding principles for granting amendments of pleadings include, the consideration of the Justice of the case and the rights of the parties before the Court, the duty of a Judge to see that everything is done to facilitate the hearing of any action pending before him and whenever it is possible to cure and correct an honest or unintentional blunder or mistake in the circumstances of the case and where such amendment will help to expedite the hearing of the action without injustice to the other party. Furthermore, amendments are more easily granted whenever the grant does not necessitate the calling of additional evidence or the changing of the character of the case, and in that aspect no prejudice or injustice can be said to result from such amendment. See Wiri v. Wuche**_(1980) 1 - 2 S.C. 12;_** Afolabi v. Adekunle **_(1983) 2 S.C.N.L.R 141;_** Akinkuowo v. Fafimoju **_(1965)_**

18

ETA & ANOR V. DAZIE

19

***N.M.L.R. 349;*** Oguntimeyin v. Gubere ***(1964) N.M.L.R. 55;*** Dominion Flour Mills Ltd v. George***(1960) L.L.R 53;*** Adetutu v. Aderohunmu ***(1984) 1 S.C.N.L.R. 515;*** Amadi v. Thomas Applin & Co. Ltd***(1972) 1 All N.L.R. (Pt.1) 409; <u>Adekeye v. Akin-Olugbade</u>*** (1987) 3 N.W.L.R. (Pt.60) 214;*** Akoh v. Abuh ***(1988) 3 N.W.L.R. (Pt. 85) 696;*** England v. Palmer ***14 W.A.C.A. 659;*** Metal Construction (W.A.) Ltd. v. Migliore ***(1979) 6 - 9 S.C. 163*** .

In the present case the Defendant now Respondent in this Court merely applied at the trial Court to amend paragraph 33 of his statement of defence by adding the sentence -

**"The Will was duly executed in accordance with the law."**

At this stage the application was made, the record shows there was enough evidence already led the Defendant/Respondent's witnesses DW1-DW3 who were also cross-examined by the Appellants' Counsel as shown in the record in support of the fact that the Will of the deceased was properly executed and that the deceased had the required capacity to execute the same. It is quite clear therefore that the application to amend that paragraph of the statement of defence was made in order to

ETA & ANOR V. DAZIE
20

bring the evidence that was already on the ground in line with the pleadings without calling additional evidence and without over-reaching the other parties being the Plaintiffs now Appellants. The amendment therefore, in my view, was merely made to cure an honest or unintentional blunder or mistake by the learned Counsel to the Defendant/Respondent and hence was rightly granted by the learned trial Judge and rightly affirmed by the Court below.

For the above and fuller reasons in the leading judgment of my learned brother Ngwuta JSC which has just been delivered, I also dismiss this appeal and abide by the orders in the leading judgment including the order on costs.

*MUHAMMAD SAIFULLAHI MUNTAKA-COOMASSIE, J.S.C.* **:** I have had a preview of the leading judgment just delivered by my learned brother Sylvester Ngwuta JSC. I completely agree with the reason and conclusion therein adumbrated. I adopt them as mine. The reasons for dismissing the appeal tally with my understanding of the law on the subject. Actually the position taken by the respondent's counsel is quite ambivalent. It is neither here nor there. The amendment ordered by the

20

ETA & ANOR V. DAZIE
21

trial Court was in order and it was made judiciously and judicially in the

exercise of the discretion of trial Court within the law. That being the case I

have no reason to dis-agree with the conclusion of my learned brother Sylvester Ngwuta JSC. I too hold that the appeal before us lacks merit same is hereby dismissed by me. One hundred thousand naira costs (N100,000.00) in favour of the respondent.

_SULEIMAN GALADIMA, J.S.C._ **:** I have had the privilege of a preview of the leading Judgment of my learned brother NGWUTA JSC just delivered. I am in complete and total agreement with his reasoning and conclusion leading to the dismissal of this appeal. I adopt same as my own. The Appeal lacks merit and is liable to dismissal. Accordingly it is dismissed. I abide by the consequential orders made on cots.

_STANLEY SHENKO ALAGOA, J.S.C._ **:** This is an appeal against the judgment of the Court of Appeal Calabar Division delivered on the 23rd November, 1999 which upheld the judgment of the High Court of Justice Calabar, Cross River State delivered on the 28th January, 1998.

The present appellants as plaintiffs in the

ETA & ANOR V. DAZIE
22

High Court Calabar took out a Writ of Summons against the respondent as defendant claiming the following reliefs:

1. A Declaration that the pretended will of the deceased dated 24th March, 1992 is invalid and therefore null and void.

2. An Order setting aside the pretended will of the deceased for want of due execution and form and as being inconsistent and unconscionable and failing totally of its purpose and intention; and

3. An Order of perpetual injunction restraining the defendant from executing the said pretended will.

It is perhaps necessary to put the records straight by saying that one Madam Maria Eyo Ita wife of the deceased testator was one of the plaintiffs at the institution of this action at the High Court but following her demise in the course of proceedings in the High Court her name was dropped from the suit. One Chief Sylvester O. Neil was also the 2nd defendant as executor of the will at the commencement of this suit at the High Court Calabar but following his request to be discharged from the suit his name was struck out from the suit.

At the commencement of the suit at the High

ETA & ANOR V. DAZIE

23

---

Court, Calabar, the 1st and 2nd appellants were the only surviving son and daughter of the deceased testator Etubom Joseph Eyo Ita and in contention was the will of the said Etubom Joseph Eyo Ita who had real and personal estates among which were No.50 Mayne Avenue, Calabar and No. 5 Probyn Street, Calabar. With respect to No. 50 Mayne Avenue Calabar, the deceased testator declared in the will as follows: "I direct that my house at No. 50 Mayne Avenue Calabar shall be rented out and the rents accruing therefrom together with my assets hereinbefore mentioned used for the distribution of legacies hereinbefore contained..." With respect to No. 5 Probyn Street, Calabar the will stated as follows: "I direct that my house at No. 5 Probyn Street Calabar together with all the furniture therein shall remain a family house to be used in common by all direct members of my family; in particular my said wife shall live in the said house for life..... None of my property should be sold." Dissatisfied the appellants as plaintiffs instituted the aforementioned action subject matter of this further appeal.

Pleadings were filed and exchanged. In paragraph

ETA & ANOR V. DAZIE
24

23 of the statement of claim the appellants as plaintiffs stated as follows: "The purported witnesses to the will did not all sign in the presence of each other and the testator as required by law."

None of the paragraphs of the statement of defence dealt with or made any attempt to respond to Section 23 of the Statement of Claim. The matter proceeded to be heard with the parties calling there witnesses each. At the address stage respondents counsel addressed first after which the appellants' counsel addressed. The appellants' counsel in his said address raised the issue that the respondent did not deny paragraph 23 of the statement of claim. Appellants' counsel also raised the issue that the respondents in their statement of defence did not plead the due execution of the will according to law. The respondent's counsel conceded that there were omissions in the Statement of Defence but raised the issue that pleadings can be amended at any stage of the proceedings provided not intended to over-reach and sought that oral amendments be allowed so as to bring the pleadings in line with evidence already led.

He sought to add the words, "the will was duly executed in

ETA & ANOR V. DAZIE
25

add the words, "the will was duly executed in accordance with the law" to paragraph 33 of the Statement of Defence.

Appellants' counsel objected to this request for amendment contending that a formal application for amendment would better meet the ends of justice. The learned trial Judge Onnoghen, J. (as he then was) did not rule on this application to amend the respondent's pleadings but adjourned the entire suit for judgment. In a considered judgment delivered on the 28th January, 1998, the learned trial Judge not only granted the application to amend the respondent's statement of defence but also found no merit in the claim of the appellants and dismissed same.

Aggrieved the appellants appealed to the Court of Appeal which dismissed the appeal and hence a further appeal to the Supreme Court.

The appellants filed six grounds of appeal and after abandoning Ground 1, formulated five issues from the remaining five Grounds of Appeal:

1. Was the Court of Appeal right when it held that the evidence of the three witnesses called by the respondent was pleaded?

2. Is it the practice and in fact

ETA & ANOR V. DAZIE
26

the law that a party can bring an application to amend its pleadings in order to bring such pleadings in line with evidence adduced by it but which was based on unpleaded facts?

3. Was the amendment sought by the respondent of such simple error or mistake that an application on notice was not necessary?

4. Was it right for the Court of Appeal to reverse a finding of fact by the trial Court which was not appealed against by the Respondent?

5. What is the standard of proof required from the appellants in view of fact that the respondent did not lead evidence in support of his pleading?

The Respondent formulated the following issues for determination:

## 2. <u>ISSUES FOR DETERMINATION</u>

2.1 Whether an oral application for amendment of pleadings irrespective of the nature and scope of such amendment is contemplated by the High Court (Civil Procedure) Rules, 1988 and if it is, whether Respondent's pleadings as amended covered the evidence of respondent's witnesses regarding due execution of the Will?

2.2. Whether the complaint that the Court of Appeal reversed portions of the decision of the trial Court not appealed

ETA & ANOR V. DAZIE
27

against is justified having regards to the totality and purport of the decision of the said trial Court?

2.3 Whether having regard to the evidence adduced by appellants and respondent the Court of trial was justified in dismissing their claims in their entirety and the Court of Appeal correct in affirming the decision?

This Court has time without number condemned the proliferation of issues in a brief of argument as would appear to have been done by the appellant. See OMEGA BANK NIGERIA PLC V. O. B. C. LTD **(2005) 8 NWLR (PART 928) 547;** IWUOHA V. NIPOST LTD **(2003) 8 NWLR (PART 822) 308** .

I shall however steer a mid course in considering these issues. ***Order 26 Rules 2*** and ***3 of the High Court (Civil Procedure) Rules 1988*** allow an amendment to be made at any stage of the proceedings for the purpose of determining the real questions in controversy between the parties.

What undoubtedly appears worrisome in this matter is the late stage of the proceedings at which the application to amend the Statement of Defence was made - at the address stage by counsel but

ETA & ANOR V. DAZIE
28

even this is allowed under the Rules of Court if it is not intended to over reach the other party.

Where evidence has been led on a particular point through witnesses, an application to amend the pleadings to fall in line with the evidence so already given is not one intended to over reach. There is nothing sacrosanct in such an application being made orally. In IMONIKHE V. A. G. BENDEL STATE **(1992) NWLR (PART 248) 396**, this Court held that an amendment of pleadings should be allowed unless it will entail injustice to do so or the person so applying for the amendment is acting mala fide. See generally the following cases on this subject matter.

OLU OF WARRI V. ESI **(1958) SCNLR 384;** UNION BANK v. OGBOH **(1995) 2 NWLR (PART 380) 647;** SALAMI V. OKE **(1987) NWLR (PART 631) 1** . There is no doubt at all that at the time the application to amend the Respondent's Statement of Defence was made, it could not have been possible for a formal application to amend to be made and the learned trial

Judge did what he considered best to do out of a difficult situation without compromising fairness. The learned trial Judge did what the law allowed him to

ETA & ANOR V. DAZIE
29

do. The judgment of the High Court was affirmed by the Court of Appeal. The oral amendment of the Respondent's Statement of Defence would be proper despite its late stage if it was done to bring it in line with the evidence already given.

At page 61 of the Record of Appeal one Gloria Eniang Offiong testifying as DW1 said as follows, "My names are Gloria Eniang Offiong. I live at No. 39 Edibe Edibe Road, Calabar. I am a student. I knew Etubom Joseph Eyo Ita. He is dead. On 23/3/92 the late Etubom invited me into his house to witness his will. On getting there he explained everything to me before signing his signature before me and another witness Victor Eyo Ekanem. Thereafter Victor signed and I signed."

At pages 63 - 64 of the Records Victor Eyo Ekanem in his evidence as DW3 said as follows:- My names are Victor Eyo Ekanem. I live at No. 6 Idang

Street Calabar. A civil servant with Akamkpa Local Government Council as Senior Personnel Officer. I know the parties. I knew late Etubom Joseph Eyo Ita. On the 24/3/92 Etubom Joseph Eyo Ita called on me to witness the signing of his will in his house at No. 5 Probyn Street,

ETA & ANOR V. DAZIE
30

Calabar. I went there and he explained the will to me - it was written. After that he signed and I signed as one of the witnesses. After that I left. We were two witnesses. One Gloria Eniang Offiong. She was present when I signed the will. I left with the girl. She signed last before I left." It can thus be seen that the will was duly executed and the amendment sought and granted only brought the pleaded facts sought for in the amendment in line with this evidence.

Another very important aspect of this matter that I will like to lend my voice to is the issue of joint ownership of No.50 Mayne Avenue. The 1st Appellant's contention was that he was joint owner of that property with his late deceased father and testator Etubom Joseph Eyo Ita. This is very doubtful because the deceased testator Efubom Joseph Eyo Ita made bequests in the will which were suggestive of his sole ownership of the

property. It was much the same with No. 5 Probyn Street Calabar. That the testator was of sound mind when he made the will can be seen from the evidence of the 1st Appellant at page 57 of the Record of appeal when he was recalled for cross examination. He

ETA & ANOR V. DAZIE
31

therein said as follows, "My father's illness did not affect his mental capabilities. I never had course to suspect his mental inability throughout his lifetime."

At page 61 of the Record of PW1, DW1 Gloria Enang Offiong said under cross examination, Etubom Eyo Ita was well - he was O.K. - physically and mentally. I am not a psychologist. By 24/3/92 I was 20 years." That the testator Etubom Joseph Eyo Ita made the will in the right frame of mind is a finding of the two lower Courts" That is the impression one gets in reading through both judgments.

In CHIEF OYELAKIN BALOGUN V. ALHAJI BUSARI AMUBIKAHUN **(1989) NWLR (PART 107) 18** this Court per Obaseki, JSC held that

"*Where there are concurrent findings of facts in the Court below i.e. High*

*Court and the Court of Appeal the Supreme Court will only interfere with those findings if it can be shown on the record that those findings are not justified by the evidence and that the error in coming to those findings had led to a miscarriage of justice."*

See also LOKOYI V. OLOJO **(1983) 8 SC 61 at 68** ;

31

ETA & ANOR V. DAZIE
32

IBRAHIM V. SHAGARI **(1983) 2 SCNLR 176** ; OJOMU V. AJAO **(1983) 9 SC 22 at 53** . I find no such short-comings in the findings of the Court of Appeal.

It is for these reasons and the fuller reasons contained in the leading judgment of my learned brother Ngwuta, JSC which I had the privilege to read before now in draft and which I totally agree with that I also dismiss the appeal and abide by all order or orders contained in the lead judgment including order on costs.

ETA & ANOR V. DAZIE
33

---

**Appearances:**

J. O. Obono-Obla (Mrs.) with her O. S. Ogar For Appellant(s)

Dafe Diegbe, with him Mrs. A. Uche-Aniduobi For Respondent(s)

# EXHIBIT 5

A. G. LEVENTIS (NIG) PLC V. AKPU

(2007) LPELR-5(SC)

A. G. LEVENTIS NIGERIA PLC v. CHIEF CHRISTIAN AKPU

(2007) LPELR-5(SC)

**In The Supreme Court Of Nigeria**

On Friday, the 15th day of June, 2007

Suit No: SC.140/2002

Before Their Lordship

Between

A. G. LEVENTIS NIG. PLC                                    APPELLANT(S)

And

CHIEF CHRISTIAN AKPU                                    RESPONDENT(S)

i

SUMMARY OF JUDGMENT

INTRODUCTION:
This        appeal        borders        on        civil        procedure.
FACTS:
This is an appeal against the judgement of the Court of Appeal which dismissed the appellant's appeal and increased the monetary award granted by the trial court. The respondent took his Mercedez Benz 500 SEL car to the appellant's workshop at Onitsha for repairs. According to the job card opened by the company in respect of the car, the items of repairs to be carried out on the car included replacement of the exhaust manifold gasket and correcting the tapping noise from the engine, among others. The respondent's case was

that the job took the appellant some weeks and when the car was returned to him, it developed more faults and became worse than the ordinary problem of exhaust manifold gasket. He complained bitterly about the state of the car to the appellant who collected back the car and subsequently informed him that the engine had been taken to Lagos from where, due to some other faults detected, the respondent towed away the body of the car at the instance of the appellant, to avoid its being vandalised. It was when the car was not returned after about one year that the respondent instituted the action at the High Court, Onitsha, claiming damages against the appellant for negligence. The appellant on the other hand pleaded that in good faith, it embarked on the repairs but on further investigation of the source of the tapping noise, the engine of the car was dismantled and it was discovered that the short blocks of the engine were worn-out. The appellant stated further that the respondent did not bring the car for change of exhaust manifold gasket but for several faults. At the conclusion of trial, the trial court held that the respondent had proved his case and judgment was entered in his favour. The appellant was dissatisfied and appealed to the Court of Appeal. The Court of Appeal dismissed the appeal and increased the monetary award granted by the trial court to N2 million. Dissatisfied, the appellant appealed further to the Supreme Court.

ISSUES:

The appellant formulated three (3) issues for determination which were adopted by the Court as follows:

"1.Whether the Court of Appeal adjudicated upon the issue for determination complaining about the Respondent's failure to plead particulars of negligence and if not, whether this Honourable Court should effectively determine this case by pronouncing upon the failure to plead particulars of  negligence by the respondent and its effect?

2.Whether the Court of Appeal ought to have re-evaluated the evidence before the trial court and whether in re-evaluation, any weight ought to have been given to the evidence in rebuttal of negligence lead (sic) (meaning led) by the appellant's witnesses?

3.Whether in the absence of a Cross-Appeal, the Court of Appeal ought to have increased the award of damages reflecting the value of the engine of the respondent's car from N1.5M to N2.0M?"


DECISION/HELD:

In the end, the Supreme Court held that the appeal succeeded in part. The Court set aside the said award of N2M (Two Million Naira) by the Court of Appeal and affirmed the decision of the trial court in respect of the awards in claims/reliefs in the respondent's Statement of Claim.

ii

RATIO DECIDENDI

TORT - NEGLIGENCE - Whether a party who alleges negligence must plead the acts of negligence and give specific particulars of same

"...it is firmly established that a party who alleges negligence should not only plead the act or acts of negligence, but should also give specific particulars. See the case of Aku Nmecha Transport Services (Nig.) Ltd. & Anor. v. Atoloye (1993) 6 NWLR (Pt. 298) 233 at 248 C.A. Again settled, is that where there is failure to furnish further and better particulars, no evidence will be led on the facts of which further particulars, is required. See the case of Chief Allen C. Nwachukwu & Anor. v. Chief Emeka Eneogwo & 2 Ors. (1999) 4 NWLR (Pt. 600) 529 at 635 C.A."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 15-16, paras. C-E )

READ IN CONTEXTVIEW ANALYTICS

COURT - DUTY OF COURT - Duty of Court to consider/pronounce on all issues raised before it and the exception thereof

"...it is firmly settled that it is the duty of all lower courts to consider all issues placed before it except in the clearest cases. In the case of Owodunni v. Registered Trustees of Celestial Church of Christ & 3 Ors. (2006) 6 S.C. (Pt. II) 60; (2000) 6 SCNJ (299 at 426-427, this court- per Ogundare, JSC., (of blessed memory) stated that this court has frowned, in a number of cases, at the failure of lower courts, to decide all issues placed before them. That unless in the clearest of cases, an intermediate court should endeavour to resolve all issues put before it. His Lordship referred to the cases of Odunayo v. The State (1972) 8-9 S.C. (Reprint) 173; (1972) 8-9 S.C. 290 at 296- per Sowemimo, JSC., (as he then was and of blessed memory) and Ifeanyi-Chukwu (Osondu) Ltd. v. Soleh Boneh Ltd. (2000) 3 S.C. 42; (2000) 5 NWLR 322 at 351 which is also reported in (2000) 3 SCNJ 18."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 17, paras. B-F )

READ IN CONTEXTVIEW ANALYTICS

PRACTICE AND PROCEDURE - COURT PROCEEDINGS - Instance when a condition can nullify a judicial proceeding

"As rightly submitted in the respondent's Brief citing and relying on the case of Ejelikwu v. The State (1993) 7 NWLR (Pt. 307) 554 at 583 (it is also reported in (1993) 9 SCNJ 152) - per Karibi-Whyte, JSC., for a condition to

nullify a judicial proceeding, it must be a substantial provision, which affects the jurisdiction or competence of the court, or a procedural defect in a miscarriage of justice."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 18, paras. B-D )

READ IN CONTEXTVIEW ANALYTICS


APPEAL - NATURE OF APPEAL - Nature of an appeal

"...it is settled that an appeal is in the nature of re-hearing in respect of all issues raised in respect of the case. See the case of Sabru Motors Nig. Ltd. v. Rajab Enterprises Nig. Ltd. (2002) 4 SC (Pt. II) 67; (2002) 4 SCNJ 370 at 382."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 19, paras. E-F )

READ IN CONTEXTVIEW ANALYTICS


COURT - APPELLATE COURT - Duty of appellate courts not to re-open or re-try cases

