# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| In re Application of<br>ATIKU ABUBAKAR | )<br>)<br>) | Civil Action No.   23-cv-5099 |
| For an Order Directing Discovery from<br>CHICAGO STATE UNIVERSITY<br>Pursuant to 28 U.S.C. § 1782 | )<br>)<br>)<br>) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Chicago State University, Admin. Room 128
9501 South King Drive, Chicago, Illinois 60628

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached.

| Place: DECHERT LLP<br>     35 West Wacker Drive, Suite 3400<br>     Chicago, Illinois 60601 | Date and Time:<br><br>     09/15/2023 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/06/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | */s/ Angela Liu*<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Atiku Abubakar
_____ , who issues or requests this subpoena, are:

Angela Liu; 35 West Wacker Dr., Suite 3400, Chicago, Illinois 60601; angela.liu@dechert.com; (312) 646-5800

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-5099

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### I.    DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in these Requests, the words and terms set forth below shall be defined as follows:

1.    "All" shall be understood to encompass the terms "all," "any," and "each."

2.    "All documents" shall be understood to encompass every document, whether an original or copy.

3.    "And" and "or" shall be understood conjunctively or disjunctively as necessary to bring within the scope of these Requests all information, documents, things, or communications that might otherwise be construed to be outside of their scope.

4.    "Applicant" means Atiku Abubakar.

5.    "Communications" shall be construed in the broadest sense to include any oral or written transmittal of information, facts, opinions, ideas, or thoughts between persons including, but not limited to, by means of Documents, and includes the transfer of data from one location to another by electronic or similar means.   Communications" include, but are not limited to: dialogues, colloquies, discussions, or conversations via telephone, video conference, or in-person meeting; text messages; instant or social media messages; e-mails; and calendar invitations.

6.    "CSU" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives, or any other individual or entity acting for its benefit or on its behalf.

7.    "Documents" is synonymous to and coextensive with its meaning in Federal Rule of Civil Procedure 34.  "Documents" shall include, but are not limited to: all objects, tangible or intangible, from which information may be derived, however reproduced, including any recording

in any tangible form of any information, whether handwritten, typed, printed, stored electronically on computer disks, tapes, or databases, or otherwise stored or reproduced. Further, "documents" includes, but is not limited to: books, pamphlets, periodicals, letters, reports, memoranda, drafts, handwritten notes, notations, messages, e-mails, text messages, facsimiles, voicemails, records, videotapes, studies, analyses, summaries, bulletins, instructions, minutes, photographs, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indices, tapes, correspondence, agreements, trip reports, releases, estimates, opinions, electronic or other video and/or audio recordings of any kind, transcriptions, or any and all other written, printed, typed, taped, filmed, or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed.

8.      "Including" and "including, but not limited to" are intended to illustrate the kind of information responsive to each Request herein. Such examples are not exhaustive of the information sought and shall not be read to limit the scope of the Requests.

9.      "Mr. Tinubu" means Bola Ahmed Tinubu and any of his agents, attorneys, representatives, or any other individual or entity acting on his behalf.

10.      "Referring," "relate to," "related to," and "relating to" shall be construed in their broadest possible sense, and include, but are not limited to: referring to, reflecting, memorializing, comprising, constituting, containing, creating, bearing upon, identifying, supporting, showing, contradicting, defining, discussing, describing, evidencing, setting forth, underlying, commenting

upon, forming the basis of, analyzing, deriving or arising from, or mentioning in any way the pertinent subject matter.

11.     "You" and "Your" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives or any other individual or entity acting for its benefit or on its behalf.

12.     The use of the singular form of any term shall be construed to include its plural, and vice versa.

13.     The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

14.     To the extent these Requests use a term that is defined by the Federal Rules of Civil Procedure, the term is to be construed in accordance with its definition under the Federal Rules of Civil Procedure and/or applicable law, unless the term is defined more broadly herein.

## II.   INSTRUCTIONS

1.      In accordance with Federal Rules of Civil Procedure 26 and 45, You shall produce all responsive Documents in Your possession, custody, or control, as they are kept in the usual course of business including, but not limited to, all Documents within the possession, custody, or control of Your attorneys and investigators for Your attorneys, or anyone else employed on Your behalf.

2.      You shall organize and label them to correspond with the categories of the following Requests.

3.      A request for any Document shall be deemed to include a request for any and all drafts thereof, and all revisions thereto, in addition to the Document itself.

4. All discovery requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, any relevant orders of this Court, and any stipulation agreed upon by the parties.

5. All copies of Documents which are not identical duplicates of the originals, such as where handwritten notes appear on them or are attached to them, are to be considered separate Documents and must be produced.

6. If You withhold any Documents on the basis of any claim of privilege, You must identify the following: the privilege or immunity from discovery You are asserting; the circumstances that give rise to the privilege or immunity; the person or persons who prepared, authored, or executed the Document; the person or persons to whom the Document or copy thereof was sent or by whom it was received; the date on which the Document was prepared, sent, or received; the person or persons to whom the information has otherwise been communicated and the dates of the communications; the subject matter of the Document; and the nature of the Document (e.g., letter, e-mail, etc.).

7. Electronically-stored documents must be produced either in their native format with all associated metadata, or as .tiff or .pdf image files along with a load file containing all associated metadata. Notwithstanding the foregoing, Excel spreadsheets must be produced in their native format with all associated metadata. Additionally, all other file types must also be produced in their native format with all associated metadata when reasonably necessary to enable the records to be reviewed. Electronically-stored documents must be produced in a manner that indicates the original filename, location (*e.g.*, pathname), and custodian of the document.

8. If the electronically-stored documents are text-searchable in their native format, then any production as .pdf image files must be in the form of text-searchable .pdf files, and any

production as .tiff image files must be accompanied by load files that contain the extracted text that is searchable and that indicates the document breaks.

9.     You are not obligated to convert a document that is not searchable in its native format to a searchable format before producing the document.  However, to the extent that you convert otherwise non-searchable documents into a searchable format for use in a litigation document management system, you must produce the text-searchable versions of such documents.

10.     If You are unable to answer or respond fully to any Document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full.

## III.     DOCUMENT REQUESTS

**Request No. 1.**

A true and correct copy of any diploma for a Bachelor of Science degree issued by CSU in 1979.

**Request No. 2.**

A true and correct copy of any diploma issued by CSU in 1979 to Mr. Tinubu.

**Request No. 3.**

True and correct copies of any diplomas issued by CSU (other than to Mr. Tinubu) that contain the same font, seal, signatures, and wording (other than the name of the recipient and the specific degree awarded) as contained in Exhibit C to the First Liu Declaration, which purports to be a CSU diploma issued to Mr. Tinubu on or about June 22, 1979.

**Request No. 4.**

True and correct copies of any CSU documents relating to Mr. Tinubu that were certified by Jamar C. Orr, Esq., including, without limitation, the documents in Exhibit R to the Second Liu

Declaration, and all Communications to or from CSU concerning the certification of such documents by Jamar C. Orr, Esq., during the period August 1, 2022 to August 1, 2023.