# EXHIBIT 4

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In re Application of<br>ATIKU ABUBAKAR<br><br>For an Order Directing Discovery from<br>CHICAGO STATE UNIVERSITY<br>Pursuant to 28 U.S.C. § 1782 | )<br>)<br>) Civil Action No. 23-cv-05099<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Chicago State University, Admin. Room 128
9501 South King Drive, Chicago, Illinois 60628

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: DECHERT LLP<br>35 West Wacker Drive, Suite 3400<br>Chicago, Illinois 60601 | Date and Time:<br>09/18/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: In-person

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/06/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | */s/ Angela Liu* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Atiku Abubakar , who issues or requests this subpoena, are:

Angela Liu; 35 West Wacker Dr., Suite 3400, Chicago, Illinois 60601; angela.liu@dechert.com; (312) 646-5800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-05099

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

I. **DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the words and terms set forth below shall be defined as follows:

1. "Applicant" means Atiku Abubakar.

2. "CSU" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives or any other individual or entity acting for its benefit or on its behalf.

3. "Documents" is synonymous to and coextensive with its meaning in Federal Rule of Civil Procedure 34. "Documents" shall include, but are not limited to: all objects, tangible or intangible, from which information may be derived, however reproduced, including any recording in any tangible form of any information, whether handwritten, typed, printed, stored electronically on computer disks, tapes, or databases, or otherwise stored or reproduced. Further, "documents" includes, but is not limited to: books, pamphlets, periodicals, letters, reports, memoranda, drafts, handwritten notes, notations, messages, e-mails, text messages, facsimiles, voicemails, records, videotapes, studies, analyses, summaries, bulletins, instructions, minutes, photographs, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indices, tapes, correspondence, agreements, trip reports, releases, estimates, opinions, electronic or other video and/or audio recordings of any kind, transcriptions, or any and all other written, printed, typed, taped, filmed, or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and

enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed.

4. "Including" and "including, but not limited to" are intended to illustrate the kind of information responsive to each Request herein. Such examples are not exhaustive of the information sought and shall not be read to limit the scope of the Requests.

5. "June 22, 1979 Diploma" means the diploma dated June 22, 1979 purporting to grant Mr. Tinubu the degree of Bachelor of Science from CSU.

6. "June 27, 1979 Diploma" means the diploma dated June 27, 1979 purporting to grant Mr. Tinubu the degree of Bachelor of Science from CSU.

7. "Mr. Tinubu" means Bola Ahmed Tinubu and any of his agents, attorneys, representatives, or any other individual or entity acting on his behalf.

8. ""Referring," "relate to," "related to," and "relating to" shall be construed in their broadest possible sense, and include, but are not limited to: referring to, reflecting, memorializing, comprising, constituting, containing, creating, bearing upon, identifying, supporting, showing, contradicting, defining, discussing, describing, evidencing, setting forth, underlying, commenting upon, forming the basis of, analyzing, deriving or arising from, or mentioning in any way the pertinent subject matter.

9. The "Requests" means the document requests in Attachment A of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served to You by Applicant, referred to and attached as Exhibit 3.

10. "You" and "Your" refers to Chicago State University and any of its current or former agents, employees, attorneys, representatives or any other individual or entity acting for its benefit or on its behalf.

11. The "Westberg Affidavit" means the Affidavit of Caleb Westberg, Dkt. 21-1, attached to the Response by Intervenor Bola Tinubu to the Application Under 28 U.S.C. § 1782.

12. The use of the singular form of any term shall be construed to include its plural, and vice versa.

13. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing the tense.

14. To the extent these Topics use a term that is defined by the Federal Rules of Civil Procedure, the term is to be construed in accordance with its definition under the Federal Rules of Civil Procedure and/or applicable law, unless the term is defined more broadly herein.

II. INSTRUCTIONS

15. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, You are directed to designate one or more of Your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

16. No fewer than five (5) days prior to the date of the deposition, Applicant requests that You identify, in writing, the person(s) designated to testify on Your behalf, the job title of such person(s), and the topic(s) on which each such person(s) will testify.

17. Your answers to the Topics shall be in accordance with the Federal Rules of Civil Procedure and/or applicable law and the Local Rules of the United States District Court for the Northern District of Illinois.

III. TOPICS

Counsel for Applicant Abubakar intends to ask questions of You or Your designated representative on the following Topics:

3

**Topic No. 1.**

The authenticity of each of the Documents produced by CSU in response to the Requests, including how and where CSU located each such Document.

