IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re Application of
ATIKU ABUBAKAR

For an Order Directing Discovery from
CHICAGO STATE UNIVERSITY Pursuant to
28 U.S.C. § 1782.

Case No. 23-cv-05099

Honorable Nancy L. Maldonado

Magistrate Judge Jeffrey T. Gilbert

## DECLARATION OF AHMED TIJJANI UWAIS

I, Ahmed Tijjani Uwais, state and declare as follows:

1. My name is Ahmed Tijjani Uwais. I am a legal practitioner and counsel in the Election Petition proceedings for Mr. Atiku Abubakar, a prominent businessman and politician in Nigeria, who previously served as Nigeria's Vice-President, among other political offices. My business address is No.28a, Ganges Street, Maitama, Abuja – Nigeria. I am a lawyer called to the Nigerian Bar in 1993. This Declaration is made upon my personal knowledge, information, and belief, except as where otherwise noted, and if called upon as a witness I could and would testify competently thereto.

2. Mr. Abubakar ran for President in Nigeria's 2023 Presidential elections. He was the candidate of the Peoples' Democratic Party (the "PDP"), Nigeria's main opposition party. Mr. Bola A. Tinubu, the candidate of the All Progressives Party (the "APC"), the incumbent ruling party, was declared the winner despite the elections being widely criticized for fraud and other irregularities, and Mr. Tinubu being challenged for a lack of qualifications and lack of

Tinubu certified to Nigeria's Independent National Electoral Commission ("INEC") in advance of running for President. Mr. Abubakar was declared the second-place candidate. Mr. Abubakar and the PDP are challenging the election results on various grounds in the Applicant's lawsuit, *Abubakar, et al. v. INEC, et al.* (the "Abubakar Proceeding"), which commenced in March 2023. That case names Nigeria's election authority, the Independent National Electoral Commission ("INEC"), Mr. Tinubu, and the APC as respondents. The Abubakar Proceeding is currently before Nigeria's Court of Appeals and is an evidentiary proceeding. As discussed below, regardless of which parties prevail in front of the Court of Appeals, the Abubakar Proceeding will likely be appealed to the Supreme Court of Nigeria, where new evidence may also be submitted.

5. One of the allegations in Mr. Abubakar's petition in the Abubakar Proceeding is that Mr. Tinubu was not qualified to contest (i.e., participate in) the election. Pet. ¶¶ 16(d); 146. To participate in an election, a person must meet the minimum educational qualification of a first school certificate (similar to primary education in the U.S.). Where such a person has attained higher education, all the acquired certificates must be submitted to the electoral commission. If, for any reason, a person submits a false or forged certificate or fails to submit any certificate, he or she will not be qualified to participate in the election. Section 137(1)(j) of the Nigerian Constitution provides that a person shall not be qualified for election to the office of the President if he has presented a forged certificate to INEC. A true and correct copy of Section 137 of the Nigerian Constitution is attached to this Declaration as **Exhibit A**. Furthermore, Section 134(1)(a) of the Electoral Act of 2022 ("2022 Act") provides that a candidate or a political party may present an election petition challenging an election result on the grounds that the candidate declared to be the winner was not qualified to participate in the election. A true

2

and correct copy of Section 124 of the 2022 Act is attached to this Declaration as Exhibit B. For the 2023 Presidential election, only the Nigerian Court of Appeal (and not INEC) can determine whether a participating candidate was relying on a fake or forged document, subject to further review by the Nigerian Supreme Court.

4. One of the grounds for the allegation by Mr. Abubakar that Mr. Tinubu is not qualified is that certain documents, including even the Chicago State University Certificate that Mr. Tinubu submitted in an Affidavit in Support of Personal Particulars (the "Affidavit") to INEC, which candidates must submit to run for President, may not be authentic. Mr. Abubakar's Petition itself raised this issue specifically in Paragraphs 146 & 147 (ii), (iii), (iv) and (vi). Such allegations go both to the veracity of Mr. Tinubu's Affidavit and the accuracy and authenticity of the documentation submitted with Mr. Tinubu's Affidavit. One document specifically in question in the Abubakar Proceeding purports to be Mr. Tinubu's diploma from Chicago State University ("CSU"), which appears to award him a B.S. in Business Administration on 22 June 1979 (the "22 June diploma"). The 22 June diploma was allegedly submitted by Mr. Tinubu with the Affidavit to INEC. In the meantime, a different document purporting to be the same diploma, but with a different date (27 June 1979), a different seal, different wording and punctuations, and different signatories (the "27 June diploma"), was reportedly obtained for another litigant in Nigeria, brought against Mr. Tinubu by a lawyer named Mr. Mike Enahoro-Ebah, who is not associated with Mr. Abubakar. We understand that Mr. Enahoro-Ebah has alleged that the 27 June diploma, obtained by Mr. Enahoro-Ebah through a subpoena issued by a court in Chicago, Illinois in 2022, is the actual diploma, while the 22 June diploma submitted by Mr. Tinubu to INEC is a forgery. Mr. Abubakar has noted the same

3

witness in that case. Such corresponded testimony is attached to this Declaration as Exhibit C.

5. Mr. Abubakar's legal counsel in Nigeria only recently realized that both diplomas, purporting to be from 1979, are signed by persons who do not appear to have been employed by CSU until the late 1990s. The 22 June diploma has grammatical errors and is also signed by three signatures, two of which are illegible. The 27 June diploma only has two signatures. These discrepancies raise the question of whether either diploma is authentic. Both the 22 June diploma and the 27 June diploma were tendered and submitted into evidence in the Abubakar Proceedings in Nigeria.

