# EXHIBIT G

## HOPE UZODINMA

### V.

1. **SENATOR OSITA B. IZUNASO**
2. **PEOPLES DEMOCRATIC PARTY**
3. **INDEPENDENT NATIONAL ELECTORAL COMMISSION**

*SUPREME COURT OF NIGERIA*

SC.117/2011

WALTER SAMUEL NKANU ONNOGHEN, J.S.C. (*Presided*)
IBRAHIM TANKO MUHAMMAD, J.S.C.
JOHN AFOLABI FABIYI, J.S.C.
SULEIMAN GALADIMA, J.S.C.
BODE RHODES-VIVOUR, J.S.C. (*Read the Leading Judgment*)

FRIDAY, 20TH MAY, 2011

### REASONS FOR JUDGMENT

*ACTION* - Commencement of action - Originating summons - Commencement of action thereby when there is dispute over fact - Whether mode ipso facto inappropriate.

*APPEAL* - Additional or fresh evidence on appeal - Power of court to admit - Principles governing - Need for court to exercise sparingly.

*APPEAL* - Additional or fresh evidence on appeal - Reception of - Principles guiding.

*APPEAL* - Issues for determination - Formulation of - Power of Supreme Court and Court of Appeal to formulate - When exercisable.

*COURT* - Court process - Service of - Purpose of.

*COURT* - Discretion of court - Discretion to grant leave to adduce additional or fresh evidence - When exercisable

*COURT* - Existence of court - Purpose and duty of.

*COURT* - Supreme Court - Court of Appeal - Power of to formulate issues for determination - When exercisable.

*COURT* - Supreme Court - Duty thereon to sustain truth.

*DOCUMENT* - Document in court's file - Where not identified by exhibit number or attached to affidavit - Whether court can look at and consider.

*DOCUMENT* - Document in court's file - Where not tendered or admitted as exhibits - Whether court can look at and consider.

*DOCUMENT* - Documents attached as exhibits to an affidavit - Need for each to be specifically identified in affidavit.

*ELECTION* - Candidate of a political party for an election - Clearance of for election - Action filed in court in respect thereof - Where political party is joined therein - Who can prove clearance of candidate.

*ELECTION* - Candidates for an election - List of - Submission of by political party to Independent National Electoral Commission - Time therefor - Whether commission can disqualify candidate whose name was submitted by political party.

*ELECTION* - Change of candidate for an election - Power of political party to change its candidate under Electoral Act, 2006 - When and how may be exercised.

*ELECTION - Disqualification of candidate from contesting election - Where predicated upon allegation of crime and dishonest conduct - Whether sufficient ground for disqualification of candidate from contesting election.*

*ELECTION - Independent National Electoral Commission - Duty of - Need to be a neutral umpire.*

*ELECTION - Nomination of candidate for election by political party - Where made - Person aggrieved thereby - When may apply to court for redress.*

*ELECTION – Nomination of candidate for election by political party - Dispute relating thereto - When court can determine - When cannot.*

*ELECTION - Primary election of political party - Guidelines made therefor by party - How construed.*

*ELECTION PETITION - Change of candidate for an election - Power of political party with respect thereto - When and how may be exercised.*

*EVIDENCE - Additional or fresh evidence on appeal - Discretion of court to grant leave to adduce - When exercisable.*

*EVIDENCE - Additional or fresh evidence on appeal - Power of court to admit - Need for court to exercise sparingly.*

*EVIDENCE - Affidavit evidence - Deposition in affidavit - Nature of - Where unchallenged and uncontroverted - Effect.*

*EVIDENCE - Affidavit evidence - Documents attached as exhibits to an affidavit - Need for each to be specifically identified in affidavit.*

*EVIDENCE - Documentary evidence - Document in court's file - Where not identified by exhibit number or attached to affidavit - Whether court can look at and consider.*

*EVIDENCE - Documentary evidence - Document in court's file - Where not tendered or admitted as exhibit - Whether court can look at and consider.*

*JUSTICE - Hasty dispensation of justice - Effect of - Need to avoid.*

*NOTABLE PRONOUNCEMENT - On nature of truth and duty on the Supreme Court to sustain it.*

*PRACTICE AND PROCEDURE - Additional or fresh evidence on appeal - Power of court to admit - Need for court to exercise sparingly.*

*PRACTICE AND PROCEDURE - Additional or fresh evidence on appeal - Discretion of court to grant leave to adduce - When exercisable.*

*PRACTICE AND PROCEDURE - Affidavit evidence - Deposition in affidavit - Nature of - Where unchallenged and uncontroverted - Effect.*

*PRACTICE AND PROCEDURE - Affidavit evidence - Documents attached as exhibits to an affidavit - Need for each to be specifically identified in affidavit.*

*PRACTICE AND PROCEDURE - Amendment - Amendment of pleadings or writ of summons - Effect of – Whether makes previous pleading non-existent.*

*PRACTICE AND PROCEDURE - Appeal - Additional or fresh evidence on appeal - Reception of - Principles guiding.*

*PRACTICE AND PROCEDURE - Appeal - Additional or fresh evidence on appeal - Power of the court to admit - Need for court to exercise sparingly.*

*PRACTICE AND PROCEDURE - Appeal - Issues for determination - Formulation of - Power of Supreme Court and Court of Appeal in respect of - When exercisable.*

Case: 1:23-cv-05099 Document #: 24-7 Filed: 08/06/23 Page 4 of 42 PageID #:786

*PRACTICE AND PROCEDURE - Commencement of actions - Originating summons - Commencement of action thereby when there is dispute over facts - Whether mode ipso facto inappropriate.*

*PRACTICE AND PROCEDURE - Court - Existence of - Purpose and duty of.*

*PRACTICE AND PROCEDURE - Pleadings - Amendment of - Effect of - Whether makes previous pleading non-existent.*

*PRACTICE AND PROCEDURE - Pleadings - Where amended - Previous pleadings - Whether ceases to exist for all purposes in the proceedings.*

*PRACTICE AND PROCEDURE - Service of court process - Purpose of*

*PRACTICE AND PROCEDURE - Writ of summons - Amendment of - Effect of.*

*PRINCIPLES OF INTERPRETATION - Guidelines for primary election of political party - How construed.*

**Issue:**

Whether the appellant was properly cleared to contest the Peoples Democratic Party's primary election which was held on 8th January, 2011.

**Facts:**

The appellant and the 1st respondent are members of the Peoples Democratic Party, the 2nd respondent. Both of them desired to contest on the 2nd respondent's platform for the seat for Imo West Senatorial District of the Federal Republic of Nigeria. They appeared before the 2nd respondent's State National Assembly Screening Committee for clearance. That Committee screened and cleared the appellant and issued a certificate of clearance to the appellant on 30th December 2010 for him to contest the 2nd respondent's primary election.

However, a legal practitioner wrote a petition to the 2nd respondent in which he made allegations of crime and dishonest conduct against the appellant. Without giving him a hearing, the 2nd respondent's Screening Appeal Committee issued a certificate on 4th January 2011 by which it withdrew the clearance earlier issued to the appellant. The appellant was aggrieved. So, he petitioned the National Working Committee of the 2nd respondent for a review of the withdrawal of the clearance certificate which was issued to him.

On 5th January, 2011, the 2nd respondent's National Working Committee sat to consider the appellant's petition. On 6th January 2011, that Committee cleared the appellant and issued a certificate to him to contest the 2nd respondent's primary election.

The primary election was held on 8th January 2011. The appellant and the 1st respondent contested the election. The appellant had 2147 votes while the 1st respondent had 891 votes. The appellant was declared the winner of the primary election, and the 2nd respondent forwarded his name to the 3rd respondent as its candidate for the election into Imo West Senatorial District of the Federal Republic of Nigeria.

The 1st respondent was not satisfied with the step taken by the 2nd respondent. Consequently, on 11th January 2011, the 1st respondent filed an originating summons at the Federal High Court in which he sought the nullification of the declaration of the appellant as the winner of the 2nd respondent's primary election and other related reliefs. The 1st respondent attached several documents to the affidavit in support of the originating summons. The documents included the 2nd respondent's guidelines on primary election, which was identified as an exhibit in the affidavit. On 24th January 2011, the 1st respondent filed an amended originating summons together with an affidavit in support. Though the 2nd respondent's Guidelines on primary election was referred to in the affidavit in support of the amended originating summons, it was not attached to it as an exhibit.

The 1st respondent's case was that the appellant was disqualified from contesting the 2nd respondent's primary election; that of all the qualified contestants at the election, he, the 1st respondent, scored the highest number of votes; and that the 2nd respondent ought to

have declared him the winner of the primary election and presented him to the 3rd respondent as its candidate for the election to the seat for Imo West Senatorial District of the Federal Republic of Nigeria.

The 1st respondent's amended originating summons was served on the appellant on 24th January 2011 and it was fixed for hearing on 25th January 2011. So, the appellant had only one day to file his counter-affidavit.

On 25th January 2011, the appellant wrote a letter to the 2nd respondent's National Working Committee by which he requested for the minutes of the meeting held on 5th January 2011 but could not get a copy of the minutes before the 1st respondent's suit was heard on 28th January 2011.

At the hearing of the suit, it was not in dispute between the parties that only the National Working Committee of the 2nd respondent had the final authority to determine appeals against the decision of the Screening Appeal Committee of the 2nd respondent.

After hearing the suit, the trial court delivered its judgment on 28th January 2011. It held that in the absence of documentary evidence of the decision of the National Working Committee of the 2nd respondent, the disqualification of the appellant by the 2nd respondent's Screening Appeal Committee stood and the appellant stood disqualified from contesting the 2nd respondent's primary election.

Dissatisfied, the appellant appealed to the Court of Appeal which affirmed the decision of the trial court and dismissed the appeal on 5th April 2011.

Still dissatisfied, the appellant appealed to the Supreme Court. Before the appellant's appeal was heard, he filed an application for leave to tender an extract of the minutes of the meeting held on 5th January 2011 by the National Working Committee of the 2nd respondent, which was not tendered at the trial court and the Court of Appeal. It was the appellant's case that though he applied for the minutes on 25th January 2011, he got the minutes on 7th April 2011. The appellant's application and appeal were heard together.

**Held** (*Unanimously granting the application and allowing the appeal*):

1. *On Principles guiding reception of additional or fresh evidence on appeal -*

The principles guiding the courts in the exercise of discretion to grant or refuse applications for leave to present or adduce fresh or additional evidence on appeal are:

(a)    the evidence sought to be adduced must be such as could not have been with reasonable diligence obtained for use at the trial;

(b)    the evidence should be such as if admitted would have an important, not necessarily crucial, effect on the whole case; and

(c)    the evidence must be such as is apparently credible in the sense that it is capable of being believed and it need not be incontrovertible.

In the instant case, the appellant's unchallenged affidavit evidence showed that the appellant applied for the relevant minutes (documents sought to be presented in evidence) on 25th January 2011 but received same on 7th April 2011, two days after the Court of Appeal delivered its judgment. That clearly explained the appellant's failure to produce the minutes during the trial. In the circumstance, the minutes was not obtained before the trial or appeal despite reasonable diligence on the part of the appellant. Furthermore, the minutes confirmed that the appellant was cleared to contest the primary election. In the circumstance the minutes would have had an important effect on the case. The appellant's application to adduce the minutes in evidence ought to be granted. [*Asaboro v. Aruwaji* **(1974) 4 SC 37;** *Obasi v. Onwuka* **(1987) 3 NWLR (Pt.61) 364 referred to.]** (*Pp. 54-55, paras. E-A; 73, paras. B-D; 100, paras. C-D; 106, paras. D-G; 109, paras. A-D)*

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 6 of 42 PageID #:800

2.    *On Discretion of court to grant leave to adduce additional or fresh evidence -*

The discretion of court to grant leave to adduce new evidence, fresh evidence or additional evidence is properly exercised if it is for the furtherance of justice. *(Pp. 55, para. A; 106, para. G)*

3.    *On Guide to exercise of power of court to admit additional or fresh evidence on appeal -*

Courts must exercise the power to admit new evidence, fresh evidence or additional evidence sparingly and with caution. This is so because the grant of an application for leave to admit new evidence, fresh evidence or additional evidence could amount to allowing the applicant to reopen his case or present a new case. The application should be granted if the applicant is able to satisfy the court that it was extremely difficult or was not possible to obtain the evidence before trial and that it is in the interest of justice that the said evidence should be presented. *(Pp. 55, paras. B-C; 106, paras. G-H)*

4.    *On Purpose and duty of court -*

The court exists to maintain a balanced scale of justice between or amongst contending parties to ensure peace and stability in the polity. *(P. 79, para. E)*

5.    *On Effect of hasty dispensation of justice and need to avoid -*

The hasty dispensation of justice is as bad as delayed justice. In the instant case, the trial proceedings were rushed. The appellant had only 24 hours to file his counter-affidavit to the amended originating summons, and the trial lasted only three (3) days. The hasty trial deprived the appellant of the opportunity to gather all relevant documentary evidence to support his case. If the trial court had exercised caution and restraint, and had granted reasonable adjournments, perhaps it would have decided the case otherwise. *(Pp. 95, para. H; 100, para. B; 111, paras. D-E)*

Per MUHAMMAD, J.S.C. at pages 97-98, paras: G-B:

"It only remains for me, now, my Lords, to draw attention of court of law and legal practitioners that a court of law is not a robot machine. It is controlled and operated by a cautionary human mind which must reflect on a number of issues before coming to a final decision which has legal impact or implication on parties before it. In the process of its consideration of the issues before it, circumstances abound, naturally, which will require expeditious determination of the matter before it such as on election matters. Other matters which do not require such urgency may have to run their normal course. Each is dictated by the circumstances placed before the court. It is the court not the parties or their counsel that will determine from the facts presented which one requires urgent attention. Even in that, the court has to be careful, circumspective and diligent not to be rushed to take a hasty but wrong or lame decision which may be set aside on appeal. The old legal adage is "justice delayed is justice denied." We now equally add that "justice unnecessarily rushed, is equally justice denied."

6.    NOTABLE PRONOUNCEMENT:

*On Nature of truth and duty of the Supreme Court to sustain it -*
Per FABIYI, J.S.C. at page 101, paras. G-H:

"One thing is certain. It is that truth is sacrosanct and immutable. It is superior to falsehood and cannot be driven aground.

There is no atom of doubt that the appellant was duly cleared by the NWC of the 2nd respondent to contest the primary election of the party which was conducted on 8/1/2011. This court, being the final court of record in the land, has

an abiding duty to sustain the truth. As usual, it has been done herein."

**7.**    *On Nature of depositions in affidavit and effect where unchallenged and uncontroverted -*

Depositions in an affidavit are the factual positions of the deponent as verily believed by him, and where such facts are not controverted by a counter-affidavit, the material facts are taken as unchallenged and undisputed and the court is bound to act on them except where they are obviously false. In the instant case, the depositions in the affidavit in support of the appellant's application were not challenged and were accepted by the respondents. [*Alagbe v. Abimbola (1978) 2 SC 39; Egbuna v. Egbuna (1989) 2 NWLR (Pt.106) 773; Omoregbe v. Lawani (1980) 3-4 SC 108; Fasoro v. Beyioku (1988) 2 NWLR (Pt.76) 263; Mogaji v. Cadbury (Nig.) Ltd. (1972) 2 SC 97; Okereke v. Ejiofor (1996) 3 NWLR (Pt.434) 90 referred to.*] *(Pp. 56, paras. F-G; 100, paras. A-B; 109, paras. A-B)*

**8.**    *On Need to specifically identify each of several exhibits attached to an affidavit -*

Although, there is no generally acceptable standard of making reference to exhibits attached to affidavits in support of motions, summons or petitions in courts, there is need for a party to properly identify same for ease of reference and use by the court. In the instant case, the 2nd respondent's Guidelines were indeed referred to in the affidavit in support of the amended originating summons as an exhibit already identified in the affidavit in support of the original originating summons. *(Pp. 89-90, paras. G-A)*

**9.**    *On Whether court can look at document in its file even though not tendered or admitted as exhibit -*

A court is at liberty to look at and utilize a document in its file while writing its judgment or ruling despite the fact that the document was not tendered and

admitted as an exhibit at the trial. The purpose of the principle is that the court is created to do substantial justice between the parties in the resolution of the issues in controversy between them. In the instant case, the PDP Electoral Guidelines was in the trial court's file and it was relied on by the parties. In the circumstance, the court did not err when it relied on it in determining the suit. [*Oyewole v. Akande (2009) 15 NWLR (Pt.1163) 119; Agbaisi v. Ebikorefe (1997) 4 NWLR (Pt.502) 630; Akinola v. V.C., Unilorin (2004) 11 NWLR (Pt.885) 616 referred to.*] *(P. 75, paras. F-H)*

**10.**    *On Whether court can look at document in its file even though not attached to an affidavit or marked by exhibit number -*

Documentary evidence which is before a court and is relevant, weighty and admissible in the determination of an issue before the court, should not be excluded simply because it was not identified by an exhibit number or not attached to an affidavit. In the instant case, the 2nd respondent's Guidelines was properly placed before the trial court. *(P. 90, paras. B-C)*

**11.**    *On Effect of amendment of pleading or writ of summons -*

The effect of the amendment of a pleading or a writ of summons is that the amendment takes effect from the date of the original document. Thus, if leave is granted and pleadings or a writ of summons is duly amended, the suit continues as though the pleadings or writ of summons had been in the amended form right from its original date. The amendment thus takes effect retrospectively from the date of the pleadings or writ of summons. [*Oguma Associated Co.(Nig.) Ltd. v. I.B.WA. Ltd.(1988) 1 NWLR (Pt.73) 658; Adewunmi v. A.-G., Ekiti State (2002) 2 NWLR (Pt. 751) 474 referred to.*] *(P. 88, paras. C-D)*

Case 1:23-cv-05099 Document 24-7 Filed 09/08/23 Page 8 of 42 PageID 362

**12.** *On Whether pleading ceases to exist for all purposes in proceedings upon being amended -*
A statement of claim or defence which has been amended with leave of court does not cease to exist. It is still part of the proceedings and can properly be looked at or referred to by the trial court in its judgment. [*Agbahomovo v. Eduyegbe* (1999) 3 NWLR (Pt. 594) 170 referred to.] *(P. 88, paras. E-F)*

**13.** *On Whether inappropriate to commence suit by originating summons whenever there are disputes over facts -*
Per ONNOGHEN, J.S.C. at pages 75-76, paras. H-B:
"As regards issue 2 which is substantially whether originating summons procedure is the appropriate mode of commencing the present action, I hold the view that having regards to the facts of the case relevant to the determination of the main issue before the court, originating summons is an appropriate mode of commencing the instant action. I know that there are certain controversial facts raised in the action but those fact are not relevant to the determination of the main issue in controversy which had earlier been identified in this judgment. I therefore, in the circumstance resolve issue 2 against the appellant."

