## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re* Application of<br>ATIKU ABUBAKAR<br><br><br>For an Order Directing Discovery from<br>CHICAGO STATE UNIVERSITY Pursuant to<br>28 U.S.C. § 1782. | )<br>)<br>)<br>)   No. 23 CV 5099<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE SUR-RESPONSE

Intervenor, Bola A. Tinubu, moves, pursuant to Federal Rule of Civil Procedure 7(b), to file the attached Sur-Response to Applicant's Reply because that Reply raises new matters and submits new material.  In support, Intervenor states as follows:

1.    Reply briefs are intended to reply to the arguments in the response, not to raise new arguments or to submit new material omitted from the opening brief.  *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) ("Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief.").

2.    Applicant's Reply consists of a 15-page reply brief and two separate affidavits with multiple exhibits, spanning over 200 pages.[1]  (*See* Dkts., 22, 23, and 24.)

---

[1] Although there is no local rule specifically on the length of a reply brief, the Federal Rules of Appellate Procedure provide that replies are half the length of a principal brief.

3.      The Reply makes assertions and arguments that were omitted from the opening brief, including advancing a new theory about how the discovery sought is connected to the electoral challenge brought by the Applicant.  (*See* Dkt. 22, pgs. 4-5.)

4.      The Reply also runs afoul of the no sandbagging rule because generalized and unsupported arguments were made in the opening memorandum that were changed to detailed arguments in Reply.  *See Murphy v. Vill. of Hoffman Estates*, No. 95 C 5192, 1999 U.S. Dist. LEXIS 3320, *5, 1999 WL 160305, *2 (N.D. Ill., March 17, 1999) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.  Providing specifics in a reply in support of a general argument in an objection counts as new matter in reply. . . . Raising an argument generally in a motion [ ] does not give a litigant license to be vague in his original submissions and provide the necessary detail in his reply.").

5.      Furthermore, the material appended to the Reply supporting the new arguments was available when the initial filing was made, but was omitted.  *Id.* Applicant could have submitted the filing from the Nigerian courts dated April 23, 2023 and could have procured an affidavit from the Applicant's Nigerian lawyer.  (*See* Dkt. 24-5, Exhibit E; Dkt. 24, Affidavit.)  The strategic choice to not include that material initially, should preclude the ability to supply the material later.

6.      Finally, the Reply attaches two <u>new subpoenas</u> that Applicant now seeks to issue.  (*See* Dkts. 22-1 and 22-2.)  These subpoenas are different from the original

subpoenas.  Revising the subpoenas after the response, prevents Intervenor from squarely addressing the new subpoenas or the new arguments advanced to support these new subpoenas.  (*See* Dkt. 22, pgs. 6-7.)

7.     The situation created by the Reply is usually addressed in one of two ways.  The first way is to find that the new arguments are waived and disregard all the new material submitted.  *See Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997) (matters raised for the first time in reply are waived).  Another way is to allow a supplemental filing to address the new material.

8.     Although the Court could ultimately issue a ruling finding that Applicant failed to support the Application in the opening memorandum and deny it as originally presented, Intervenor would not know that possible outcome until after the issues were decided.

9.     Allowing Intervenor the opportunity to address the new arguments, documents, and subpoenas proposed by the Applicant is therefore reasonable.

**WHEREFORE**, Intervenor Bola A. Tinubu requests that the Court grant this motion to file a Sur-Response to the Reply, and for such other and further relief as deemed appropriate.

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: /s/Christopher Carmichael
    One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on **September 11, 2023**, the foregoing **Motion for Leave to File Sur-Response** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By: <u>/s/ Chirstopher Carmichael</u>