"...it is also settled that the duty of an appellate court, is to inquire into ways the trial court tried and settled the dispute and not to re-open and re-try cases. See the cases of Oroke v. Ede (1964) NNLR 119-120; Ajadi v. Okenihun (1985) 1 NWLR (Pt. 3) 484 at 492 cited and relied on in the respondent's Brief. This is why it is also settled that what an appellate court has to decide, is whether the decision of the trial court was/is right and not the reasons for the decision. Thus, if a judgment of a trial court is correct, it will not be liable to reversal, merely because it was anchored on a wrong reason. See the cases of Ukejianya v. Uchendu (1950) 13 WACA 45 at 46; Ayeni & Ors. v. Williams Sowemimo (1982) 5 S.C. (Reprint) 29; (1982) 5 S.C. 6 at 73 - 74; Odukwe v. Ogunbiyi (1998) 8 NWLR (Pt. 561) 339 at 350 and recently, Jikantoro & 6 Ors. v. Dantoro & 6 Ors. (2004) 5 S.C. (Pt. II) 1; (2004) 5 SCNJ. 152 at 178."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 19-20, paras. F-D )

READ IN CONTEXTVIEW ANALYTICS


COURT - DUTY OF COURT - Duty of an appellate court to re-assess evidence where the findings of a trial court are perverse

"It is now firmly established that where the findings of a trial court are perverse or use made of a document goes beyond its evidential value

particularly in respect of documentary evidence, it is the duty of the appellate court to re-consider, re-assess the evidence and apply it if the justice of the case so requires. See the cases of Adeleke v. Iyanda (2001) 6 S.C. 18; (2001) 13 NWLR (Pt. 729) 1 at 20; (2001) 6 SCNJ 101; and Tsokwa Oil Marketing Co. Nig. Ltd. v. Bank of the North Ltd. (2002) 5 S.C. (Pt. II) 9; (2002) 5 SCNJ 176 at 200. This is why there is the need for a trial and an appellate court, to consider all relevant evidence before them."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 22, paras. B-E )

READ IN CONTEXTVIEW ANALYTICS


JURISDICTION - JURISDICTION OF THE COURT OF APPEAL - Extent of the Jurisdiction of the Court of Appeal to re-hear a case

"...Section 16 of the Court of Appeal Act, gives it full jurisdiction over the whole proceedings as if the proceedings had been initiated in the Court of Appeal as the court of first instance and therefore, may re-hear the case as a whole or in part or may remit it to the trial court for the purpose of rehearing or trial de novo. I will add also, that the incontestable limit, is that such first instance jurisdiction exercised by the Court of Appeal, does not include what a trial court could not have done. See the cases of The State v. Dr. Onagoruwa (1992) 2 NWLR (Pt. 221) 33 at 46, 56, 58; (1992) 2 SCNJ 1; Abbas & Ors. v. Solomon & Ors. (2001) 7 S.C. (Pt. II) 45; (2001) 7 SCNJ 546 and Attorney-General, Anambra State & 5 Ors. v. Okeke & 4 Ors. (2002) 5 S.C. (Pt. II) 583 (2002) 5 SCNJ. 318 at 333, 335, 339, 345."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 23-24, paras. F-C )

READ IN CONTEXTVIEW ANALYTICS


APPEAL - INTERFERENCE WITH EVALUATION OF EVIDENCE - Principles under which an Appellate Court would interfere with the findings of a Lower Court based on evaluation of evidence

"It has to be borne in mind and this is also settled, that if an appellate court is of the opinion (as in the instant case reproduced by me hereinabove), that the inadmissible evidence, cannot or could not reasonably, have affected the decision, it will not interfere. But if it is of the opinion that without the inadmissible evidence, the decision must have been different, it will interfere. See the cases of Ajayi v. Fisher (1956) 1 FSC 90 at 92; (1956) SCNLR 279; R. v. Thomas (1958) 3 FSC 8; Raimu v. Alhaji Akintoye (1986) 5 SC 87 and recently, Chief Durosaro v. Ayorinde (2005) 3-4 SC 14; (2005) 3 SCNJ 8 at 16-17; (2005) 3-4 SC 14 citing also Idundun v. Okumagba (1976) 9-10 SC

(Reprint) 140; (1976) 9-10 SC 227 at 245. There is no doubt and this also firmly established that where inadmissible evidence has been admitted, it is the duty of the court, not to act upon it. See Olukade v. Alade (1976) 1 SC (Reprint) 83; (1976) 2 SC 183 at 188-189."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 24-25, paras. C-A )

READ IN CONTEXTVIEW ANALYTICS


EVIDENCE - CREDIBILITY OF WITNESS - Whether the assessment of credibility of witnesses is within the exclusive preserve of the trial court

"It is settled that the function of assessment of credibility of witnesses is essentially for the trial court and not that of an appellate court. See the cases of Akpakpuna & Ors. v. Nzeka & Ors. (1983) 2 SCNLR 1 at 14 and Obodo & Anor. v. Ogba & Ors. (1987) 3 S.C. 459, 460-61, 480-482, 485; (1987) 2 NWLR (Pt. 54) 1; (1987) 3 SCNJ 82 and recently, Agbeje & Ors. v. Chief Ajibola & Ors. (2002) 1 S.C. 1; (2002) 2 NWLR (Pt. 750) 127 at 132, 134, 135; (2002) 1 SCNJ 64."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 26, paras. B-D )

READ IN CONTEXTVIEW ANALYTICS


JUDGMENT AND ORDER - ERROR/MISTAKE IN JUDGMENT - Whether every error/mistake in a judgment will result in a judgment being set aside; circumstance where error/mistake in a judgment will result in a judgment being set aside

"...it is now firmly established that it is not every mistake or error in a judgment that necessarily determines an appeal in favour of an appellant or automatically results in the appeal being allowed. It is only when the error is so substantial, that it has occasioned a miscarriage of justice, that the appellate court is bound to interfere. There are too many decided authorities in this regard. See Onajobi v. Olanipekun (1985) 4 S.C. (Pt. 2) 156 at 168; Osafile & Anor. v. Odi & Anor. (No. 1) (1990) 5 S.C. (Pt. II) 1; (1990) 3 NWLR (Pt. 137) 130; (1990) 5 SCNJ 118; Anyanwu v. Mbara (1992) 5 NWLR (Pt. 242) 386 at 400; Odukwe v. Mrs. Ethel N. Ogunbiyi (1998) 6 S.C. 72; (1998) 8 NWLR (Pt. .....) 338 at 351; (1998) 6 SCNJ 102 at 113 and International Bank of West Africa Ltd. v. Pavex International Co. (Nig.) Ltd. (2000) 4 S.C. (Pt. II) 196; (2000) 7 NWLR (Pt. 663) 128; (2000) 4 SCNJ 200"
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 26-27, paras. F-C )

READ IN CONTEXTVIEW ANALYTICS

APPEAL - INTERFERENCE WITH AWARD OF DAMAGES - Circumstances/grounds upon which an appellate Court will interfere with award of damages by the trial Court

"The law is firmly settled as to the attitude or powers of an appellate court in respect of an award of damages by a trial court. An appellate court ought not to upset an award of damages by a trial court merely because, if it had tried the matter, it might have awarded a different figure. An award of damages can only be upset or interfered with by an appellate court, if it is shown by the appellant, either that: "(a) the trial court acted or proceeded upon wrong principles of law, or (b) the amount awarded by the trial court, is manifestly and extremely high or low, or (c) the amount, was on an entirely erroneous estimate which no reasonable tribunal, will make. See the cases of F.R.A. Williams v. Daily Times of Nig. Ltd. (1990) 1 S.C. 23; (1990) 1 NWLR (Pt. 124) 1 at 49; (1990) 1 SCNJ 1; Ndinma v. Igbenedion (2001) 5 NWLR (Pt. 705) 140 C.A.; Nzeribe v. Dave Engineering Co. Ltd. (1994) 3 NWLR (Pt. 361) 124 at 140 and recently, The Shell Petroleum Development Co. of Nig. Ltd. Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 28-29, paras. F-G )

READ IN CONTEXTVIEW ANALYTICS

COURT - RAISING ISSUE(S) SUO MOTU - Effect of raising an issue suo motu without hearing from the parties

"This court has in many decided cases, deprecated a court raising a matter/point suo motu, without affording the parties, the opportunity of addressing it on the matter/point as it amounts to a denial of fair hearing guaranteed in Section 33(1) of the 1979 Constitution of the Federal Republic of Nigeria now Section 36(1) of the 1999 Constitution. See the cases of Odiase v. Agho (1972) 3 S.C. (Reprint) 69;(1972) 1 ANLR (Pt. 1) 170; Alhaji Otapo v. Alhaji Sunmonu (1987) 2 NWLR (Pt. 58) 587; and recently, Mallam Mohammed v. Alhaji Mohammed (2005) All FWLR (Pt. 275) 502 at 508, 516 citing other cases therein and Mrs. Fombo v. Rivers State Housing and Property Development Authority (2005) 5 S.C. (Pt.II) 102; (2005) 5 SCNJ 213"
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 33-34, paras. F-B )

READ IN CONTEXTVIEW ANALYTICS

COURT - DUTY OF COURT - Duty of Court to limit and confine itself to the issues raised by the parties

"It is also firmly settled that it is the duty of a court to confine or limit itself, only to the issue raised and/or canvassed by the parties before it. There are also too many decided authorities in this respect. See Onwunalu & Ors. v. Osademe (1991) ANLR 15 at 17 - per Coker, JSC., cited and relied on in the appellant's Brief; Adeosun v. Babalola (1972) 5 S.C. (Reprint) 183; (1972) 5 S.C. 292; University of Calabar v. Dr. Essien (1996) 10 NWLR (Pt. 477) 255 at 251; (1996) 12 SCNJ 304 at 326; Madam Obulor & Anor. v. Oboro (2001) 4 S.C. (Pt. I) 77; (2001) 4 S.C. (Pt. I) 77; (2001) 8 NWLR (Pt. 714) 25 at 32; (2001) 4 SCNJ 22; and recently, Nigerian Bank for Commerce & Industry v. Intergrated Gas (Nig.) Ltd. & Anor. (2005) 1 S.C. (Pt. I) 133; (2005) 4 NWLR (Pt. 916) 617 at 644; (2005) 1 SCNJ 104."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( Pp. 34-35, paras. F-C )

READ IN CONTEXTVIEW ANALYTICS

COURT - DUTY OF COURT - Duty of court to give reasons for a finding of fact or holding

"...it is settled that a court must give reason or reasons, for a particular finding of fact or holding"
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 35, paras. F-G )

READ IN CONTEXTVIEW ANALYTICS

DAMAGES - SPECIAL DAMAGES - What a court should consider before granting an award for special damages

"I am aware and this is settled, that a court, should give adequate consideration to the evidence offered in support of a claim for special damages and that if the accepted evidence possesses such probative value as preponderates the case in favour of the person claiming, then an award would be justified. See Oshinjinrin & Ors. v. Elias & Ors. (1970) 1 ANLR 153 at 156 and perhaps, the case of Boshali v. Allied Commercial Exporters Ltd. (supra), (it is also reported in (1961) ANLR 917) cited and relied on by the court below. But C/F (compare) this decision in Boshali's case with the case of Calabar Cement Co. Ltd. v. Abiodun Daniel (1991) 4 NWLR (Pt. 188) 750 at 760 - per Katsina-Alu, JCA, (as he then was)."
Per IKECHI FRANCIS OGBUAGU ,J.S.C ( P. 36, paras. A-D )

READ IN CONTEXTVIEW ANALYTICS

ACTION - PLEADINGS - Whether a party must always specifically set out the particulars of the claim for negligence in his pleadings

"On the first question, the contention of the trial court was that although no particulars of negligence was specifically pleaded by the plaintiff, such omission could be and was in fact cured because the plaintiff has clearly indicated in his pleadings what his case was all about. I entirely agree with that view. I therefore believe and hold that although a plaintiff may not specifically set out the particulars of negligence in his pleadings, that omission could be cured if the relevant details are contained in the various paragraphs of his pleadings."
Per SUNDAY AKINOLA AKINTAN ,J.S.C ( P. 40, paras. D-G )

READ IN CONTEXTVIEW ANALYTICS

iii

A. G. LEVENTIS (NIG) PLC V. AKPU
8

---

***IKECHI FRANCIS OGBUAGU, J.S.C.***
**(Delivering the Leading Judgment)**:
This is an appeal against the decision of the Court of Appeal, Enugu Division (hereinafter called "the court below") delivered on 3rd July, 2001 allowing in part, the decision of the trial High Court, Onitsha in Onitsha Judicial Division presided over by Nwankwo, J., delivered on the 18th May, 1998 in favour of the plaintiff/respondent.

Dissatisfied with the said decision, the appellant has further appealed to this court on four (4) Grounds of Appeal. Without their particulars, they read as follows:
**GROUND ONE**
"The learned Justices of the Court of Appeal erred in law in failing to consider or adjudicate upon a

Ground of Appeal and issue for determination raised by the defendant/appellant, viz that the plaintiff/respondent failed to plead particulars of negligence and that consequent upon this failure, any evidence of negligence went to no issue."

**GROUND TWO**

"The learned Justices of the Court of Appeal erred in law when after striking out the major piece of evidence upon which the learned trial Judge depended upon for his finding of negligence, they proceeded to re-evaluate the evidence before the court of trial without considering or evaluating any

A. G. LEVENTIS (NIG) PLC V. AKPU

9

---

of the evidence proffered at the court of trial by the defendant/appellant."

**GROUND THREE**

"The learned Justices of the Court of Appeal erred in law in proceeding to evaluate the evidence of the parties before the trial court by themselves after striking out the piece of evidence upon which the trial court based her finding of negligence on."

**GROUND FOUR**

"The learned Justices of the Court of Appeal erred in law and on the facts in awarding the sum of N2.0M to the respondent as damages that will restore the respondent "monetarily to the position he would have been if the breach of contract had not occurred", when the trial Judge disbelieved that this N2.0M actually represents what will restore the respondent monetarily to the position he was in before the alleged breach of contract."

I note that Grounds two and three are substantially the same although differently couched. When this appeal came up for hearing on 20th March, 2007, the appellant and his counsel were absent although there was evidence of serving of Hearing Notice on counsel. Pursuant to Order 6 Rule 6 of the Rules of this Court, 1999, the appeal was deemed argued.

The facts of this case leading to this appeal
A. G. LEVENTIS (NIG) PLC V. AKPU
10

briefly stated, are that the respondent as plaintiff,
at the High Court, Onitsha, took out a Writ of
Summons against the appellant, claiming as
follows:
"(a)Two Million (N2,000,000.00) being the cost of
replacement of the engine of the plaintiff's said
500 SEL Mercedes Benz Car destroyed by the
defendant.
(b)Five Hundred Naira (500) per day from 28th
January, 1993 till the date of judgment being the
cost of chartering vehicle for his
movement/business.
(c)One Million Naira (N1,000,000.00) being general
damages for emotional distress, financial and social
disability caused the plaintiff since the said 28th
January, 1993."

I note that the above claims are the same as
those claimed by the respondent in Paragraph 18 of
his Statement of Claim at page 8 of the Records.
The plaintiff's/respondent's case, is that on 19th
October, 1992, he took his Mercedes Benz 500 SEL
Car to the appellant's Workshop at Onitsha "with
the ordinary complaint of replacing the car's
exhaust manifold gasket" - See Paragraph 4 of the
Statement of Claim. I note that in the respondent's
Brief both in the court below and in this court, he
stated or described it as "for a minor repair." A job
A. G. LEVENTIS (NIG) PLC V. AKPU
11

card was opened - Exhibit E - which I note detailed
other faults/repairs including "tapping noise from
engine". It is the respondent's case that this
"ordinary" job took the appellant some weeks and
when the car was returned to the respondent, "it

developed more faults and became worse than the ordinary problem of exhaust manifold gasket." That he complained bitterly about the state of the car to the appellant who collected back the car. That he was later told by the appellant about other problems or faults that it had detected from the car. He was later told that the engine had been taken to Lagos from where, at the instance of the appellant, he towed away the body of the car to avoid its being vandalized. After about one year, the respondent initiated the said action in the said High Court. The respondent testified and called one (1) witness in support of his case.

On its part, the appellant's case is that in good faith, it embarked on the repairs but on further investigation of the source of the tapping noise, the engine of the car was dismantled and it was then it was discovered that the short blocks of the engine were worn-out. It had pleaded in Paragraph 5 of its Statement of Defence, that the respondent did not bring the said car for the change of the exhaust manifold gasket, but for several faults and/or repairs twelve (12) in number (a) to (1). The appellant called two (2) witnesses in support of its defence. At the end of the trial, the learned trial Judge, found in favour of the
A. G. LEVENTIS (NIG) PLC V. AKPU
12

---

respondent. He relied heavily on Exhibit CA 57.

Dissatisfied with the said decision, the appellant appealed to the court below, which expunged from the Records, Exhibit CA 57 and allowed the appeal in part by awarding Two Million Naira (N2.0M) for his "first head of the claim" and Twenty Five Thousand, Five Hundred Naira (N25,500.00) "for his 2nd head of claim".

Aggrieved by the said decision, the appellant has further appealed to this court. There

is no Cross-Appeal by the respondent.
The appellant has formulated three (3)
issues for determination, namely:
"1.Whether the Court of Appeal adjudicated upon
the issue for determination complaining about the
Respdts (sic) failure to plead particulars of
negligence and if not, whether this Honourable
Court should effectively determine this case by
pronouncing upon the failure to plead particulars of
negligence by the respondent and its effect?
2.Whether the Court of Appeal ought to have
re-evaluated the evidence before the trial court and
whether in re-evaluation, any weight ought to have
been given to the evidence in rebuttal of
negligence lead (sic) (meaning led) by the
appellant's witnesses?
A. G. LEVENTIS (NIG) PLC V. AKPU
13

3.Whether in the absence of a Cross-Appeal, the
Court of Appeal ought to have increased the award
of damages reflecting the value of the engine of the
respondent's car from N1.5M to N2.0M?

On his part, the respondent has formulated also
three (3) issues for determination, namely -
"3.01 Whether the omission, if any, by the court
below to pronounce on the issue of pleading the
particulars of negligence occasions a miscarriage of
justice so as to warrant the reversal of the lower
court's decision.
3.02 Whether there was any counter evidence to
warrant the Court of Appeal disturbance of the trial
court's finding that the appellant was negligent
*(sic)*".
3.03 Whether the Court of Appeal is justified in its
decision that the evidence of P.W.1 and P.W.2 were
uncontroverted, and if so, whether the upward
review of the value of the respondent's car is
justified in law".

In my respectful view, the issues of the parties

are substantially the same although differently
worded/couched. I will therefore, deal with them in
that regard.
Issue 1 of the Appellant and
A. G. LEVENTIS (NIG) PLC V. AKPU
14

Issue 3.01 of the Respondent
I note that in the Notice and Grounds of Appeal
filed by the appellant in the court below, in Ground
Three (3) thereof, the appellant complained about
the respondent's failure to plead the particulars of
negligence, thus:
"The learned trial Judge erred in Law and on the
facts when he held that the plaintiff was not bound
to plead particulars of negligence".

Issue 3 for determination in the appellant's
Brief in that court at page 129 of the Records,
reads as follows:
"Whether the learned trial Judge was correct when
he held that the plaintiff/respondent was not bound
to plead particulars of negligence and that merely
indicating what your case is all about suffice as
particulars of negligence"?

Issue 3 of the respondent at page 149 of the
Records for determination in the court below, read
as follows:
"Whether the facts and various acts of omission and
commission as contained in the plaintiff's
Statement of Claim particularly Paragraphs 5, 7, 8,
9, 13, 15 and 17 constitute particulars of
negligence on the part of the defendant".
A. G. LEVENTIS (NIG) PLC V. AKPU
15

I note that Paragraph 15 of the
respondent's Statement of Claim at page 7 of the
Records, read thus:
"The plaintiff will at hearing adduce evidence to

prove that ordinarily the change of Exhaust Gasket
has nothing to do with the stiffness of the engine is
due to the defendant's recklessness, gross
negligence and incompetence".

I am aware that most of the decided
authorities on this issue, relate to Road or Motor
Accident or Electric Wiring cases. However, it is
firmly established that a party who alleges
negligence should not only plead the act or acts of
negligence, but should also give specific particulars.

See the case of  **_Aku Nmecha Transport Services
(Nig.) Ltd. & Anor. v. Atoloye_**  (1993) 6 NWLR (Pt.
**298) 233 at 248 C.A**.                    Again settled, is that where

there is failure to furnish further and better
particulars, no evidence will be led on the facts of
which further particulars, is required. See the case
of  **Chief Allen C. Nwachukwu & Anor. v. Chief**

**_Emeka Eneogwo & 2 Ors._ (1999) 4 NWLR (Pt. 600)**

**529 at 635 C.A**.
As rightly submitted in the appellant's Brief,
it is not only in cases in which the allegation of
negligence is based on Tort, that particulars are
required as appears to be the decision of the
learned trial Judge at pages 105 and 106 of the
Records.        See        the        case        of **_Seismograph        Services_**

A. G. LEVENTIS (NIG) PLC V. AKPU
16

---

**_(Nig.) Ltd. v. Mark_ (1993) 7 NWLR (Pt. 304) 203 at**
**....**- per Uwaifo, JCA., (as he then was) also cited
and relied on in the said Brief. As a matter of fact,
in **_Bullen & Leake Precedents of Pleadings 11th_**
**_Edition, page 533_** , also reproduced in the Brief, the
following appear, *inter alia*:
"It is not enough for the plaintiff in his Statement
of Claim to allege merely that the defendant acted

negligently and thereby caused him damages, he must also set out facts which show that the alleged negligence was a breach of duty, which the defendant owed to the plaintiff. The Statement of Claim "ought to state the facts upon which the supposed duty is founded and the duty to the plaintiff with the breach of which the defendant is charged" per Willes J. in **_Gautret v. Egeraon_ (1867) L.R. 2 C P 31**. _Then should follow an allegation of the precise breach of that duty of which the plaintiff complains; in what respect the defendant was negligent: and lastly the details of the damage sustained."_
_(the italics his)_

This statement I note, relates to road accident cases. So also the case of _Adeoshun v. Adisa_ **(1986) 5 NWLR (Pt. 40) 255 at 236-237 C.A.** - per Maidaa, JCA., also cited and relied on in the appellant's Brief.