**Topic No. 2.**

CSU's position on the authenticity of each of the eight (8) Documents purporting to have been issued by CSU that are included in the exhibits to the Complaint in *Enahoro-Ebah v. Tinubu*, First Liu Declaration, Ex. A (attached hereto for ease of reference), and, if CSU's position is that each of the 8 documents is authentic, the basis for that position. This topic includes CSU's position on whether the two documents purporting to be CSU diplomas issued to Tinubu dated, respectively, June 22, 1979, and June 29, 1979, are both authentic diplomas issued by CSU, and, if so, CSU's explanation for the differences between the documents.

**Topic No. 3.**

The contents of the Westberg Affidavit, including factual basis for each assertion made therein.

**Topic No. 4.**

CSU's position on the authenticity of the letter from Mr. Caleb Westberg's letter on CSU letterhead, dated June 26, 2022, addressed "To whom it may concern," Second Liu Declaration Ex. R, and if CSU's position is that that letter is authentic, the reasons that Mr. Westberg (or anyone else at CSU) prepared the letter, including who requested its preparation and to whom it was provided.

**Topic No. 5.**

CSU's position on the authenticity of the documents "certified" by Jamar C. Orr as Associate General Counsel, and submitted in the Nigerian proceedings, including the documents included in Exhibit D to the Uwais Declaration, and if CSU's position is that these documents are

authentic, the reasons that Mr. Orr certified the documents, whether he was authorized by CSU to do so, who requested the documents to be "certified," and to whom the "certified" documents were provided.

# EXHIBIT A

# Chicago State University

On the recommendation of the faculty of the

### College of Business

and under the authority of the Board of Trustees of Chicago State University has conferred upon

### Bola A. Tinubu

the degree of

### Bachelor of Science

Business and Administration

**With Honors**

with all the rights, honors, and privileges pertaining thereto.

In testimony whereof the undersigned officers of Chicago State University have affixed their signatures together with the Seal of the University in witness thereof this Diploma is granted this twenty-second day of June, A.D. 1979.

*For the Board of Trustees*
Chairman of the Board

*For the University*
President

Hubert A. Conley
Rector

INEC
2023 GENERAL ELECTION
RECIEVED
DATE 17/6/22
SIGN

HIGH COURT OF FCT
CTC
NAME ____
RANK ____
SIGN ____
DATE ____



# CHICAGO STATE UNIVERSITY

September 22, 2022

To Matthew J. Kowals:

Please be advised that Bola A. Tinubu attended Chicago State University from August 1977 - June 1979. He was awarded a Bachelor of Science degree in Business Administration with Honors on June 22, 1979.

The enclosed documentation is all the records we have for Bola A. Tinubu. We do not have a record of any documentation for a: passport, visa, social security card, or driver's license. Additionally, we do not have a record of how tuition was paid during his time of attendance.

Respectfully,

Caleb Westberg
Registrar
Office of Records and Registration
9501 South King Drive - ADM 128
Chicago, IL 60628
773-995-2517 (phone)
773-995-3618 (fax)
CSU-Registrar@csu.edu

9501 S. King Drive
Chicago, IL 60628
773.995.2000

csu.edu

# Chicago State University

On the recommendation of the faculty of the
College of Business
and under the authority of the Board of Trustees, Chicago State University has conferred upon

## Bola A. Tinubu

the degree of

### Bachelor of Science
Business and Administration
With Honors

with all the rights, honors and privileges pertaining thereto.

In testimony whereof, the undersigned officers of Chicago State University have affixed their signatures together with the seal of the University. In witness thereof, this diploma is granted this twenty-seventh day of June, A.D. 1979.

Nim Subin, M.D.
Chairperson, Board of Trustees

Elnora D. Daniel
President of the University





HIGH COURT OF FCT
CTC
NAME _____
RANK _____
SIGN _____
DATE _____

Case 1:23-cv-05099 Document #:23-2 Filed: 09/08/23 Page 14 of 19 PageID #:872



# ChicagoStateUniversity—Academic Record

OFFICE OF THE REGISTRAR
95TH ST. AT KING DRIVE
CHICAGO, ILLINOIS 60628-1598
BOLA A TINUBU
205
7424 SOUTH SHORE DR
CHICAGO          IL 60649