6. These questions are also at issue in three Nigerian proceedings commenced by Mr. Enahoro-Ebah against by Mr. Tinubu, and in Nigerian proceedings commenced by Mr. Peter Obi and the Labour Party against INEC, Mr. Tinubu, Mr. Tinubu's running mate (and new Vice-President), Mr. Shettima Kashim, and the APC. Mr. Obi's case is also pending in the Nigerian Court of Appeal and has been consolidated with Mr. Abubakar's case. I have also been advised, and it has been reported in the Nigerian media, that in early July 2023, Mr. Tinubu's counsel submitted a certification to Mr. Obi's case, which purports to be from Jamar C. Orr, an Associate General Counsel of CSU, dated 28 June 2023, certifying several CSU documents, portions of which are attached to this Declaration as Exhibit B. Mr. Orr's certification and the accompanying documents was allegedly provided by CSU to Mr. Tinubu and offered into evidence by Mr. Tinubu's counsel in Mr. Obi's case in early July 2023. Mr. Abubakar seeks confirmation from CSU as to the authenticity of Mr. Orr's certification and accompanying documents, which may impact Mr. Orr's case, as well as in Mr. Abubakar's. If, for example, CSU does not or cannot authenticate Mr. Orr's certification and the documents submitted therewith,

4

data and the evidence that came submitted to it directly before and after the Supreme Court of Nigeria.

8.  In addition to the pleadings, documentary evidence submitted, and testimony, Petitioners' reply in the Abubakar Proceeding likewise raises issues relating to the documents allegedly issued by CSU. The reply is attached to this Declaration as **Exhibit E**.

9.  Further, attached hereto as **Exhibit F** include Nigerian case law supporting the position that presenting a forged document in INEC should disqualify a candidate.

The allegations concerning the CSU documents at issue in the Nigerian proceedings commenced by, respectively, Mr. Atiku-Abubakar and Mr. Obi, are also of great interest and significance to Mr. Abubakar, who was the runner up in the Presidential election. These additional proceedings might impact the Abubakar Proceeding as well as the outcome of the collective proceedings challenging the qualifications of Mr. Tinubu, as well as the conduct and integrity of Nigeria's 2023 Presidential elections.

10.  I understand that Mr. Abubakar has filed an application in the United States District Court for the Northern District of Illinois for an order directing discovery from Chicago State University pursuant to 28 U.S.C. § 1782 and that Mr. Tinubu opposes that application because, in part, he argues that the documents and testimony are not for use in the proceeding brought by Mr. Abubakar.

11.  For the reasons explained above, the CSU documents and their authenticity, as raised in the Abubakar and other Nigerian proceedings, directly relate to the conduct and results of the 2023 Presidential election, and are directly relevant to issues raised in the Abubakar Proceeding and other Nigerian Proceedings challenging whether Mr. Tinubu was qualified to be a candidate in the elections. If, for example, Mr. Tinubu submitted a forged diploma—even if he

5

relevant to the representations Mr. Tinubu made to INEC, which have been placed at issue in Mr. Abubakar's case and other proceedings, as well as help the Court come to a just determination of the petition. These questions go to the integrity of Nigeria's election processes, including whether it was undermined in the Presidential elections of 2023. Again, they also go to whether Mr. Tinubu was qualified to contest the election, a question specifically raised in Mr. Abubakar's Petition as stated above.

12. Although closing arguments in the Nigerian Court of Appeal occurred on August 1, 2023, evidence can be offered to the Court of Appeal before its expected ruling on or before September 20, 2023. Moreover, the Supreme Court may still accept evidence in Mr. Abubakar's case in "exceptional circumstances" under the Nigerian Electoral Act of 2022, which established a special procedure for challenging election results and prevails over the ordinary rules of the Court of Appeal and the Supreme Court. There is also precedent for the Nigerian Supreme Court to exercise its discretion to admit evidence in election challenges. (A true and correct copy of one such case, *Uzodinma v. Ihenacho et al.*, SC.1170/2011, is attached as **Exhibit G** to this Declaration.) In addition, given Mr. Tinubu's continued objections, and because Mr. Abubakar's counsel only realized the differences in the diploma, obtaining and submitting the evidence in the Nigerian proceedings would be certainly in furtherance of justice. Discovery concerning the 28 June 2023 certification and accompanying documents allegedly provided by Mr. Orr to Mr. Tinubu for use by Tinubu in Mr. Orr's case also constitutes new evidence that can be used in the Abubakar Proceeding, including before Nigeria's Supreme Court.

6

28, 2023, after which the opposing parties will submit their briefs to the Nigerian Supreme Court within 21 days of the Court of Appeals' judgment. An appeal from the decision of an election tribunal or Court shall be heard and disposed of within 60 days from the date of delivery of judgment of tribunal. Thus, it is important for an appellant to have the new or additional facts before the 21 days to enable one to seek the leave of court to proffer evidence. Regardless of which party prevails at the Court of Appeal, the case will certainly proceed to the Supreme Court of Nigeria, where Mr. Abubakar may submit the evidence relating to the authenticity of both diplomas at issue, as well as evidence relating to any other CSU documents, and ask the Court to consider the evidence based on the standards stated above. Based on my understanding of the plain meaning of "for use," as well as my knowledge of Nigerian election law and procedure, there is no question that the documents and testimony sought by Mr. Abubakar pursuant to 28 U.S.C. § 1782 are "for use" in the Abubakar Proceeding, whether before the Court of Appeal or the Supreme Court of Nigeria, and may be admitted in the Abubakar Proceeding, subject to the discretion of the Courts as guided by Nigerian election law and procedure.

7

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __ day of September, 2023

Ahmad Tijani Uwais