**14.** *On Guide to construction of guidelines for primary election of political party -*
The guidelines made by a political party pursuant to its constitution and issued by its National Executive Committee for the conduct of its primary election must be given generous and purposive interpretation. *(P. 60, paras. A-B)*

**15.** *On Power of political party to change candidate for an election under Electoral Act, 2006 -*
By the provision of section 34 of the Electoral Act, 2006, a political party intending to change its

candidate for an election could so do if it informs the Independent National Electoral Commission of such change in writing not later than sixty days to the election giving cogent and verifiable reasons. No substitution of any candidate shall be allowed after sixty days except on the death of the candidate. *(P. 60, paras. E-F)*

**16.** *On Whether political party has power to change its candidates for election under Electoral Act, 2010 -*
By virtue of section 33 of the Electoral Act, 2010, a political party no longer has power to substitute a candidate except in the case of death or withdrawal by the candidate. *(P. 60, paras. F-G)*

**17.** *On Whether Independent National Electoral Commission has power to reject candidate submitted for an election by political party -*
By virtue of section 31(1) of the Electoral Act, 2010, every political party shall not later than sixty days before the date appointed for a general election submit to the Independent National Electoral Commission in the prescribed forms the list of the candidates the party proposes to sponsor at the elections, provided that the commission shall not reject or disqualify candidates for any reason whatsoever. *(P. 60, paras. G-H)*

**18.** *On Need for political party to comply with its constitution regarding nomination of candidates for election and duty on court to enforce same —*
The nomination of a candidate to contest an election is the sole responsibility of the political party concerned. The courts do not have jurisdiction to decide who should be sponsored by any political party as its candidate in an election. But where the political party nominates a candidate for an election contrary to its own constitution and guidelines, a dissatisfied candidate has every right to approach the court for redress. In such a situation the court

Case: 1:23-cv-03099 Document #: 24-7 Filed: 09/06/23 Page 9 of 42 PageID #:865

has jurisdiction to examine and interpret relevant legislations to see if the political party complied fully with legislation on the issue of nomination. The court will never allow a political party to act arbitrarily or as it likes. Political parties must obey their own constitutions. [*Ugwu v. Ararume* (2007) 12 NWLR (Pt.1048) 367; *Dalhatu v. Turaki* (2003) 15 NWLR (Pt.843) 310; *Onuoha v. Okafor* (1983) 2 SCNLR 244 referred to.] *(P. 60, paras. B-E)*

19.    *On Where nomination of candidate of a political party for an election should be made and when nomination may be challenged in court -*
By virtue of section 87 of the Electoral Act, 2010, a political party seeking to nominate candidates for elections under the Act shall hold primaries for its aspirants to all elective positions. And any aspirant who complains that any of the provisions of the Act and the guidelines of a political party has not been complied with in the selection or nomination of a candidate of a political party for election, may apply to the Federal High Court or the High Court of a State for redress. *(P. 61, paras. A-D)*

20.    *On Who can prove whether or not a person was cleared by political party to contest an election -*
Where there is a suit over whether a person was cleared to participate in the primary election of a political party, and that political party is joined as a party to the suit, the political party is the proper party to say whether or not the person was cleared to contest the election. In the instant case, the 2nd respondent was the proper party to say whether its National Working Committee cleared the appellant or not to contest the primary election. *(P. 82, paras. D-E)*

21.    *On Whether candidate can be disqualified from contesting election on ground of allegation of crime and dishonest conduct -*
Mere allegation of crime or dishonest conduct, without evidence of trial and conviction, is not enough to ground the disqualification of a person from contesting a primary election of a political party or any other election. [*Orji v. P.D.P.* (2009) 14 NWLR (Pt. 1161) 310; *A.C. v. I.N.E.C.* (2007) 12 NWLR (Pt. 1048) 222; *Amaechi v. I.N.E.C.* (2008) 5 NWLR (Pt.1080) 227 referred to.] *(Pp. 80-81, paras. H-B)*

22.    *On Need for Independent National Electoral Commission to be neutral umpire -*
The Independent National Electoral Commission, which is an electoral umpire, should be seen to be neutral at all times. *(Pp. 78, para. D; 101, para. D)*

23.    *On Purpose of service of court process -*
Service of court process is to command and ensure attendance of the party served to answer to the case of the plaintiff or the defendant. *(P. 83, para. C)*

24.    *On Power of appellate courts to formulate issues for determination -*
The Supreme Court and the Court of Appeal are free to formulate issues for determination in an appeal where the issues formulated by the parties are inappropriate. [*Ogunbiyi v. Ishola* (1996) 6 NWLR (Pt. 452) 12; *Ikegwuoha v. Ohawuchi* (1996) 3 NWLR (Pt. 435) 146 referred to.] *(P. 59, para. B)*

**Nigerian Cases Referred to in the Judgment:**
*Abiodun v. A.-G., Fed.* (2007) 15 NWLR (Pt. 1057) 359
*Abisi v. Ekwealor* (1993) 6 NWLR (Pt. 302) 643
*Action Congress v. INEC* (2007) 12 NWLR (Pt. 1048) 222
*Adewunmi v. A.-G., Ekiti State* (2002) 2 NWLR (Pt. 751) 474
*Adeyemi v. Opeyori* (1976) 9-10 SC 31
*Adeyeri II v. Atanda* (1995) 5 NWLR (Pt. 397) 512

Case: 1:23-cv-05089 Document #: 24-7 Filed: 09/06/23 Page 10 of 42 PageID #:804

Agbahomovo v. Eduyegbe (1999) 3 NWLR (Pt. 594) 170
Agbaisi v. Ebikorefe (1997) 4 NWLR (Pt. 502) 630
Akanbi v. Alao (1989) 3 NWLR (Pt.108) 118
Akinola v. V.C., Unilorin (2004) 11 NWLR (Pt.885) 616
Alagbe v. Abimbola (1978) 2 SC 39
Amaechi v. I.N.E.C. (2008) 5 NWLR (Pt. 1080) 227
Asaboro v. Aruwaji (1974) 4 SC 37
Dalhatu v. Turaki (2003) 15 NWLR (Pt. 843) 310
Dingyadi v. I.N.E.C. (2011) 10 NWLR (Pt. 1255) 347
Egbuna v. Egbuna (1989) 2 NWLR (Pt. 106) 773
Fasoro v. Beyioku (1988) 2 NWLR (Pt. 76) 263
Ikegwuoha v. Ohawuchi (1996) 3 NWLR (Pt. 435) 146
Inakoju v. Adeleke (2007) 4 NWLR (Pt. 1025) 423
Mafimisebi v. Ehuwa (2007) 2 NWLR (Pt. 1018) 385
Mogaji v. Cadbury (Nig.) Ltd. (1972) 2 SC 97
Nwosu v. Imo State Environmental Sanitation Authority (1990) 2 NWLR (Pt.135) 688
Obasi v. Onwuka (1987) 3 NWLR (Pt. 61) 364
Oguma A.C. (Nig.) Ltd. v. I.B.W.A. (1988) 1 NWLR (Pt. 73) 658
Ogunbiyi v. Ishola (1996) 6 NWLR (Pt. 452) 12
Okereke v. Ejiofor (1996) 3 NWLR (Pt. 434) 90
Okpanum v. S.G.E. (Nig.) Ltd. (1998) 7 NWLR (Pt. 559) 537
Olokun v. Aiyelabegan (2004) 2 NWLR (Pt.858) 504
Omoregbe v. Lawani (1980) 3-4 SC 108
Onuoha v. Okafor (1983) 2 SCNLR 244
Orji v. P.D.P. (2009) 14 NWLR (Pt. 1161) 310
Oroke v. Ede (1964) NNLR 118
Owata v. Anyiogor (1993) 2 NWLR (Pt. 276) 380
Oyewole v. Akande (2009) 15 NWLR (Pt.1163) 119
S.E.S. Newspaper Corp. v. Anwara (1975) 9–11 SC 55
Sodipo v. Lemmikainen OY (1986) 1 NWLR (Pt.15) 220
Ugwu v. Ararume (2007) 12 NWLR (Pt.1048) 367

### Foreign Case Referred to in the Judgment:

Sneade v. Wodherton Barytes Lead Mining Co. Ltd. (1904) 1 KB 295

### Nigerian Statutes Referred to in the Judgment:

Constitution of the Federal Republic of Nigeria, 1999, S. 65(1)

Electoral Act, 2006 (as amended), S. 34
Electoral Act, 2010, Ss. 31(i), 33 and 87(i)
Evidence Act, Cap. 112, Laws of the Federation of Nigeria, 1990, S. 74

### Books Referred to in the Judgment:

Essays on Civil Proceedings by Obi Okoye, Vol. 1, p. 272, para. 240
Law and Practice of Affidavit Evidence by Chukwuemerie

### Application/Appeal:

These were an application by the appellant for leave to adduce additional evidence, and an appeal against the judgment of the Court of Appeal dismissing the appellant's appeal. The Supreme Court, in a unanimous decision, allowed the application and the appeal.

### History of the Case:

*Supreme Court:*

*Names of Justices that sat on the appeal:* Walter Samuel Nkanu Onnoghen, J.S.C. (*Presided*); Ibrahim Tanko Muhammad, J.S.C.; John Afolabi Fabiyi, J.S.C.; Suleiman Galadima, J.S.C.; Bode Rhodes-Vivour, J.S.C. (*Read the Leading Judgment*)

*Appeal No:* SC.117/2011

*Date of Judgment:* Friday, 20th May, 2011

*Names of Counsel:* Chief Wole Olanipekun, SAN (*with him*, Chief Chris Uche, SAN; Paul Erokoro, SAN; Dr. Abiodun Layonu, SAN; Adamu S. Isakoto; Nelson Uzoebu; Gbenga Adeyemi; Ifeyinwa Arum; M. Ajara; P. Ntim; R. Osibu; K. Azie; B. Omosun; A. Ali; O. Odey; K. Okafor) - *for the Appellant*

P. I. N. Ikwueto, SAN (*with him*, Solo Akuma, SAN; Mrs. Ojo Tim-Menakaya; G. I. Ogugua; P. O. Nwankwo; U. Onyejinto) - *for the 1st Respondent*

Chief Olusola Oke (*with him*, M. Obi; A. A. Ibrahim; O. Gbadeyan; Mrs. M. Onyiaike; S. C. Ikueson) - *for the 2nd Respondent*

Case: 1:23-cv-05095 Document #: 24-7 Filed: 09/06/23 Page 11 of 42 PageID #:605

Mrs. V. O. Awomolo (*with her*, F. Folorunsho; E. Ajijola; I. Shuaib) - *for the 3rd Respondent*

**Court of Appeal:**

*Division of the Court of Appeal from which the appeal was brought:* Court of Appeal, Abuja

*Names of Justices that sat on the appeal:* Mohammed Lawal Garba, J.C.A. (*Presided*); Jimi Olukayode Bada, J.C.A. (*Read the Leading Judgment*); Regina Obiageli Nwodo, J.C.A.

*Names of Counsel:* Paul Erokoro, SAN (*with him*, G. Esegine; C. Onyemaizu; U Nwosu; G. Orimoloye and B. Omosun) - *for the Appellant*

Mr. P.I.N. Ikwueto, SAN and Chief Solo Akuma, SAN (*with him*, O. Menakaya, [Mrs]; I. D. Ogugua, P. O. Nwankwo; C. K. Alabi and I. L. Umudu) - *for the 1st Respondent*.

Chief Olusola Oke (*with him*, Chief B. Abdulazeez) - *for the 2nd Respondent*

H. M. Liman (*with him*, Y. D. Dangama; T. N. Akoso, I. Shuaibu and D. E. Daniel) - *for the 3rd Respondent*

**High Court:**

*Name of the High Court:* Federal High Court, Abuja

*Name of the Judge:* Abdu-Kafarati, J.

*Suit No:* FHC/ABJ/CS/14/2011

*Date of Judgment:* Friday, 28th January 2011

*Names of Counsel:* G. Ogugua (*holds the brief of* P.I.N. Ikwueto, SAN) - *for the Plaintiff*

C. Onyemaizu [Mrs.] (*with her*, Kingsley Odey and O. K. Daraura, Esq.) held the brief of

**Counsel:**

Chief Wole Olanipekun, SAN (with him, Chief Chris Uche, SAN; Paul Erokoro, SAN; Dr. Abiodun Layonu, SAN; Adamu S. Isa Koto; Nelson Uzoebu; Gbenga Adeyemi; Ifeyinwa Arum; M. Ajara; P. Ntimi; R. Osibu; K. Azie; B. Omosun; A. Ali; O. Odey; K. Okafor) - *for the Appellant*

P. I. N. Ikwueto, SAN (*with him*, Solo Akuma, SAN; Mrs. Ojo Tim-Menakaya [Mrs.]; G. I. Ogugua, P. O. Nwankwo; U. Onyejinto) - *for the 1st Respondent*

Chief Olusola Oke (*with him*, M. Obi; A. A. Ibrahim; O. Gbadeyan; Mrs. M. Onyiaike; S. C. Ikueson) - *for the 2nd Respondent*

Mrs. V. O. Awomolo (*with her*, F. Folorunsho; E. Ajijola; I. Shuaib) - *for the 3rd Respondent*

**RHODES-VIVOUR, J.S.C. (Delivering the Leading Judgment):**
At the hearing of this appeal on the 5th day of May 2011, this court allowed the appeal and stated that reasons for doing so would be given on the 20th day of May 2011. I now give those reasons.

The facts are refreshingly clear. The appellant and the 1st respondent are members of the Peoples Democratic Party, (The 2nd respondent). Both of them were interested in the Senatorial seat for Imo West Senatorial District of Imo State. Before they can contest the Senatorial Elections, they must appear, before the State National Assembly Screening Committee of the PDP. That Committee is to determine the eligibility of the various aspirants. The screening committee screened and cleared the appellant and issued him a certificate of clearance on 30/12/10

One Mr. Festus Keyamo addressed a petition to the PDP alleging that the appellant is:

(a)    A declared bankrupt;

(b)    Involved in a criminal case to do with fraud.

(c)    Involved in armed robbery.

Based on this false and unsubstantiated petition and without affording the appellant a hearing the screening appeal committee issued a certificate dated 4/1/11. The certificate states that the appellant was no longer cleared. The appellant protested, and petitioned the National Working Committee of the PDP for a review of the refusal of the screening appeal committee to clear him. On the 6th day of January 2011, the appellant was cleared. A clearance certificate dated 6/1/2011 was issued to the appellant. The PDP proceeded to issue a press statement. It was issued by the Imo State Chapter of the PDP. The opening paragraph of the Press release reads:

"The following Senatorial aspirants have been cleared by the Peoples Democratic Party to take part in the Senatorial primaries taking place in the Senatorial primaries taking place on 7th January, 2011 in Imo State...."

The 1st respondent is No.14 on the list while the appellant is No. 15.

The PDP National Assembly Primary Election was held on the 8th, day of January 2011. The appellant won with 2,147 votes, while the 1st respondent came in a distant second with 891 votes. Having scored the highest number of votes at the primary election the appellant's name was forwarded by the PDP to the 3rd respondent (the regulatory body in charge of conducting elections in Nigeria) as its candidate for the Imo West Senatorial District for the National Assembly elections to be held in April, 2011.

Dissatisfied with the outcome of the primaries which showed clearly that the appellant is the PDP candidate for elections into the Senate for the Imo West Senatorial District of Imo State, the 15th respondent took out an originating summons which was subsequently amended. The defendants to the originating summons were the following:

1st defendant was the appellant

2nd defendant was the Peoples Democratic Party

3rd defendant was the Independent National Electoral Commission

The 1st respondent as plaintiff sought the following:

1.    A declaration that the 1st defendant was not qualified to participate and or take part in the primary election conducted by the 2nd defendant for the selection of its candidate for Imo West Senatorial District.

2.    An order of declaration that pursuant to paragraph 27(v) of the PDP Electoral Guidelines for primary election 2010, the 1st defendant having been certified unfit/not cleared to contest the National Assembly Primary Election by the 2nd defendant's screening appeal panel is not eligible to take part and or contest as an aspirant at the 2nd defendant's primary election held for the selection/election of the 2nd defendant's candidate for Imo West Senatorial district/constituency.

3.    An order of court setting aside or nullifying the purported selection of the 1st defendant at the primary

election held on 8th January 2011 wherein the 1st defendant was purportedly announced as having emerged as a candidate of the 2nd defendant for the Imo West Senatorial District.

4.    An order of declaration that the plaintiff having scored the highest number of votes amongst the eligible contestants/candidates in the primary election conducted by the 2nd defendant for the Imo West Senatorial District is entitled to have his name submitted to the 3rd defendant as the sponsored candidate of the 2nd defendant in the forthcoming election for the Imo West Senatorial District Constituency.

5.    An order of this court compelling the 2nd defendant to submit the name of the plaintiff to the 3rd defendant as a candidate who won the 2nd defendant's National Assembly Primary Election held on 8th January, 2011 for Imo West Senatorial District.

6.    An order of injunction restraining the 2nd defendant by itself, its officers. servants, privies, agents or otherwise howsoever from submitting the name of the 1st defendant and or otherwise representing or holding out the 1st defendant as the candidate of the 2nd defendant for the Imo West Senatorial District/Constituency in the forthcoming General Election to be held by the 3rd defendant on 2nd April 2011 and or any other dates fixed by the 3rd defendant.