The appellant has therefore, submitted that the justice of this case demands that the respondent's

A. G. LEVENTIS (NIG) PLC V. AKPU

17

case be dismissed for failure to plead the particulars of negligence. With respect, I do not quite agree. This is because, the complaint in this issue is not the failure of the respondent to supply the particulars of negligence, but because of the failure of the court below to pronounce on it. So, I am obliged to deal with this specific complaint.

Now, it is firmly settled that it is the duty of all

lower courts to consider all issues placed before it except in the clearest cases. In the case of **_Owodunni v. Registered Trustees of Celestial Church of Christ & 3 Ors._ (2006) 6 S.C. (Pt. II) 60;**

**(2000) 6 SCNJ (299 at 426-427**, this court - per Ogundare, JSC., (of blessed memory) stated that this court has frowned, in a number of cases, at the failure of lower courts, to decide all issues placed before them. That unless in the clearest of cases, an intermediate court should endeavour to resolve all issues put before it. His Lordship referred to the cases of ***Odunayo v. The State*** **(1972) 8-9 S.C.**

**(Reprint) 173; (1972) 8-9 S.C. 290 at 296** - per Sowemimo, JSC., (as he then was and of blessed memory) and
 Ifeanyi-Chukwu (Osondu) Ltd. v. Soleh Boneh Ltd.
 **(2000) 3 S.C. 42; (2000) 5 NWLR**
**322 at 351 which is also reported in (2000) 3 SCNJ**

**18.**

The learned counsel for the respondent, has admirably conceded in Paragraph 4.02 of their Brief, of this fact or settled principle. He even cited/referred to the case of ***Alhaji Olowolagba (not***
A. G. LEVENTIS (NIG) PLC V. AKPU
18

---

***Olowolegba) & Ors. v. Bakare & Ors.*** **(1998) 3 S.C. 41; (1998) 3 NWLR (Pt. 543) 528 at 534; (1998) 3 SCNJ 75**. But he describes it as "the general rule". I note that the appellant or his learned counsel, has not stated in their Brief, or in oral submission, what prejudice or embarrassment, that the appellant has suffered or what miscarriage of justice the omission has occasioned to it. As rightly submitted in the respondent's Brief citing and relying on the case of *Ejelikwu v. The State* (1993) 7 NWLR (Pt.

**307) 554 at 583 (it is also reported in (1993) 9 SCNJ 152)** - per Karibi-Whyte, JSC., for a condition to nullify a judicial proceeding, it must be a substantial provision, which affects the jurisdiction or competence of the court, or a procedural defect in a miscarriage of justice.

I also ask, does the omission to supply the particulars of negligence and or the failure of the court below to pronounce on the issue as I have hereinabove stated, affect the jurisdiction or competence of the court below or is there any procedural defect in the proceedings which had resulted in any miscarriage of justice? Certainly, I think not.

I am not going into what a miscarriage of justice means. But you can read the definition in ***Black's Law Chambers Dictionary 7th Edition page 1013*** and the cases of *Total (Nig.) Ltd. & Anor. v. Wilfred Nweke & Anor.* (1978) 5 S.C. 1 at 14; (1978) 5 S.C. (Reprint) 1; *Nnajiofor v. Ukonu* (1986) 4 A. G. LEVENTIS (NIG) PLC V. AKPU
19

---

**NWLR (Pt. 36) 505 at 516-517** cited and relied on in the respondent's Brief and *Aidoko v. Sule Anyegwu* (2003) FWLR (Pt. 49) 1439 at **1446**.

My answer to the respective issue of the parties, is that although I agree with the complaint of the appellant that the court below failed or neglected to pronounce on the failure of the respondent to plead the particulars of negligence, I also agree with the respondent, that this failure did not occasion any miscarriage of justice that will warrant the dismissal of the suit on this ground.

*Issue 2 of the appellant and Issue 3.02 of the respondent*
It is contended at Paragraph 4.01 in the appellant's Brief that the court below erred in law in proceeding to re-evaluate the evidence before it from the printed record. That the court below, after expunging Exhibit CA 57 stated severally that the said exhibit, was the basis of the decision by the trial court.

Now, it is settled that an appeal is in the
nature of re-hearing in respect of all issues raised
in respect of the case. See the case of *Sabru*
***Motors Nig. Ltd. v. Rajab Enterprises Nig. Ltd.***
**(2002) 4 S.C. (Pt. II) 67; (2002) 4 SCNJ 370 at
382**.

?In doing so, it is also settled that the duty of
an appellate court, is to *inquire* into ways the trial
court tried and settled the dispute and not to
A. G. LEVENTIS (NIG) PLC V. AKPU
20

---

re-open and re-try cases. See the cases of ***Oroke v.
Ede*** **(1964) NNLR 119-120; *Ajadi v. Okenihun*
(1985) 1 NWLR (Pt. 3) 484 at 492** cited and relied
on in the respondent's Brief. This is why it is also
settled that what an appellate court has to decide,
is whether the decision of the trial court was/is
right and not the reasons for the decision. Thus, if

a judgment of a trial court is correct, it will not be
liable to reversal, merely because it was anchored

on a wrong reason. See the cases of ***Ukejianya v.
Uchendu*** **(1950) 13 WACA 45 at 46; *Ayeni & Ors.
v. Williams Sowemimo* (1982) 5 S.C. (Reprint) 29;
(1982) 5 S.C. 6 at 73 - 74; *Odukwe v. Ogunbiyi*
(1998) 8 NWLR (Pt. 561) 339 at 350 and recently,**

***Jikantoro & 6 Ors. v. Dantoro & 6 Ors.*** **(2004) 5
S.C. (Pt. II) 1; (2004) 5 SCNJ. 152 at 178** just to
mention but a few.

In respect of this issue, the court below -
per M. D. Muhammad, JCA., at pages 187 and 188
(not Page 184 as erroneously stated in the
appellant's Brief), stated *inter alia*, as follows:
"It is true that the court had, (see pages 100 - 103
of the Record) *largely based its finding of
negligence on the part of the appellant on Exhibit*

*CA 57, which has been expunged*. It is still my considered view that in the light of the evidence given both by P.W.1 and P.W.2 *which evidence had remained uncontradicted, the same conclusion of negligence would have been arried (sic) (meaning arrived) at without necessarily drawing from the expunged document*. In particular, P.W.1, the
A. G. LEVENTIS (NIG) PLC V. AKPU
21

expert that he was, had testified to the fact that appellant's diagnosis of the faults in the respondents (sic) (respondent's) vehicle were wrong . So were the repairs conducted.
In sum, the appellant by the uncontradicted testimony of P.W.1 and P.W.2 had been shown to have displayed, in the discharged (sic) of its obligation to the respondent a deficient skill.
The trial court's reason for finding that appellant was negligent might therefore be wrong but not the finding self *(sic)* (meaning itself). The court was bound to use evidence that had remained unshaken and uncontradicted. See Oyetayo v. Mosojo (1997) 10 NWLR (Pt. 526) 627; <u>Dimlong v. Dimlong</u> (1998) 2 NWLR (Pt. 538) 381 CA and Ifeanyi <u>Chukwu Osondu v. Akhigbe</u> (1999) 7 S.C. (Pt. 1) 1; **(1999) 11 NWLR (Pt. 625) 1 S.C.**"
*(the italics mine)*

His Lordship continued thus:
"Undoubtedly, *the court had erred when it based its decision largely on a document that has been adjudged inadmissible and or of little or no probative value*. This error by itself, in view of the subsisting credible evidence given by P.W.1 and P.W.2 cannot lead to a reversal of the decision appealed against. The finding has not been shown to be perverse. See <u>Okokji (sic) (meaning) Okonji</u> <u>v. Njokanma</u> (1999) 12 S.C. (Pt. II) 150; (1999) 14
A. G. LEVENTIS (NIG) PLC V. AKPU
22

**NWLR (Pt. 628) 250 S.C.** *The finding has remained unaffected by our holding that Exhibit 'CA57' is admissible.* By virtue of
Section 16 of the Court of Appeal Act
, the lower court's reasons for its findings are hereby retailored to reflect our foregoing observations...." *(the italics mine)*

It is now firmly established that where the findings of a trial court are perverse or use made of a document goes beyond its evidential value particularly in respect of documentary evidence, it is the duty of the appellate court to re-consider, re-assess the evidence and apply it if the justice of the case so requires. See the cases of <u>Adeleke v. Iyanda</u> (2001) 6 S.C. 18; (2001) 13 NWLR (Pt. 729) 1 at 20; (2001) 6 SCNJ 101; and ***<u>Tsokwa Oil Marketing Co. Nig. Ltd. v. Bank of the North Ltd.</u>*** **(2002) 5 S.C. (Pt. II) 9; (2002) 5 SCNJ 176 at 200.** This is why there is the need for a trial and an appellate court, to consider all relevant evidence before them.

This is exactly what the court below did. It gave its reasons for expunging Exhibit CA57 from its Records at pages 181 to 183. Some of them include that Exhibit CA 57 was not specifically pleaded; that it had not been made part of the Record of Appeal transmitted to the court; that from the said Record, it was clear that D.W.1 through whom it was tendered, was neither the maker nor the addressee of the very document.
A. G. LEVENTIS (NIG) PLC V. AKPU
23

---

That the maker of the document did not testify so also the addressee and therefore, it had not been possible to cross-examine either of them; thus that there was nothing on record to indicate that the exhibit had been written by and received by the persons so alleged; that worse still, that the

learned trial Judge did not reproduce the content of the document nor was the court below afforded an opportunity to *physically* examine the content of the exhibit. Finally, that the document never had the probative value ascribed to it by the trial court chiefly because, its maker was neither called nor its origin and destination fully ascertained. That for the first reason, the trial court should have discountenanced the document.

Fine! There seems to be no quarrel about the court below's decision in expunging the said document or exhibit from the Records. The complaint by the appellant is that having expunged the said document, the court below ought not and should have not proceeded to re-evaluate the evidence before it. I have, with respect, rejected this contention/submission. I gave my reason for so doing.

In addition and this is also settled, ***Section 16 of the Court of Appeal Act***, gives it full jurisdiction over the whole proceedings as if the proceedings had been initiated in the Court of Appeal as the court of first instance and therefore, may re-hear the case as a whole or in part or may

A. G. LEVENTIS (NIG) PLC V. AKPU

24

---

remit it to the trial court for the purpose of rehearing or trial *de novo*. I will add also, that the

incontestable *limit*, is that such first instance

jurisdiction exercised by the Court of Appeal, does not include what a trial court could not have done. See the cases of ***The State v. Dr. Onagoruwa***

**(1992) 2 NWLR (Pt. 221) 33 at 46, 56, 58; (1992) 2 SCNJ 1; *Abbas & Ors. v. Solomon & Ors.* (2001) 7 S.C. (Pt. II) 45; (2001) 7 SCNJ 546 and**

***Attorney-General, Anambra State & 5 Ors. v.***

***Okeke & 4 Ors.*** **(2002) 5 S.C. (Pt. II) 583 (2002) 5**

**SCNJ. 318 at 333, 335, 339, 345.**

It has to be borne in mind and this is also settled, that if an appellate court is of the opinion (as in the instant case reproduced by me hereinabove), that the inadmissible evidence, cannot or could not reasonably, have affected the decision, it will not interfere. But if it is of the opinion that without the inadmissible evidence, the decision must have been different, it will interfere. See the cases of ***Ajayi v. Fisher*** **(1956) 1 FSC 90 at**

**92; (1956) SCNLR 279;** ***R. v. Thomas*** **(1958) 3 FSC 8;** ***Raimu v. Alhaji Akintoye*** **(1986) 5 S.C. 87 and recently,** ***Chief Durosaro v. Ayorinde*** **(2005) 3-4 S.C. 14; (2005) 3 SCNJ 8 at 16-17; (2005) 3-4 S.C. 14,** citing also ***Idundun v. Okumagba*** **(1976)**

**9-10 S.C. (Reprint) 140; (1976) 9-10 S.C. 227 at**

**245**. There is no doubt and this also firmly established that where inadmissible evidence has been admitted, it is the duty of the court, not to act upon it. See ***Olukade v. Alade*** **(1976) 1 S.C.**

A. G. LEVENTIS (NIG) PLC V. AKPU
25

---

**(Reprint) 83; (1976) 2 S.C. 183 at 188-189**. This is why the court below stated that the trial court should have discountenanced the said exhibit or document.

The problem or quarrel, is the holding of the court below, that the evidence of P.W.1 and P.W.2, remained uncontradicted. I respectfully, do not agree with this view. I agree with the submission in the appellant's Brief at page 7, that

by stating so, the court below, in effect, sought to eliminate the entirety of the evidence of the D.W.1 and D.W.2. The learned counsel for the appellant has submitted that the evidence of the P.W.2 (the "expert"), was merely speculative and academic and that there was no evidence from him that stated that the appellant was negligent. That the evidence of the D.W.1 at pages 44 to 46 of the Records, were all in rebuttal of negligence. I agree. This is because, this witness - D.W.1, testified that he participated in dis-mantling the engine and that they discovered that the engine was damaged because two (2) out of the eight (8) cylinders, were worn out. D.W.2, was the witness who received the car. He testified that the vehicle was releasing blue-white smoke from the exhaust and that the car had a tapping noise for which the appellant was to effect repair as necessary. He also testified that no negligence occurred.

I agree with the submission in the appellant's Brief, that the court below, instead of

A. G. LEVENTIS (NIG) PLC V. AKPU

26

saying that there was uncontroverted evidence, but in its re-evaluation, it was in effect dealing with the credibility of the witnesses. That in the circumstances, it could have ordered a re-trial. The cases of _Shell B.P. v. Cole_ (1978) 3 S.C. (Reprint) 128; (1978) 3 S.C. 183; _Okeowo v. Miglore_ (1979) **11 S.C. (Reprint) 87; (1979) 11 S.C. 138. and** _Ezeoke v. Nwagbo_ (1988) 1 NWLR (Pt. 72) **616** have been cited and relied on for this proposition. It is settled that the function of assessment of

credibility of witnesses is essentially for the trial court and not that of an appellate court. See the cases of **_Akpakpuna & Ors. v. Nzeka & Ors._** **(1983)**

**2 SCNLR 1 at 14 and _Obodo & Anor. v. Ogba & Ors._ (1987) 3 S.C. 459, 460-61, 480-482, 485; (1987)**

**2 NWLR (Pt. 54) 1; (1987) 3 SCNJ 82 and recently,**
***Agbeje & Ors. v. Chief Ajibola & Ors.*** **(2002) 1 S.C.
1; (2002) 2 NWLR (Pt. 750) 127 at 132, 134, 135;
(2002) 1 SCNJ 64** and many others. The trial court,
in my respectful view, adequately or substantially
dealt with the evidence before it particularly at
page 102 and part of page 103 of the Records and
came to its conclusion at pages 117 and 118 of the
Record. I will come later to its award in favour of
the respondent. So, in spite of the stance of the
court below in holding that the evidence of the
P.W.1 and P.W.2, were uncontradicted, it is now
firmly established that it is not every mistake or
error in a judgment that necessarily determines an
appeal in favour of an appellant or automatically
results in the appeal being allowed. It is only when
the error is so substantial, that it has occasioned a
A. G. LEVENTIS (NIG) PLC V. AKPU
27

miscarriage of justice, that the appellate court is
bound to interfere. There are too many decided
authorities in this regard. See ***Onajobi v.***

***Olanipekun*** **(1985) 4 S.C. (Pt. 2) 156 at 168;**
***Osafile & Anor. v. Odi & Anor.*** **(No. 1) (1990) 5
S.C. (Pt. II) 1; (1990) 3 NWLR (Pt. 137) 130;
(1990) 5 SCNJ 118;** ***Anyanwu v. Mbara*** **(1992) 5
NWLR (Pt. 242) 386 at 400;** ***Odukwe v. Mrs. Ethel
N. Ogunbiyi*** **(1998) 6 S.C. 72; (1998) 8 NWLR (Pt.
...) 338 at 351; (1998) 6 SCNJ 102 at 113 and**

***International Bank of West Africa Ltd. v. Pavex
International Co. (Nig.) Ltd.*** **(2000) 4 S.C. (Pt. II)
196; (2000) 7 NWLR (Pt. 663) 128; (2000) 4 SCNJ
200** just to mention but a few.

My answer to this issue therefore, is partly
in the affirmative, but I hold that the court below,
with respect, was wrong in holding that the
evidence of the P.W.1 and P.W.2, remained
uncontradicted. Incidentally, that was the

submission of the learned counsel for the respondent as recorded by the court below at page 180 of the Records. Even if it dealt with the credibility of the witnesses, with respect, it was not entitled to do so because, the assessment of credibility of witnesses is that of the trial court. The effect, in my respectful view, is that the trial court, having preferred the evidence of the respondent to that of the defence/appellant through its two witnesses, that finding subsists. For the avoidance of doubt, the trial court at page 112 of the Records, stated *inter alia*, as follows:

A. G. LEVENTIS (NIG) PLC V. AKPU

28

---

"I had the opportunity of watching the demeanour of the plaintiff while he was in the witness box. He impressed me as an honest, prudent, innocent but unfortunate customer in the hands of a team of inexperienced and incompetent workmen in the employment of an otherwise reputable Automobile Engineering Company with a poorly stated Branch Office at Onitsha. *I hold that the plaintiff has proved his case on preponderance of evidence and that the defendant Company's workmen at Onitsha damaged the plaintiff's Mercedes Benz car engine while they were working on it in a most reckless, negligent and incompetent manner, for which I hold the defendant Company vicariously liable in damages (sic) to the plaintiff..."* (the italics mine)

*Issue 3 of the appellant and 3.02 of the respondent*
I have under Issue 2 of the appellant, dealt with part of Issue 3.03 of the respondent which read as follows:

"Whether the Court of Appeal is justified in its decision that the evidence of P.W.1 and P.W.2 were uncontroverted ...."

The rest of the sentence is substantially the same with Issue 3 of the appellant.

The law is firmly settled as to the attitude or

A. G. LEVENTIS (NIG) PLC V. AKPU
29

powers of an appellate court in respect of an award
of damages by a trial court. An appellate court
ought not to upset an award of damages by a trial
court merely because, if it had tried the matter, it
might have awarded a different figure. An award of
damages can only be upset or interfered with by an
appellate court, if it is shown by the appellant,
either that:
"(a)the trial court acted or proceeded upon wrong
principles of law, or
(b)the amount awarded by the trial court, is
manifestly and extremely high or low, or
(c)the amount, was on an entirely erroneous
estimate which no reasonable tribunal, will make.
See the cases of _F.R.A. Williams v. Daily Times of
Nig. Ltd._ (1990) 1 S.C. 23; (1990) 1 NWLR (Pt.
124) 1 at 49; (1990) 1 SCNJ 1; _Ndinwa v.
Igbinedion_ (2001) 5 NWLR (Pt. 705) 140 C.A.;
_Nzeribe v. Dave Engineering Co. Ltd._ (1994) 3
NWLR (Pt. 361) 124 at 140 and recently, _The Shell
**Petroleum    Development    Co.    of    Nig.    Ltd.    &    4    Ors.    v.**_

_Chief Tiebo VH_ (2005) 3-4 S.C. 137; (2005) 4
**SCNJ 39 at 56; (2005) 9 NWLR (Pt. 931) 439.**
In other words, in order to justify interference
with any decision of a trial Judge on the amount of
damages awarded, it must be convinced that the
above ingredients are present. In the instant case,
A. G. LEVENTIS (NIG) PLC V. AKPU
30

while the trial court in its final decision at page 118
of the Records, entered judgment in favour of the
respondent in the following terms:
"(1) The defendant company shall pay to the
plaintiff the sum of N1.5M being the cost of
replacement of the plaintiff's 500 SEL Mercedes
Benz Car Engine damaged by the Def-Coy.

(2) The defendant company shall also pay to the plaintiff the sum of N25,000.00 being special damages for the chartering of alternative vehicle by the plaintiff for his business and personal movements for 51 days at N500.00 per day until his car was back on the road.

(3) The defendant company will also pay the plaintiff the sum of N650,000.00 being General Damages for breach of contract".