9900    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

DATE OF BIRTH - 03/29/54
ILL ST & US CONSTITUTION
REQUIREMENT MET: YES

PAGE  1         01/30/97

| COURSE/NUMBER | COURSE TITLE | CR. HRS. | GRADE |
|---|---|---|---|
| TOT TRN CR ACC 027.00 SH | | | |
| | FALL 77 | | |
| TERM EARNED 27.00 GDPT 0.0 GPA 0.00 | | | |
| CSU  EARNED  0.00 GDPT 0.0 GPA 0.00 | | | |
| CUM  EARNED 27.00 GDPT 0.0 GPA 0.00 | | | |
| SOUTHWEST 76-77 027.00 SH | | | |
| | FALL 77 | | |
| ECON 102 | PRIN OF ECON II | 3 | A |
| HIST 131 | US HIST SINCE 1877 | 3 | B |
| MATH 151 | PRE-CALCULUS I | 3 | A |
| ACCT 212 | COST ACCOUNTING | 3 | A |
| ACCT 292 | BUSINESS LAW II | 3 | A |
| TERM EARNED 15.00 GDPT 57.0 GPA 3.80 | | | |
| CSU  EARNED 15.00 GDPT 57.0 GPA 3.80 | | | |
| CUM  EARNED 42.00 GDPT 57.0 GPA 3.80 | | | |
| | WINTER 78 | | |
| MATH 152 | PRE-CALCULUS II | 3 | B |
| ACCT 213 | INTERMED ACCT I | 3 | A |
| ACCT 291 | BUSINESS LAW I | 3 | A |
| FIN  265 | FINANCIAL MANAGEMENT | 3 | A |
| INSY 136 | INT COMPUTER INF SYS | 3 | A |
| MKTG 275 | MARKET MANAGEMENT | 3 | A |
| TERM EARNED 18.00 GDPT 69.0 GPA 3.83 | | | |
| CSU  EARNED 33.00 GDPT 126.0 GPA 3.82 | | | |
| CUM  EARNED 60.00 GDPT 126.0 GPA 3.82 | | | |
| | SPRING 78 | | |
| ART  130 | PHOTOGRAPHY I | 3 | B |
| ACCT 214 | INTERMED ACCT II | 3 | C* |
| MGMT 250 | MANAGE OF ORGANIZATN | 3 | A |
| TERM EARNED 6.00 GDPT 21.0 GPA 3.50 | | | |
| CSU  EARNED 39.00 GDPT 147.0 GPA 3.77 | | | |
| CUM  EARNED 66.00 GDPT 147.0 GPA 3.77 | | | |
| | SUMMER 78 | | |
| PSYC 263 | SOCIAL PSYCHOLOGY | 3 | A |
| ACCT 214 | INTERMED ACCT II | 3 | B |
| ACCT 315 | ADVANCED ACCOUNTING | 3 | B |
| MGMT 104 | PROB ANAL/DECIS MAKE | 3 | A |
| TERM EARNED 12.00 GDPT 42.0 GPA 3.50 | | | |
| CSU  EARNED 51.00 GDPT 189.0 GPA 3.71 | | | |
| CUM  EARNED 78.00 GDPT 189.0 GPA 3.71 | | | |
| ACCT 214 REG 78S REPEATED 78T | | | |

| COURSE/NUMBER | COURSE TITLE | CR. HRS. | GRADE |
|---|---|---|---|
| | FALL 78 | | |
| ECON 206 | PRICE & ALLOC THEORY | 3 | B |
| ENG  127 | COMPOSITION I | 3 | C |
| MATH 214 | INTRO TO FINITE MATH | 3 | B |
| ACCT 316 | ACC STANDARD AC/PROF | 3 | C |
| ACCT 317 | AUDITING | 3 | W |
| MGMT 209 | SMALL BUS MGMT | 3 | A |
| TERM EARNED 15.00 GDPT 42.0 GPA 2.80 | | | |
| CSU  EARNED 66.00 GDPT 231.0 GPA 3.50 | | | |
| CUM  EARNED 93.00 GDPT 231.0 GPA 3.50 | | | |
| | WINTER 79 | | |
| ECON 230 | QUAN ANALYS BUS/EC | 3 | A |
| ENG  128 | COMPOSITION II | 3 | B |
| ACCT 293 | FEDERAL INCOME TAX | 3 | A |
| ACCT 317 | AUDITING | 3 | A |
| ACCT 325 | INT AUDITING | 3 | A |
| INSY 226 | DECISION ANAL | 3 | A |
| TERM EARNED 18.00 GDPT 69.0 GPA 3.83 | | | |
| CSU  EARNED 84.00 GDPT 300.0 GPA 3.57 | | | |
| CUM  EARNED 111.00 GDPT 300.0 GPA 3.57 | | | |
| | SPRING 79 | | |
| ENG  279 | BUSINESS WRITING | 3 | B |
| MATH 209 | BASIC CALCULUS | 3 | B |
| POL  321 | PRIN PUBLIC ADMIN | 3 | B |
| ACCT 394 | ADV FED INCOME TAX | 3 | W |
| P E  117 | TENNIS | 1 | W |
| TERM EARNED 9.00 GDPT 27.0 GPA 3.00 | | | |
| CSU  EARNED 93.00 GDPT 327.0 GPA 3.52 | | | |
| CUM  EARNED 120.00 GDPT 327.0 GPA 3.52 | | | |
| DEGREE REQUIREMENTS COMPLETED WITH HONORS | | | |
| DATE:  JUNE 22 1979 | | | |
| DEGREE: BACH OF SCI IN BUS&ADM | | | |
| MAJOR:  ACCOUNTING | | | |
| CURRICULUM: BUSINESS & ADMIN | | | |
| BSBA0679 | | | |