7.    An order of injunction restraining the 3rd defendant by itself, its servants, agents, privies or otherwise howsoever from accepting and or recognizing the 1st defendant as the candidate of the 2nd defendant for the Imo West Senatorial District/Constituency in the forthcoming General Election to be held on 2nd April 2011 and or any other date fixed by the 3rd defendant.

8.    An order of injunction compelling the 2nd and 3rd defendants to recognise the plaintiff as the candidate of the 2nd defendant for the Imo West Senatorial District/ Constituency in the forthcoming general election.

9.    An order of injunction restraining the 1st defendant from parading himself and/or representing or holding out himself as the candidate of the 2nd defendant in

Case: 1:23-cv-05089 Document #: 24-7 Filed: 09/06/23 Page 13 of 42 PageID #:807

A

the forthcoming general election and or otherwise representing that he was validly elected/chosen by the 2nd defendant as its candidate for Imo West Senatorial District in the forthcoming 2011 general election.

B

Abdu-Kafarati, J of the Federal High Court Abuja presided. Trial involved examination of affidavits and documents. In a considered Judgment delivered on the 28th day of January, 2011, the learned trial Judge reasoned as follows:

C

"…..I therefore hold that in the absence of the decision by the NWC overruling the National Assembly Appeal Panel the report stands and the 1st defendant stands disqualified and I so hold…"

And with that, the learned trial Judge granted all the reliefs in the amended originating summons. Aggrieved, the appellant lodged an appeal in the Court of Appeal, Abuja Division. In a judgment delivered on the 5th day of April 2011, the decision of the trial court was affirmed. The Court of Appeal had this to say:

D

"…My conclusion on this issue is that the trial Judge properly evaluated the evidence, he did not deny the appellant his right to fair hearing in that it was the evidence submitted by the appellant and the 2nd respondent that the trial Judge relied upon in arriving at the conclusion that the appellant was not cleared to contest the said primaries and he stands disqualified."

E

This appeal is against that judgment. On the 14th of April when this appeal came before this court, learned counsel for the appellant, Chief Wole Olanipekun, SAN drew our attention to the fact that he had two pending motions. They are:

F

1.   Motion on notice filed on 13/4/2011 for leave to produce and tender documentary evidence which was not tendered at the trial court and Court of Appeal.

2.   Motion on notice filed on 19/4/11 for leave to appeal on grounds of mixed law and facts.

G

This court ordered learned counsel to argue the motions in his brief, and learned counsel for the respondents to respond in their briefs.

H

Briefs were duly filed and exchanged. The appellant filed an appellant's brief and a reply brief on 19/4/2011 and 4/5/2011 respectively.

A

The 1st respondent's brief was filed on 27/4/11.

The 2nd respondent's brief was filed on 4/5/11, while the 3rd respondent's brief was filed on 3/5/11.

Before I proceed to examine the issues for determination and the appeal, I shall first rule on the motions.

B

At the hearing of the appeal on the 5th day of May, 2011 the appellant's motion filed on 19/4/11 was granted as prayed in the absence of opposition from counsel for the 1st, 2nd and 3rd respondents.

*Motion on notice filed on 13/4/2011*

C

The motion seeks:

Leave to produce and tender documentary evidence which was not tendered at the trial court and Court of Appeal, to wit:

D

An extract from the minutes of the meeting of the National Working Committee (NWC) of the Peoples Democratic Party held on 5th January. 2011 containing the decision of the NWC to clear Chief Hope Uzodinma (the appellant) to participate in the primary election for the Imo West Senatorial Seat.

E

The motion is supported by a five paragraph affidavit deposed to by Michael Ajara, Esq, a Legal Practitioner in Chambers of learned counsel for the appellant. Annexed to the affidavit are documents marked:

1.   Exhibit HU1 - Request for minutes of National Working Committee Meeting of PDP in respect of Hope Uzodinma's clearance to contest primary election.

F

2.   Exhibit HU2 - Extract of the NWC meeting of 5th January 2011: clearance of Chief Hope Uzodinma.

No counter-affidavits were filed. Learned counsel for the appellant, Chief W. Olanipekun SAN observed that trial took just three days and judgment was delivered on 28/1/2011, he thus had very little time to assemble relevant documentary evidence, including exhibit HU2. He further observed that it was on 7/4/11 that he obtained from the PDP Secretariat the extract of the NWC meeting of 5/1/2011 - exhibit HU2.

G

He submitted that the documentary evidence (exhibit HU2) is clear and unambiguous and no further evidence is to be adduced on it. Relying on: *Asaboro v. Aruwaji* (1974) All NLR p. 127; *Owata v. Anyigor* (1993) 2 NWLR (Pt. 276) p. 380. He urged us to grant the application.

H

Learned counsel for the 1st respondent, Mr. P.I.N. Ikwueto, SAN observed that the fresh evidence now sought to be produced was made, produced and in the custody of the 2nd respondent, and yet it was neither tendered or brought to the attention of the learned trial judge when the 2nd respondent and the appellant filed their processes in defence of the amended originating summons.

He further observed that even before the Court of Appeal, the extract of minutes of the NWC of the PDP was still not produced. He submitted that the fresh evidence if admitted will completely change/alter the character of the case presented by the appellant and the 2nd respondent before the courts below. Relying on: *Owata v. Anyigor* (supra); *Akanbi v. Alao* (1989) 3 NWLR (Pt. 108) p.118.

He urged us to dismiss this application in the interest of justice. Learned counsel for the 2nd respondent, Chief O. Oke observed that facts deposed to in the affidavit in support are manifestly indisputable, and so the application ought to be granted in the interest of justice.

Opposing the application, learned counsel for the 3rd respondent, Chief (Mrs.) V. F. Awomolo observed that no reasonable excuse or justification for not bringing the document at the court of trial has been given.

Relying on: *Okpanum v. S.G.E. (Nig.) Ltd.* (1998) 7 NWLR (Pt. 559) 1; *Oroke v. C. Ode* (1964) NMLR p118 She urged this court to dismiss the application. In *C. Asaboro v M.G.D. Aruwaji and Anor.* (1974) 4 SC p87 Coker, JSC said that:

"The decision also evidently applied the principles which time honoured practice has established and the matters which the courts have always taken into consideration in the judicious exercise of powers to grant leave to adduce new evidence, namely:
(a) The evidence sought to be adduced must be such as could not have been with reasonable diligence obtained for use at the trial;
(b) The evidence should be such as if admitted it would have an important, not necessarily crucial effect on the whole case, and
(c) The evidence must be such as apparently credible in the sense that it is capable of being believed and it need not be incontrovertible.

See: *Obasi v. Onwuka* (1987) 3 NWLR (Pt. 61) p. 364.

The discretion to grant leave to admit new evidence, fresh evidence or additional evidence is properly exercised if it is for the furtherance of justice.

Judges must exercise that power sparingly and with caution. This is so because granting the application could amount to allowing the applicant to reopen his case or present a new case. The application should be granted if the applicant is able to satisfy the court that it was extremely difficult or not possible to obtain the evidence before trial and it is in the interest of justice that the said evidence is led.

In the affidavit in support of the application paragraphs 3(b), (c), (d), (e), (f), (g), (h), (i), (l) are relevant. They read:

"3(b)    He could not submit the minutes of the said NWC meeting at the trial court because he was not allowed enough time by the trial court to assemble all the documents he needed for his defence.

(c)    He wrote a letter through his solicitors dated 25/1/2011 to the National Chairman of the 2nd defendant/respondent requesting for the minutes of the said NWC to be made available to his lawyers for his defence. Attached is an acknowledged copy of the request. Letter marked exhibit HU1.

(d)    The amended originating summons was filed on the 24th day of January, 2011, served the same day and fixed for hearing the next day, 25th January, 2011. The learned trial Judge ultimately heard the case and delivered judgment within 3 days of the filing of the amended originating summons.

(e)    The hasty hearing at the trial court did not allow the appellant a reasonable time to gather all the documentary evidence that would have supported his case, as he had only 24 hours within which to file his counter-affidavit to the amended originating summons and the plaintiff's motion for injunction.

(f)    The National Secretary of the 2nd respondent who was in possession and custody of the NWC minute book as well as other officials of the party, including the National Chairman, were not available in Abuja

A    when the case was heard and judgment delivered, as they were busy campaigning and attending to other numerous party duties all over the country.

(g)    Thereafter, all other party officials, including the National Chairman and National Secretary, continued traveling to all the States of the Federation campaigning for their party and were not readily available in their offices in Abuja.

(h)    The appellant has now obtained an extract from the minutes of the meeting of the National Working Committee (NWC) Meeting of the 5th January 2011, showing his clearance to contest the primary election of the Peoples Democratic Party (PDP). Attached hereto is a photocopy of the letter from the chairman of the 2nd respondent to the Chief Registrar of this court, forwarding the extract of the said minutes, marked exhibit HU 2"

(i)    At the time this matter was heard at the Court of Appeal, he had not yet obtained the extract of the minutes, which he only got on the 7th of April, 2011 from the Secretariat of the 2nd respondent when the 2nd respondent wrote to the registrar of this honourable court,

(l)    The documentary evidence is to establish that the National Working committee cleared the appellant to contest the primary election in Imo West Senatorial seat without adducing further facts in support.

No counter-affidavits were filed. Depositions in an affidavit are the factual positions of the deponent as verily believed by him, and where such facts are not controverted with a counter affidavit, the material facts are taken as unchallenged and undisputed and the court is bound to act on them except they are obviously false. See: *Alagbe v. Abimbola* (1978) 2 SC p. 39; *Egbuna v. Egbuna* (1989) 2 NWLR (Pt. 106) p.773.

By this application the appellant seeks leave of this court to adduce fresh evidence. That is to admit in this court an extract from the minutes of the National Working Committee of the PDP held on the 5th of January 2011. The extract contains the decision of the NWC to clear the appellant in order that he participates in the primary election of the PDP for the Imo West Senatorial Seat.

A    My Lords, both courts below were never in doubt that the National Working Committee of the PDP met and after their meeting on 5/1/11, clearance certificate for the appellant emerged on 6/1/11. The failure to produce the relevant minutes was what was in issue, and this was explained in detail in the affidavit in support. The judgment of the High Court was delivered on 28/1/11, while the judgment of the Court of Appeal was delivered on 5/4/11. Unchallenged affidavit evidence shows clearly that the appellant applied to the PDP for the relevant minutes on 25/1/11, (see exhibit HU 1) and it was only on 7/4/11, two days after the Court of Appeal delivered its judgment, that he was given the document by the PDP. This clearly explains the failure of the appellant's counsel to produce the relevant minutes. I am in the circumstances satisfied that the document could not have been with reasonable diligence obtained before the trial or the hearing of the appeal.

Exhibit HU2, the extract of the meeting of the NWC of the PDP held on 5/1/11 confirms the obvious. That the NWC cleared the appellant and issued him certificate dated 6/1/11 to contest the primary election. No further facts or evidence are necessary. The contents of exhibit HU2 would have an important effect on the case and would thus best serve the interest of justice.

Application is hereby granted.

I now turn to consider the main appeal. Learned counsel for the appellant formulated five issues for determination. They are:

1.    Whether the lower court was in error when it affirmed the judgment of the trial High Court which was based on exhibits and documents which were not attached to the affidavit in support of the amended originating summons.

2.    Whether or not the lower court was not in error by holding (affirming the decision of the trial High Court) that the action of the plaintiff was properly commenced by way of originating summons.

3.    Without prejudice to issue (1) supra, whether the said lower court was still not in grave error:

   (a)    In its failure to holistically read and apply the provisions of the said guidelines, including but not limited to articles 26(3) and 27(iii) thereof; and

(b)    By upholding the judgment of the trial High   A
Court which held that the appellant stood
disqualified when the reasons given for the
said disqualification are based on unproven
criminal allegations, not covered by Law and
PDP guidelines.   B

4.    Was the appellant duly and properly served with the
amended originating summons.

5.    Whether the lower court was not wrong in using the
counter affidavit to a notice of preliminary objection
to resolve the core and critical issues arising from the   C
main action, contrary to the findings of the trial High
Court.

Learned counsel for the 1st respondent also formulated five issues
for determination. They read:

1.    Whether the lower court was in error when it affirmed   D
the judgment of the trial High Court which was based
on exhibits and documents which were not attached
to the affidavit in support of the amended originating
summons.

2.    Whether or not the lower court was not in error by
holding (affirming the decision of the trial High Court)   E
that the action of the plaintiff was properly commenced
by way of originating summons.

3.    No issue was formulated,

4.    Was the appellant duly and properly served with the   F
amended originating summons.

5.    Whether the lower court was not wrong in using - the
counter-affidavit to a notice of preliminary objection
to resolve the core and critical issues arising from the
main action contrary to the findings of the trial High   G
Court.

Learned counsel for the 2nd respondent adopted the issues
formulated by the learned counsel for the appellant.

Issues nos. 1 and 4 formulated by the learned counsel for the 3rd
respondent are identical with issues 1 and 4 of the 1st respondent.
No issues were formulated in 2 and 5. Only arguments were   H
advanced.

Issue No. 3 reads:

'Whether the appellant was cleared to contest the party
primary by exhibit PDP 1.

I have examined the issues formulated by counsel and I am
of the view that most of them do not address the real grievance of
the appellant. In such situations this court and indeed the Court
of Appeal are free to formulate issues that would determine the
real question in an appeal. See: *Ogunbiyi v. Ishola* (1996) 6 NWLR
(Pt.452) p.12; *Ikegwuoha v. Ohawuchi* (1996) 3 NWLR (Pt. 435) p.
146.

The arguments in this appeal have been rather elaborate but the
matter to be decided is to my mind a very straightforward question.
Issue 3 formulated by learned counsel for the third respondent is
adequate for determination of this appeal. It is:

Whether the appellant was properly cleared to contest
the PDP primaries which was held on the 8th of January
2011.

At the hearing of the appeal on 5/5/11, learned counsel for the
appellant Chief W. Olanipekun SAN adopted the appellant's brief
and reply brief filed on 19/4/11 and 4/5/11. He urged us to allow the
appeal and set aside the judgment of the Court of Appeal.

Learned counsel for the 1st respondent, Mr. P.I.N. Ikwueto,
SAN adopted his brief filed on 27/4/11, He urged us to dismiss the
appeal and uphold the decisions of the lower courts.

Learned counsel for the 2nd respondent, Chief O. Oke adopted
his brief filed on 3/5/11. He urged us to allow the appeal and uphold
the appellant as candidate of the 2nd respondent.

Learned counsel for the 3rd respondent, Mrs. V.O. Awomolo
adopted her brief filed on 3/5/11 and urged that the appeal be
dismissed.

All counsel made submissions in amplification of their briefs.
To avoid repetition, I shall reproduce those submission along
with their respective submissions/arguments in the brief while
considering the issue that determines the appeal.

The Electoral Act, the Constitution and Electoral Guidelines
of the Peoples Democratic Party or of any other political party are
very important documents. They complement the Constitution of
Nigeria. These documents contain broader rules, regulations for the
administrative convenience of the Independent National Electoral
Commission and the political party. Where there is conflict with the

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 17 of 42 PageID #:811

provisions of the Constitution of Nigeria the offending provision is void for all times.

The Peoples Democratic Party Guidelines were made pursuant to the PDP Constitution and issued by the National Executive Committee of the PDP. They provide a uniform framework for the conduct of primaries for the election of party candidates for the offices of the President of Nigeria, Governor of a State, Member of the National Assembly and State House of Assembly. It must at all times be given a generous and purposive interpretation.

The nomination of a candidate to contest an election is the sole responsibility of the political party concerned. The courts do not have jurisdiction to decide who should be sponsored by any political party as its candidate in an election. See: *Ugwu v. Ararume* (2007) 12NWLR (Pt. 1048) p. 367; *Dalhatu v. Turaki* (2003) 15 NWLR (Pt. 843) p. 310; *Onuoha v. Okafor* (1983) 2 SCNLR p. 244 But where the political party nominates a candidate for an election contrary to its own constitution and guidelines a dissatisfied candidate has every right to approach the court for redress. In such a situation, the courts have jurisdiction to examine and interpret relevant legislations to see if the political party complied fully with Legislation on the issue of nomination. The courts will never allow a political party to act arbitrarily or as it likes. Political party must obey their own constitution, and once this is done there would be orderliness, and this would be good for politics and the country.

By the provisions of Section 34 of the Electoral Act, 2006 a political party intending to change its candidate for an election could do so if it informs INEC of such change in writing not later than 60 days to the election giving cogent and verifiable reasons. No substitution of any candidate shall be allowed after 60 days except death of the candidate, Under the Electoral Act 2010 a party no longer has power to substitute a candidate except in the case of death or withdrawal by candidate. See section 33 of the Electoral Act 2010.

Section 31(i) and 87(i) of the Electoral Act reads as follows:

"31(i) Every political party shall not later than 60 days before the date appointed for a general election ........... submit to the commission in the prescribed forms, the list of the candidates the party proposes to sponsor at the elections, provided that the commission shall not reject or disqualify candidates for any reason whatsoever."

87(1)   A political party seeking to nominate candidates for elections under this Act shall hold primaries for aspirants to all elective positions.

(2)   ...

(3)   ...

(4)   ...

(5)   ...

(6)   ...

(7)   ...

(8)   ...

(9)   Notwithstanding the provisions of the Act or rules of a political party, an aspirant who complains that any of the provisions of this Act and the guide lines of a political party has not been complied with in the selection or nomination of a candidate of a political party for election, may apply to the Federal High Court or the High Court of a State for redress."

Article 27(x), (xi), (Xii) of Electoral Guidelines for Primary Elections, 2010 of the Peoples Democratic Party (PDP) states that:

"27(x)   Any aggrieved aspirant shall have the right of appeal in writing to the National Assembly Electoral Appeal Committee within 24 hours from the time of receipt of the decision appealed against.