In paragraph 18 of the respondent's Statement of Claim which appears at page 8 of the Records, the respondent, claimed as follows:

"(a) Two Million Naira (N2,000.000.00) being the cost or replacement of the plaintiff's said 500 SEL Mercedes Benz car ENGINE damaged by the defendant.

(b) Five Hundred Naira (500) per day from 28th January, 1993 till the date of judgment being the cost of chartering vehicle for the plaintiff's business

A. G. LEVENTIS (NIG) PLC V. AKPU

31

---

movement between Awkuzu and Onitsha.

(c) One Million Naira (N1,000.000.00) being general damages for emotional distress, financial and social disability caused to the plaintiff since the 28th January, 1993."

In supporting the enhancement of the award in respect of the ENGINE, the respondent has submitted that the court below because, according to the respondent, it is sustained by the body of evidence on record before the court. It is submitted that it is empowered to interfere with the award made by the trial court "where the circumstances calling for such interference are shown to the appellate court". The cases of ***Soleh Boneh Overseas (Nig.) Ltd. v. Ayodele*** (1984) (sic) (it is (1989) 2 S.C. (Pt. I) 108; (1989) 1 NWLR (Pt. 99) 549 at 563 and ***Union Bank of Nig. Ltd. v. Odusote Bookstore Ltd.*** (1995) 9 NWLR (Pt. 421) 558 have been cited and relied on. It is further submitted

that there is no counter-evidence on record and
that the award of Two Million Naira (N2M) by the
court below was right since it was pleaded and
proved. The case of **_T. Lawal Owosho & Ors. v._**
**_Michael Adebowole Dada_** (1984) 7 S.C. 149 at 167
is cited and relied on. That the said award was to
restore the respondent to the position he would
have been if the breach had not occurred. That
it was not a windfall. The case of **_Union Bank Nig._**
**_Ltd. v. Ogboh_** (1991) 1 NWLR (Pt. 167) 367 at 389
is cited and relied on.
A. G. LEVENTIS (NIG) PLC V. AKPU
32

Now, the court below at pages 189 to 194
of the Records, dealt with the said three (3) heads
of claim of the respondent and the award made by
the trial court. At page 192 thereof, the following
appear *inter alia:*
"What did the lower court do in the instant case? In
spite of the fact that the appellant neither
challenged the pleadings nor evidence in proof of
respondent's 1st head of claim, the lower court
arbitrarily proceeded to award the respondent
N1.5M. instead of the N2M claimed for which
cogent and uncontroverted evidence had been
supplied. In answer to appellant's 4th issue for
determination, it must be said that the award of
N1.5M in respect of the respondent's 1st head of
claim was arbitrary and cannot be said to have had
any legal basis. The court had no option than to
act on the evidence that was before it by awarding
a relief sustained by such body of evidence. See
**_Boshali v. Allied Commercial Exporters Ltd._** (1965)
SCNLR 332 and *Calabar East Co.op v. Ikot* (supra).
*The issue is accordingly resolved in favour of the*
*appellant adverse as the consequence appear to be"*

I must confess that the italicised
sentence is worrisome to me. This is because, if
issue 4 is resolved in favour of the appellant that is
the same appellant in this appeal, then, it could not

have enhanced the said award.

That Issue 4 of the appellant reads as follows:
A. G. LEVENTIS (NIG) PLC V. AKPU
33

---

"Whether there was any basis for the award of
N=1,500.000.00 (One Million, Five Hundred
Thousand Naira) after the learned trial Judge had
held that he does not believe the
plaintiff/respondent's evidence on the cost of
engine"?
This issue is very clear and unambiguous.
Surprisingly and with respect, erroneously, the
court below at page 194 of the Records stated *inter
alia* as follows:
"The appellant's 4th and 5th issue *(sic) must have
been formulated with a view that at this level, we
review the damages awarded to the respondent if
we find the lower court's award incorrect*. The
Supreme Court has provided conditions by virtue of
which an appellate court will be justified in
interfering with the award of damages made by the
trial court. These are ....."
*(the italics mine)*

With respect, nothing can be far from the truth
in respect of my italicised statement. As rightly
submitted in the appellant's Brief, firstly, the issue
was      raised      by      the      court      below, *suo motu*. This      court

has in many decided cases, deprecated a court
raising       a       matter/point *suo motu*,       without       affording

the parties, the opportunity of addressing it on the
matter/point as it amounts to a denial of fair
hearing guaranteed in ***Section 33(1) of the 1979***
A. G. LEVENTIS (NIG) PLC V. AKPU
34

---

***Constitution of the Federal Republic of Nigeria*** now

**_Section 36(1) of the 1999 Constitution_**. See the cases of _Odiase v. Agho_ (1972) 3 S.C. (Reprint) 69; (1972) 1 ANLR (Pt. 1) 170; _Alhaji Otapo v. Alhaji Sunmonu_ (1987) 2 NWLR (Pt. 58) 587; and recently, _Mallam Mohammed v. Alhaji Mohammed_ **(2005) All FWLR (Pt. 275) 502 at 508, 516** citing other cases therein and _Mrs. Fombo v. Rivers State Housing and Property Development Authority_ **(2005) 5 S.C. (Pt.II) 102; (2005) 5 SCNJ 213** also citing some other cases therein, just to mention but a few.

I note that at page 149 of the Records, the respondent's Issue 4 in this regard, reads as follows:
"Whether the award of N1.5M (One Million, Five Hundred Thousand Naira) as the cost of Mercedes Benz 500 SEL Car Engine in all the circumstances of this case is such an outrageous award in the face of the unchallenged evidence of P.W.1 and P.W.2 to attract the intervention of an appellate court".

This issue is also clear and unambiguous. It did not talk or refer to an enhancement of the award. It is also firmly settled that it is the duty of a court to confine or limit itself, only to the issue raised and/or canvassed by the parties before it. There are also too many decided authorities in this respect. See _Onwunalu & Ors. v. Osademe_ (1991) **ANLR 15 at 17** - per Coker, JSC., cited and relied
A. G. LEVENTIS (NIG) PLC V. AKPU
35

on in the appellant's Brief; _Adeosun v. Babalola_ (1972) 5 S.C. (Reprint) 183; (1972) 5 S.C. 292; _University of Calabar v. Dr. Essien_ **(1996) 10 NWLR (Pt. 477) 255 at 251; (1996) 12** SCNJ 304 at 326; **Madam Obulor & Anor. v. Oboro (2001) 4 S.C. (Pt. I) 77; (2001) 4 S.C. (Pt. I) 77; (2001) 8 NWLR (Pt. 714) 25 at 32; (2001) 4 SCNJ** 22; and recently, _Nigerian Bank for Commerce & Industry v. Intergrated Gas (Nig.) Ltd. & Anor._

**(2005) 1 S.C. (Pt. I) 133; (2005) 4 NWLR (Pt. 916) 617 at 644; (2005) 1 SCNJ 104 ;** and many others.10

Secondly, the trial court, at pages 112 and 113 stated *inter alia*, as follows:
"...The plaintiff testified that his car engine costs N2M, P.W.2 corroborated this piece of evidence that Mercedes Benz 500 SEL engine is expensive. *I don't believe that it costs up to N2M.* There is no evidence from the defendant-Coy, particularly D.W.1 as to the cost of 500 SEL Mercedes Benz car engine ...."
*(the italics mine)*

I note that this was or amounted to speculation or assumption to which it is not entitled to do. Although the learned trial Judge did not give any reason as to the basis of his unbelief as it is settled that a court must give reason or reasons, for a particular finding of fact or holding ; but the respondent, as rightly submitted in the appellant's A. G. LEVENTIS (NIG) PLC V. AKPU

36

---

Brief, did not appeal against this holding - i.e. there was/is no Cross-Appeal by the respondent in respect of the said holding of not believing the respondent more so, as the evidence was not controverted by the appellant's said witness - D.W.1. I am aware and this is settled, that a court, should give adequate consideration to the evidence offered in support of a claim for special damages and that if the accepted evidence possesses such probative value as preponderates the case in favour of the person claiming, then an award would be justified. See ***Oshinjinrin & Ors. v. Elias & Ors.*** (1970) 1 ANLR 153 at 156 and perhaps, the case of *Boshali v. Allied Commercial Exporters Ltd.*

**(supra), (it is also reported in (1961) ANLR 917)** cited and relied on by the court below. But C/F (compare) this decision in **_Boshali's case_** with the case of **_Calabar Cement Co. Ltd. v. Abiodun Daniel_ (1991) 4 NWLR (Pt. 188) 750 at 760** - per Katsina-Alu, JCA, (as he then was). 11. In any case, the above is not the issue. What is in issue, is that the court below raised the issue of enhancement of the award of damages made under relief/claim (a) in the respondent's claim *suo motu* and where there was no Cross-Appeal. I have already noted and held with respect, that there was misconception as to the interpretation by the court below, of the said Issue 4 of both parties. I have no hesitation in holding and I so hold, that the court below, in all the circumstances, was wrong in enhancing the said award from N1.5M (One Million Five Hundred Thousand Naira) to N2M (Two Million

A. G. LEVENTIS (NIG) PLC V. AKPU

37

---

Naira). I have no doubt in my mind, that the learned trial Judge, was not at all justified in holding that he does not believe that that type of Engine, will cost N2M. (Two Million Naira). I have stated that he gave no reason for his unbelief, especially when he conceded that the evidence of the respondent was not controverted in respect thereof. But the respondent did not cross-appeal and enhancement of the said award was not an issue raised by any of the parties in the court below. There is no doubt in my mind, that the learned Justices of the court below, must have been peeved (this is again speculation by me), because of the apparent recklessness, incompetence and negligence of the staff of the appellant which in fact, led to the sack of its Workshop Manager. What should have been enhanced (if it was asked for on

appeal), was the claim for general damages having regard to decided authorities about award for pain, agony, bitterness, embarrassment, etc. caused by breach of contract as in the instant case where the respondent gave copious evidence at pages 24 to 31 about what happened to him and his said car which remained in the appellant's custody for some period of four (4) years!

In conclusion, from what has been adumbrated by me above, the third issue of the parties is resolved in favour of the appellant. This appeal therefore, succeeds in part. I hereby set aside the said award of N2M (Two Million Naira) by the court below and affirm the decision of the trial court in A. G. LEVENTIS (NIG) PLC V. AKPU
38

---

respect of the awards in claims/reliefs Paragraph 18 of the respondent's Statement of Claim.
Costs follow the event. I assess and award the sum of N8,000.00 (Eight Thousand Naira) instead of N10,000.00 in favour of the respondent, payable to him by the appellant.

**SLYVESTER          UMARU          ONU,          J.S.C. :**
Having had the opportunity to read before now the judgment of my learned brother, Ogbuagu, JSC just delivered, I am in entire agreement with him that but for the award of N2 million made *suo motu* by the court below which was set aside in replacement of N1.5 million rightly made by the trial court, I too allow the appeal in part and dismiss the appellant's appeal. I abide by the orders made as to costs as contained in the lead judgment.

**DAHIRU MUSDAPHER, J.S.C. :** I have read before now, the judgment of my Lord, Ogbuagu, JSC., just delivered with which I respectfully agree. For the same reasons lucidly set out in the judgment which I adopt as mine, I too allow the appeal in part. I set

aside the award of N2 million made by the Court of Appeal and restore the decision of the trial court in respect of the award in the reliefs as per Paragraph 18 of the Statement of Claim. I abide by the order for costs proposed in the aforesaid lead judgment.

**SUNDAY AKINTOLA AKINTAN, J.S.C. :**
The respondent, as
plaintiff, instituted this action at Onitsha High Court in Anambra State. The appellant was the
A. G. LEVENTIS (NIG) PLC V. AKPU
39

---

defendant. The plaintiff's claim was for the sum of N2 million being the cost of replacement of the engine of the plaintiff's Mercedez Benz 500 SEL car destroyed by the defendant; N500 per day from January 28, 1993 till the date of judgment being cost of chartering vehicle for his movement; and N1,000,000 being general damages for emotional distress, financial and social disability caused the plaintiff during the period. Pleadings were filed and exchanged and at the end of the trial, the learned trial Judge entered judgment for the plaintiff as per his claim.

The facts of the case, briefly are that the plaintiff, now respondent, sent his Mercedes Benz 500 SEL car to the appellant company for repairs. According to the job card opened by the company in respect of the car, the items of repairs to be carried out on the car included replacement of the-exhaust manifold gasket and correcting the tapping noise from the engine among others. The plaintiff's case was that when the car was returned to him some weeks later, more faults were discovered. The car therefore had to be sent back to the defendant/appellant. When the car was not returned, the plaintiff/respondent had to institute the action.

At the conclusion of the trial, the learned trial

Judge held that the plaintiff had proved his case. Judgment was accordingly entered in his favour as per his claim. The defendant was dissatisfied with
A. G. LEVENTIS (NIG) PLC V. AKPU
40

the judgment and an appeal to the court below was filed. That appeal was dismissed and the award of N1.5 Million awarded as the value of the engine of the car damaged, was however increased to N2 Million even though there was no cross-appeal. The present appeal is against that judgment.

Three issues were raised and canvassed in this court. But the two main points canvassed and which I will like to further comment on are: (1) the contention of learned counsel for the appellant that the plaintiff's case must fail since he failed to plead negligence and lead evidence in support and also since res ipsa loquitur was not pleaded, the onus could not rest on the defendant to establish that there was no negligence; and (2) that in the absence of a cross-appeal, it was erroneous in law for the court below to increase the award made by the trial court.

On        the        first        question,        the        contention        of        the

trial court was that although no particulars of negligence was specifically pleaded by the plaintiff, such omission could be and was in fact cured because the plaintiff has clearly indicated in his pleadings what his case was all about. I entirely agree with that view. I therefore believe and hold that although a plaintiff may not specifically set out the particulars of negligence in his pleadings, that omission could be cured if the relevant details are contained in the various paragraphs of his pleadings. As that condition was met in the instant
A. G. LEVENTIS (NIG) PLC V. AKPU
41

case, the appeal on that point must fail.

On the second point, I entirely agree that it was wrong of the court below to *suo motu* increase an award made by the trial court when there was no cross-appeal on that point. The parties never joined issues on the quantum of the award and no argument was proferred on that point before the court below. The court below was therefore wrong in increasing the said award.

I had the privilege of reading the draft of the lead judgment written by my learned brother, Ogbuagu, JSC. For the reasons I have given above, and the fuller reasons given in the said lead judgment, I also hold that the appeal is partially allowed in that the additional award made by the court below is set aside and I accordingly restore the award made by the trial court. I abide with the order on costs made in the lead judgment.

**MAHMUD                    MOHAMMED,                    J.S.C. :**
The parties in this appeal were also parties before the High Court of Justice of Anambra State sitting at Onitsha where they went to have the dispute between them settled. The respondent was the plaintiff at the trial court and his claim against the appellant which was the defendant was for the sum of N2 Million being cost of replacement of the engine of plaintiff's Mercedez-Benz 500 SEL car destroyed by the defendant; N500.00 per day from 28th January, 1993 until the date of judgment for procuring
A. G. LEVENTIS (NIG) PLC V. AKPU
42

alternative transport and N1 million being damages for breach of contract.

The cause of action arose when the plaintiff brought his Mercedez-Benz 500 SEL car to the

defendant's Workshop for repairs. The car which was driven into the defendant's workshop Onitsha for the repairs was however towed out of the workshop three years later without its entire engine, alternator, air conditioner compressor with hose, starter motor and automatic gear box, when the plaintiff was informed at the workshop that the engine of the car had been taken to the Lagos workshop of the defendant. The engine of the car and other parts thereof were not returned to the plaintiff up to the time he sought reliefs in his action at the trial court against the defendant.

After giving the parties a full hearing in the matter, the learned trial Judge in his judgment found for the plaintiff and granted all the reliefs. Dissatisfied with the judgment of the trial court, the defendant appealed to the Court of Appeal where the appeal was heard and dismissed. However, the Court of Appeal in its judgment delivered on 3rd July, 2001, *suo motu*, increased the amount of damages for the replacement of the engine of the plaintiff's car from N1.5 Million awarded by the trial court, to the sum of N2 Million.

On further and final appeal to this court against the judgment of the Court of Appeal, the defendant

A. G. LEVENTIS (NIG) PLC V. AKPU

43

---

in his appellant's Brief of Argument has raised three issues for the determination of the appeal. These issues were considered and resolved admirably in the judgment of my learned brother, Ogbuagu, JSC., which he has just delivered and with which I entirely agree.

The main complaint of the defendant/appellant in this appeal in which it asked this court to set aside the judgment of the trial court which was affirmed by the Court of Appeal and dismiss the plaintiff/respondent's claim, was the alleged failure

of the plaintiff/respondent to plead and prove particulars of negligence in support of his claim. This complaint is certainly not supported by the Statement of Claim. Although no particulars of negligence were specifically pleaded by the plaintiff in one particular paragraph of the Statement of Claim, the facts averred in Paragraphs 4, 5, 6, 7, 8, 9, 11, 12, 13, and 15 thereof, clearly contain the required particulars of negligence of the defendant/appellant in handling the repairs of the plaintiff/respondent's car.

Accordingly, except for the setting aside of the order of the Court of Appeal increasing the award for the replacement of the engine of the plaintiff/respondent's car from N1.5 Million made by the trial court, to the sum of N2 Million. I also dismiss this appeal and abide by the orders in the lead judgment including the order on costs.
A. G. LEVENTIS (NIG) PLC V. AKPU
44

---

**Appearances:**

Not represented but served. For Appellant(s)

J.E.P. Anikpe, (with him, Paul Agbasi-Onwe), for the Respondent. For Respondent(s)

# EXHIBIT 6

## REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

## (2013) LPELR-20662(SC)

REPTICO S. A. GENEVA v. AFRIBANK NIGERIA PLC

(2013) LPELR-20662(SC)

**In The Supreme Court Of Nigeria**

On Friday, the 24th day of May, 2013

Suit No: SC.72/2001

Before Their Lordship

| | |
|---|---|
| **WALTER SAMUEL NKANU ONNOGHEN** | **Justice of the Supreme Court** |
| **MUHAMMAD SAIFULLAHI MUNTAKA-COOMASSIE** | **Justice of the Supreme Court** |
| **NWALI SYLVESTER NGWUTA** | **Justice of the Supreme Court** |
| **OLUKAYODE ARIWOOLA** | **Justice of the Supreme Court** |
| **MUSA DATTIJO MUHAMMAD** | **Justice of the Supreme Court** |

Between

REPTICO S.A. GENEVA                    APPELLANT(S)

And

AFRIBANK NIGERIA PLC                    RESPONDENT(S)

i

SUMMARY OF JUDGMENT

INTRODUCTION:
This appeal borders on Civil  Procedure.
FACTS:

This is an appeal against the decision of the Court of Appeal, Lagos Division. The Plaintiff/Appellant, known as Reptico S.A. Geneva, commenced an action against the Defendant/Respondent by a writ of summons in the Lagos Judicial Division of the Lagos State High Court claiming: the sum of N37,886,000 being the Naira equivalent of US$1,994,000.00 comprising special and general damages, the sum of N17,100,000 being the Naira equivalent of US$900,000.00 the value of a bill of exchange, the subject matter of this suit, N11, 286,000.00 the Naira equivalent of US$594,000.00 being the interest thereon at 12% per annum from 24th March, 1986 to date and N9,500,000.00 the Naira equivalent of US$500,000.00 as general damages, which claim arose when the Defendant confirmed in writing to the plaintiff through the plaintiff's agent/banker, Swiss Volksbank in Geneva in a letter dated 24th March, 1986 issued in Lagos that funds are available, representing the Naira counter-value of the said bill to settle the bill immediately the defendant received promissory notes for rescheduling of the payment as well as a written admission that the foreign exchange for the said bill was awaiting allocation by the Central Bank of Nigeria upon the deposit of the Naira counter-value thereof with the said Central Bank and it is the duty of the defendant to secure the payment of the bill either immediately or by rescheduling, by applying to and complying with the relevant Central Bank or Nigeria rules, regulations and conditions precedent but the defendant failed, refused and or neglected to comply with the said conditions, rules, regulations and procedures. Moreover, in the said letter of 24th March, 1986, the defendant expressly requested Swiss Volksbank to bring the representation therein to the plaintiff's, knowledge and attention. This was done and the plaintiff relied upon the said representation and suffered loss as highlighted herein. The plaintiff claims interest on the sum of N17,100,000.00 being the Naira equivalent of US$900,000.00 at 20% per annum until judgment and thereafter at a further rate of 20% per annum until judgment shall have been satisfied. The learned trial Judge gave judgment for the plaintiff granting the reliefs sought. The defendant being dissatisfied with the judgment of the HIgh Court appealed to the Court of Appeal, Lagos Division, who allowed the appeal and set aside the judgment of the High Court. It is against this judgment of the Court of Appeal that the appellant appealed to the Supreme Court.