**EXHIBIT B**

**CHICAGO STATE UNIVERSITY**
THIS RECORD IS NOT OFFICIAL UNLESS IT BEARS A SIGNATURE AND SEAL OF THE UNIVERSITY

In accordance with the Family Educational Rights and Privacy Act of 1974, information from this transcript may not be released to a third party without written consent of the student.

Explanatory legend and authenticity confirmation information on back.

HIGH COURT OF FCT
CTC
NAME _____
RANK _____
SIGN _____
DATE _____ 10/11/22

EX 10

TINUBU, BOLA A.
7345 S. Shore Dr. — APT. 304
CHGO, IL. 60649  Soc. Sec. No. 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  Term 9-77T  Major ACCOUNTING  Admin No. 752-0810

**FORMER NAMES**

_____

**ADMISSIONS DATA**

ACT / / / /   Comp. Score _____   High School _____
SAT _____   GED _____   6th _____
D H N K ? ? ?                     RANK 7th _____
                                        8th _____

Number of Semester Hours Attempted  30
                                    27   GPA  3.0   Admitted 2-26-77  ?

Comments: _Picked up late — 9-2-77 MM_   Rejected _____
                                        (date) _____ (Initials)

Readmission Data

Signed _____   Date _____
Signed _____   Date _____

Chicago State University
Division of Student Affairs
Office of Admissions and Career Planning

|  | By | Date |  | By | Date |
|---|---|---|---|---|---|
| Not Received |  |  | Received |  |  |
|  |  |  | Control Card Folder Code 9-77T |  |  |
|  |  |  | ReSEARCH |  |  |
|  |  |  | High School Transcript SOUTHWEST | A 2 8-4-y | 5/25 |
|  |  |  | College Transcripts _displacement_ | 115 |  |
|  |  |  | Medical Discharge Papers |  |  |
|  |  |  | G.P.A. Evaluation | ? | 5/31/? |
|  |  |  | ACK Letter |  |  |
|  |  |  | ASR Letter |  |  |
|  |  |  | ACC Letter ✓ |  |  |

Registration; Sept 8, Thurs.
12:30 PM

HIGH COURT OF FCT
CTC
NAME _____
RANK _____
SIGN _____
DATE 10/11/22

CHICAGO STATE UNIVERSITY
UNDERGRADUATE ADMISSIONS APPLICATION

9/77 T

TINUBU     BOLA    A

(U.S. citizen)

SEX: MALE X

7345 S. Smrt Drive   Apt
CHICAGO   COOK   IL

(Accounting)   (Business ADM)   (23)

O   77   02

Wash, D.C.

01

HIGH COURT OF FCT
CTC
NAME
RANK
SIGN
DATE

| High School graduated (will graduate) from | | | | City or Town | | | |
|---|---|---|---|---|---|---|---|
| (A320) Gov. College Lagos | | | | (A340) Lagos Nigeria | | | |
| State | Graduation Date (USE NUMBERS) | | | | Dates of Attendance (USE NUMBERS) | | |
| | | Month | Year | | Month Year | | Month Year |
| (A360) | (A362) | 05 | 70 | | 9 6 8 | | 05 70 |

Name all colleges attended (including this University)

| Name (in chronological order) | City | State (or Country) | Dates of Attendance | | Degree conferred | |
| | | | From Month Year | To Month Year | | Code No |
|---|---|---|---|---|---|---|
| (A520) | (A540) | (A560) | (A565) | (A568) | | |
| Southern Illinois Central | Chicago | Ill | 9 72 | Aug 77 | 30 | 001649 |

### CERTIFICATION

This certification must be signed and dated before action can be taken on this application. I understand that withholding information requested on this application or giving false information may make me ineligible for admission to the University or subject to dismissal. I certify that the statements I have made on this application are correct and complete.