(xi)   The National Assembly Electoral Appeal Committee shall pronounce its decision on the appeal within 48 hours of the hearing of the appeal or soon thereafter.

(xii)   Notwithstanding the provisions of these Guidelines and any other rules or regulations laid down by the Party, the decision of the National Working Committee shall be final and binding on all aspirants, officers and organs of the Party in respect of the primary election to the National Assembly on the platform of the party."

The above provisions lay down in clear terms the procedure to be followed for nomination of an aspirant/candidate for an election, by his political party, and the remedy available to an aggrieved aspirant/candidate. The issue is whether the appellant's nomination was in compliance with the above.

Learned counsel for the appellant, Chief Wole Olanipekun, SAN observed that a certificate of non clearance dated 4/1/2011 was

issued to the appellant, while a certificate of clearance was issued to the appellant dated 6/1/2011, contending that the certificate of clearance superseded that of non clearance, contending that the appellant was the lawful candidate who won the primary election. He urged us to allow the appeal.

Learned counsel for the 1st respondent, Mr. P.I.N. SAN observed that it is only the National Working Committee of the PDP that can clear the appellant further observing that there is no evidence that the appellant was cleared by the said National Working committee. He urged us to dismiss the appeal and uphold the decision of the lower courts.

Learned counsel for the 2nd respondent Chief O. Oke observed that the court should consider all the evidence placed before it before coming to a conclusion. He further observed that there was compliance with relevant legislation before the appellant was nominated, concluding that the name of the 1st respondent was never forwarded to the 3rd respondent.

Learned counsel for the 3rd respondent, Mrs. V.O. Awomolo submitted that the National Assembly Screening Panel did not give the appellant clearance or right to contest the party's primary election. reference was made to Articles 27(vi), (viii), (x) and (xii).

In conclusion, she submitted that the court is bound by the case presented by the parties, and the court ought not to create and make a case different from that addressed by the parties. Reliance was placed on: *Sodipo v. Lemmnikainen OY* (1986) 1 NWLR (Pt. 15) p. 220. She urged us to dismiss the appeal.

The screening committee of the PDP screened and cleared the appellant to contest the primary elections for the Imo West Senatorial District of Imo State. See clearance certificate Exhibit A: Acting on a petition written by one Festus Keyamo which was unsubstantiated and false in the extreme, the screening committee revoked the clearance earlier issued and proceeded to issue a certificate of non clearance to the appellant. The certificate is dated 4/1/11.

The appellant protested to the National Chairman of the PDP See Exhibit B.

The National Working Committee of the PDP considered the appellant's protest and found as a fact that the petition written

by one Festus Keyamo was false and that the appellant was not given an opportunity to be heard before his clearance to contest the primary elections was withdrawn on 4/1/11.

On this finding the 2nd defendant restored the clearance earlier given to the appellant and issued him a fresh clearance certificate dated 6/1/11 Exhibit C.

Exhibit HU2 dated 7/4/11 is from the office of the National Chairman of the PDP. It was not before the lower courts because learned counsel for the appellant was only able to obtain it from the PDP after the appeal was heard. It reads in part:

*Clearance of Chief Hope Uzodinma*

Please find attached the extract of the meeting of the National Working committee of the Peoples Democratic Party held on 5th January, 2011 showing that the NWC decided that Chief Hope Uzodinma be cleared to contest the primary election for Imo West Senatorial Seat ....

The extract reads in part:

Subject:    *Extract of the NWC meeting of 5th January, 2011: clearance of Chief Uzodinma.*

At the meeting held on the 5th January, 2011, the NWC reviewed the complaint by Chief Hope Uzodinma over his disqualification by the National Assembly Screening Appeal Panel for Imo State. NWC noted that Chief Hope Uzodinma was not granted hearing by the said Panel. Moreover, there was no evidence that Chief Hope Uzodinma has been convicted of murder, armed robbery, obtaining money by false pretence and bankruptcy, grounds upon which the Appeal Panel based its decision.

Furthermore, the petition on which the complaint was based did not emanate from aspirants or persons known to the Party. In view of the flagrant abuse of authority by the Appeal Panel, NWC decided that Chief Hope Uzodinma's clearance to participate in the primary election for Imo West Senatorial Seat be restored.

Please take necessary steps to issue him a certificate of clearance.

Signed by A.S. Okoro
Deputy Director (Admin)
For: National Secretary.

The concluding part of the judgment of the trial court shows the reasoning of the learned trial judge. It reads:

"I therefore hold that in the absence of the decision by the NWC overruling the National Assembly Appeal Panel the report stands and the 1st defendant stands disqualified and I so hold"

The Court of Appeal has this to say:

"My conclusion on this issue is that the trial judge properly evaluated the evidence, he did not deny the appellant his right to fair hearing in that it was the evidence submitted by the appellant and the 2nd respondent that the trial judge relied upon in arriving at the conclusion that the appellant was not cleared to contest the said primaries and he stands disqualified."

It is so clear to me that what was being questioned by the learned trial judge and endorsed by the Court of Appeal was not that the National Working Committee met but the failure to produce the minutes.

Both conclusions above (of the courts below) were given in ignorance of facts that ought to have been before the courts but were not before the court through no fault of the appellant, or his Learned counsel. By a letter dated 25/1/11 - Exhibit HU1, the appellant had asked the PDP for the extract of the minutes of the NWC meeting for 5/1/11 - Exhibit HU2, and that was before trial. Trial lasted three days after 25/1/11, and it was not until after judgment was delivered by the Court of Appeal that the appellant received Exhibit HU2 from the PDP on 7/4/11.

My Lords, counsel are allowed to urge the semblance of the truth but we judges must at all times strive for the truth. This is a case of rush to justice which is as bad as delayed justice. This is clearly not a case of making a case for the appellant. It was not the fault of the appellant that Exhibit HU2 was not produced at trial or before the Court of Appeal. The PDP was clearly at fault for not producing Exhibit HU2 in time, so that the appellant could convince the court that the final appeal Panel of the PDP (i.e. the NWC) issued him a clearance on 6/1/11 to contest the primary elections. The clearance certificate issued on 6/1/11 supersedes the non clearance certificate issued on 4/1/11.

Exhibit HU2 is affirmative, compelling evidence that the appellant was cleared by the NWC to contest the primary elections conducted by the PDP on 8/1/11 and the decision of the NWC is final. His name was thereafter forwarded to the 3rd respondent, as

the PDP candidate for the elections for the Imo West Senatorial District of Imo State.

Any lingering doubt that clearance did not emanate from the NWC is put to rest by exhibit HU2. Before concluding, I must observe that in an action to determine who a party nominated as its candidate the input of the party is of paramount importance. INEC on the other hand is merely a nominal party with little or no stake in the matter. INEC should be neutral in the matter. After all INEC cannot be seen to sympathise more than bereaved.

This appeal is accordingly allowed. The judgment of the Court of Appeal is set aside. The appellant, Chief Hope Uzodinma was properly cleared by the National Working Committee of the PDP at its meeting on 5/1/11 to contest the PDP primaries for Imo West Senatorial District which was held on 8/1/11.

Appeal succeeds. No order as to costs.

**ONNOGHEN, J.S.C.:** On the 5th day of May, 2011, this court heard this appeal at the conclusion of the hearing of which I gave my judgment allowing the appeal and setting aside the judgment of the lower courts promising to give reasons for the said judgment today, 20th May, 2011. Below are the reasons for the decision earlier reached and delivered.

This appeal is against the judgment of the Court of Appeal holden at Abuja division delivered on the 5th day of April, 2011 in appeal No. CA/A/51/2011 in which the court dismissed the appeal of the appellant against the decision of the Federal High Court holden at Abuja in suit No. FHC/ABJ/14/2011 delivered on the 28th day of January, 2011 in which the court granted all the reliefs of the 1st respondent, then plaintiff.

The facts of the case include the following: Both the appellant and 1st respondent are members of a registered political party known and called Peoples Democratic Party who took part in the said party's primary election conducted to pick a candidate to represent the party in the contest for election into the Senate of the Federal Republic of Nigeria as a representative of Imo West Senatorial District in the National Assembly Election scheduled or rescheduled for the 9th day of April, 2011. The primary election took place on the 8th day of January, 2011 and, it is agreed, was won by the appellant

Case: 1:23-cv-05089 Document #: 24-7 Filed: 09/06/23 Page 20 of 42 PageID #:814

A  who scored 2147 votes as against the 1st appellant with 891 votes. It is, however, the case of the 1st respondent that since appellant was disqualified prior to the primary election of 8th January, 2011 he was not a qualified candidate for the said election and therefore could not have legally participated in the said election let alone scored any votes; that since of all the qualified participants at the primary election the 1st respondent scored the highest number of votes he, and not appellant, ought to have been declared the winner thereof and presented by the 2nd respondent to the 3rd respondent as the 2nd respondent's candidate for the said National Assembly Election.

C    By an amended originating summons at page 192 – 269 of the record, the 1st respondent sought the determination of the following questions:

"a.    Whether the PDP can act contrary to its Electoral Guidelines for Primary Elections, 2010.

D    b.    Whether under the meanings and intendment of paragraph 27(v) of the PDP Electoral Guidelines for Primary Elections 2010, an aspirant who was not cleared by the State Screening Appeal Panel is qualified to participate in any Primary Elections conducted by the PDP for the purpose of screening its candidate for the 2011 General Elections under the Electoral Act, 2010 as amended.

E    c.    Whether the 1st defendant is qualified to participate in the PDP Primary Election conducted on 8th January, 2011 for the selection of the PDP candidate for Imo West Senatorial District/Constituency.

F    d.    Whether the 1st defendant who was not cleared by the Screening Appeal Panel set up by the 2nd defendant was eligible to present himself as a candidate for the National Assembly Primary Election for Imo West Senatorial District held on 8th January, 2011."

G    Based on the determination of the above questions, 1st respondent sought the following reliefs:

"1.    A declaration that the 1st defendant was not qualified to participate and or take part in the primary election conducted by the 2nd defendant for the selection of its candidate for Imo West Senatorial District.

2.    An order of declaration that pursuant to paragraph 27(v) of the PDP Electoral Guidelines for primary election

2010, the 1st defendant having been certified unfit/not cleared to contest the National Assembly Primary Election by the 2nd defendant's Screening Appeal Panel is not eligible to take part and or contest as an aspirant at the 2nd defendant's primary election held for the selection/election of the 2nd defendant's candidate for the Imo West Senatorial District/Constituency.

3.    An order of court setting aside or nullifying the purported selection of the 1st defendant at the primary election held on 8th January, 2011 wherein the 1st defendant was purportedly announced as having emerged as a candidate of the 2nd defendant for the Imo West Senatorial District.

4.    An order of declaration that the plaintiff having scored the highest number of votes amongst the eligible contestants/candidates in the primary election conducted by the 2nd defendant for the Imo West Senatorial District is entitled to have his name submitted to the 3rd defendant as the sponsored candidate of the 2nd defendant in the forthcoming election for the Imo West Senatorial District Constituency.

5.    An order of this court compelling the 2nd defendant to submit the name of the plaintiff to the 3rd defendant to submit the name of the plaintiff to the 3rd defendant as a candidate who won the 2nd defendant's National Assembly Primary Election held on 8th January, 2011 for Imo West Senatorial District.

6.    An order of injunction restraining the 2nd defendant. By itself, its officers, servants, privies, agents or otherwise howsoever from submitting the name of the 1st defendant and or otherwise representing or holding out the 1st defendant as the candidate of the 2nd defendant for the Imo West District/Constituency in the forthcoming General Election to be held by the 3rd defendant on 2nd April, 2011 or any other date fixed by the 3rd defendant.

7.    An order of injunction restraining the 3rd defendant by itself, its servants, agents, privies or otherwise however from accepting and or recognizing the 1st defendant for the Imo West Senatorial District/Constituency in the

A  forthcoming General Election to be held on 2nd April, 2011 and or any other date fixed by the 3rd defendant.

8.    An order of injunction compelling the 2nd and 3rd defendants to recognize the plaintiff as the candidate of the 2nd defendant for the Imo West Senatorial District/

B  Constituency in the forthcoming General Election.

9.    An order of injunction compelling the 1st defendant from parading himself and/or representing or holding out himself as the candidate of the 2nd defendant in the forthcoming General Election and or otherwise

C  representing that he is validly elected/chosen, by the 2nd defendant as its candidate for Imo West Senatorial District in the forthcoming 2011 General Election."

The amended originating summons is supported by an affidavit of 15 paragraphs to which certain documents are exhibited. However, the Guidelines of the Peoples Democratic Party's Primary

D  Elections which was exhibited to the original originating summons and marked exhibit 4 and though referred to in paragraph 7(b) of the supporting affidavit to the amended originating summons as having been exhibited thereto, was inadvertently not so exhibited, This fact is not disputed by the respondents - particularly the 1st respondent.

It is, however, the case of the appellant that his alleged disqualification by the 2nd respondent's Screening Appeal Committee was rescinded by the National Working Committee of

F  the 2nd respondent following his appeal against the said decision of the Appeal Committee and that his candidature for the said primary election was thus revalidated. Both parties agree that it is only the National Working Committee of the 2nd respondent that has the final authority to determine appeals against the decision of Screening Appeal Committee. It is also not disputed that appellant

G  was duly cleared by the Screening Committee to contest the primary election and was issued a provisional certificate to that effect; that the said provisional certificate was set aside by the 2nd respondents' Screening Appeal Committee following an alleged appeal which in turn resulted in the appeal of appellant to the National Working

H  Committee.

The simple question before the trial court on the substance of the case before it is whether the National Working Committee took a decision on the appeal of the appellant before the primary

A  election of the 2nd respondent in which appellant emerged the winner. It is, however, on record that following the emergence of appellant as winner of the primary election in question, his name and particulars together with other candidates representing the 2nd respondent in the National Assembly Election and others scheduled

B  for April, 2011 were forwarded to the 3rd respondent by the 2nd respondent as required by the provisions of the Electoral Act, 2010 as amended, particularly section 31(1) thereof. The issue, as earlier stated is, therefore, whether appellant was legally disqualified from participating in that contest and if so what is the legal effect of

C  the submission of his name and particulars to the 3rd respondent as the candidate of the 2nd respondent for the Imo West Senatorial District election having regards to the provisions of section 33 of the Electoral Act, 2010, as amended. Every other issue, such as whether originating summons is the proper mode of commencing

D  the action; whether the PDP Guidelines for Primary Election 2010 is an exhibit properly so called before the court, etc remain peripheral matters which include the issue as to the jurisdiction of the trial court to hear and determine the action as constituted.

On the main issue for determination, the trial court in its

E  judgment, particularly at pages 579 - 580 of the record, found/held as follows:

"It is not in dispute and indeed admitted by all counsel that the 1st defendant was disqualified from contesting the party primary by the National Assembly Appeal

F  Panel. See the report of the Panel attached to exhibit B, of the is, defendant.

The question is whether after the disqualification the said 1st defendant was cleared by the National Working Committee of PDP thus overruling the decision of the Appeal Panel.

G  By the article 27(xii) of the PDP Electoral Guidelines for primaries the decision of the National Working Committee is final if (sic) provides:

"Notwithstanding the provisions of these guidelines and any other rules or regulation laid down by the party

H  the decision of the INEC shall be final and binding on all aspirants, officers and organs of the party in respect of the primary election to the National Assembly on the platform of the party,"

A

The pertinent question is did the National Working Committee meet and took decision reversing the finding of the appeal panel? I have seen a minute on exhibit PDP1 which is an appeal to the PDP Chairman by the 1st defendant's solicitors directing that the 1st defendant be issued with certificate of clearance. It is my view that minute on exhibit PDP cannot in law be said to be a decision by the National Working Committee.

B

As it stands the Report of the National Assembly Appeal Panel is still subsisting until the National Working Committee meets and takes decision. Neither Chief Oke nor Mr. Paul Erokoro, SAN is able to show that the National Working Committee took a decision on the matter. The minutes on the 1st defendants' solicitors sic cannot satisfy the requirement of section 27 (xii) of the guidelines. I therefore hold that in the absence of the decision by the National Working Committee overruling the National Assembly Appeal Panel the report stands and the 1st defendant stand disqualified and I so hold. Having coming (sic) to the conclusion, the plaintiff's originating summons succeeds and same is hereby granted. The questions posed for determination are resolved in favour of the plaintiff. The reliefs contained in the amended originating summons are granted as prayed."

C

D

E

F

The above position of the trial court was affirmed by the lower court in its judgment at pages 999 - 1001 of the record in its resolution of issue 3 put before the court.

In the appellant's brief of argument filed on 19th April, 2011, learned senior counsel for the appellant Chief Wole Olanipekun, SAN leading Chief Chris Uche, SAN, Paul Erokoro Esq., SAN and Dr. Abiodun Lanjanu, SAN, has submitted the following issues for the determination of the appeal:

"i.    Whether the lower court was not in error when it affirmed the judgment of the trial High Court which, was based on exhibits and documents which were not attached to the affidavit in support of the amended originating summons - Ground 4.

A

ii.    Whether or not the lower court was not in error by holding (affirming the decision of the trial High Court) that the action of the plaintiff was properly commenced by way of originating summons – Grounds 3 and 10.

iii.    Without prejudice to issue (1) supra, whether the said court was still not in grave error:

B

a.    In its failure to holistically read and apply the provisions of the said guidelines, including but not limited to article 20(3) and 27(iii) thereof and;

C

b.    By upholding the judgment of the trial High court which held that the appellant stood disqualified when the reasons given for the said disqualification are based on unproven criminal allegation, not covered by law and PDP guidelines. Grounds 1, 2, 7, 8 and 9.

D

iv.    Was the appellant duly and properly served with the amended originating summons? Ground 5.

v.    Whether the lower court was not wrong in using the counter affidavit to a notice of preliminary objection to resolve the core and critical issues arising from the main action, contrary to the findings of the trial High Court - Ground 6."

E

The above issues were adopted by leading learned senior counsel for the 1st respondent Chief P.I.N. Ikwueto, SAN in the 1st respondent's brief of argument filed on the 27th day of April, 2011 at page 18 thereof.