ISSUES:

The Court adopted the issues as formulated by the Appellant as follows:
1. Whether it was proper for the Court of Appeal to make a case, which the appellant did not make or purport to make as the plaintiff in the trial Court.
2. Whether the claim as formulated is statute barred.
3. Whether the Court of Appeal was right in holding that a (Swiss) foreign company must be proved as provided for by the Nigerian Companies Law and the decision of the Supreme Court in J.K. Randle v. Kwara Breweries Limited when both Companies and Allied Matters Act and the decision of the Supreme Court cited do not deal or purport to deal with a foreign company.
4.Whether the Court of Appeal was right in holding that what has been admitted should still be proved.
5. Whether the Court of Appeal was right by ignoring the law of Nations which is part of Nigeria law as set
out in Hutcheon v. Mannington that a statement of a Notary Public is given credit everywhere, when the said Court ignore (sic) a certification by a Notary Public in Geneva contained in exhibit P11 that the appellant is a Swiss incorporated company.
6. Whether the Court of Appeal was right in concluding that, the appellant's case was an attempt to avoid being confronted with the argument that there was no contract between the plaintiff and the defendant that prompted the lower Court to create a contract between the Swiss Volksbank and the defendant.


DECISION/HELD:
In the final analysis, the Supreme Court held that the appeal failed and accordingly dismissed it.


ii


RATIO DECIDENDI

APPEAL - FORMULATION OF ISSUE(S) FOR DETERMINATION - Whether an Appellate Court can reframe issues for determination in an appeal

''..there is no doubt that an appellate Court has the power to reformulate the issues for determination of a matter, as long as the reformulated issues are within the grounds of appeal filed by the appellant but not outside. This is usually done by the Court mostly for the purpose of clarity and precision when it is noticed by the Court that the issues as distilled are clumsy, not precise and sometimes are proliferated. See; Unity Bank Plc Vs. Bouari (2008) 2 SCM 193; (2008) All FWLR (Pt.416) 1825; (2008) 7 NWLR (Pt.1086) 372 Emeka Nwana Vs. FCDA & Ors. (2004) 7 SCM 25, Agbakoba

Vs. INEC (2008) 12 SCM (pt. 2) 159; (2008) All FWLR (Pt. 410) 799; (2008) 18 NWLR (Pt.1119) 489.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 35, paras. B-D )

READ IN CONTEXTVIEW ANALYTICS


WORDS AND PHRASES - "PLAINTIFF" "CLAIMANT" - Meaning of "Plaintiff" and "Claimant"

''..who is a plaintiff or claimant? A plaintiff is the party who brings a civil suit in a Court of law. While a claimant is one who asserts a right or demand, or one who asserts a property interest in land, chattels or tangible things. See; Black's Law Dictionary Ninth Edition pages 1267 and 282.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 35, paras. E-F )

READ IN CONTEXTVIEW ANALYTICS


ACTION - DUTY OF PARTY(IES) - Duty of plaintiff to formulate his claim or relief being sought in an action bought by him

''it is the duty of the plaintiff who has instituted a civil action in court to formulate his claim or relief being sought. The court is not to create or formulate relief not sought by plaintiff against the defendant.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 35, paras. F-G )

READ IN CONTEXTVIEW ANALYTICS


COURT - DUTY OF COURT - Duty of Court to ensure that plaintiff's claim or case is cognisable

''The only and primary duty of Court is to ensure that plaintiff's claim or case is cognisable. That is, capable of being judicially tried or examined by the Court. As a result, in considering whether or not a Court has jurisdiction to try or examine a claim brought by a plaintiff, only the claim endorsed on the writ of summons and statement of claim should be considered. No reference is to be made to whatever defence, the defendant may put up against the plaintiff's claim. In Alphonsus Nkuma V. Joseph Otunuya Odili (2006) 4 SCM 127 at 135, this Court opined as follows: "It is a plaintiff who brings a suit that also nominates the issues for decision in the case. Once a plaintiff's suit is based on a right, which is cognisable under the law, it is not for the Court to dictate to such plaintiff the manner by which to frame the remedy being

sought. The crucial question is - has the plaintiff called sufficient evidence that will enable the Court grant to him the relief being sought."What is material for consideration is the case as presented by the plaintiff before the Court. The Court cannot formulate a different case for the plaintiff. See; S.O. Ilodibia V. Nigerian Cement Company Limited (1997) 7 NWLR (pt. 512) 54 - 55; Ekpenyong V. Nyong (1975) 2 SC 71 at 80.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( Pp. 35-36, paras. G-E )

READ IN CONTEXTVIEW ANALYTICS


ACTION - CAPACITY TO SUE AND BE SUED - Whether a power of Attorney is necessary to enable a foreign company to sue and be sued in Nigeria

''There is no doubt that for purposes of enabling a foreign company to sue and be sued in Nigeria, no power of Attorney is necessary and because a foreign company incorporated outside Nigeria can sue in its registered name, such company needs power of Attorney to enable someone else to sue for it or on its behalf."
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 40, paras. A-C )

READ IN CONTEXTVIEW ANALYTICS


ACTION - CAPACITY TO SUE AND BE SUED - Categories of persons who can sue and be sued in law

''Generally, the law recognizes two categories of persons who can sue and be sued in Court. They are natural persons, with life, mind, brain and physical body and other artificial persons or institutions having juristic personality. See; Attorney General of Federation Vs. All Nigeria Peoples Party & Ors (2003) 12 SCM 1 at 12; (2003) 18 NWLR (Pt.851) 182; (2003) 12 SC (Pt. 11) 146. In Alhaji Afia Trading & Transport Company Ltd. v. Vesitas Insurance Company Ltd. (1986) 4 NWLR (Pt.38) 802, the Court held that a party who should commence action in Court must be a person known to law, that is, a legal Person. In other words, no action can be brought by or against any party other than a natural person or body of persons, unless such a party has been given by statute, expressly or impliedly either (a) a legal personality under the name by which it sues or is sued or (b) a right to sue or be sued by that name. See; Knight and Searle V. Dove (1964) 2 All ER 307, Admin Estate of Gen. Sanni Abacha V. Eke-Spiff & Ors (2009) 3 SCM 1; (2009) NWLR (Pt.1139) 92.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( Pp. 40-41, paras. G-D )

READ IN CONTEXTVIEW ANALYTICS


ACTION - JOINING OF ISSUES - Whether when issues are joined by parties in pleadings evidence is required to prove them

"There is no doubt and it is a fundamental procedural requirement that when issues are joined by parties in the pleadings, evidence is required to prove them as averred. It is the person upon whom the burden of establishing that issue lies that must adduce satisfactory evidence. It therefore necessarily follows that when there is no such evidence, the issue, must be resolved against him and the consequences of that are as decisive of the case presented as the materiality of that issue. Generally, the nature of the evidence that will suffice, as to whether in oral or documentary, may well depend on the issue in question and the requirement of the law. See: African Continental Bank Plc. & Anor v. Emostrade Limited (2002) 7 SCM 17 (2002) 8 NWLR 503."
Per OLUKAYODE ARIWOOLA ,J.S.C ( Pp. 41-42, paras. G-C )

READ IN CONTEXTVIEW ANALYTICS


EVIDENCE - ADMISSION/ADMITTED FACT(S) - Whether admission/admitted facts need further proof

''It is trite law that whatever fact is admitted needs no further proof. It is deemed established. See; Mozie & Ors Vs. Mbamalu, & Ors 1 (2006) 12 SCM (Pt.1) 306 at 317, Olubode Vs. Oyesina (1977) 5 SC 79 Balogun Vs. Labiran (1988) 3 NWLR (Pt.80) 66."
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 42, para. D )

READ IN CONTEXTVIEW ANALYTICS


EVIDENCE - PROOF - Importance of a certificate of incorporation in establishing the legal status of a company

"In A.C.B. & Anor Vs. Emostrade Ltd . (Supra) a case whose facts are similar, this Court posed the following question: "..would it not have been a more positive approach to tender the Certificate of Incorporation at the trial.? I think so, since the respondent pleaded that it was incorporated as a limited liability company and the appellants categorically denied this. The certificate should have been produced by the respondent rather than what looks like the pranks played about its status because it is only by that

certificate of incorporation its legal personality can be proved in the circumstance. That is firmly established by the authorities of this Court." This Court in the said case approved the position of salami, JCA (as he then was) in his dissenting judgment that "there was need for the plaintiff to produce the certificate of Incorporation, if it was duly incorporated as a limited liability company, and that nothing else would suffice". The learned justice was said to be absolutely right and I am in complete agreement with the position. No other document will satisfactorily establish the legal personality of an artificial person such as an incorporated liability company than its certificate of Incorporation."
Per OLUKAYODE ARIWOOLA ,J.S.C ( Pp. 43-44, paras. F-D )

READ IN CONTEXTVIEW ANALYTICS


EVIDENCE - PROOF - How to establish that a company is an incorporated limited liability company

"In Bank of Baroda v. Iyalabani Company Limited (2002) 12 SCM 7, this Court opined as follows: "It is not sufficient for a plaintiff being a corporation or a defendant for that matter to establish its juristic personality by merely stating its name with the addition of "LIMITED" or "PLC". That status which it is claiming for itself has to be proved, except it is admitted by the opposing party, by tendering its certificate of incorporation or such other evidence as would prove its juristic personality." The appellant did not produce the evidence, or better still, the certificate of its incorporation in Switzerland where it claimed to have been incorporated and operating from. In the Registered Trustees of Apostolic Church v. Attorney General Mid-Western State (1972) SC 247, there was some evidence of admission about the status of the apostolic church. But this Court observed as follows: "We are in agreement with the learned trial Judge,that whatever may be the admission of the 3rd respondent of the status of the appellant, there is no evidence before the Court that the appellant (i.e. The Apostolic Church) was ever a corporate body. This could only be established as a matter of law by the production in evidence of the Certificate of Incorporation, admission inter parties notwithstanding." In J.K. Randle v. Kwara Breweries Ltd. (1986) 45 6 SC 1 , this Court, per Bello, CJN stated as follows: "In his pleadings, the appellant averred in paragraph one of his statement of claim that the company was incorporated under the Companies Act, 1968 which averment was specifically denied in paragraph one of the respondent's statement of defence. Before the trial, the appellant served a Notice on the respondent to produce the Certificate of Incorporation of the respondent but the respondent did not produce the Certificate. The matter appeared to end there for the appellant did not adduce any evidence of the Incorporation of

the respondent, if any. At the hearing of the appeal before us, learned counsel for the appellant was candid in his submission. He said he assumed the respondent was incorporated and he did not adduce evidence of incorporation. In my considered opinion since the appellant as plaintiff failed to prove the very basis of the constitutional issue, which is the only ground of appeal before us, the appeal must be and is hereby dismissed." In the same case, this Court, per Uwais, JSC (as he then was, later CJN) observed as follows: "The appellant sued the respondent as a company incorporated under the Company Act,1968. He failed to prove the incorporation by the production of the Certificate of Incorporation. As the averment in the statement of claim that the defendant was so incorporated was categorically denied by the respondent in its statement of defence, the failure to prove the incorporation was fatal to the appellant's case." As the saying goes, "when you are in Rome, do as the Romans." In other words, when one is in another land other than land of origin, you play the game according to the rules of the land. On this land, Nigeria, the only acceptable and legally recognized way of establishing that a company is an incorporated limited liability company entitled to sue and be sued, in particular, when parties join issue on the matter, is by producing in evidence the certificate of Incorporation. No other document will suffice."
Per OLUKAYODE ARIWOOLA ,J.S.C ( Pp. 45-47, paras. A-B )

READ IN CONTEXTVIEW ANALYTICS

EVIDENCE - PROOF - Whether a company's status must be proved

"It has also been held that it is not enough to assume that because a company uses the name "Limited" on the writ of summons as plaintiff or in the transactions that led to litigation, that company must be a Limited Liability company entitled to sue. The company status must be proved especially where the plaintiff was dented to be a limited liability company at the time of the transaction. It must be proved but cannot be presumed. See; ACB & Anor v. Emostrade Ltd (Supra) per Kalgo, JSC at page 17 of SCM."
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 47, paras. E-G )

READ IN CONTEXTVIEW ANALYTICS

EVIDENCE - BURDEN OF PROOF/ONUS OF PROOF - On whom lies the burden of proof in civil cases

''It is trite law that he who asserts must prove the assertion. See; Section 135 of Evidence Act. Elias Vs. Omo-Barre (1982) 5 SC 2, Elias Vs. Disu

(1962) 1 All NLR 214, Woluchem Vs. Gudi 1 (1981) 5 SC 291, Agala & Ors Vs. Egwere & Ors (2010) 5 SCM 22 at 37.''
Per OLUKAYODE ARIWOOLA ,J.S.C ( P. 47, paras. D-E )

READ IN CONTEXTVIEW ANALYTICS


ACTION - PLEADINGS - Whether parties are bound by their pleadings; effect of leading evidence on facts not pleaded

"The principle must outrightly be restated that parties to an action are always bound by their pleadings. Once parties by their pleadings have joined issue on a matter, evidence must be led, except the fact asserted by the one on the basis of which the Court will determine the controversy between the parties on the particular matter has been admitted by the other, to enable the Court make a decision on the point. Only evidence led in respect of pleaded facts count as the Courts, by the very principle, are only empowered to consider cases consequent upon parties pleadings. Evidence led in respect of facts not pleaded must be discountenanced by the Court as same goes to no issue Again, the principle is that pleaded facts in respect of which evidence is not led by a party is deemed abandoned. See Arjay Ltd v. Ams Ltd. (2003) 7 NWLR (pt 820) 577 SC and Okoebor v. Police Council (2003) 12 NWLR (Pt 834) 444 SC."
Per MUSA DATTIJO MUHAMMAD ,J.S.C ( P. 56, paras. B-F )

READ IN CONTEXTVIEW ANALYTICS


iii

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
10

---

**_OLUKAYODE ARIWOOLA, J.S.C_ (Delivering the Leading Judgment):** This is an appeal against the judgment of the Court of Appeal, Lagos Division, hereinafter referred to as the Court below, delivered on 15th day of December, 1999 in appeal number CA/L/303/98. The facts of this case are as follows:

The plaintiff, Reptico S.A. Geneva, herein-after referred to as the appellant, had commenced an

action by a writ of summons dated 18th September, 1991 in the Lagos Judicial Division of the Lagos State High Court. The statement of claim was subsequently filed on 12th November, 1991 against the Defendant, herein after referred to as the Respondent.

The appellant had by the amended statement of claim filed on 25/3/92 in paragraph 30 claimed as follows:

"the sum of N37,886,000 being the Naira equivalent of US$1,994,000.00 comprising special and general damages, the sum of N17,100,000 being the Naira equivalent of US$900,000.00 the value of a bill of exchange, the subject matter of this suit, N11,286,000.00 the Naira equivalent of US$594,000.00 being the interest thereon at 12% per annum from 24th March, 1986 to date and N9,500,000.00 the Naira equivalent of US$500,000.00 as general damages, which claim arose when the Defendant confirmed in writing to the plaintiff through the plaintiff's agent/banker, Swiss Volksbank in Geneva

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
11

---

in a letter dated 24th March, 1986 issued in Lagos that funds are available, representing the Naira counter-value of the said bill to settle the bill immediately the defendant received promissory notes for rescheduling of the payment as well as a written admission that the foreign exchange for the said bill was awaiting allocation by the Central Bank of Nigeria upon the deposit of the Naira counter-value thereof with the said Central Bank and it is the duty of the defendant to secure the payment of the bill either immediately or by rescheduling, by applying to and complying with the relevant Central Bank or Nigeria rules, regulations and conditions precedent but the defendant failed, refused and or neglected to comply with the said conditions, rules, regulations and procedures. Moreover, in the said letter of 24th March, 1986, the defendant expressly

requested Swiss Volksbank to bring the representation therein to the plaintiff's, knowledge and attention. This was done and the plaintiff relied upon the said representation and suffered loss as highlighted herein.

The plaintiff claims interest on the sum of N17,100,000.00 being the Naira equivalent of US$900,000.00 at 20% per annum until judgment and thereafter at a further rate of 20% per annum until judgment shall have been satisfied.

PARTICULARS OF DAMAGES
SPECIAL DAMAGES:
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
12

---

i. Value of the accepted Bill of Exchange N17,100,000.00, the Naira equivalent of US $900.000.00.
ii. Interest on the bill at 12% per annum March, 1986 - September, 1991, N11,286,000.00, the Naira equivalent of US $594,000.00,
iii. General Damages - N9,500,000.00, the Naira Equivalent of US $500,000.00.
Total: - N37,886,000.00 being the Naira equivalent of US $1,994,000.00.
The respondent filed an amended statement of defence to which the appellant filed a reply on 2nd June, 1992.

The case proceeded to trial. The appellant called five (5) witnesses who testified while two (2) persons testified for the respondent. At the conclusion of the trial, the Court found that the appellant was entitled to judgment against the respondent in the sum of Seventeen Million, One Hundred Thousand Naira ($17, 100,000.00) being the price of the rice which the respondent was expected to collect and to the appellant's order. Interest was also awarded on the amount at the rate of 12% per annum from 24th March, 1986 until September, 1991, which amounted

to N11, 286,000.00 and at the rate of 12% from October, 1991 until the judgment and thereafter at the rate of 10% per annum being interest on judgment debt until the judgment debt is fully and

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

13

finally liquidated.

Being dissatisfied with the judgment of the trial Court, the respondent appealed to the Lagos Division of the Court of Appeal, hereinafter referred to as the Court below. The respondent's appeal was allowed leading to the setting aside of the judgment of Ade Alabi, J. (as he then was) delivered on 6th October, 1995. In its place, the Court below ordered the dismissal of the appellant's claim in its entirety.

Dissatisfaction with the judgment of the Court below led to the instant appeal.

Pursuant to the rules of this Court as amended, parties upon service on them of the records of appeal, filed and exchanged their respective brief of argument. On pages 4 to 5 of the appellant's brief of argument filed on 10/12/2001, the appellant formulated six (6) issues for determination of the appeal as follows:

Issues for Determination:

1. Whether it was proper for the Court of Appeal to make a case, which the appellant did not make or purport to make as the plaintiff in the trial Court.

2. Whether the claim as formulated is statute barred.

3. Whether the Court of Appeal was right in holding that a (Swiss) foreign company must be proved as provided for by the Nigerian Companies Law and the decision of the Supreme Court in

J.K. Randle  v. Kwara Breweries Limited

when both Companies and

Allied Matters Act and the decision of the Supreme

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

14

Court cited do not deal or purport to deal with a foreign company.

4. Whether the Court of Appeal was right in holding that what has been admitted should still be proved.

5. Whether the Court of Appeal was right by ignoring the law of Nations which is part of Nigeria law as set out in *Hutcheon v. Mannington* that a statement of a Notary Public is given credit everywhere, when the said Court ignore (sic) a certification by a Notary Public in Geneva contained in exhibit P11 that the appellant is a Swiss incorporated company.

6. Whether the Court of Appeal was right in concluding that, the appellant's case was an attempt to avoid being confronted with the argument that there was no contract between the plaintiff and the defendant that prompted the lower Court to create a contract between the Swiss Volksbank and the defendant."

From the respondent's brief of argument filed on 10/02/2006, the respondent, after paying all required penalty for filing late, formulated four (4) issues from the grounds of appeal filed by the appellant. There is no doubt that the said issues, though slightly differently couched, they are encompassed by the issues distilled from the said grounds by the appellant. I shall therefore use the issues as formulated by the appellant to determine this appeal. The parties took the said issues in argument as follows -

Issue No. 1 -

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

15

In arguing this issue, the appellant submitted that it is trite law that Courts are bound to decide a case only as formulated in the pleadings of the parties. Thus, it was contended that it is a violation of a principle of law or procedure for a Court to depart from the issues before it and speculate on matters which are

neither pleaded nor proved by evidence. Learned counsel contended further that a corollary of the above rule is that a Court must not make a case different from that made by the parties. Reliance was placed on *Overseas Construction Limited v. Creek Enterprises Limited* (1985) 3 NWLR (pt 13) 407. He submitted that where a Court formulates its own issues and bases its decision thereon such decision will be set aside. He cited *Adeniyi v. Adeniji* (1972) 4 SC 10 at 17; ***Shitta Bay v. The Federal Public Service Commission (1981) 1 SC 40 at 59.*** Learned counsel referred to pages 379 and 392 to submit that the above principles on judicial adjudication were violated by the Court below. And that the Court misunderstood the appellant's case and thereby created an imaginary cause of action in contract.

Learned counsel referred to the endorsement on the writ of summons and Statement of Claim and contended that the appellant's case was founded on the doctrine of estoppel by negligence, in particular, paragraphs 10, 11 and 13 of the amended statement of claim. On the principle or doctrine of estoppel by negligence, learned counsel referred to ***Charlesworth on Negligence, 7th Edition page 6 paragraph 106.*** He

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

16

submitted that the duty of care in tort of negligence is imposed by law, as a result, there need not be a contract between the parties before an action for negligence can arise. The test whether a duty of care exists is, in turn based on reasonable foreseability. He relied on ***Bourhill v. Young*** (1943) AC 92 at 101.

The appellant referred to exhibit P7, the letter of 24th March, 1986 written by the respondent upon which the appellant relied. It was contended that the drawer referred to in the said letter is the appellant. Therefore, it is not in dispute that the appellant was

within the contemplation of the respondent. Learned counsel contended further that the negligence in this case consisted in the failure of the respondent as a prudent banker to follow up the payment or the rescheduling of the payment by the Central Bank of Nigeria. He stated further that this is manifested the more in the fact that the respondent failed to deposit the Naira counter value of the money to be remitted with the Central Bank when requested to do so, even though the respondent had admitted to the appellant in its letter of 24th March, 1986 that it had the fund and also of failure to communicate relevant information which was peculiar within the respondent's knowledge on the batch number, batch date, batch amount etc. which would enable Volksbank to also apply abroad for matching, for the purpose of rescheduling.