Signed _____ Date _____

Your response to the following is voluntary. The information is requested so that the University can demonstrate its compliance with Federal Regulations (CHECK ONE BOX)

American Indian or Alaskan Native [ ]   Black American [X]   Caucasian American [ ]
Oriental American [ ]   Spanish Surnamed American [ ]   Other Explain [ ]

Receipt No. 64069

CSU
CHICAGO STATE
AUG 0   '77

PAID
Rec'd By _____ Total Amt. 15-

HIGH COURT OF FCT
CTC
NAME _____
RANK _____
SIGN _____
DATE 10/11/22

Ex 11

# UNIVERSITY OF CAMBRIDGE

## LOCAL EXAMINATIONS SYNDICATE

This is to certify that the candidate named below sat for a Joint Examination for the Higher School Certificate and General Certificate of Education and qualified for the award of a

## GENERAL CERTIFICATE OF EDUCATION

The candidate passed at the level shown (Principal or Subsidiary) in the subject(s) named and attained the standard of the G.C.E. Advanced or Ordinary Level pass as indicated.

BOLA A. TINUBU                                    N028705

|            | H.S.C. Standard | G.C.E. Standard |       |   |
|------------|-----------------|-----------------|-------|---|
|            | SUBSIDIARY      | ORDINARY        |       |   |
| PHYSICS    | PRINCIPAL       | ADVANCED        | GRADE | E |
| CHEMISTRY  | PRINCIPAL       | ADVANCED        | GRADE | E |
| BIOLOGY    |                 |                 |       |   |

SUBJECTS RECORDED THREE

EXAMINATION OF NOVEMBER/DECEMBER 1970

Olwen Chadwick
Vice-Chancellor

(See overleaf)

HIGH COURT OF FCT
ETC
NAME _____
RANK _____
SIGN _____
DATE _____
10/11/22

# Southwest College
City Colleges of Chicago
7600 S. Pulaski Road, Chicago 60652

**Name** Tinubu  Bola A.
**Address** 7741 S. Shore Dr. Chicago 60649
**Date of Birth** _____ **Sex** F **SS No.** 231-060-595  **Date Entered** 9/76

## HIGH SCHOOL
School _____ City and State _____ Graduated _____ Rank _____ Date(s) _____

## COLLEGE RECORD

| DEPT. | NAME NO. | DESCRIPTIVE COURSE TITLE | SEM. HRS. | SEM. GRADE | STATUS |
|---|---|---|---|---|---|
| TINUBU BOLA A | | | 231060595 | FALL SEMESTER 76 | |
| BUS | 0111 | INTRODUCTION TO BUSINESS | 3.00 | C | |
| BUS | 0271 | BUSINESS LAW I | 3.00 | K | |
| HUM | 1201 | GENERAL COURSE I HUM | 3.00 | B | |
| TINUBU BOLA A | | | 231060595 | SPRING SEMESTER 77 | |
| BUS | 0101 | FUNDAMENTALS OF ACCOUNTING | 3.00 | C | |
| ENGLISH | 0101 | COMPOSITION | 3.00 | A | |
| POL SCI | 0201 | THE NATIONAL GOVERNMENT | 3.00 | B | |
| PSYCH | 0201 | GENERAL PSYCHOLOGY | 3.00 | B | |
| SOC SCI | 1101 | GENERAL COURSE I SOC SCI | 3.00 | C | |
| SPEECH | 0101 | FUNDAMENTALS OF SPEECH | 3.00 | C | |
| TINUBU BOLA A | | | 231060595 | SUMMER SEMESTER 77 | |
| BUS | 0102 | PRINCIPLES OF ACCOUNTING | 3.00 | B | |
| ECON | 0201 | PRINCIPLES OF ECONOMICS I | 3.00 | B | |

HONORS LIST

EXEMPTIONS

HONORS

Certified as proficient in the State and Federal Constitution and the code of the Fire.

Date AUG 1 1977

_____ REGISTRAR

Note: This transcript is not valid for transfer to another institution without official signature and implied of college seal.
Student is entitled to honorable dismissal and is in good standing unless otherwise noted.
# CHANGE OF GRADE   * No Credit Toward A. A. Degree

FORM 2

HIGH COURT OF FCT
NAME _____
RANK _____
SIGN _____
DATE _____