F

At page 15 of the 2nd respondent's brief, Chief Olusola Oke for the 2nd respondent also adopted the said issues formulated by learned leading senior counsel for the appellant.

G

Learned counsel for the 2nd respondent, Chief (Mrs.) V. F. Awomolo also adopted the issues for determination as formulated by learned senior counsel for that appellant - See paragraph 4.00 at page 2 of the brief filed on 3rd May, 2001.

In short, all learned counsel for the parties are in agreement on the issues calling for determination in this appeal.

H

There is however a preliminary issue to be determined arising from the motion filed by learned senior counsel for the appellant, Paul Erokoro Esq., SAN on the 13th day of April, 2011 praying the court *inter alia.*

"1.      Leave to produce and tender documentary evidence which was not tendered at the trial court and Court of Appeal, to wit:

An extract from the minutes of the meeting of the National Working Committee (NWC) of the Peoples Democratic Party held on 5th January, 2011 containing the decision of the National Working Committee to clear Chief Hope Uzodinma (the appellant) to participate in the primary election for the Imo West Senatorial Seat."

The motion is supported by an affidavit of five paragraphs to which the said extract is exhibited as exhibit HU2.

As directed by the court, argument in support of the application has been canvassed in the appellant brief and in the briefs filed and reacted to by the respondents to the appeal.

I have carefully gone through the reasons for of my learned brother, Rhodes-Vivour, JSC just delivered and I entirely agree with his reasons and conclusion that this is a proper application in which the court should exercise its discretion in favour of the applicant by granting the application. It is not disputed that following the disqualification of the appellant by the Screening Appeal Committee of the 2nd respondent, appellant, through his solicitors appealed to the National Working Committee of the 2nd respondent for a review of same. While appellant maintained that his appeal was upheld as a result of which he was given another certificate of clearance to contest the primary election, the 1st respondent's position, which was accepted by the lower courts is that there was no documentary evidence to establish that fact. In short, it means that the refusal of the lower courts, to accept the minutes on exhibit PDP1 as conclusive of the reversal of the decision of the Screening Appeal Committee means, in effect, that the appeal of the appellant still pends before that said committee hence the trial court's holding thus:

"As it stands the report of the National Assembly Appeal Panel is still subsisting until the National Working Committee meets and takes decision ... I therefore hold that in the absence of the decision by the National Working Committee overruling the National Assembly Appeal Panel the report stands and the 1st defendant disqualified and I so hold."

In other words, the lower courts were of the opinion that if an extract of the minutes of the meeting of the said committee were before them, they would not have arrived at the decision they arrived at. That makes the document very relevant to the determination of the case and in furtherance of justice, granted that the issue could not otherwise be resolved.

The principles guiding the courts in the exercise of discretion to grant or refuse applications for leave to call/adduce fresh or additional evidence on appeal are well established. They include the following:

(i)      The evidence sought to be adduced must be such as could not have been with reasonable diligence obtained for use at the trial.

(ii)      The evidence should be such as if obtained it would have an important, not necessary crucial effect on the whole case, and

(iii)      The evidence must be such as apparently credible in the sense that it is capable of being believed and it need not be incontrovertible - See *Obasi v. Onwuka* (1987) 3 NWLR (Pt. 61) 364.

Will an admission of the additional/fresh evidence exhibit HU2 be in furtherance of justice having regards to the facts of this case? I answered the question in the affirmative particularly as there is no counter affidavit particularly from the 1st respondent challenging the facts deposed to in the supporting affidavit particularly those contained in paragraphs 3(b) - (i) and (L) thereof. Appellant applied for the document on 28th January, 2011 while the judgment of the trial court was delivered on 28th January, 2011 and that of the Court of Appeal on 5th April, 2011. However exhibit HU2 was given to appellant on 7th April, 2011, which is two days after the delivery of the judgment of the Court of Appeal on the matter. It is clear from the above that the document could not have been obtained with reasonable diligence before the trial or the hearing of the appeal by the lower court. The document sought to be tendered is therefore admitted and marked exhibit SC 1.

Turning to the appeal, I had earlier stated that the main issue for determination remains as found/held by the trial court at in its judgment at page 579 of the record to wit:

"On the merit of the case I am able to find from the processes filed that the only question that calls for

Case: 1:23-cv-05099 Document #: 24-7 Filed: 09/06/23 Page 24 of 42 PageID #:818

A    determination is "was the 1st defendant cleared to contest the primaries of the PDP?."

Before proceeding to determine the issue, however, it is necessary to make a comment or two on some of the other issues.

In respect of issue 1, it is the submission of learned senior counsel for the appellant that the failure of learned senior counsel for the 1st respondent to exhibit to the affidavit in support of the amended originating summons the PDP Guidelines on primary elections which 1st respondent wanted the court to interpret is fatal to the case of the 1st respondent and that the lower court was in error when it relied on the case of *South East Newspaper Corp. v. Anwara* (1975) 9 - 10 SC 55 and *Nwosu v. Imo State Environmental Sanitation Authority* (1990) 2 NWLR (Pt. 135) 688 at 735 in holding that the said guidelines were properly before the court; that the cases are distinguishable on the facts from the instant case; that the guidelines exhibited to the original originating summons can no longer be relied upon as the same has been superceded by the amended originating summons and that in the absence of the PDP guidelines sought to be interpreted, the action of the 1st respondent is incompetent and consequently robbed the courts of the jurisdiction to entertain same.

It is the submission of learned senior counsel for the, 1st respondent that though the guidelines were not finally exhibited to the amended originating summons parties made copious references to same in the presentation of their case before the trial court; that the Electoral Guidelines, was specially referred to in paragraph 7(b) of the affidavit in support of the amended originating summons and therefore became part of the said document and that the lower courts were right in relying on same in the determination of the main issue before the court, relying on *Nwosu v. Imo State Environmental Sanitation Authority supra* and *SES Newspaper Corp v. Anwara supra* that it is settled law that every court is entitled to look at and rely on documents in its file relying on *Agbaisi v. Ebikorefe* (1997) 4 NWLR (Pt. 502) 630; *Akinola v. V.C., UniIlorin* (2004) 11 NWLR (Pt. 885) 616; *Oyewole v. Akande* (2009) 15 NWLR (Pt. 1163) 119 at 148.

On his part, learned counsel for the 2nd respondent stated that the guideline relied upon by the lower court was exhibited to a counter affidavit which was a reaction to a preliminary objection later withdrawn and struck out by the trial court; that the withdrawal

of the objection removed life from the counter affidavit; that 1st respondent did not apply to the trial court to use the counter affidavit as evidence in relation to his case and urged the court to resolve the issue against the 1st respondent.

On behalf of the 3rd respondent, it is submitted that the court has the power to consider all documents filed in the proceeding before it and relevant to the justice of the case, particularly when the party opposing equally relied on the said document in support of its submissions, relying on *Abiodun v. A.-G., Federation* (2007) 15 NWLR (Pt. 1057) 359 a Court of Appeal decision; Section 74 of the Evidence Act and *Olokun v. Aiyelabegan* (2004) FWLR (Pt. 192) 153 at 162; (2004) 2 NWLR (Pt. 858) 504.

From the record, it is not in dispute that the case of the 1st respondent and the defence of the appellant and 2nd respondent are grounded on the PDP Electoral Guideline which, though earlier exhibited to the original originating summons and referred to as exhibit in paragraph 7(b) of the affidavit in support of the amended originating summons, was not so exhibited. The said document, as can be seen on record, was also exhibited to a counter affidavit filed in the proceedings. From all intents and purposes, parties contested the action based on the provisions of that document which was inadvertently omitted to be exhibited physically to the relevant affidavit.

The document is therefore vital and/relevant to the determination of the issue in controversy in the action.

It is settled law that the court is at liberty to look at and utilize a document in its file while writing its judgment or ruling despite the fact that the document was not tendered and admitted as an exhibit at the trial. The purpose for the principle is that the court is designed to do substantial justice between the parties, in the resolution of the issues in controversy between them.

In the instant case, I hold the considered view that the ends of justice will be better served if the PDP Electoral Guidelines relied upon by parties in canvassing their contending positions, though not formerly tendered as an exhibit before the court but is available in the file of the court, is relied upon by the court in deciding the dispute between the parties. In the circumstance, I resolve issue 1 against the appellant.

As regards issue 2, which is substantially whether originating summons procedure is the appropriate mode of commencing the

Case: 1:23-cv-05089 Document #: 24-7 Filed: 09/06/23 Page 25 of 42 PageID #:818

present action, I hold the view that having regards to the facts of the
case relevant to the determination of the main issue before the court,
originating summons is an appropriate mode of commencing the
instant action. I know that there are certain controversial facts raised
in the action but those facts are not relevant to the determination
of the main issue in controversy which had earlier been identified
in this judgment. I therefore, in the circumstance, resolve issue 2
against the appellant

On issue 3 which I consider to relate to the main issue in
controversy which is in the alternative, it is the submission of learned
senior counsel for the appellant that the lower court was in error
when it adopted a very narrow approach to the issue concerning
the guidelines. It is the contention of learned senior counsel that the
provisions of article 27 (xii) cannot be considered in isolation but
have to be taken along with the preceding and succeeding articles
as it is settled law that in constructing a document the court must
consider the entire document, relying on *Inakoju v. Adeleke* (2007)
4 NWLR (Pt. 1025) 423; *Amaechi v. I.N.E.C.* (2008) All FWLR (Pt.
407) 1 at 98; (2008) 5 NWLR (Pt. 1080) 227 that the conditions
precedent to the applicability of article 27 (xii) are stated in article
27(vii) and article 27(x) which provides that any aggrieved aspirant
has a right of appeal in writing to the National Assembly Electoral
Appeal Committee within 24 hours from the time or receipt of the
decision appealed against; that there was no appeal by an aspirant
against the clearance of the appellant within the time stipulated by
the guidelines; that the alleged petition/appeal was not from even a
member of the PDP.

It is the further submission of learned senior counsel for the
appellant that the crimes catalogued in the petition of Festus Keyamo
Esq. have not been pronounced upon by any superior court of
record to be relevant or taken cognizance of neither are they within
the contemplation of the guidelines or the PDP constitution or even
the Nigerian Constitution particularly section 65 thereof, relying on
the case of *Orji v. P.D.P.* (2009) 14 NWLR (Pt. 1161) 310 at 372;
*Action Congress v. I.N.E.C.* (2007) 12 NWLR (Pt. 1048) 222 at 226;
*Amaechi v. I.N.E.C.* (2008) 5 NWLR (Pt. 1080) 227 at 306 - 308;
that the 1st respondent was not an aggrieved aspirant as he never
described himself as such; that 1st respondent never established his
*locus* to ventilate any grievance under the guidelines; that since the

above preconditions did not exist the lower courts were in error in
applying the provisions of article 27(xii) of the guidelines.

Learned senior counsel then referred to paragraph 6 (d&f)
of the counter affidavit filed in opposing the amended originating
summons and submitted that the lower courts were in error in
failing to take the said depositions into consideration in resolving
the matter and urge the court to look into the matter and draw the
necessary conclusions, relying on *Dingyadi v. I.N.E.C.* (unreported)
SC.32/2010 delivered on 8th April, 2011; (2011) 10 NWLR (Pt.
1255) 347; *Mafimisebi v. Ehuwa* (2007) 2 NWLR (Pt. 1018) 385;
*Abisi v. Ekwealor* (1993) 6 NWLR (Pt. 302) 643; *Adeyeri II v.
Atanda* (1995) 5 NWLR (Pt. 397) 512; that since the petition of
Keyamo, Esq. on behalf of Orlu Progressive Indigenes is not one
contemplated by the Guidelines, it cannot form the basis for the
disqualification of the appellant and urged the court to so hold
having regards to the silence of the lower courts on the issue; that
1st respondent did not challenge the clearance of the appellant by
the National Working Committee to contest the primaries election
prior to the conduct of the said election on 8th January, 2011 but
participated fully in it; that is not contested that appellant won the
primary election and that his name was sent to the 3rd respondent
as the candidate for Imo West Senatorial District and that the name
has not been withdrawn by the 2nd respondent and urged the court
to resolve the issue in favour of the appellant.

On his part, learned senior counsel for the 1st respondent
submitted that the relevant provisions of the Guidelines for the
determination of the main issue in controversy is article 27(v) and
(xii); that article 27(v) provides for persons that can participate in
primary election while article 27(xii) provides that the decision of
the National Working Committee shall be final; that the issue of
non consideration of arguments relating to the petition of Festus
Keyamo, Esq. on which the appeal committee based "its decision to
disqualifying the appellant are completely off the mark"; that it was
not the National Working Committee that cleared the appellant but
the National Legal Adviser of the party; that appellant haven been
disqualified by the appeal committee, his purported participation
in the primary election amounts to nothing and is incapable of
having any legal force, and cannot, therefore ground a defence of
estoppel.

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 26 of 42 PageID #:820

Learned senior counsel urged the court to resolve the issue against the appellant.

On his part, learned counsel for the 2nd respondent, submitted that the lower courts failed to carry out a wholistic review of the provisions of the guidelines as they relates to the case of the parties in view of the contention of the appellant that he was disqualified on criminal allegations without being heard; that the said allegations were false and that no aggrieved aspirant, as provided in article 27(x) of the Guidelines, appealed to the Appeal Committee and as such the committee acted without jurisdiction; that the lower courts rather limited their consideration to article 27(v) of the guidelines; that the extract of the minutes of the National Working Committee clearly shows that appellant was cleared to participate in the election and urged the court to resolve the issue in favour of the appellant.

I have decided to ignore the submissions of learned counsel for the 3rd respondent in view of his conclusions that the appeal be dismissed when the 3rd respondent never contested the case at the trial court nor on appeal before the lower court. Secondly, the 3rd respondent as an umpire is expected to remain impartial in disputes of this nature.

Turning to the consideration of the issue on the front burner, it is very clear that the lower courts adopted a very narrow approach to the resolution of the dispute between the parties. By so doing certain salient facts were ignored by the courts. There is no doubt that appellant and 1st respondents were duly cleared by the appropriate organ of the 2nd respondent to participate in the 2nd respondent's primary election intended to elect a candidate to represent the party at the National Assembly Election to fill the seat of Imo West Senatorial District, in accordance with the provisions of the 2nd respondent's guidelines as provided in article 27(i) of the guidelines.

By article 27(ii) of the said guidelines.

"There shall be for each State and the Federal Capital Territory, a Screening Appeal Panel, which shall comprise of three Persons appointed by the National Executive Committee on the recommendation of the National Working Committee of the party".

While article 27(iii) is a provision which contains the person(s) conferred with the right to appeal against the decision of the

Screening Committee to the Screening Appeal Panel. It provides as follows:

"(iii)    Any aggrieved aspirant shall have the right to appeal in writing to the State or Federal Capital Territory Screening Appeal Committee within 24 hours from the time or receipt of the result of the screening".

It is the case of the appellant that the petition by Festus Keyamo, Esq. on the basis of which the Screening Appeal Panel disqualified him was not written by or on behalf of an aggrieved aspirant who is aggrieved by the decision of the Screening Committee clearing appellant to contest the primary election. This issue is very fundamental to the case of the parties because it hits at the foundation of both the claim and defence of the parties. The right of appeal against the decision clearing appellant to contest the primary election can only be exercised by an aggrieved aspirant, such as the 1st respondent, not an amorphous organization not even shown to hold the membership card of the 2nd respondent. The petition was also not shown to have been written on behalf of the 1st respondent. In short, the petition is a worthless piece of paper having regards to the provisions of the Guidelines, and I so hold.

Unfortunately, the lower courts did not take a look at the above provision to determine whether the petition is not the work of a busy body crafted to satisfy the selfish political ends of people who wish to acquire political power at all costs. The court exists to maintain a balanced scale of justice between/amongst contending parties to ensure peace and stability in the polity.

The submission of learned senior counsel for the appellant on the issue is therefore not *"off the mark"* as submitted by learned senior counsel for the 1st respondent.

Granted that the petition of Keyamo, Esq. is an appeal within the context of the Guidelines and a petition and that the Screening Appeal Panel has the jurisdiction to entertain same, appellant has contended that he was never heard by the Appeal Panel before the disqualification and that all the allegations in the petition are false yet the lower courts did not consider and determine this crucial issue before coming to the conclusion they reached. It is not in doubt that appellant was not heard by the Screening Appeal Panel before taking the decision to disqualify him.

Secondly, the allegations contained in the petition which formed the basis of the disqualification of the appellant border on criminality - fraud, armed robbery, bankruptcy etc.

By the provisions of Article 25 of the Guidelines:

"An aspirant shall not be qualified to contest the primary election to the National Assembly if he:

(c)    has been indicted for any misconduct set out in article 21(i) of the constitution of the Party and has been punished in accordance with article 21(7)

(d)    has been dismissed from the public service of the Federation or of a State or Local Government or Area Council or from any other employment in the public or private sector; or

(f)    has been convicted by a court of competent jurisdiction of any criminal offence involving homicide, fraud or dishonesty or the sale or use of narcotic drugs or any other psychotropic substance by any court of competent jurisdiction in Nigeria or within the Commonwealth or elsewhere; or

(g)    has been adjudged guilty of treason or treasonable felony by any court in Nigeria, or

(i)    is an undischarged bankrupt, having been adjudged or otherwise declared bankrupt under any law in force in Nigeria or any other country; or

(k)    has been convicted for embezzlement or fraud by a court of competent jurisdiction"

Section 65(1) of the Constitution of the Federal Republic of Nigeria, 1999 as amended/altered makes provision for qualification for election into Senate and House of Representatives of the National Assembly as follows:

"(i)    Subject to the provisions of section 66 of this Constitution, a person shall be qualified for election as a member of -

(a)    the Senate, if he is citizen of Nigeria and has attained the age of thirty-five (35) years"

From the above, it is clear that a mere allegation of fraud, dishonesty, armed robbery and bankruptcy as contained in the petition of Keyamo, Esq. is not enough to constituted a ground for disqualification of an aspirant without proof that the aspirant was

tried and convicted of the alleged crimes etc. This court has held in many cases including *Orji v. P.D.P.* (2009) 14 NWLR (Pt. 1161) 310 at 372; *Action Congress v. I.N.E.C.* (2007) 12 NWLR (Pt. 1048) 222 at 226; *Amaechi v. I.N.E.C.* (2008) 5 NWLR (Pt. 1080) 227 at 306 - 308, etc, etc. that mere allegation of crime or dishonest conduct will not be enough to ground a disqualification except backed by evidence of trial and conviction of the aspirant. The reasons for the decision include exclusion of situations, such as the instant one, where sweeping allegations of criminality, without any iota of evidence, are concocted/crafted to disqualify a political opponent when the allegations have no basis whatsoever in truth. All that the lower courts and courts generally are required to do is simply to go through the petition vis-à-vis the relevant provisions of the guidelines and the constitution to determine whether appellant was properly disqualified before depriving him of his right to contest the primary election of the party or any other election for that matter. It is very clear that the failure to do so resulted in a miscarriage of justice.