Learned counsel contended that the appellant in its case alleged and gave the particulars of negligence and evidence of the same which made the trial judge
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
17

make a finding of negligence. He submitted that there was no appeal against the finding of fact that the respondent was negligent. It therefore stands. He contended further that the Court below based its decision on the issues formulated or raised *suo-motu* by the Court without an opportunity given to the parties to be heard, leading to denial of justice. He relied on several decisions including: ***Ezeanya v. Okeke*** (1995) 4 NWLR (PT 388) 142;
Saude v. Abdullahi
(1989) 4 NWLR (pt 116) 387; ***Ogunlowo v. Ogundare*** (1993) 7 NWLR (pt 307) 610.

He urged the Court to resolve the issue against the respondent but in favour of the appellant and set aside the decision of the Court below.

On this issue, the respondent referred to the case as

made by the appellant at the trial Court as plaintiff,
the pleadings, the evidence adduced and the
judgment of the trial Court. Learned counsel related
them to the judgment of the Court below. He
contended that there was misconception in the
appellant's evidence and the trial Court's judgment
which resulted in the judgment of the Court below.
Learned counsel submitted that the appellant was
wrong in its contention that the lower Court
formulated a case outside the case the appellant
presented to the trial Court as plaintiff. He submitted
further that the trial Court itself was in doubt, as to
which of the emerging scenarios or causes reflected
or represented the appellant's case as presented
before it by the appellant, but it settled for what it
described as "negligence in the performance of a
duty arising out of contract" which contract the trial
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
18

Court found not to have existed.

Learned counsel submitted that the appellant failed
to draw a distinction between tortuous liability
imposed in law that is, resulting without regard to
contractual relationship between the tortfeasor and
injured party and tortuous liability arising from or
hinged on contract. The former is, to the extent that
it did not form the basis of the trial Court's decision
irrelevant, while the latter is the one on which
arguments necessarily remove. If any, the
appellant's grouse should be with the decision of the
trial Court which erroneously found a contract
relationship and not the lower Court which, upon
examining the premises on which the trial Court's
judgment is predicated, held that there was no
contract.
The respondent contended that even though the
cases cited by the appellant establish, among others,
the fact that tort can arise out of contract or from
contract, they do not serve as answer to the
appellant's predicament on the potent issue that the

trial Court did not find tortuous liability as arising out of the contract of the parties, but that the tort of negligence arose out of a contract, which the lower Court found not to exist.

The respondent submitted that the case which the appellant tends to make before this Court is not that there was a contract, but that its case was unalterably based on contract debtors.

Learned counsel contended that in the light of the above argument, particularly, in so far as the lower Court did not make any case different from that REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
19

---

which the appellant as plaintiff made before the trial Court, the respondent submitted that the judgment of the Court below is unassailable. Hence, he urged the Court to resolve the issue against the appellant and dismiss the appeal on this ground.

Issues 3, 4, and 5
These issues are argued together being inter related. They turn on (a) whether an admitted fact must still be proved; (b) whether a foreign company as distinct from a Nigerian Company must still be proved in accordance with the Company and Allied Matters Act, (CAMA), (c) whether the decision in *J.K. Randle v. Kwara State Breweries Limited* applies to proof of a foreign company and (d) whether Nigeria is obliged to give effect to the law of Nations whereby a statement of a Notary Public is given effect and recognition, in particular, where a foreign Notary Public certifies that a foreign company is incorporated.

In dealing with these issues, the appellant referred to Exhibit D20, a Form which was filled by the respondent and sent to the Central Bank of Nigeria.

Learned counsel pointed out that (a) in the form, the

respondent had described the appellant by its corporate name, Reptico S. A. Geneva, the name in which the present suit was instituted, (b) The respondent has not at any stage of the proceedings stated or even suggested that it does not know what the letters "S.A." stand for. Learned counsel contended that in common parlance, the letters

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

20

"S.A." stand for "Societe Anonym", that is "a limited liability company." It was submitted that, deliberately and consciously describing the appellant in its corporate name particularly to a third party - regulatory institution, amounts to an admission. The appellant further submitted that the respondent is estopped from stating that it did not know that the appellant is an incorporated body.

Learned appellant counsel contended that the question whether the representation by the respondent in Exhibit D20 amounted to an estoppel and whether the doctrine of estoppel applied was raised, rather than decide the very crucial issues, the Court of Appeal sidetracked them and opined that whatever Form the respondent had filled in the past describing the appellant in the same name by which the present suit was brought would not make the appellant an incorporated company, if it has not been incorporated.

It was further contended that a determination whether Exhibit D20 amounted to admission and whether it raised the issue of estoppel would no doubt have affected the evidential burden of proof. The reason being that once the respondent acknowledged as per Exhibit D20 that the appellant bears its corporate name' it would be incumbent on the respondent to prove that notwithstanding the admission of the appellants corporate name, it (that is respondent) did not understand that the letters "S.A." stand for a limited liability company. There

was no such evidence. Learned counsel contended
that it is important to decide whether a party can, in
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
21

its pleadings deny what it has already admitted in a
written document. He submitted that failure by the
Court of Appeal to resolve this important issue could
amount to a denial of fair hearing. It would deprive
this Court an opportunity of knowing what the
intermediate Court has decided. It would result in a
miscarriage of justice. He relied on
***Brawal Shipping Limited v. Onwadike*** (2000) 11 NWLR
(pt.678) 387.

On the admitted facts, learned counsel submitted
that what has been admitted need not be proved. An
admitted fact, in law, is not a fact in issue and it
needs not be proved. He referred to ***Section 75 of
the Evidence Act*** and ***Agbanelo v. Union Bank of
Nigeria Plc*** (2000) 7 NWLR (pt.666) 534.

Learned counsel contended that with the observation
of the Court below, that at the trial, the appellant did
not directly call any evidence of its incorporation which
presupposes that the Court below recognized that
there was, at least, indirect evidence of the
incorporation of the appellant. It was further
contended that the Court of Appeal raised and
applied *suo motu* the proviso to ***Section 75 of the
Evidence Act*** , without inviting argument from
counsel. He submitted that, that was wrong relying
on ***Okonji v. Njokanma*** (1999) 14 NWLR (pt.638)
250.

Learned counsel referred to ***Randle v. Kwara
Breweries Ltd*** . (supra) and submitted that the
Court below quoted the Supreme Court out of context
and purportedly wrongly relied on the said quotation
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
22

to insist on production of Certificate of Incorporation to prove the appellant's incorporation in Geneva.

Learned Counsel contended that, the appellant being a foreign company but not a Nigerian company, its incorporation must only be proved in accordance with the appropriate foreign law. He submitted that, foreign law itself is a question of fact. It was therefore wrong for the Court below to apply the Nigerian law on the manner of proving a foreign (Swiss) Company when there was no evidence that Swiss Law is conterminous with Nigerian law. It was further contended that foreign law, in particular, Swiss Law cannot and should not be assumed. It was therefore the wrong assumption and conclusion that the Swiss company must be proved in accordance with Nigerian law that led the Court below to the rejection of the written evidence of a Swiss Notary Public that the appellant was a Limited Liability Company under the Swiss Law.

Learned counsel referred to Exhibit P11, the written affirmation of Jean Rodolphe Christ, a Notary in Geneva. He contended that in rejecting the written assertion of the Notary Public, the Court below had ignored the well known principle of the Law of Nations of which Nigeria is a part, that a statement of a Notary Public is given credit everywhere in which Law of Nations applies. He relied on ***Hutchison v. Mannington*** (1802) Ves, 823 at 824. He submitted that there was no evidence by the respondent that the certification by the Swiss Notary Public was not admissible evidence under Swiss Law. He urged the Court to resolve the issues in favour of the appellant
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
23

against the respondent.

The respondent covered the above issues in its issue No.1 - whether the lower Court was right in its decision that the appellant had a duty to prove its juristic personality and if so, whether it has duly discharged the duty.

Learned respondent's counsel referred to the contention of the appellant as follows:

(i) That there was an admission by the respondent contained in Exhibits P11 and D20, that the appellant was a juristic Person;

(ii) that foreign companies need not prove legal status by way of their certificate of incorporation, in accordance with the provisions of CAMA and whether the decision in *J.K. Randle V. Kwara State Breweries Limited* applies to proof of a foreign company;

(iii) that effect should be given to the "Law of Nations" whereby in this case, the statement of Notary Public should be given effect and recognition.

Learned counsel contended that the trial Court had found at the close of pleadings, that an issue was joined by the parties on the juristic personality of the appellant, which finding the Court below agreed with. He submitted that it then became necessary to establish direct and material evidence on the legal status of the appellant. And that appellant did not file a respondent's Notice on it. The respondent took those points seriatim as follows:

On the alleged admission, learned counsel referred to the appellant's basic argument as anchored on the contention that there was an admission founded upon the contents of Exhibits P11 and D20 and that REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

24

the admission constituted an estoppel under ***Section 27 of Evidence Act*** .

He referred to Exhibit P11 as a Power of Attorney donated by appellant to one Nurudeen Abiodun Adesanya, to prosecute the case while Exhibit D20 is a Form alleged to have been filled by the respondent,

and sent to the Central Bank.

Before addressing the argument on those two Exhibits, learned counsel addressed two issues, viz: burden of proof and admission on their jurisprudential sense and applied their postulates to the specific points manifest in the two Exhibits.

Burden of proof: - It is trite law that he who asserts must prove. He referred to **Sections 135** , **_136_** and **137 of the Evidence Act** , to the effect that whoever desires any Court to give judgment as to any legal right or liability dependent on the existence of facts, which he asserts, must prove that those facts exist. He contended that when the provisions of the Evidence Act are applied to the instant case, the burden of proof that the appellant was an incorporated company as averred in its claim rests squarely with the appellant.

Learned counsel contended that the Court below held, inter alia, that it was the appellant who averred its incorporation under Swiss Law, that had the duty to prove. He contended that the appellant did not challenge this finding, yet had contended in its ground of appeal that the issue of Swiss Law does not arise because of estoppel by admission.

On admission, the respondent submitted that, REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC 25

admission as a veritable element in civil trial process, has been given both statutory and judicial interpretations. Broadly, an admission is a statement made by a party to civil proceedings which in effect, legally relieves the adverse party of the need or requirement to prove the facts so admitted. He referred to **Section 75 of Evidence Act** . He contended that from the provisions of the Evidence Act, it is obvious that before an admission can be inferred, there should either be an agreement to admit at the

hearing or before the hearing, parties agree to admit by any writing or which by any rule of pleading in force at the time, they are deemed to have admitted by their pleadings.

Learned counsel submitted that there is no evidence whatsoever that the parties agreed on the issue of legal personality of the appellant or in their pleadings. On the contrary, the evidence was that there was no correspondence or communication whatsoever between the parties prior to, during or after the filing of the suit by the appellant and that the trial Court itself found an issue to have been joined on the appellant's juristic status.

It was submitted that in the light of the provisions of **Section 75 of Evidence Act** , and lack of evidence of agreement, coupled with the state of the pleadings by which the trial Court found issues on legal personality by appellant to have been joined, there cannot be any admission of the incorporation of the appellant. If issues were not joined, the respondent wondered why the appellant relied on Exhibits P11- Power of Attorney and D20, the Refinance Form. He REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

26

submitted that any inference of admission in the circumstance will be operating in the realm of speculations or fiction.

Learned counsel further submitted that, admission on which the Court can rely must be full, clear, unambiguous, and lead irresistibly to a conclusion that the party making the admission accepts or concedes to a factual situation or does not show any objection or opposition to the factual situation. He accepts it as correct. He relied on ***Anason Farms v. Nat. Merchant Bank*** (1994) 3 NWLR Pt.331) 241.

Learned counsel contended that in some cases, in particular, as relates to the competence of an action,

admission would still not obviate the application of the provision of **Section 135 of the Evidence Act** . He relied on **ACB v. Emostrade Ltd** . (2002) 8 NWLR (Pt.770) 501 at 518.

Learned counsel submitted that there was no admission whatsoever by the respondent that the appellant was a juristic person, and as such, the Court of Appeal was absolutely right that the appellant had to prove its juristic personality.

Treatment of Exhibits D20 and P11.
## **Exhibit D20**
This is a form filled by the respondent and sent to the Central Bank of Nigeria wherein the respondent was said to have described the appellant by its corporate name, Reptico S.A. Geneva. This is the name on which the appellant, as plaintiff, filed the REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

27

action. This according to the appellant, exempted the need to establish by direct evidence, the actual or true name by which appellant became incorporated. Learned counsel contended that the appellant had variously been described as Reptico S.A. Geneva or "Reptico SA" simpliciter, so much that its true name still remains till date uncertain. He stated that "Reptico S.A. Geneva" is not the same as "Reptico S.A."; in the determination of corporate personality.

Learned counsel submitted that even where there is no difference between the two names, the reference to whatever name a company calls itself cannot, by any stretch of imagination, be direct evidence that the company is an incorporated (legal) entity.

The respondent observed that at the trial, the appellant had contended that Exhibit D20 had no probative or any value at all, while the trial Court itself pronounced it worthless and meaningless, yet the said Exhibit was relied upon as proof of

admission of incorporation by the respondent. In other words, learned counsel contended that the trial Court had found the Exhibit as lacking in authorization of respondent and thus meaningless and worthless, yet it found the same document as evidence of admission by the same respondent who was adjudged not to have initiated the Form.

Learned counsel submitted that the appellant cannot on one hand accept the trial Court's finding that issue was joined on its juristic personality and contend on the other hand that there is an admission. The argument on admission cannot stand in the face of the trial Court's finding that issues were joined on the REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

28

fact of corporate personality of the appellant. And the appellant cannot also contend at the same time that it has proved juristic personality by virtue of the Notary Public "Statement" and further argued that there was admission by respondent, suggesting that it was unnecessary for it to prove its juristic status.

Learned counsel submitted that on Exhibit D20, there is no admission by estoppel in this instance and **_Section 27 of Evidence Act_** is absolutely irrelevant and inapplicable in this case.

## **Exhibit P11**
This is a Power of Attorney in which, the learned counsel contended, for the purpose of compliance with **_Section 118 of Evidence Act_** , the Notary Public "certified" the signature of the representative, who, according to the Notary Public signed the document and having legal capacity to grant this Power of Attorney on behalf of Reptico S.A. Limited Company in Geneva.

Learned counsel contended that the appellant's PW5 through whom Exhibit P11 was tendered did not give evidence on the document as constituting evidence

of incorporation. He contended further that the admissibility of the document was severely objected and the weight was shredded at both the trial Court as well as argued at the Court below.

Foreign  Companies and ***J. K. Randle*** case: Learned counsel referred to the contention of the appellant that the decision in *Randle v. Kwara State Breweries* case to the effect that certificates of incorporation constitute proof of incorporation would not hold, in the case of foreign companies like the REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

29

---

appellant.

Learned counsel contended, firstly, that the trial Court did not deny the efficacy of the *Randle V. Kwara State* case but merely held that there was an admission, without which it would have been itself bound. Secondly, that every proof of incorporation of foreign companies is not through certificate of incorporation. It was submitted that in so far as the appellant pleaded its Incorporation under Swiss law, it was only the appellant that has the duty to prove. He submitted that neither Exhibit D20 nor Exhibit P11 has in it evidence that it is the manner of proving incorporation under Swiss Law.

Thirdly, on who was to prove Swiss Law, learned counsel contended that there is no shift in the burden of proof to require that the respondent proves Swiss Law on incorporation method. He relied on ***Odofin v. Mogaji*** (1978) NSCC Vol. II 275; to the effect that, until plaintiff proves its case by legally admissible evidence, the burden of proof does not shift to the defendant.

On Law of Nations - Learned counsel observed that neither at the trial Court nor at the Court below did the appellant argue the Law of Nations postulate or seek leave of the Court to raise it to justify it being

allowed. He submitted that the Law of Nations
postulate is not only too late in the day but an
afterthought. He relied on *A.I.C. Ltd. Vs. NNPC*
(2005) 1 NWLR (Pt.937) 563 at 569/560.

It was contended that if credence is to be given to a
Notary Public's statement under "the Law of Nations"
which was conceded, the situation must be
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
30

appropriate, (not in Power of Attorney) and the
Statement must be cogent, direct, unambiguous and
lead unequivocally to the fact that the Notary Public
was confirming that the appellant was an
incorporated company. Such a fact should be made
as a statement on its own, and not in certification of
a signature of a donee in a Power of Attorney. He
submitted that the Power of Attorney was not the
Notary Public's document.

Learned counsel contended that, assuming without
conceding that the Law of Nations postulates operate
in this case, the important point is to seek to know
what it was that the Notary Public "Certified", if any
or at all. To all intents and purposes, it was
submitted that;
(a) the Notary Public is not the donor of the Power of
Attorney, that is, he is not the maker of the
document;
(b) the Notary Public "Certified" the legal capacity of
the donor of the Power of Attorney and not that of
the appellant on whose behalf Mr. Tanmam gave the
power;
(c) the Notary Public did not give evidence at the
trial to make his said statement acquire credibility.
The "certification" was merely to ensure compliance
with **Section 118 of Evidence Act** , and not in any
way connected with the contents of the Power of
Attorney.
(d) There is no evidence whatsoever as to the
manner by which incorporation of companies under

the Swiss Law is established.

On the appellant's contention that the lower Court did
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
31

not give any reason on its position in respect of the
Notary Public's statement, it was submitted that the
lower Court gave reason for rendering irrelevant the
Notary Public's description of Appellant as an
incorporated body in Exhibit P11. He referred to
pages 390 - 391. He submitted that the appellant's
contention and the cases cited are misconceived and
should be ignored.

On proof of incorporation of foreign company,
learned counsel submitted that once issue on
incorporation was joined by parties, it was the
burden of the party that averred its incorporation
that was bound to prove its legal status by direct
evidence, whether the company is a Nigerian
company or foreign. It was submitted that, in the
absence of such proof or anything to the contrary,
the Nigerian Courts will be left with no choice but to
apply the Nigerian law - Company and Allied Matters
Act in such a case.

Learned counsel submitted that the position remains
the same regardless of the inclusion of the word
"Limited" or "Plc". He contended that if the position is
so with the Nigerian cases, it *mutatis mutandis* ought
to operate to cases of "S.A" which is said to stand for
" *Societe anonym*". He relied on
ACB Plc. Vs. Emostrade Limited
(2002) 8 NWLR (pt. 770) 501;
*Bank of Baroda vs. Iyalabani Company Limited*
(2002) 13 NWLR (pt 785) 551 - 576.

He submitted further that on the authority of ***Odofin
v. Mogaji*** (supra) until the appellant proves its
case by legally admissible evidence, the scale of
burden of proof does not tilt from it to the

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
32

respondent. He urged the Court to resolve the issues
in its favour against the appellant to the effect that
the appellant had a duty to establish its juristic
status but failed to do so.

Now issue No 2 - whether the claim as formulated
was statute barred, the appellant contended that in
law, in determining or computing the limitation of
time, the time runs from when the cause of action
arises. Learned counsel referred to the findings of
the Court below at page 391 of the record and
contended that the conclusion of the Court below that
the appellant's case was statute barred was wrong
because from the onset it misunderstood the
appellant's case. He contended further that the Court
of Appeal's conclusion has no relationship with the
appellant's claim. He referred to *Egbe v. Adefarasin*
(1987) 1 NWLR 2 per Oputa, JSC at p. 20 on how to
determine the limitation of time. This, he submitted
is by looking at the Writ of Summons and Statement
of Claim.

Learned counsel stated that a cursory look at the
appellant's writ of summons and statement of claim
show that the appellant's claim was that of
negligence arising from a representation contained in
the letter dated 24th March, 1986 and that the
action was filed on 18th September, 1991, - less
than the six (6) years limitation period. The appellant
referred to the findings of the trial Court on pages
280 lines 9 - 15 and 291 lines 16 - 20 to find that
the appellant's case was premised on negligent
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
33

performance of its duty by the respondent and
thereby held that it was in breach of its duty of care.
The appellant referred to the respondent's brief of

argument before the Court below where it had conceded that the appellant's claim had nothing to do with contract but that it was based on an alleged negligent representation made by the respondent in Exhibit P7, the letter dated 24th March, 1986.

On this point, learned counsel submitted that it was not surprising that the Court below came to the wrong conclusion on the applicable limitation period since the Court found that the appellant's case was based on an imaginary contract when the case was a claim in negligence by representation arising on the 24th March, 1986. He urged the Court to so hold.

On issue 6, learned appellant's counsel submitted that the Justices of the Court below erred in law when they concluded that the appellant's case was an attempt to avoid being confronted with the argument that there was no contract between the plaintiff and the defendant that prompted the lower Court to create a contract between the Swiss Volksbank and the respondent.