Thirdly, it is not disputed that appellant, upon becoming aware of the alleged disqualification, caused his solicitors to petition the National Chairman of the 2nd respondent for redress and it is appellant's case that the said body set aside the disqualification and revalidated his clearance to participate in the said primary election. By the provisions of article 27(xii) of the guidelines, the decision of the National Working Committee is final and binding on all persons etc. It is the case of the 1st respondent, which is accepted by the lower courts, that there is no evidence (documentary perhaps) to show that the National Working Committee considered and upheld the appeal of the appellant and consequently set aside the disqualification of the appellant.

However, there is evidence that appellant was issued another certificate of clearance dated 6th January, 2011 to contest the primary election scheduled for 8th January, 2011; that the 2nd respondent issued a press release listing out the names of aspirants cleared for the said primary election of 8th January, 2011; that in the list, so published, the name of appellant appears as one of the aspirants; that appellant consequently participated in the election and emerged and was declared the winner thereof with a total vote of 2,147 as against the 1st respondent who came a distant 2nd with 891 votes; that the

Case: 1:23-cv-05089 Document #: 24-7 Filed: 09/06/23 Page 28 of 42 PageID #:822

name of appellant was consequently and in accordance with the provisions of section 31(1) of the Electoral Act, 2010, as amended, forwarded together with those of other contestants/aspirants to the various offices to the 3rd respondent as the 2nd respondent's candidate for Imo West Senatorial District in the National Assembly Election scheduled for April, 2011.

All the above facts point irresistibly to the conclusion /that appellant was duly cleared by the National Working Committee to contest the said primary election but the lower courts failed to take the facts into consideration but based their decision on the narrow issue of none production of the report of the National Working Committee clearing appellant even when 2nd respondent, the most important person qualified to say whether or not appellant was cleared by the National Working Committee of the 2nd respondent stated on oath to the contrary.

Is it not funny, anyway, that the 2nd respondent who is the overall in this matter and in whom the National Working Committee constitutes an organ is not believed by the lower courts on the facts as to whether the National Working Committee cleared appellant or not!! Did the lower courts expect the National Working Committee to have appeared in court to say that it did clear appellant, if the 2nd respondent is not believed on the facts so deposed. I hold the view that the 2nd respondent is the proper person to say whether the National Working Committee cleared appellant or not and haven said that appellant was so cleared I think that was sufficient to establish the fact of the clearance and I so hold.

Finally, exhibit SC 1 has put paid to the matter as it clearly confirms what appellant and the 2nd respondent have been saying all along.

What I have been saying all along is that notwithstanding the non tendering of the extract of the meeting of the National Working Committee of the 2nd respondent, there was sufficient evidence on record on which the lower courts could have come to the conclusion that, appellant was qualified to contest the primary election in question, his alleged disqualification by the Screening Appeal Panel haven been set aside by the National Working Committee of the 2nd respondent.

It is therefore clear that issue 3 be and is hereby resolved in favour of the appellant.

On issues (iv) and (v), it is obvious that issue (v) has been taken care of in the resolution of issue 1 and consequently not worthy of any further consideration by me in this judgment.

My short answer to issue iv, which posits whether appellant was duly and properly served with the amended originating summons, though very fundamental to adjudication as it affects the jurisdiction of the court to entertain and determine the matter, is on the facts and circumstance of this case, of no moment as appellant had been present in court throughout the proceedings in the lower courts, filled all necessary processes including appeals up to this court. Service of process is to command and ensure attendance of the party so served to answer to the case of the plaintiff or defence, which was done in this case.

It is for the above reasons and the ones contained in the reasons for decision of my learned brother, Rhodes-Vivour, J.S.C. that I allowed the appeal on Thursday, 5th May, 2011.

I make no order as to costs.

Appeal allowed.

**MUHAMMAD, J.S.C.:** On the 5th day of May, 2011, I allowed this appeal, but deferred giving my reasons for allowing the appeal to today.

My learned brother, Rhodes-Vivour, JSC., who has just delivered his reasoning for allowing the appeal, has very graphically and meticulously set out as well as the issues distilled by the parties for the determination of the appeal. I therefore, need not repeat same except Where I consider it pertinent so to do. In adopting my learned brother's reasoning process, I would only want to comment briefly, on some of the issues raised, But before doing that however, I too have considered that there is merit in the motion on notice of 13/4/2011 moved by the learned SAN for the appellant/applicant which, among others, prayed for an order for leave to produce and tender documentary evidence which was not tendered at the trial and Court of Appeal. I accordingly grant leave to the applicant to tender same. I also grant the reliefs in prayers 2 and 3. The remaining prayers were granted by this court earlier.

A      Permit me to observe my Lords, from the outset that the only narrow issue in contention between the parties in this appeal is who between the appellant and the 1st respondent was the candidate sponsored by the 2nd respondent to contest the National Assembly Primary Election for Imo West Senatorial District slated by the 2nd respondent for the 8th of January, 2011? All other issues, I think can only fit properly within the academic circle, though they may assist positively in the development of the law generally.

B      The submission of learned counsel for the appellant, Chief Olanipekun, SAN, on his issue 1 is that in the amended originating summons, the 2nd respondent's Electoral Guidelines were not attached as an exhibit and that the attention of the lower courts were drawn to that fatal omission and it was infact made a subject of appeal before the court below. The court below made a finding that the guidelines was properly before the trial court and that it was perfectly entitled to refer to and rely on same in resolving issues before it. The court below placed reliance on the cases of *South East Newspaper Corporation v. Anwara* (1975) 9-11 SC 55 and *Nwosu v. Imo State Environmental Sanitation Authority* (1990) 2 NWLR (Pt. 135) 688 at 735. The learned SAN drew distinction between these two cases which he said were wrongly applied in contrast to the appeal on hand. He further argued that the lower court did not specifically mention what number or description the plaintiff attached to the electoral guidelines in his amended originating summons. That, there is no precedence to make any submission or conclusion that any document would be or can be admitted in court proceedings or attached to court process as an exhibit without a number as court proceedings are about certainty and not vagueness. The learned SAN submitted further that it is well crystallized that once an amendment is made it relates back to the date of the document it amends. He referred to the cases of *Adewunmi v. A.-G., Ekiti State* (2002) 2 NWLR (Pt. 751) 474 at 506; *Sneade v. Watherton* (1904) 1 KB 295 at 297 and Obi Okoye's "Essays on Civil Proceedings" Vol. 1, page 272, para. 240. The learned SAN finally submitted that in the absence of the PDP Guidelines which the plaintiff wants the court to construct and interpret, the plaintiff has not submitted the necessary materials to the two lower courts to vest jurisdiction in either of them to grant him any relief. He cited and relied on the case of *Adeyemi v. Opeyori* (1976) 9 - 10 SC 31 at 51.

A      The learned SAN for the 1st respondent, Chief Ikwueto, argued, *inter alia,* after having cited paragraph 7(b) of the affidavit in support of the amended originating summons and the cases of *S.E.S. Newspaper Corporation v. Anwara* (supra) and *Nwosu v. Imo State Environmental Sanitation Authority* (Supra) that the Electoral Guidelines which was specifically referred to in paragraph 7(b) of the affidavit in support of the amended originating summons and the electoral guidelines was properly relied on by the learned trial court in the determination of the radical issue before it. The decision of the court below, he argued further, is perfectly justified and in accordance with the decisions of this court. He concluded that it is trite that every court including a trial court is entitled to look at and rely on documents in its file. He cited the cases of *Agbaisi v. Ebikorefe* (1997) 4 NWLR (Pt. 502) 630; *Akinola v. V.C., Unilorin* (2004) 11 NWLR (Pt. 885) 616; *Oyewole v. Akande* (2009) 15 NWLR (Pt. 1163) 119 at 148. Learned SAN urged this court to hold that the court below was right when it held that the trial court can look at the electoral guidelines in its file and rely on same.

D      Learned counsel for the 1st respondent, Chief Oke, in his brief of argument, adopted the submissions of the appellant in his brief of argument on issues (I), (II), (IV) and (V) and urged this court to resolve these issues in favour of the appellant.

E      Chief (Mrs.) Awomolo, in her brief of argument, submitted on issue I that the role of a court and judge in doing justice is not limited to looking at a part of the processes in the record and close its (his) eyes to other part of the record. It/he has to consider every process filed by parties in deciding whose case should fail or succeed. She cited and relied on the case of *Abiodun v. A.-G., Federation* (2007) 15 NWLR (Pt. 1057) 359; *Olokun v. Aiyelabegan* (2004) FWLR (Pt. 192) 153 at 162; (2004) 2 NWLR (Pt. 858) 504 and section 74 of the Evidence Act which entitles the court to take judicial notice of its records. She urged this court to determined this issue as inconsequential and not a live issue in this appeal but striving at more technicalities.

H      My Lords, it is pertinent to review the records placed before this court to uncover the genesis giving rise to the subject matter in issue 1. An undated originating summons was taken from the Federal High Court, holden at Abuja (trial court) by the learned counsel for the plaintiff, Lawrence Umudu, Esq. It was filed on the 11th day of January, 2011, it was assigned suit No. FHC/ABJ/

may hardly hold any water in view of my findings above. Perhaps what one need to know may be captured in the answers to the following questions:

1)    What is the effect of an amendment on an originating process/document?
2)    Can a court of law make reference to and or rely on a process or document exhibited/annexed/attached as an exhibit to a process which has been amended?
3)    Does a document/process annexed/attached to an affidavit require a specific number to identify it as an exhibit?

The general principle of the law on the effect of amendment of a pleading for instance, is that the amendment takes effect from the date of the original document. Thus, if leave is granted and the pleadings duly amended, the action continues as though the pleadings had been in the amended form right from its original date. The amendment thus takes effect retrospectively from the date of the pleadings. See: *Snead v. Wortherton Barytes Lead Mining Co. Ltd.* (1904) 1QB 207; *Oguma A.C. (Nig.) Ltd. v. I.B.W.A.* (1988) I NWLR (Pt. 73) 658; *Adewunmi v. A.-G., Ekiti State* (2002) 2 NWLR (Pt. 751) 474. This rule applies to amendment of a writ of summons as well. See: *Sneade v. Wortherton Barytes & Lead Mining Co. Ltd.* (supra); *Oguma v. I.B.W.A.* (supra). It is to be noted however that a statement of claim or defence which has been amended with leave of court does not cease to exist. It is still part of the proceedings and can properly be looked at or referred to by the trial Judge in his judgment. See: *Agbahomovo v. Eduyegbe* (1999) 2 SCNJ 94; (1999) 3 NWLR (Pt. 594) 170 where the trial Judge refused to allow a witness of the appellants to be discredited by evidence in the plans previously tendered by them but later amended on the grounds that following the amendment the plans had been expunged from the records and were no longer extant. The Court of Appeal overruled the trial Judge on this and on further appeal to the Supreme Court, it affirmed the decision of the Court of Appeal holding that the plans continued to be part of the record of proceedings, inspite of the earlier amendments and that they could be referred to and used to discredit the witness. Thus, every court, a trial court is entitled to look at and rely on documents in its file. In *Oyewole v. Akande* (2009) 15 NWLR (Pt. 1163) 119, this court emphasized this point in the following words:

"a court is entitled to look at a document in its file while writing its judgment or ruling despite the fact that the document was not tendered and admitted as an exhibit at the trial."

See further: *Agbaisi v. Ebikorefe* (1997) 4 NWLR (Pt. 502) 630; *Akinola v. V.C., Unilorin* (2004) 11 NWLR (Pt. 885) 616. I have also spotted it in the Law and Practice of Affidavit Evidence by Chukwuemerie, where mentioned that:

"it sometimes happens also that one of the documentary exhibits attached to an affidavit is itself an affidavit. It could be an affidavit in a previous proceedings or in the present proceeding or even an affidavit not related to any proceeding whatsoever when it was deposed to but which is now found relevant and necessary as an exhibit in the present proceeding. At other times, an affidavit previously used in the present suit is in the court's file as part of the court's records and though not attached to any affidavit in the application being presently tried, some of its contents are germane for the determination of the present application and the court may on invitation or *suo motu* refer to those contents."
(see Cap. 2, p. 154, para 2.01 of the said book)

So, I am in agreement with the court below that the trial court was right in referring to the PDP Electoral Guidelines for the primaries. These Guidelines were already an exhibit before the trial court. It should be noted that the main preoccupation of any court of law is to ensure doing substantial justice to the parties as against cloistered justice. In *Abiodun v. A.-G., Federation*, it was held that a court will be right in law to refer to documents contained in the case file although not made part of the application under consideration if such document will lead toward doing justice between the parties.

Further, although there is currently no generally acceptable standard of making reference to exhibits attached to affidavits in support of motions, summons or petitions in courts, there is need, as submitted by the learned SAN for the appellant to properly identify same for ease of reference and use by the court. The guidelines were indeed referred to in the affidavit in support of the amended originating summons as an exhibit already identified as 'Exh.4'

in the affidavit in support of the 1st originating summons. I think this satisfies the requirement of placing an exhibit along with the motion, summons or petition that brings it into the proceedings of a court. Even if, for the sake of argument, that there was an actual omission or oversight to give the exhibit a specific identification I do not think that can be grievous or fatal enough to warrant the setting aside of a decision taken on that exhibit. I think it will make no sense in law or logic to say that evidence that is otherwise relevant, weighty and admissible in the determination of an issue on hand such as the PDP guidelines in this case, should be excluded from evidence simply on non-identification by an exhibit No. or not attached at all. Thus, the guidelines of the PDP were, in my view, properly placed before the trial court.

Now, turning to the main live issue for the determination of this appeal, upon which I agree with my learned brother, Rhodes-Vivour, JSC, which reads:

"Whether the appellant was properly cleared to contest the PDP primaries which was held or, the 8th of January, 2011."

I think the fundamental question here is: who clears an aspirant for the post of National Assembly membership? The Electoral Guidelines for Primary Elections, 2010 of the Peoples Democratic Party (PDP) (hereinafter referred to as 'the Guidelines') made adequate provisions for National Assembly Primary Election. Part V thereof provides the general requirements, in other words, the qualifications and the disqualifications. Paragraph 27(i) of the Guidelines provides as follows:

i.   "There shall be for each State of the Federation and the Federal Capital Territory, a *Screening Committee of five members* (one chairman and four others) and (*One of whom shall be a woman*) appointed by the National Executive Committee on the recommendation of the National Working Committee of the party to screen the National Assembly aspirants.

ii.   There shall be for each State and the Federal Capital Territory *a Screening Appeal Panel*, which shall comprise of *three persons* appointed by the National Executive Committee on the recommendation of the National Working Committee of the party."

Thus, the Screening Committee (the committee for short) is to screen the aspirants and if any of the aspirants is not satisfied with the decision of the Committee, he is entitled as of right by sub-paragraph (iii) of section 27 of the Guidelines to appeal to the Screening Appeal Panel (Appeal Panel, for short) within 24 hours from the time of receipt of result of the committee. Further, by sub-paragraph (v) of paragraph 27 of the guidelines, only aspirants cleared by the committee or whose appeal is upheld by the appeal panel shall be allowed to participate in the primary election.

As already stated earlier, the primaries for the National Assembly in Imo State and for Imo West Senatorial District in particular was slated by the 2nd respondent to take place on the 8th January, 2011. Both the appellant and the 1st respondent belong to 2nd respondent (PDP) as a party. They indicated their interest to contest the said election. Facts deposed to by the parties in their various affidavits and counter affidavits for or against the amended originating summons speak for themselves.

The 1st respondent as plaintiff, deposed to the following facts through one Paul Okwudili Nwankwo, a legal practitioner that:

"7(f)   By certificate dated 4th January, 2011, the Screening Appeal Panel of the 2nd defendant upheld that the 1st defendant was not cleared to contest the National Assembly Primary Election for Imo West Senatorial District for the office of Senator under the platform of the 2nd defendant.

Hereto annexed and marked as exhibit B1 is a copy of the certificate dated 4 January, 2011 confirming that the 1st defendant was not cleared to take part in the primary election organized by the 2nd defendant.

(g)   Since the disqualification of the 1st defendant from participating in the Imo West Senatorial District Primary for the election of the 2nd defendant's candidate, no other lawful authority of the 2nd defendant as provided in the PDP Constitution 2009 (as amended) and the Electoral Guidelines cleared the 1st defendant to take part and or participate in the 2nd defendant's primary election for Imo West Senatorial District/Constituency.

(h)   Notwithstanding the certification in exhibit B1 above, the 1st defendant in flagrant violation of the PDP

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 32 of 42 PageID #:826

A    constitution, 2009 (as amended) and the Electoral Guidelines purported to have emerged as the elected candidate of the 2nd defendant at the primary election held for Imo West Senatorial District on 8 January, 2011.

B    8.    I am informed by the Chief Cliff Nzerum in our law office aforesaid on 20 January 2011 at about 5pm and I verily believe as follows that:

a.    He, Chief Cliff Nzerum was the agent of the plaintiff at the primary election conducted by the 2nd defendant under the supervision of the 3rd defendant on 8 January, 2011.