Learned counsel submitted that the above conclusion by the Court below was speculative as it was never based on any pleaded fact and no evidence was led in that direction. He relied on *Oyinloye v. Esinkin* (1999) 10 NWLR (pt 624) 540 at 551.
It was further submitted that that conclusion was a manifestation of the fact that the Court below did not understand the appellant's case, which was in negligence.
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
34

It was finally urged on the Court to hold that the Court below did not understand the appellant's case hence the decision based on that misunderstanding must be set aside, relying on *Shitta-Bay V. The Federal Public Service Commission* (supra). He finally urged the Court to allow the appeal and set aside the judgment of the Court below.

Issues 2 and 6 which were issues 3 and 4 of the respondent were argued together by the respondent. The respondent examined the applicability of the Limitation Laws, Cap 118, Laws of Lagos to the various points germane to this appeal. The respondent had a recourse to the findings of the trial Court, in particular, as resting on Exhibit P7, the letter dated 24th March, 1986.

Learned counsel contended that by reason of the fact that the appellant did not file any Respondent's notice, there was no alternative to the argument that the decision of the trial Court becomes necessary in determining the issue.

Learned counsel referred to the findings of the Court below that the contract which the trial Court relied upon came into existence in 1982 and payment under it became due in 1982. He contended that, in effect the action should have been brought in 1988 after which year the cause of action is deemed to have lapsed by virtue of ***Section (1) of the Limitation Law Cap 118, Laws of Lagos State*** rather than in 1991, thus rendering it statute barred. He submitted that the action is statute bared having regard to the evidence relating to bill of exchange transactions and or the Refinancing/Rescheduling Scheme either of REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

35

which would have made recourse to Court statute barred. He finally urged the Court to dismiss the appeal.

As stated earlier, the appellant distilled six issues for determination of this appeal and these have been argued. However, there is no doubt that an appellate Court has the power to reformulate the issues for determination of a matter, as long as the reformulated issues are within the grounds of appeal

filed by the appellant but not outside. This is usually done by the Court mostly for the purpose of clarity and precision when it is noticed by the Court that the issues as distilled are clumsy, not precise and sometimes are proliferated. See; **_Unity Bank Plc v. Bouari_** (2008) 2 SCM 193; (2008) All FWLR (Pt.416) 1825; (2008) 7 NWLR (Pt.1086) 372 **_Emeka Nwana v. FCDA & Ors._** (2004) 7 SCM 25, **_Agbakoba v. INEC_** (2008) 12 SCM (pt. 2) 159; (2008) All FWLR (Pt. 410) 799; (2008) 18 NWLR (Pt.1119) 489.

First and foremost, who is a plaintiff or claimant? A plaintiff is the party who brings a civil suit in a Court of law. While a claimant is one who asserts a right or demand, or one who asserts a property interest in land, chattels or tangible things. See; **_Black's Law Dictionary 9th Edition pages 1267_** and **_282_**.

Therefore, it is the duty of the plaintiff who has instituted a civil action in Court to formulate his claim or relief being sought. The Court is not to create or formulate relief not sought by plaintiff against the defendant.

The only and primary duty of Court is to ensure that plaintiff's claim or case is cognisable. REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

36

That is, capable of being judicially tried or examined by the Court. As a result, in considering whether or not a Court has jurisdiction to try or examine a claim brought by a plaintiff, only the claim endorsed on the writ of summons and statement of claim should be considered. No reference is to be made to whatever defence, the defendant may put up against the plaintiff's claim. In **_Alphonsus Nkuma v. Joseph Otunuya Odili_** (2006) 4 SCM 127 at 135, this Court opined as follows:
**"It is a plaintiff who brings a suit that also nominates the issues for decision in the case. Once a plaintiff's**

**suit is based on a right, which is cognisable under the law, it is not for the Court to dictate to such plaintiff the manner by which to frame the remedy being sought. The crucial question is - has the plaintiff called sufficient evidence that will enable the Court grant to him the relief being sought."**

What is material for consideration is the case as presented by the plaintiff before the Court. The Court cannot formulate a different case for the plaintiff. See; ***S.O. Ilodibia v. Nigerian Cement Company Limited***

(1997) 7 NWLR (pt. 512) 54 - 55;

***Ekpenyong v. Nyong*** (1975) 2 SC 71 at 80.  The plaintiff in the instant case is Reptico S.A. Geneva - the appellant herein before us.

The amended statement of claim sequel to the writ of summons dated 18th September 1991 by which the plaintiff's action was commenced in the Lagos State High Court contains the case as presented by the plaintiff before the trial Court. The said claim in paragraph 30 of the amended statement of claim

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

37

---

was said to be founded on the doctrine of estoppel by negligence. The "claim arose when the respondent confirmed in writing to the appellant through the appellant's agent/banker, Swiss Volksbank in Geneva in a letter dated 24th March. 1986 issued in Lagos that funds are available, representing the Naira counter-value of the said bill to settle the bill immediately the respondent received promissory notes for rescheduling of the payment etc."

Before I proceed further, it is pertinent to note the following facts that are not in dispute and need not be proved again having been established.

(i) Kano Cooperative Federation Limited ordered for consignment of rice from Geneva, Switzerland.

(ii) The appellant sold and shipped the consignment of rice to the Kano Cooperative Federation Limited on

the account of one Alhaji Ado Dandawaki.
(iii) The sale of the rice was effected on bill for collection basis whereby the appellant drew a bill of exchange for US $900,000.
(iv) The respondent was the banker to the importer of the rice who was the drawee of the bill.
(v) There was a remittance instruction to the effect that the proceeds should be remitted to the Swiss Volksbank in Geneva, Switzerland being the appellant's bank/agent.
(vi) The drawee of the bill as an importer submitted the documents for exchange control purposes and the respondent submitted the application for foreign

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
38

exchange to the Central Bank of Nigeria which was processed by the Central Bank.
(vii) Up till today the costs of the rice consignment sold and the exported by the appellant has remained unpaid and unsettled.

As this case stands I am of the firm view that the issue of juristic personality of the appellant to institute this action *ab initio* should be considered first before considering any of the other issues raised, if at all, by the appellant from the grounds of appeal. The issue can be and shall be couched as follows - Whether notwithstanding Exhibits P11 and D20, the appellant still needs to prove its incorporation status.

In other words, whether the appellant established its legal personality that it is a juristic person entitled to sue and be sued. There is no doubt that the issue of juristic personality of the parties before the Court goes to the competence of the action itself and that of the trial Court where the action originated.

The appellant had by its amended statement of claim averred that it is a company incorporated in Switzerland. In its amended statement of defence, the respondent denied and joined issue with the appellant on the fact of its being a Company incorporated with legal personality to institute the action. It averred as follows:
"The defendant specifically denies that the plaintiff is an incorporated company and further denies that any power of Attorney was duly executed by it in favour REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

39

of Mr. Nurudeen Adesanya to prosecute this action and therefore puts the plaintiff to strict proof of paragraph 1 of the statement of claim."

Both counsel to the parties addressed the trial Court which on this point came to the following conclusion:
"The issue was joined on that matter. The plaintiff proceeded to tender the Power of Attorney in evidence and it was admitted in evidence as Exhibit P11. In the Power of attorney, Exhibit P11, the plaintiff addressed itself as Reptico S.A. of Rue Robert-de-Trax 11 206 Geneva, Switzerland, which is, the Swiss system of saying that it is an incorporated Company Limited. Also, in the Power of Attorney, a Notary Public by name - Jean R. Christ stated thus -
"I Jean - Rodolphe Christ, Notary in Geneva hereby certify that the signature... is to my own personal knowledge the true signature of Mr. Albert Tam.., who signed this document and having legal capacity to grant this Power of Attorney on behalf of Reptico S.A. Limited Company in Geneva-a member of the Board of Directors."

Exhibit D20 is a form which the defendant claimed to have filled. In there, the defendant referred to the plaintiff as Reptico S.A. as the name of the

exporter/supplier. This is another way of saying that
the plaintiff is an incorporated company.
Having themselves described the plaintiff company
as a limited liability company; it is no longer
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
40

available to the defendant to assert that the plaintiff
is not an incorporated company.

In the light of the above, I am satisfied that there is
evidence that the plaintiff is an incorporated
company in Geneva Switzerland. That naturally takes
me to the issue of whether the Power of Attorney in
this case is relevant. There is no doubt that for
purposes of enabling a foreign company to sue and
be sued in Nigeria, no power of Attorney is necessary
and because a foreign company incorporated outside
Nigeria can sue in its registered name, such company
needs power of Attorney to enable someone else to
sue for it or on its behalf."

The Court below however, on this issue of legal
personality of the appellant to institute the action
had stated thus:
"With respect to the learned trial Judge, I think that
he did not fully appreciate the importance of being an
incorporated body to enable a person bring an action
in Court. If indeed the plaintiff company was not an
incorporated body, it would not have a capacity to
initiate an action in Court. It would not be able to
accept juridical obligation as it is not a juristic
person."

As shown earlier, the respondent had challenged the
capacity of the appellant to sue as it did before the
trial Court. It was overruled. The appellant relied on
Exhibits P11 and D20. There is no doubt that none of

the said documents is a Certificate of Incorporation by which the appellant was incorporated and came into being to become an artificial person.

Generally, the law recognizes two categories of
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
41

---

persons who can sue and be sued in Court. They are natural persons, with life, mind, brain and physical body and other artificial persons or institutions having juristic personality. See; **_Attorney General of Federation v. All Nigeria Peoples Party & Ors_** (2003) 12 SCM 1 at 12; (2003) 18 NWLR (Pt.851) 182; (2003) 12 SC (Pt. 11) 146.

In **_Alhaji Afia Trading & Transport Company Ltd. v. Vesitas Insurance Company Ltd._** (1986) 4 NWLR (Pt.38) 802, the Court held that a party who should commence action in Court must be a person known to law, that is, a legal Person.

In other words, no action can be brought by or against any party other than a natural person or body of persons, unless such a party has been given by statute, expressly or impliedly either (a) a legal personality under the name by which it sues or is sued or (b) a right to sue or be sued by that name. See; **_Knight and Searle v. Dove_** (1964) 2 All ER 307, **_Admin Estate of Gen. Sanni Abacha v. Eke-Spiff & Ors_** (2009) 3 SCM 1; (2009) NWLR (Pt.1139) 92.

The appellant herein, no doubt is not a natural person He claimed to have acquired the status by which it instituted the action having been incorporated in Switzerland, as a limited liability company hence, the name "Reptico S. A., Geneva." It is therefore an artificial person generally referred to as a corporation. See; **_Carlen (Nig) Ltd v. University of Jos & Anor_** (1994) 1 NWLR (Pt.323) 631.

There is no doubt and it is a fundamental procedural
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
42

---

requirement that when issues are joined by parties in the pleadings, evidence is required to prove them as averred. It is the person upon whom the burden of establishing that issue lies that must adduce satisfactory evidence. It therefore necessarily follows that when there is no such evidence, the issue, must be resolved against him and the consequences of that are as decisive of the case presented as the materiality of that issue. Generally, the nature of the evidence that will suffice, as to whether in oral or documentary, may well depend on the issue in question and the requirement of the law. See; ***African Continental Bank Plc. & Anor v. Emostrade Limited*** (2002) 7 SCM 17 (2002) 8 NWLR 503.


It is trite law that whatever fact is admitted needs no further proof. It is deemed established. See; ***Mozie & Ors v. Mbamalu, & Ors*** 1 (2006) 12 SCM (Pt.1) 306 at 317, ***Olubode v. Oyesina*** (1977) 5 SC 79 ***Balogun v. Labiran*** (1988) 3 NWLR (Pt.80) 66.

But in the instant case there was no proof that the respondent admitted expressly or impliedly that the appellant was an incorporated company, hence the denial in the averments in its pleadings, that is, the statement of defence, by which issue was joined requiring proof of the fact by the appellant who asserted that it is an incorporated company. In the instant case, what was required to be proved as to the juristic personality of the appellant was whether there was evidence that it was duly incorporated.


As earlier stated in this judgment, the appellant had

averred that it was incorporated as a limited liability
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
43

company in Switzerland. This fact and assertion was
challenged and vigorously contested by the
respondent. Issue was therefore joined on the
matter requiring the appellant to prove satisfactorily
by admissible documentary evidence that it was
indeed incorporated.

In an attempt to prove its incorporation, the
appellant relied on Exhibit P11, the Power of
Attorney it produced and tendered, and Exhibit D20,
a Form claimed to have been filled by the respondent
where it described the appellant by the name by
which it sued - Reptico S.A. Geneva.

Interestingly, the trial Court accepted and relied on
these documents to establish that the appellant
proved that it is an incorporated company in
Switzerland, in particular, by what the learned trial
Judge called an admission by the respondent. This,
with respect, was to say the least, a misconception
of the fundamental procedural requirement. There is
no statement of admission in any document prior to
litigation by a defendant that can confer the required
legal personality on a party when issue has been
joined on the matter.

There is nothing in Exhibits P11 and D20 to take
place of a certificate of Incorporation.

In **A.C.B. & Anor Vs. Emostrade Ltd** . (Supra) a
case whose facts are similar, this Court posed the

following question:

**"..would it not have been a more positive approach to tender the Certificate of Incorporation at the trial.? I think so, since the respondent pleaded that it was**

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

44

---

**incorporated as a limited liability company and the appellants categorically denied this. The certificate should have been produced by the respondent rather than what looks like the pranks played about its status because it is only by that certificate of incorporation its legal personality can be proved in the circumstance. That is firmly established by the authorities of this Court."**

This Court in the said case approved the position of salami, JCA (as he then was) in his dissenting judgment that "there was need for the plaintiff to produce the certificate of Incorporation, if it was duly incorporated as a limited liability company, and that nothing else would suffice". The learned justice was said to be absolutely right and I am in complete agreement with the position. No other document will satisfactorily establish the legal personality of an artificial person such as an incorporated liability company than its certificate of Incorporation.

It is interesting to note that Exhibit P11 was not tendered as evidence of incorporation of the appellant but only to certify that the person who signed the document - Power of Attorney, was a member of the Board of Directors and as such had the legal capacity to donate the Power of Attorney on behalf of the appellant. The Power of Attorney is not and cannot take the place of Certificate of Incorporation. No other evidence, either oral or documentary was adduced by the appellant at the trial Court to show any other way of proving that the appellant is an incorporated company in Switzerland

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

45

other than the name it calls itself.

In ***Bank of Baroda v. Iyalabani Company Limited*** (2002) 12 SCM 7, this Court opined as follows:

**"It is not sufficient for a plaintiff being a corporation or a defendant for that matter to establish its juristic personality by merely stating its name with the addition of "LIMITED" or "PLC". That status which it is claiming for itself has to be proved, except it is admitted by the opposing party, by tendering its certificate of incorporation or such other evidence as would prove its juristic personality."**

The appellant did not produce the evidence, or better still, the certificate of its incorporation in Switzerland where it claimed to have been incorporated and operating from.

In the ***Registered Trustees of Apostolic Church v. Attorney General Mid-Western State*** (1972) SC 247, there was some evidence of admission about the status of the apostolic church. But this Court observed as follows:

"We are in agreement with the learned trial Judge, that whatever may be the admission of the 3rd respondent of the status of the appellant, there is no evidence before the Court that the appellant (i.e. The Apostolic Church) was ever a corporate body. This could only be established as a matter of law by the production in evidence of the Certificate of Incorporation, admission inter parties notwithstanding."

In ***J.K. Randle v. Kwara Breweries Ltd.*** (1986) REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

46

6 SC 1 , this Court, per Bello, CJN stated as follows:
"In his pleadings, the appellant averred in paragraph

one of his statement of claim that the company was incorporated under the Companies Act, 1968 which averment was specifically denied in paragraph one of the respondent's Statement of defence. Before the trial, the appellant served a Notice on the respondent to produce the Certificate of Incorporation of the respondent but the respondent did not produce the Certificate. The matter appeared to end there for the appellant did not adduce any evidence of the Incorporation of the respondent, if any. At the hearing of the appeal before us, learned counsel for the appellant was candid in his submission. He said he assumed the respondent was incorporated and he did not adduce evidence of incorporation. In my considered opinion since the appellant as plaintiff failed to prove the very basis of the constitutional issue, which is the only ground of appeal before us, the appeal must be and is hereby dismissed."

In the same case, this Court, per Uwais, JSC (as he then was, later CJN) observed as follows:
"The appellant sued the respondent as a company incorporated under the Company Act, 1968. He failed to prove the incorporation by the production of the Certificate of Incorporation. As the averment in the statement of claim that the defendant was so incorporated was categorically denied by the respondent in its statement of defence, the failure to prove the incorporation was fatal to the appellant's case."

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
47

As the saying goes, "when you are in Rome, do as the Romans." In other words, when one is in another land other than land of origin, you play the game according to the rules of the land. On this land, Nigeria, the only acceptable and legally recognized way of establishing that a company is an incorporated limited liability company entitled to sue and be sued, in particular, when parties join issue on

the matter, is by producing in evidence the certificate of Incorporation. No other document will suffice. Indeed, there was no iota of evidence adduced by the appellant as to how the fact of incorporation of a company is established in Switzerland. The burden to prove the assertion that it is an incorporated company entitled to sue and be sued lies with the appellant. It is trite law that he who asserts must prove the assertion. See; ***Section 135 of Evidence Act***, ***Elias v. Omo-Bare*** (1982) 5 SC 2, ***Elias v. Disu*** (1962) 1 All NLR 214, Woluchem v. Gudi 1 (1981) 5 SC 291, ***Agala & Ors v. Egwere & Ors*** (2010) 5 SCM 22 at 37.

It has also been held that it is not enough to assume that because a company uses the name "Limited" on the writ of summons as plaintiff or in the transactions that led to litigation, that company must be a Limited Liability company entitled to sue. The company status must be proved especially where the plaintiff was dented to be a limited liability company at the time of the transaction. It must be proved but cannot be presumed. See; ***ACB & Anor v. Emostrade Ltd*** (Supra) per Kalgo, JSC at page 17 of SCM. REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC 48

It follows therefore that the appellant in the instant case failed to prove that it has a juristic personality that enables it to sue and be sued. This issue is resolved against the appellant as it did not establish its legal personality with Exhibits P11 and D20.

The appellant as plaintiff, not having been proved to be a legal entity or juristic person entitled to sue and be sued in law, does not exist, so to speak, in the eye of the law. As a result, the whole action in the trial Court is incompetent, to say the least, and I so hold. The appellant's case as constituted before the trial Court is hereby struck out as it was not shown or

proved to have been instituted by a person known to law. In the final analysis, the appeal could not be sustained as there is not a competent appellant.

Having resolved the issue of legal personality against the appellant, I consider it unnecessary to further consider other issues raised by the appellant. The appellant having been found to be incompetent to institute the action before the trial Court, no other issue can be predicated on the case. Failure to prove its incorporation has knocked the bottom out of the appellant's appeal rendering it lifeless and non-existent in the eye of the law, with no capacity to institute the action at the trial court in the first place. You cannot put something on nothing and expect it to stay. It will certainly fall. See; ***Macfoy v. U.A.C*** (1962) AC 152; or (1961) 3 All ER 1169.

Therefore, for the appellant's failure to establish its juristic personality, the appeal is liable to dismissal. Accordingly, it is dismissed.

Even though costs ordinarily follow events, I am not
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
49

---

inclined to award any cost. Accordingly, I make no order on costs.

**WALTER SAMUEL NKANU ONNOGHEN, J.S.C. :** This is an appeal against the judgment of the Court of Appeal Holden at Lagos in appeal no. CA/363/98 delivered on the 15th day of December, 1999 in which the Court allowed the appeal of the present respondent, set aside the judgment of the Lagos State High Court in suit no. LD/2171/91 delivered on the 6th day of October, 1995 in favour of the appellant who was the plaintiff before that Court.

The facts of the case have been exhaustively stated in the lead judgment of my learned brother, ARIWOOLA, JSC just delivered and with which I am in full agreement. I do not therefore deem it needful to reproduce the said facts herein except as may be needed in emphasizing the point being made or under consideration.

Learned senior counsel for appellant PROF. S. A. ADESANYA, SAN has submitted a total of six issues for the determination of the appeal, which are stated in the appellant brief filed on 10th December, 2002 as follows:-

"3.1 Whether it was proper for the Court of Appeal to make a case, which the appellant did not make or purport to make, as the plaintiff in the trial Court?

3.2 Whether the claim as formulated is statute barred?

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
50

3.3 Whether the Court of Appeal was right in holding that a (SWISS) foreign company must be proved as provided for by the Nigerian Companies Law and the decision of the Supreme Court in ***S.K. Randle v. Kwara Breweries Limited*** when both the companies and Allied Matters Act and the decision of the Supreme Court cited do not deal or purport to deal with a foreign company?

3.4 Whether the Court of Appeal was right in holding that what has been admitted should still be proved?

3.5 Whether the Court of Appeal was right by ignoring the law of nations which is part of Nigeria Law as out in ***Hutcheon v. Mannington*** that a statement of a Notary Public is given credit everywhere, when the said Court ignore a certification by a Notary Public in general contained in Exhibit 11 that the appellant is a Swiss incorporated company?

3.6 Whether the Court of Appeal was right in concluding that the appellant's case was "an attempt to avoid being confronted with the argument that

there was no contract between the plaintiff and the defendant that purported the lower Court to create a contract between the Swiss Volksbank and the defendant?"