C    b.    At the conclusion of voting for the candidates for the primary election aforesaid, the scores obtained by the eligible candidates were as follows:

D    i.    Madam Duches-Maria Uzo Onwodi – 1 votes

ii.    Dr. Samson Nzeribe - 2 votes

iii.    Senator Osita Izunaso - 891 votes

E    c.    Chief Hope Uzondinma, the 1st defendant herein, who has been disqualified from participating in the primary election was allegedly credited with 2147 whilst 38 votes were declared as void.

F    d.    As the agent/representative of the plaintiff at the primary election, he, Chief Cliff Nzeribe signed the result sheet.

The returning officer promised to give copies thereof to the parties/agents but failed and neglected to do so.

G    e.    From the result of the primary election aforesaid, the plaintiff scored the highest number of votes amongst the eligible candidates for the Imo West Senatorial District Primary election for the selection of the senatorial candidate of the 2nd defendant held on 8 January, 2011.

H    f.    Having won the highest number of votes amongst the eligible candidates, the plaintiff is entitled to be returned as elected as the

A    2nd defendant's candidate for the Imo West Senatorial District in the forthcoming National Assembly (Senatorial) election to be held by the 3rd defendant on 2 April, 2011."

B    The appellant as 1st defendant deposed to the following facts through one Kingsley Odey, a legal practitioner:

"6.    The 1st defendant informed me in our chambers at about 11.50pm on the 24 day of January, 2011 and I verily believe him, as follows: That:

(a)    He was duly cleared by the 2nd defendant's State Screening Committee on the 30th of December, 2010. A copy of the clearance certificate is hereto attached and marked exhibit A.

(b)    The plaintiff subsequently wrote a petition to the 2nd defendant's State Screening Appeal in which he made false allegations against the 1st defendant without giving the 1st defendant notice of the petition or opportunity to defend himself.

(c)    Based on these false allegations, the plaintiff was able to procure a false certificate purporting to show that the 1st defendant was not cleared (the plaintiff's exhibit 3)

(d)    Upon becoming aware of the plaintiff's exhibit 3, the 1st defendant protested to the National Chairman of the 2nd defendant through his lawyers, O.K. Akuyibo & Partners. A copy of the letter is hereto attached and marked exhibit B.

(e)    The 2nd defendant's National Working Committee considered the plaintiff's protest and found as a fact that petition written by the plaintiff was false and that the 1st defendant was given no opportunity to be heard before his clearance to contest in the primary elections was purportedly withdrawn.

(f)    Based on the above findings, the 2nd defendant restored the clearance earlier given to the plaintiff and issued him a fresh clearance certificate dated 6/1/11, shown herewith and marked exhibit C.

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 33 of 42 PageID #:827

(i)    After the plaintiff's clearance was validated as aforesaid, the Imo State Chapter of the 2nd defendant issued as Press Release containing the names of all the 15 aspirants that had been cleared to contest the primaries. The 1st defendant's name was number 15 on the said list, shown herewith and marked exhibit D.

(j)    The 1st defendant took part in the primary elections and emerged the overall winner, scoring 2147 votes to the plaintiff's 891 votes.

(k)    The 2nd defendant has since forwarded the name of the 1st defendant as its candidate for the Orlu/Imo West Senatorial District to the 3rd defendant, before the 1st defendant became aware of this suit and obtained a copy of the processes on his own, from the Court Registry, at about 3.30pm on 24/01/11."

In his ruling/judgment, the learned trial Judge after having evaluated the affidavit evidence of the parties, held, among other things, as follows:

"It is not in dispute and indeed admitted by all counsel that the 1st defendant was disqualified from contesting the party primary by the National Assembly appeal panel. See the report of the panel attached as exhibit B of the 1st defendant.

The question is whether after the disqualification the said 1st defendant was cleared by the National Working Committee of PDP thus overruling the decision of the appeal panel.

By virtue of Article 27(xii) of the PDP Electoral Guidelines for primaries decision of the National Working Committee is final if (sic: it) provides:

'Notwithstanding the provisions of these guidelines and any other rule or regulation laid down by the party the decision of the National Working Committee shall be final and binding on all aspirants, officers and organs of the party in respect of the primary election to the National Assembly on the platform of the party.'

*The pertinent question is did the National Working Committee meet and took decision reversing the finding of the appeal panel.* I have seen a minute exhibit PDP 1 which is an *appeal to the PDP Chairman by the 1st defendant's solicitors directing that the 1- defendant be issued with certificate of clearance.*

It is my view that minute on exhibit PDP cannot in law be said to be a decision by the National Working Committee. As it stands the report of the National Assembly Appeal. Panel is still subsisting until the National Working Committee meets and takes decision. Neither Chief Oke nor Mr. Paul Erokoro, SAN, is able to show that the National Working Committee took a decision on the matter. The minutes on the 1st defendant's solicitors cannot satisfy the requirement of section 27(xii) of the guidelines. I therefore hold that in the absence of the decision by the National Work Committee overruling the National Assembly Appeal Panel the report stands and the 1st defendant stands disqualified and so I hold."

(Italics supplied for emphasis)

This decision was given on 28/1/11 by the trial court. The court below, on appeal, after having reviewed all the processes including the submissions of the various learned counsel, in its judgment of 5th April, 2011, the court below held as follows:

"My conclusion on this issue is that the trial Judge properly evaluated the evidence, he did not deny the appellant his right to fair hearing in that it was the evidence submitted by 'the appellant and the 2nd respondent that the trial Judge relied upon in arriving at the conclusion that the appellant was not cleared to contest the said primaries and he stand (sic) disqualified."

Now, looking at the circumstances under which the trial court heard the matter and delivered its ruling/judgment especially the underlined excerpts from the said ruling/judgment quoted above, it is decipherable that if the trial court had exercised more caution and restraint by considering further reasonable adjournments, perhaps it would have come to a different conclusion. The appellant complained in his affidavit in support of motion on notice for leave to

produce and tender documentary evidence which was not tendered at the trial court and the court below, which I granted earlier in this judgment, that:

   a)   "At the trial court, the 1ˢᵗ defendant, now appellant in this court had, in his counter affidavit in opposition to the 1ˢᵗ respondent's amended originating summons, stated that the National Working Committee of the 2ⁿᵈ respondent had cleared him to contest the primary election for Imo West Senatorial District.

   b)   He could not exhibit the minutes of the said National Working Committee meeting at the trial court because he was not allowed enough time by the trial court to assemble all the documents he needed for his defence.

   c)   He wrote a letter through his solicitors dated 25/1/2011 to the National Chairman of the 2ⁿᵈ defendant/respondent requesting for the minutes of the said NWC to be made available to his lawyers for his defence. Attached is an acknowledged copy of the request letter marked exhibit HU1.

   d)   The amended originating summons was filed on the 24ᵗʰ day of January, 2011, served the same day and fixed for hearing the next day, 25ᵗʰ January, 2011. The learned trial Judge ultimately heard the case and delivered judgment within 3 days of the filing of the amended originating summons.

   e)   The hasty hearing at the trial court did not allow the appellant a reasonable time to gather all of the documentary evidence that would have supported his case, as he had only 24 hours within which to file his counter affidavit to the amended originating summons and plaintiff's motion for injunction.

   f)   The National Secretary of the 2ⁿᵈ respondent who was in possession and custody of the NWC Minute Book as well as other officials of the party, including the National Chairman, were not available in Abuja when the case was heard and judgment delivered, as they were busy campaigning and attending to other numerous party duties all over the country.

   g)   Thereafter, all other party officials, including the National Chairman and National Secretary, continued travelling to all the States of the Federation campaigning for their party and were not readily available in their offices in Abuja.

   h)   The appellant has now obtained an extract from the minutes of the meeting of the National Working Committee Meeting of the 5ᵗʰ January, 2011, showing his clearance to contest the primary election of the PDP. Attached hereto is a photocopy, of the letter from the Chairman of the 2ⁿᵈ respondent to the Chief Registrar of this court, forwarding the Extract of the said minutes, marked exhibit HU2.

   i)   At the time this matter was heard at the Court of Appeal, he had not yet obtained the extract of the minutes, which he only got on the 7ᵗʰ of April, 2011, from the Secretariat of the 2ⁿᵈ respondent, when the 2ⁿᵈ respondent wrote to the Registrar of this Hon. court.

   j)   The minutes of the meeting were sent to the Chief Registrar of this court because the 2ⁿᵈ respondent, as a party to this appeal, was aware that the appeal had been entered in this Hon. court.

   k)   The documentary evidence if tendered and admitted will affect the lower court's decision on the matter on appeal.

   l)   The documentary evidence is to establish that the NWC cleared the appellant to contest the primary election in Imo West Senatorial Seat without adducing further facts in support."

These reasons are of equal force and application to the judgment of the court.

It only remains for me, now, My Lords, to draw attention of court of law and legal practitioners that a court of law is not a robot machine. It is controlled and operated by a cautionary human mind which must reflect on a number of issues before coming to a final decision which has legal impact or implication on parties before it. In the process of its consideration of the issues before it, circumstances abound, naturally, which will require expeditious determination of the matter before it such as on election matters. Other matters which do not require such urgency may have to run

their normal course. Each, is dictated by the circumstances placed before the court. It is the court not the parties or their counsel that will determine from the facts presented which one requires urgent attention. Even in that, the court has to be careful, circumspective and diligent not to be rushed to take a hasty but wrong or lame decision which may be set aside on appeal. The old legal adage is Justice delayed is justice denied." We now equally add that "justice unnecessarily rushed, is equally justice denied." I agree with My Lord, Rhodes-Vivour, JSC that it is the appellant that was finally cleared by the 2nd respondent to contest the primaries and not the 1st respondent.

I would not need to go into the allegations leveled against the appellant as they are non-issues before the court and as same was resolved by the 2nd respondent.

For this and the more elaborate reasons given by my learned brother, Rhodes-Vivour, JSC, in his reasons for the leading judgment, I, too, re-affirm my allowing of the appeal which I did on the 5th day of May, 2011. Accordingly, I reaffirm my setting aside of the judgments of the two lower courts and hold that the appellant is the aspirant properly cleared by the NWC of the 2nd respondent to contest the 2nd respondent's primaries for Imo West Senatorial District, which, from the facts of this case, was already conducted on the 8th January, 2011. I make no order as to costs.

**FABIYI, J.S.C.:** On the 5th day of May, 2011 when the appeal was heard, I allowed the appeal and stated that reasons would be given today. I now advance those reasons.

My learned brother, Rhodes-Vivour, JSC has just given his reasons for allowing the appeal. I completely agree with the reasons ably set out in the judgment and seek leave to adopt same. I shall, however chip in a few words of my own.

This is an appeal against the judgment of the Court of Appeal, Abuja Division delivered on the 5th day of April, 2011. Therein, the appellant's appeal against the decision of the Federal High Court delivered on 20 January, 2011 was dismissed.

The appellant and the 1st respondent who are members of the Peoples Democratic Party - the 2nd respondent desired to have the seat for Imo West Senatorial District of Imo State. They had to

appear before the State National Assembly Screening Committee of the 2nd respondent for clearance.

The Screening Committee screened and cleared the appellant and issued him a certificate of clearance on 30/12/2010. One Festus Keyamo wrote a petition to the 2nd respondent wherein scurrilous allegations were made against the appellant. Without giving the appellant a hearing, the Screening Appeal Committee issued a certificate on 4/1/2011 which states that the appellant was no longer cleared. The appellant petitioned the National Working Committee (NWC) of the PDD for a review. On 6/1/2011, the appellant was cleared with a certificate duly issued. Thereafter, a Press Statement was issued by the Imo State Chapter of the 2nd respondent which stated the names of those eligible to take part in the primaries. 1st respondent is No. 14 on the list followed by the appellant who is No. 15.

The primary election was held on 8/1/2011. The appellant won with 2,147 votes while the 1st respondent garnered 891 votes. The 2nd respondent then forwarded the appellant's name to the 3rd respondent as its candidate for the Senatorial District.

The 1st respondent who was not satisfied filed an originating summons at the trial Federal High Court m which he sought to nullify the selection of the appellant at the primary election held on 8th January, 2011 and other.

The learned trial Judge in the judgment delivered on 28th January, 2011 found as follows:

"... therefore hold that in the absence of the decision by the NWC overruling the National Assembly Appeal Panel the report stands and the 1st defendant stands disqualified and I so hold."

The above stance of the learned trial Judge was affirmed by the Court of Appeal in its own judgment delivered on 5th April, 2011. This appeal is against that judgment.

In this court, briefs of argument were filed and exchanged by the parties. On 5th day of May, 2011, when the appeal was heard an application filed on 13/04/2011 was moved. It was for leave to adduce fresh evidence containing an extract from the minutes of the meeting of the National Working Committee (NWC) of the 2nd respondent held on 5th January, 2011 containing the decision of the NWC to clear the appellant to participate in the primary election for

the Imo West Senatorial District. It was supported by an affidavit to which two exhibits were attached.

None of the respondents to the motion filed any counter-affidavit. The averments in the affidavit remain unchallenged and facts therein deposed stand firm and were, accepted. See: *Omoregbe v. Lawani* (1980) 3-4 SC 108, 117; *Fasoro v. Beyioku & Ors.* (1988) 2 NWLR (Pt. 76) 263, 271; *Mogaji v. Cadbury (Nig.) Ltd.* (1972) 2 SC. 97; *Okereke v. Ejiofor* (1996) 3 NWLR (Pt. 434) 90 at 104.

The affidavit before us showed that the trial at the Federal High Court was rushed. It was completed within four (4) days. The appellant's counsel complained that he was not given time to assemble vital documents. All efforts to secure the desired Extract of Minutes of NWC of his party failed. The desired minutes could not be obtained with reasonable diligence before the trial or the hearing of the appeal. It has an important effect on the whole case. On the face of exhibit HU2, it is credible. No further evidence was needed to clarify same. See: *Asaboro v. Aruwaji* (1974) All NLR 127.

Based on the above, I grant the application to adduce further evidence in the interest of justice.

In respect of the appeal, all counsel for the parties formulated issues galore. When all is said and done, the real issue for determination in this appeal is - Issue 3 formulated on behalf of the 3rd respondent. It reads as follows:

"Whether the appellant was properly cleared to contest the PDP primaries which held on the 8th January, 2011."

Arguing the appeal, Chief Wole Olanipekun, SAN adopted the appellant's brief and reply brief and urged the court to allow the appeal and set aside the decision of the court below.

Mr. P.I.N. Ikwueto, SAN adopted the 1st respondent's brief and urged the court to dismiss the appeal and uphold the judgment of the court below on the real issue of who was the candidate of PDP.

Chief Oke, on behalf of the 2nd respondent adopted the brief of argument filed. He observed that the NWC of PDP met and reversed the decision of the appeal panel and that exhibit HU2 contains the minutes. He asserted that final clearance was effected on 6/1/11 and press statement contains appellant's name. Appellant was allowed to participate and indeed participated in the Primary

of 8/1/2011 and emerged winner with a large margin. He asserted that the appellant's name was forwarded by the 2nd respondent to the 3rd respondent - INEC. The name of the 1st respondent was not forwarded to INEC. He submitted that all the acts of the 2nd respondent were consistent with the provision of section 31 (1) of the Electoral Act, 2010.

He further submitted that if the lower courts had considered the steps taken by PDP, it would have found that the 1st respondent was not nominated. The 2nd respondent duly reversed the decision of the appeal panel which cancelled the appellant's clearance. He felt that the lower courts wrongly limited themselves solely to Guidelines and left out other vital issues and that it is the duty of a court to consider all vital issues or evidence placed before it. He stressed that the name of the 1st respondent was never forwarded to INEC.

On behalf of the 3rd respondent, learned counsel adopted its brief and maintained that Independent National Electoral Commission remained neutral. She urged the court to dismiss the appeal.

It is clear to me that exhibit HU2, the Extract of the Minutes of the NWC of the Peoples Democratic Party, shows that the appellant was cleared to contest the primary which was conducted on 8/1/2011. Any argument to the contrary is to no avail. It is like denying the obvious. The appellant was an aspirant who was properly cleared by the NWC of PDP to contest the primaries which was conducted on 8/1/2011.

With all the above, the 3rd respondent – Independent National Electoral Commission said it remains neutral in this episode but still felt that the appeal should be dismissed. Independent National Electoral Commission, a body which is an umpire should be seen to be neatly neutral at all times. In reality, a sympathiser should not weep more than the bereaved. Only hired criers at burials engage in such a mundane ploy.

One thing is certain. It is that truth is sacrosanct and immutable. It is superior to falsehood and cannot be driven aground. There is no atom of doubt that the appellant was duly cleared by the NWC of the 2nd respondent to contest the primary election of the party which was conducted on 8/1/2011. This court, being the final court of record in the land, has an abiding duty to sustain the truth. As usual, it has been done herein.

For the above reasons, I allowed the appeal on 5th May, 2011 and set aside the judgments of the two lower courts. I still maintain the same stance. I make no order on costs.

**GALADIMA, J.S.C.:** On the 5th day of May 2011, I allowed this appeal. I stated that my reasons for doing so would be given on the 20th day of May, 2011. I have had in the meantime the privilege of a preview in draft of the Lead Judgment of my learned brother, Rhodes-Vivour J.S.C. just delivered. I am in complete and total agreement with his reasoning. I hereby adopt same as mine. I shall now give in detail those reasons and conclusion. The facts of the case are straight forward and have been carefully exposed in the lead judgment.

The starting point at which the appellant was to meet his waterloo began after the National Assembly Screening Committee of the 2nd respondent (P.D.P) herein had cleared and issued him a certificate of clearance dated 30/12/2010. His happiness was short-lived. He, however, had feelings of sadness when Mr. Festus Keyamo, a Lagos based Legal Practitioner addressed a petition to the PDP alleging *inter alia*, that the appellant, is a declared bankrupt, once a fraudstar and involved in armed robbery. The committee found the allegation substantiated and without according the appellant a hearing, issued another certificate on 4/1/2011 stating that he was no longer cleared. Aggrieved, the appellant protested and called on the National Working committee to clear him. Consequently, the appellant was cleared on 6/1/2011 and duly issued with another certificate. Therefore, the Imo State chapter of the P.D.P. issued a press statement to the effect that the 1st respondent and the appellant have been cleared as the Senatorial aspirants to take part in the "Senatorial Primaries taking place on 7/1/2011."