I hold the view that some of the above issues could have come together such as issues 3, 4 and 5 as they deal with the issue of proof of legal personality
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
51

---

of a foreign company just as issues 1 and 6 deals with the creation of a case by the lower Court for the plaintiff/appellant contrary to the case set out in the pleadings (Statement of Claim).

In any event, issue nos. 2 and 3 ought to come first as they deal with the competence of the action, appellant and the Court to entertain same. In short, issues 2 and 3 raise the question of jurisdiction of the Court which issue is fundamental to adjudication.

Looking at the two issues i.e. issues 2 and 3, it is clear that the first one to be considered is issue no. 3 which deals with the question of the legal personality of appellant to institute the action in the first place. This is a primary issue as it affects the competence of the action and the Court in which it was instituted.

It is the contention of learned senior counsel for appellant that there was an admission by the respondent contained in **Exhibits P11** and **D20** to the effect that the plaintiff/appellant is a juristic person; that foreign companies need not prove their legal status by production and tendering of their Certificate of Incorporation in accordance with the provisions of the Companies and Allied Matter Act as the decision of this Court in ***J. K Randle v. Kwara State Breweries Ltd*** does not apply to proof of a foreign company etc.

From the pleadings of the parties, it is very clear that both parties joined issues on the legal personality of

appellant particularly as the respondent denied the
incorporation of appellant. The lower Courts agreed
that issues were clearly joined on the legal
personality of appellant.

It is settled law that where issues are so joined, it is
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
52

---

the duty of the plaintiff or the party that would fail if
no evidence is adduced/produced in proof of the
issue so joined, to adduce the needed evidence to
establish the fact in issue.

In the instant case, it was the duty of appellant to
establish by direct and material evidence the legal
personality of appellant.

It is not disputed that the appellant did not plead neither
did it tender its certificate of incorporation
as a limited liability company. The law is
settled that he who asserts must prove. In the
instant case, once issues had been joined on the
legal personality of appellant, it becomes the burden
of appellant to prove same. In the case of ***J. K
Randle v. Kwara State Breweries Ltd*** . this Court
stated clearly that where the issue is whether a
company is a limited liability or not, the evidence
needed to prove its incorporation is the certificate of
incorporation and nothing else. It is the contention of
learned counsel for the appellant that the said decision
does not apply to foreign companies. I do not agree.

Once a company sues or is sued in this country and
the issue arises as to its legal personality, it has to
be proved in accordance with our law, by the
production of the necessary document of
incorporation which may even be from the foreign
country concerned.

However, if there is any difference in the law relating to proof of legal personality or incorporation of a foreign company, that fact must be pleaded and evidence adduced at trial to establish same, else the laws of this country which is relevant to the issue

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

53

must apply. There should be no assumption or speculation at all on the matter.

In the instant case, the legal personality of appellant was not established by evidence neither was there any admission of that capacity by the respondent as held by the trial Court. It is in any event, a contradiction in terms to talk of admission when issues have been clearly joined in the pleadings. The issue of incorporation is so fundamental that only the production of a certificate of incorporation can satisfactorily prove the fact of incorporation of a company.

It is for the above reasons and the more detailed reasons contained in the lead judgment of my learned brother ARIWOOLA, JSC that I too strike out Suit no. LD/217/91 as being incompetent and dismiss the instant appeal.

I abide by other consequential orders made in the said lead judgment including the order as to costs.

Appeal dismissed

**MUHAMMAD SAIFULLAH MUNTAKA-COOMASSIE, J.S.C. :** I have had the privilege of reading before now the lead judgment just delivered by my learned brother Ariwoola JSC. I beg to adopt the reasons and conclusions relied upon by my learned brother Ariwoola JSC in dismissing the appeal as mine. I intend not to add anything. The judgment without doubt is comprehensive. I too dismiss this appeal.

**NWALI SYLVESTER NGWUTA, J.S.C. :** I had the privilege of reading in draft the lead judgment just

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC

54

delivered by My Lord, Ariwoola, JSC. I entirely agree with the reasoning and conclusion reached.

I wish to add an observation on the legal personality *vel non* of the appellant.

In paragraph 1 of the Amended Statement of Claim, the appellant pleaded that:
*"The plaintiff is a company incorporated in Switzerland with its office at 2 Rue Nobert traz, Geneva and engages in the sole, exportation and dealership in commodities including long grain per boiled rice..."* See page 46 of the record *.*

In paragraph 2 of the Amended Statement of Defence, the respondent, then defendant, pleaded:
*"The defendant specifically denies that the plaintiff is an incorporated company and further denies that any power of attorney was duly executed by it..."*
See page 142 of the record.

I do not share the views of the Learned Silk for the appellant that by mere writing the name of the appellant in Exhibits P11 and D20, the respondent admitted the alleged legal personality of the appellant. It is the name the appellant is known to the respondent and writing that name in any process in the suit does mean an admission that the appellant is what it claims it is. It means no more than the name by which the appellant is identified in the suit it filed.

Furthermore, the fact that ***J. K. Randle v. Kwara State Breweries Limited*** (1986) 6 SC 1 did not

REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
55

expressly exclude foreign companies in the mode of proof of incorporation does not imply that it is excluded from the requirement of proof by

production of the Company's Certificate of Incorporation. The production of Certificate of Incorporation is the accepted means of proof of corporate status of a body. See **Apostolic Church Ilesha v. A-G Mid-Western Nigeria** (1972) 4 SC 150 at 158-159.

In Saeby Jernstoberi Maskine fabric A/S v. Olaogun Enterprises Ltd (1999) 73 LRCN 3358 at 3381, the Court did not require proof of incorporation of the appellant by its certificate only because the Respondent admitted that the appellant is a limited liability company with its registered office in Copenhagen and not because the law relating to proof of incorporation of companies in Nigeria does not apply to the foreign company. There is no dichotomy in the application of the law on proof of incorporation of companies or incorporated bodies.

If the law in the foreign country where the appellant was allegedly incorporated accepts averment in an affidavit as proof of incorporation, that law will have to be pleaded and proved as an issue of fact. See **Section 68 (2) Evidence Act, 2011** ; *Abejide v.Ashir* (1967) NMLR p.365.

For the above and the fuller reasons in the lead judgment, I also dismiss the appellant's appeal for its failure to establish its juristic personality. Parties shall bear their respective costs.

**MUSA DATTIJO MUHAMMAD, J.S.C. :** I have read REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC 56

in draft the lead judgment of my learned brother Ariwoola JSC, with whose reasoning and conclusion I entirely agree that the appeal which lacks merit should be dismissed.

The facts of the case ave been fully reproduced in

the lead Judgment. It is pointless to further reproduce them here. I rely on those facts as captured in the lead judgment to state a few words of mine purely by way of emphasis.

The principle must outrightly be restated that parties to an action are always bound by their pleadings. Once parties by their pleadings have joined issue on a matter, evidence must be led, except the fact asserted by the one on the basis of which the Court will determine the controversy between the parties on the particular matter has been admitted by the other, to enable the Court make a decision on the point. Only evidence led in respect of pleaded facts count as the Courts, by the very principle, are only empowered to consider cases consequent upon parties pleadings. Evidence led in respect of facts not pleaded must be discountenanced by the Court as same goes to no issue. Again, the principle is that pleaded facts in respect of which evidence is not led by a party is deemed abandoned. See ***Arjay Ltd v. Ams Ltd* . (** 2003) 7 NWLR (pt 820) 577 SC and ***Okoebor v. Police Council*** (2003) 12 NWLR (Pt 834) 444 SC.

In the case at hand, the appellant as plaintiff pleads under paragraph 1 of its amended statement of claim dated 23rd March 1992 as follows:-
*"The plaintiff is a company incorporated in* REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
57

---

*Switzerland with its office at 1, Rue Robert traz, Geneva and engages in the sale, exportation and dealership in commodities including long groin per boiled rice and the plaintiff institutes this action by its attorney Mr. Nurudeen Adesanya of Unity House 37. Marina, Lagos. The Plaintiff will at the trial found upon the said power of attorney."*

The respondent pleads under paragraph 2 of the

amended statement of defence dated 13th April 1994
as follows:-
"The Defendant specifically denies that the Plaintiff is
an incorporated company and further denies that any
power of attorney was duly executed by it in favour
of Mr. Nurudeen Adesanya to prosecute this action
and therefore puts the Plaintiff to strict proof of
paragraph 1 of the statement of claim."

With issue having been so joined on that matter, the
trial Court on the issue so joined held at page 281 of
the record as follows:-
"Exhibit D20 is a form which the defendant claimed
to have filled. In there, the defendant referred to the
plaintiff as Reptico S.A. as the name of the
exporter/supplier. This is another way of saying that
the plaintiff is an incorporated company. Having
themselves described the plaintiff company as a
limited liability company; it is no longer available to
the defendant to assert that the plaintiff is not on
incorporated company.
In the light of the above, I am satisfied that there is
evidence that the plaintiff is an incorporated
company in Geneva Switzerland. That naturally takes
me to the issue of whether the power of Attorney in
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
58

this case is relevant. There is no doubt that for
purposes of enabling a foreign company to sue and
be sued in Nigeria, no power of Attorney is necessary
and because a foreign company incorporated outside
Nigeria can sue in its registered name, such company
needs power of Attorney to enable someone else to
sue for it or on its behalf."

The lower Court at page 393-394 of the record held
firstly thus:-
"With respect to the learned trial Judge, I think that
he did not fully appreciate the importance of being
an incorporated body to enable a person bring an
action in Court. If indeed the plaintiff company was

not an incorporated body, it would not have a capacity to initiate an action in Court. It would not be able to accept juridical obligations as it is not a juristic person.

The Court concluded at page 394-395 as follows:-
"I do not think that the lower Court was right in the approach which it adopted to the issue of the incorporation of the Plaintiff. It was too casual an approach for such a serious matter. The lower Court should have struck out the case of the Plaintiff. If, as argued by the Respondent's counsel in his brief before this Court that foreign law was a matter of evidence, then it was the plaintiff whose incorporation was challenged who should have called such evidence. As the plaintiff did not do so, it has itself only to blame for the serious lapse."

In *J.K. Randle v. Kwara Breweries Ltd* (1986) 6 SC 1 one of the cases the lower Court apositely relied upon to arrive at its foregoing decision on the REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
59

---

point, this Court per Bello CJN, as he then was, held thus:-
"In his pleading, the appellant averred in paragraph one of his statement of claim that the company was incorporated under the Companies Act, 1968 which averment was specifically denied in paragraph one of the respondent's statement of defence. Before the trial, the appellant served a Notice on the respondent to produce the Certificate of Incorporation of the respondent but the respondent did not produce the Certificate. The matter appeared to end there for the appellant did not adduce any evidence of the incorporation of the respondent, if any. At the hearing of the appeal before us, learned counsel for the appellant was candid in his submission. He said he assumed the respondent was incorporated and he did not adduce evidence of incorporation. In my considered opinion since the appellant as plaintiff

failed to prove the very basis of the constitutional
issue, which is the only ground of appeal before us,
the appeal must be and is hereby dismissed."

From the foregoing it is glaring that the lower Court's
finding in the point is unassailable. The trial Court
had exercised jurisdiction that it never had. The
lower Court should have struck out appellant's action
on that note. It is for this and the fuller reasons
contained in the lead judgment that I also dismiss
the appeal. I abide by the consequential orders made
in the lead judgment including those on costs.
REPTICO S. A. GENEVA V. AFRIBANK (NIG) PLC
60

---

**Appearances:**

Prof. S. A. Adesanya SAN., with G. O. Okusanya Esq. For
Appellant(s)

Chief Tunde Olojo, with Bode Omoboriowo, Esq. For Respondent(s)

# EXHIBIT 7

### IN THE PRESIDENTIAL ELECTION PETITION COURT
### HOLDEN AT ABUJA
### ON TUESDAY, THE 23RD DAY OF MAY, 2023
### BEFORE THEIR LORDSHIPS:

| | |
|---|---|
| HARUNA SIMON TSAMMANI | JUSTICE, COURT OF APPEAL |
| STEPHEN JONAH ADAH | JUSTICE, COURT OF APPEAL |
| MISITURA OMODERE BOLAJI-YUSUFF | JUSTICE, COURT OF APPEAL |
| BOLOUKUROMO MOSES UGO | JUSTICE, COURT OF APPEAL |
| ABBA BELLO MOHAMMED | JUSTICE, COURT OF APPEAL |

CA/PEPC/05/2023

BETWEEN

1.  ABUBAKAR ATIKU      ⌐ PETITIONERS

2.  PEOPLES DEMOCRATIC PARTY (PDP)    ⌐

AND

1.  INDEPENDENT NATIONAL ELECTORAL COMMISSION ⌐

2.  TINUBU BOLA AHMED      ⌐ RESPONDENTS

3.  ALL PROGRESSIVES CONGRESS (APC)

### TRIAL SCHEDULE
[Issued pursuant to Paragraph 18(10)]

A: __HEARING:__ [Pursuant to Paragraph 41(10)(e).

Start Date:   30th day of May, 2023.

1.  Petitioners' three weeks shall be from 30th of May, 2023 to the 20th of June, 2023.

24th/05/2023

CERTIFIED TRUE COPY

Afeng

SECRETARY
PRESIDENTIAL ELECTION PETITION
COURT 2023

PEPC/05/2023 – TRIAL SCHEDULE                 1

CERTIFIED TRUE COPY

2. 1st Respondent's 2 days shall be from 21st June, 2023 to the 23rd of June, 2023.

3. 2nd Respondent's 5 days shall be from 24th June, 2023 to the 29th of June, 2023.

4. 3rd Respondent's 5 days shall be from 30th June, 2023 to the 4th of July, 2023.

Close of Evidence shall be on 4th July, 2023.

B:   **ADDRESSES:** [Pursuant to Paragraph 46(10) – (13)].

1. Respondents' Address (10 days)      - 15th of July, 2023

2. Petitioners' Address (7 days)      - 24th July, 2023

3. Respondents' Reply (5 days)      - 29th July, 2023

4. Date for Adoption of Addresses      - 29th July, 2023.

C:   **JUDGMENT:**

Parties to be notified of the Judgment date.

DATED THIS 23RD DAY OF MAY, 2023

24th/05/2023

CERTIFIED TRUE COPY

SECRETARY
PRESIDENTIAL ELECTION PETITION
COURT 2023

J.J EKPEROBE Esq

------------------------
HON. JUSTICE H. S. TSAMMANI
JUSTICE, COURT OF APPEAL

I agree.

------------------------
HON. JUSTICE S. J. ADAH

I agree.

------------------------
HON. JUSTICE M. O. BOLAJI-YUSUFF

PEPC/05/2023 – TRIAL SCHEDULE

2

JUSTICE, COURT OF APPEAL
I agree.

HON. JUSTICE B. M. UGO
JUSTICE, COURT OF APPEAL

JUSTICE, COURT OF APPEAL
I agree.

HON. JUSTICE A. B. MOHAMMED
JUSTICE, COURT OF APPEAL

24th/05/2023

CERTIFIED TRUE COPY
...........................
SECRETARY
PRESIDENTIAL ELECTION PETITION
COURT 2023

J.J EKPEROBE Esq

# EXHIBIT 8

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, B

FILED
7/13/2023 5:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L006854
Calendar, B
23530217

**Subpoena in a Civil Matter (For Testimony and/or Documents)**     **(12/01/20) CCG 0106 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atiku Abukar
_____
                       Plaintiff/Petitioner

         v.

Chicago State University
_____
                       Defendant/Respondent

Case No.    2023L006854   _____

### SUBPOENA IN A CIVIL MATTER
### (For Testimony and/or Documents)

To:    Chicago State University, Admin Rm 128
       9501 South King Drive, Chicago IL 60628

1.   ☐   YOU ARE COMMANDED to appear to give your testimony before the

Honorable _____ in Room _____ ,

_____ , Illinois on _____

at _____ ○ AM ○ PM

2.   ☑   YOU ARE COMMANDED to appear and give your deposition testimony before a Notary Public

at:   Dechert LLP, 35 West Wacker Dr., Ste 3400, _____ in Room _____ ,

Chicago _____ , Illinois on   7/19/23

at _____ 9:00   ⦿ AM ○ PM

3.   YOU ARE COMMANDED to mail the following documents in your possession or control

to _____ at _____ ,

on or before _____ at _____ ○ AM ○ PM
(THIS IS FOR RECORDS ONLY. THERE WILL BE NO ORAL INTERROGATORIES.):

☐ Description continued on attached page(s).

**Your failure to respond to this subpoena will subject you to punishment for contempt of this Court.**

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

FILED DATE: 7/13/2023 5:09 PM    2023L006854

**Subpoena in a Civil Matter (For Testimony and/or Documents)**          **(12/01/20) CCG 0106 B**

Notice to Deponent:

1. ☑   The deponent is a public or private corporation, partnership, association, or governmental agency.  The matter(s) on which examination is requested are as follows:

   See Schedule A

   ☑   Description continued on attached page(s).
   (A nonparty organization has a duty to designate one or more officers, directors, or managing agents, or other persons to testify on its behalf, and may set forth, for each person designated, the matters on which that person will testify.  Ill. Sup. Ct. Rule 206.)

2. ☑   The deponent's testimony will be recorded by use of an audio-visual recording device, operated

   by _____ .
   (Name of Recording Device Operator)

3. No discovery deposition of any party or witnesses shall exceed three hours regardless of the number of parties involved in the case, except by stipulation of the parties or by order upon showing that good cause warrants a lengthier examination.  Ill. Sup. Ct. Rule 206(d).

⦿ Atty. No.:  6299353
○ Pro Se 99500

Name:  Angela M Liu
Atty. for (if applicable):

Issued by:  /s/ Angela M Liu
          Signature
   ⦿ Attorney   ○ Clerk of Court

Address:  35 West Wacker, Suite 3400

Date:  7/11/23

City:  Chicago

State:  IL    Zip:  60601

Telephone:  312-646-5816

Primary Email:  angela.liu@dechert.com

☑   I served this subpoena by mailing a copy, as required by Ill. Sup. Ct. Rules 11, 12 and 204(a) (2),

to  Chicago State University  by certified mail, return receipt requested

(Receipt #  7020 1290 0000 3113 9411 ) on  7/13/23 .  I paid the witness $  25.60  for witness and mileage fees.

☑   I served this subpoena by handing a copy to  Freda Richmond

on  7/12/23 .  I paid the witness $ _____ for witness and mileage fees.

/s/  See attached Affidavit                    Christopher Moore
   (Signature of Server)                         (Print Name)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 2

FILED DATE: 7/13/2023 5:09 PM   2023L006854

**SCHEDULE A**

**DEFINITIONS**

The following definitions and instructions apply to each of the Topics and are deemed incorporated therein:

1.  "And" and "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of these topics that might otherwise be construed to be outside their scope.

2.  "Any" and "all" shall be construed to mean "any and all."

3.  "Communication" shall mean any transfer of information of any type, written, oral, electronic, or otherwise.

4.  "Document" shall be interpreted in the broadest sense and includes, but is not limited to, all written, printed, photocopied, computer generated, or electronically transmitted materials, including e-mails, attachments to e-mails, voicemails, writings, publications, messages, communications, facsimiles, computer tapes, microfilm or microfiche, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained and translated if necessary, by You into reasonably useable and searchable form, including information in native format. A draft or non-identical copy is considered a separate document. The term "document" includes generally any kind of document that is now, or formerly was, in Your possession, custody or control, or that was known to You to exist, or that You can locate or discover by reasonably diligent efforts.

5.  "Including" shall mean including but not limited to.

6.  "Tinubu" shall mean Bola Ahmed Tinubu, date of birth alleged to be 03/29/1952 and Social Security No. appearing in publicly filed documents as 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 or 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.

FILED DATE: 7/13/2023 5:09 PM   2023L006854

7. "Date" means the exact day, month and year if ascertainable, or if not, the best approximation (including relationship to other events).

8. "Refer," "relate to," "regard," "arising out of," "concerning," "reflecting," "addressing," and their cognates shall be understood in their broadest sense, and include, in each instance, identifying, evidencing, summarizing, commenting upon, referring to, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, supporting, negating, contradicting, manifesting, containing, constituting, comprising, or resulting from the subject matter identified.

9. "Policy" or "Policies" means policies, procedures, practices, guidelines, protocols, programs, or systems.

10. "University" shall mean the Chicago State University, and any of its directors, members, managers, employees, representatives, agents, attorneys, consultants, or anyone acting on behalf of any of the foregoing persons.

11. "You" or "Your" shall mean the University.

## **TOPICS**

1. Tinubu's application for admission to the University.

2. The University's acceptance of Tinubu as a student at the University.

3. Dates of attendance by Tinubu at the University as a student of the University.

4. Degrees, including awards and honors, attained by Tinubu from the University.

5. Courses taken by Tinubu at the University.

6. Location of University files relating to Tinubu.

7. Communications between the University and Tinubu or his representative inquiring about his attendance at the University.

FILED DATE: 7/13/2023 5:09 PM   2023L006854

8. The University's responses and other requests concerning Tinubu's records from the University.

9. The University's policies and practices regarding records requests.