Both aspirants contested the primary election of 8/1/2011. The appellant scored 2,147 votes, and the 1st respondent polled 891 votes. As a result the appellant's name was forwarded by the P.D.P to the 3rd respondent as its candidate for the Imo West Senatorial District for the National Assembly elections to be held in April, 2011.

Dissatisfied with the result of the primary election, the 1st respondent took out an original summons at the Federal High

Court, Abuja which was later amended, citing the appellant herein as the 1st defendant, the 2nd and 3rd defendants are the 2nd and 3rd respondents in this appeal, that is the Peoples Democratic Party and the Independent National Electoral Commission, respectively.

The following declarations/orders were sought at the trial court:

1. A declaration that the 1st defendant was not qualified to participate and or take part in the primary election conducted by the 2nd defendant for the selection of its candidate for Imo West Senatorial District.

2. An order of declaration that pursuant to paragraph 27 (v) of the PDP Electoral Guidelines for primary election 2010, the 1st defendant having been certified unfit/not cleared to contest the National Assembly Primary Election by the 2nd defendant's Screening Appeal Panel is not eligible to take part and or contest as an aspirant at the 2nd defendant's primary election held for the selection/election of the 2nd defendant's candidate for Imo West Senatorial District/Constituency.

3. An order of court setting aside or nullifying the purported selection of the 1st defendant at the primary election held on 8th January 2011 wherein the 1st defendant was purportedly announced as having emerged as a candidate of the 2nd defendant for the Imo West Senatorial District.

4. An order of declaration that the plaintiff having scored the highest number of votes of votes amongst the eligible contestants/candidates in the primary election conducted by the 2nd defendant for the Imo West Senatorial District is entitled to have his name submitted to the 3rd defendant as the sponsored candidate of the 2nd defendant in the forthcoming election for the Imo West Senatorial District Constituency.

5. An order of this court compelling the 2nd defendant to submit the name of the plaintiff to the 3rd defendant as a candidate who won the 2nd defendants National Assembly Primary Election held on 8th January, 2011 for Imo West Senatorial District.

6. An order of injunction restraining the 2nd defendant by itself, its officers, servants, privies, agents or otherwise

A   howsoever from submitting the name of the 1st defendant and or otherwise representing or holding out the 1st defendant as the candidate of the 2nd defendant for the Imo West Senatorial District/Constituency in the forthcoming General Election to be held by the 3rd defendant on 2nd April. 2011 and or any other dates fixed by the 3rd defendant.

7.   An order of injunction restraining the 3rd defendant by itself, its servants, agents, privies or otherwise howsoever from accepting and or recognizing the 1st defendant as the candidate of the 2nd defendant for the Imo West Senatorial District/Constituency in the forthcoming General Election to be held on 2nd April, 2011 and or any other date fixed by the 3rd defendant.

8.   An order of injunction compelling the 2nd and 3rd defendants to recognise the plaintiff as the candidate of the 2nd defendant for the Imo West Senatorial District/Constituency in the forthcoming General Election.

9.   An order of injunction restraining the 1st defendant from parading himself and/or representing or holding out himself as the candidate of the 2nd defendant in the forthcoming General Election and or otherwise representing that he was validly elected/chosen by the 2nd defendant as its candidate for Imo West Senatorial District in the forthcoming 2011 General Election.

The trial, before Abdul-Kafarati (J) involved his examination and consideration of affidavits and documentary evidence, put forward by the parties. Delivering his judgment on 28/1/2011, the learned trial judge reasoned and concluded that in the absence of the decision by the National Working Committee of the P.D.P. which overruled the National Assembly Appeal Panel, their report stands and the 1st respondent "stands disqualified" as candidate of the 2nd respondent in the Imo West Senatorial District 2011 General Election.

Aggrieved with this decision, the appellant lodged an appeal before the Court of Appeal Abuja Division which affirmed the decision of the trial court in its judgment delivered on 5/4/2011. This further appeal to this court is against that judgment.

On 14/4/2011 when this appeal came for hearing, our attention was drawn by Chief Wole Olanipekun SAN, Learned counsel for the appellant, to his two pending motions viz:

1.   Motion on notice dated and filed on 13/4/2011 for leave to produce and tender documentary evidence which was not tendered at the trial court and the Court of Appeal.

2.   Motion on notice filed on 2011 for leave to appeal on grounds of mixed Law and facts.

Written addresses/briefs were ordered in respect of the said two motions briefs were accordingly duly filed and exchanged.

I shall consider first the appellant's motion on notice of 13/4/2011. The documentary evidence sought to be tendered in this court which was not tendered at the trial court was an extract from the minutes of the meeting of the National Working Committee (NWC) of the P.D.P. meeting held on 5/1/2011. This contains the decision of the said NWC to clear the appellant so as to participate in the Primary Election for the Imo West Senatorial Seat. "Exhibit "HU1" - the request for the NWC meeting in respect of the appellant's clearance to contest primary election; exhibit "HU2" - the extract of the NWC meeting of 5/1/2011 both were annexed to the 5 - paragraphed affidavit in support of the motion. The respondents did not file counter affidavits.

Arguing the motion, Chief Wole Olanipekun SAN, contended that the trial court took three days and when the judgment was delivered on 28/1/2011, the appellant had very little time to assemble all the relevant documentary evidence, including exhibit "HU2". He further contended that it was only on 7/4/2011 that the appellant obtained the said extract of NWC. "Exhibit HU2. Relying on (cases of *Asaboro v. Aruwai* (1974) All NLR p. 127; *Owata v. Anyigor* (1993) 2 NWLR (Pt. 276) p. 380 Learned senior counsel submitted that the content of exhibit "HU2" is clear and unambiguous. That it requires no further evidence to be adduced to support it. He then urged us to grant the application.

On his part, the learned counsel for the 1st respondent. P.I.N. Ikwueto, SAN, contended that the fresh evidence now sought to be produced was readily available and in custody of the 2nd respondent. It was neither tendered nor brought to the attention of the learned trial Judge when the 2nd respondent and the appellant filed their processes in defence of the amended originating summons. Relying

on the cases of *Owata v. Anyigor* (supra) and *Akanbi v. Alao* (1989) 3 NWLR (Pt. 108) 118, the learned senior counsel submitted that the fresh evidence, the appellant has sought to tender if admitted will completely change or alter the character of the case presented by the appellant and the 2nd respondent before the two courts below. He urged us to dismiss this application. On his part learned counsel for 2nd respondent, Chief O. Oke, has urged us to grant the application in the interest of justice. He has contended that the facts deposed to in the affidavit in support of the application and the documents placed before us are manifestly indisputable.

Learned counsel for the 3rd respondent has observed that no reasonable excuse or justification for the appellant's failure to bring the document now sought to be tendered to the trial court. Relying on the cases of *Okpanum v. S.G.E. (Nig.) Ltd.* (1998) 7 NWLR (Pt. 559) 537; and *Oroko v. C. Ede* (1964) NNLR p. 118. She has urged this court to dismiss the application.

It has been the established principles and time honoured practice that the factors which the courts will consider in the judicious exercise of discretionary powers to grant leave to a party to admit or adduce new evidence are that:

1.   The evidence sought to be adduced must be such as could not have been, with reasonable diligence obtained for use at the trial;
2.   The evidence sought to be advanced should be such as if admitted, it would have an important not necessarily crucial effect on the whole case; and
3.   The evidence must be such as apparently credible in the sense that it is capable of being believed and it need not be incontrovertible. See: *Asaboro v. Aruwaji* per Coker, JSC and *Obasi v. Onwuka* (1987) 3 NWLR (Pt. 61) at p. 364.

It need be stressed, as it has been so firmly established, that the discretion to grant leave to admit new, fresh or additional evidence is properly exercised if it is for the furtherance of justice. This power must be exercised with caution. It is not an opportunity or avenue for the applicant to have a second bite at the cherry. So be it, if the applicant is able to satisfy the court that it was extremely difficult or impossible to obtain the evidence before the trial and it is in the interest of justice to admit the evidence. In the case at hand, the applicant has presented the following circumstances in paragraphs,

3(b), (c), (d), (e), (f), (g), (h), (i), (l), (m), (n), (o) and 4 relevant to the consideration of his application. These are:

"3(b)    He could not submit the minutes of the said NWC meeting at the trial court because he was not allowed enough time by the trial court to assemble all the documents he needed for his defence.

(c)    He wrote a letter through his Solicitors dated *25/11/2011* to the National Chairman of the 2nd defendant/respondent requesting for the minutes of the said NWC to be made available to his lawyers for his defence. Attached is an acknowledged copy of the request,, letter marked exhibit "HU1".

(d)    The amended originating summons was filed on the 24th day of January, 2011, served the same day and fixed for hearing the next day, 25th January, 2011. The learned trial Judge ultimately heard the case and delivered judgment within 3 days of the filing of the amended originating summons.

(e)    The hasty hearing at the trial court did not allow the appellant a reasonable time to gather all the documentary evidence that would have supported his case, as he had only 24 hours within which to file his counter-affidavit to the amended originating summons and the plaintiff's motion for injunction.

(f)    The National Secretary of the 2nd respondent who was in possession and custody of the NWC Minute Book as well as other officials of the party,, including the National Chairman, were not available in Abuja when the case was heard and judgment delivered, as they busy campaigning and attending to other numerous party duties all over the country.

(g)    Thereafter, all other party officials, including the National Chairman and National Secretary, continued travelling to all the States of the Federation campaigning for their party and were not readily available in their offices in Abuja.

(h)    The appellant has now obtained an extract from the minutes of the meeting of the National Working Committee (NWC) Meeting of the 5th January 2011, showing his clearance to contest the primary election

of the Peoples Democratic Party (PDP). Attached A
hereto is a photocopy of the letter from the chairman
of the 2nd respondent to the Chief Registrar of this
court, forwarding the extract of the said minutes,
marked exhibit HU2".

(i)    At the time this matter was heard at the Court of B
Appeal, he had not yet obtained the extract of the
minutes, which he only got on the 7th of April, 2011
from the secretariat of the 2nd respondent wrote to
the registrar of this Honourable court.

(j)    The minutes of the meeting were sent to the Chief C
Registrar of this court because the 2nd respondent, as
a party to this appeal, was aware that the appeal had
been entered in this honourable court.

(k)    The documentary evidence if tendered and admitted
will effect the lower court's decision on the matter D
on appeal.

(l)    The documentary evidence is to establish that the
National Working Committee cleared the appellant
to contest the primary election in Imo West Senatorial
Seat without adducing further facts in support. E

(m)    The material facts necessary for tendering and
admission of the said documentary evidence are
present in the records of appeal filed in this court.

(n)    At the time the notice of appeal was filed in this
matter, the appellant had not obtained a copy of the F
judgment of the Court of Appeal. Having now seen
the judgment, we his counsel have advised that there
is need to add additional grounds of appeal in order
to bring out all the silent issues and complaints that
will aid justice in this matter. The proposed amended G
notice of appeal is shown and marked exhibits
"HU3".

(o)    The amended notice of appeal containing the
additional grounds has been duly filed and copies
served on all the parties to this appeal. A copy of the H
amended notice of appeal is shown as exhibit "HUC
to this affidavit with the new grounds 4, 5, 6, 7, 8, 9
and 10 in bold type.

4.    It is in the interest of justice to grant this application".

A      I note that the respondents did not file counter-affidavits. I
am left with the depositions in the appellant's affidavit which are
not controverted. In such circumstances where such facts are not
controverted by filing counter affidavit, the material facts are taken
as unchallenged and not disputed. I am therefore bound to act on
B them. It is the extract from the minutes of the National Working
Committee of the 2nd respondent held on 5/1/2011 the appellant now
seeks leave of this court to produce and tender. The extract contains
the decision of the NWC to clear the appellant to participate in the
primary election for the Imo West Senatorial Seat. It is not disputed
C that NWC met and after their meeting of 5/1/2011 issued Clearance
Certificate to the appellant on 6/1/2011. The failure on the part of
the appellant to produce the minutes was explained in detail in his
affidavit in support of the application.

D      Two dates are crucial in this matter. The judgment of the trial
court was delivered on 28/1/2011 while the judgment of the Court
of Appeal was delivered on 5/4/2011. The affidavit evidence of
the appellant which shows that he applied to the 2nd respondent
for exhibit "HU1" on 25/1/2011 was not challenged. It was only
E 7/4/2011 two days after the Court of Appeal delivered its judgment
that he was given the document by the 2nd respondent. In the
circumstance, this document could not have been obtained with
reasonable diligence before the trial at the Federal High Court or
the hearing of the appeal at Court of Appeal, Abuja Division. I am
F therefore satisfied that the NWC cleared the appellant and issued
him certificate on 6/1/2011 to contest the primary election. Exhibit
"HU2" will have an important effect on this appeal.

Thus it is in the interest of justice that this application should
be granted and I so grant it.

G      Now to the appeal. I have carefully examined the issues
formulated by all the counsel. I am of the respectful opinion that
most of the issues do not address the real grievance of the appellant.
The issue distilled by the 3rd respondent is quite apt and relevant for
the determination of the appeal. It reads:

H      "Whether the appellant was properly cleared to contest
the P.D.P. primaries which were held on the 8th of
January, 2011."

The argument generally on the issues by the counsel is quite
elaborate. This is dealt with in the lead judgment.

Case: 1:23-cv-05089 Document #: 24-7 Filed: 08/06/23 Page 41 of 42 PageID #:835

A

I note that the 2nd respondent (P.D.P. is) Guidelines were made pursuant to its constitution and issued out by the National Executive Committee. In an affidavit in support of the amended originating summons it was averred in paragraph 7(b) as follows:

B

"The Electoral Guidelines for primary Elections 2011 of the P.D.P. annexed and marked as exhibit 4 in the affidavit in support of the originating summons is hereto specifically annexed to as exhibit'.

Virtually all the parties and the learned trial judge made reference to these guidelines. The Court of Appeal expressed its opinion on the guideline. It confirmed that the guideline was before

C

the trial court and it was considered, and therefore he did not deny the appellant his right to fair hearing. The submissions of learned senior counsel for the appellant on page 5 (2.2) and page 6 of his reply brief where he stated that "neither of the two lower courts made any reference to any Guideline," is of no moment. Let it be

D

noted that the amendment of an originating process takes effect retrospectively from the date of the pleading. In short, the guidelines of the 2nd respondent were properly placed before the trial court.

Lets face it, the real live issue calling for our determination is whether the appellant was properly cleared to contest the P.D.P.

E

primaries held on 8/1/2011.

The Electoral Guidelines for Primary Election of the P.D.P. made adequate provisions for National Assembly Primary Election. Part V therefore, provides the general requirements, namely for qualifications and disqualifications of a Candidate. The Screening

F

Committee appointed by the National Executive Committee of the P.D.P. is to screen the aspirants. It decides the suitability of a candidate and then clears him. Both the appellant and the 1st respondent were all members of the 2nd respondent. They both indicated their interest to contest the primaries for the National Assembly for Imo West

G

Senatorial District. The Screening Committee of the 2nd respondent screened and cleared the appellant to contest the primary election for his Senatorial District. He was issued clearance certificate exhibit 'A'. His clearance was revoked when the Committee acted on the unsubstantiated petition of Barrister Festus Keyamo and proceeded

H

to issue a certificate of non-clearance to the appellant. By exhibit 'B' his grievance was redressed by the National Working Committee of

A

the 2nd respondent. It found as a fact that Barrister Festus Keyamo's petition was false and that the appellant was not accorded fair hearing before his clearance was withdrawn on 4/1/2011. Consequently the 2nd respondent restored the clearance. He was then issued a fresh clearance certificate exhibit 'C' on 6/1/2011.

B

I have earlier in the course of this judgment set out the reason for disqualifying the appellants by the two lower courts. What was being queried by the trial court and endorsed by the court below was failure to produce the minutes of that meeting of 5/1/2011 containing the decision of the said NWC to clear the appellant to participate in

C

the primary election for his Senatorial Seat. I agree with my learned brother, Rhodes-Vivour, JSC that the reasoning and conclusions of both courts were arrived in ignorance of material facts that ought to have been before the courts but were not available to the courts through no fault of the appellant or his counsel. As earlier noted by

D

a letter dated 25/1/2011 exhibit "HU2" the appellant had requested from the P.D.P. the extract of the minutes of the NWC meeting of 5/1/2011 (Exhibit "HU2") this was before the trial. The trial lasted only 3 days. It was not until after the judgment was delivered by the Court of Appeal on 5/4/2011, that the appellant received exhibit

E

"HU2" from the 2nd respondent on 7/4/2011. The hasty hearing at the trial court deprived the appellant of opportunity to gather all relevant documentary evidence to support his case. He had only 24 hours within which to file his counter affidavit to the amended originating summons.

F

The National Secretary of the 2nd respondent who was in possession and custody of NWC Minute Book as well as other officials frustrated the appellant. Exhibit "HU2" is clear evidence and appellant's saving grace, indicating clearly that the appellant was cleared by the NWC to contest the primary elections conducted

G

by the P.D.P. on 8/1/2011. That was a final decision. His name was duly forwarded to the 3rd respondent as the P.D.P. candidate for his Senatorial District. It is not the 1st respondent.

It is for the foregoing reasons and more fuller and elaborate reasons given by my learned brother, Rhodes-Vivour, JSC in the

H

lead judgment, that I also re-affirm my allowing of the appeal which I accordingly did or, the 5/5/2011 I now reaffirm my setting aside of the judgments of the two lower courts. I find and hold that

the appellant is the aspirant who was cleared by the NWC of the 2nd respondent to contest the primaries for Imo West Senatorial District conducted on 8/1/2011.

I too make no order as to costs.

Appeal allowed.

*Appeal allowed.*