**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

———————————————————————
*In re* Application of                                    )
ATIKU ABUBAKAR                                        )
                                                                    )
                                                                    )          No. 23 CV 5099
For an Order Directing Discovery from        )
CHICAGO STATE UNIVERSITY Pursuant to   )
28 U.S.C. § 1782.                                         )
———————————————————————)

**SUR-RESPONSE TO REPLY IN SUPPORT APPLICATION UNDER 28 U.S.C. § 1782**

The Reply and new Exhibits submitted by the Applicant demonstrates that the

discovery sought is part of a fishing expedition.  The fact that President Bola A. Tinubu

graduated from Chicago State University in June 1979 was established.  Refusal to

accept that fact is not a good reason to engage in discovery under § 1782, as the Seventh

Circuit made clear in *Kestrel Coal*.

**Argument**

After the Application and supporting memorandum failed to connect the

discovery sought to the pending election proceedings, the Reply attaches the

Applicant's "Reply to the 2nd Respondent's Reply to the Petition" and references page

six and paragraph (i) of that document.  (Dkt. 22, Reply, pg. 4; Dkt. 24-5, Exhibit E, pg. 8

of 48.)  According to the Reply, that supplemental Nigerian court filing establishes the

connection between the requested discovery and the Applicant's electoral challenge.

(Dkt. 22, pg. 3.)  The quoted and referenced portion of the Nigerian court filing parrots

conspiracy theories about President Tinubu, including that the degree from Chicago

State University really belongs to a female named Bola Tinubu.  (Dkt. 24-5, Exhibit E,

pg. 8 of 48.)  The Reply avoids suggesting that discovery should proceed on the

conspiracy theories about gender and birth.  Instead, the Reply asserts that there are

issues with the authenticity of the diplomas.  (Dkt. 22, pg. 5-6.)  But, the "authenticity"

of the diplomas is not at issue in the election proceedings.  More importantly, the fact

that President Tinubu was awarded a degree in June 1979, as stated in the diplomas,

was verified by the Chicago State University Registrar.  Applicant's unwillingness to

accept the facts is not a basis for discovery.

1.      __The Application Does Not Seek Material For Use in the Foreign Proceeding__

Contrary to the Reply's assertions, discovery under § 1782 is not an unlimited

fishing expedition.  *See Ijk Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 679 (2d Cir.

2022); *Kestrel Coal PTY. LTD. v. Joy Global, Inc.*, 362 F.3d 401, 406 (7th Cir. 2004).  The

discovery sought needs to be connected to the foreign proceeding that Applicant is

bringing in the election court – where he purportedly seeks to submit the material

gathered.  *Id.*  Here, that connection is absent.[1]

The new (revised) subpoenas the Applicant seeks to issue do not seek

information that is actually for use in the electoral challenge.  The election challenge

---

[1] The Reply concedes that evidence has to be relevant to the issues raised in the pleadings in
Nigeria, just as in the United States.

petition describes ballot counting and miscounting as the basis for overturning the election.[2]  (*See* Dkt. 5-2, Exhibit B.)  The subsequent Nigerian court filing appended to the Reply asserts that the degree from Chicago State University belongs to a female named Bola Tinubu.  (Dkt. 24-5, Exhibit E, pg. 8 of 48.)  That conspiracy theory is not an asserted basis for discovery.  Therefore, the purported "authenticity" of the diploma(s) is not at issue in the election proceedings.

**2.**     **There Is No Basis for Discovery.**

Like other recent election challenges in the United States, the Applicant's request for discovery is based on a disagreement with the facts.  (*See* Dkt. 2, pg. 6, asserting the Westberg affidavit "simply raises further questions.")  The Chicago State University Registrar, under oath, confirmed that President Bola A. Tinubu attended and graduated from Chicago State University with a Bachelor of Science degree in Business Administration.  (Dkt. 21-1, Response, Exhibit 3, CSU Registrar Affidavit ¶¶ 2, 7.)  The CSU Registrar stated the same thing in a June 2022 Letter that the Applicant appended to the Reply.  (Dkt. 23-3, Exhibit R.)  Because the Applicant refuses to accept the Registrar's verification, the Reply asserts that deposition and document subpoenas are necessary.  (Dkt. 22-2.)  Disbelief of the fact that President Tinubu graduated from Chicago State University is not a basis for discovery.

---

[2] The Reply does not appear to dispute that the 200+ page election challenge "Petition" (Dkt. 5-2, Exhibit B) does not contain any reference to President Tinubu's CSU degree.

The Reply also misunderstands the nature of a diploma. As the Registrar explained, diplomas are ceremonial. (Dkt. 21-1, Response, Exhibit 3, CSU Registrar Affidavit ¶ 6.) A diploma is a tangible representation of the intangible – completion of an education. A diploma recites what university records reflect – the fact that a student completed a course of study in a particular year. Here, regardless of Applicant's questions about changes in the signatures, the seal, or the font, the diplomas are accurate in stating that President Tinubu graduated from Chicago State University with a Bachelor of Science degree in Business Administration in June 1979.[3]

Applicant's new document subpoena misguidedly seeks copies of previously issued diplomas (and all other CSU diplomas like the diplomas issued), as well as all documents "relating to" the documents CSU's prior internal attorney certified. (Dkt. 22-1.) Even if it could be located, none of that information will alter the fact that President Tinubu is a graduate of CSU. (Dkt. 21-1, Response, Exhibit 3, CSU Registrar Affidavit ¶¶ 2, 7; Dkt. 5-4, Exhibit D.) Likewise, the Applicant's disbelief about documents the prior CSU attorney certified is not a basis for more discovery either. The Applicant has been supplied with evidence demonstrating the fact that President Tinubu graduated from Chicago State University. Applicant's unwillingness to accept fact is not a basis to invoke § 1782.

---

[3] As American political figures learned during the last election cycle, there are differences between newsrooms and courtrooms. New articles, even from the New York Times, are not evidence, nor do they supply a basis for discovery. (*See* Dkt. 23-1.)

There is no indication that Nigerian courts have any more tolerance for unsupported conspiracy theories than U.S. courts have shown. In fact, the Nigerian election court rejected Applicant's challenge. (*See* **Exhibit 9**, 9/6/23 Judgment of the Presidential Election Petition Court.) The lack of receptivity of the Nigerian courts to conspiracy theories is confirmation that the § 1782 request should be denied. *See Venequip, S.A. v. Caterpillar, Inc.*, No. 21 CV 6297, 2022 U.S. Dist. LEXIS 48443, *5 (N.D. Ill. March 18, 2022).

## Conclusion

The new subpoenas proposed in the Reply constitute a fishing expedition based on conspiracy theories and disagreement with the affidavit provided by Chicago State University's Registrar. There is no basis for further discovery and the Application should be denied.

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: s/ Christopher Carmichael
      One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: s/<u>Oluwole Afolabi</u>
       Admitted *Pro Hac Vice*

Oluwole Afolabi
**LAW OFFICES OF OLUWOLE AFOLABI**
805 Castleton Ave.
Staten Island, New York 10310
Tel: (973) 703-9433
woleafolabi@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on **September 11, 2023**, the foregoing **Sur-**

**Response to Reply In Support of Application for Issuance of Discovery Under 28**

**USC § 1782** was electronically filed with the Clerk of the United States District Court for

the Northern District of Illinois by filing through the CM/ECF system, which served a

copy of the foregoing upon all counsel of record.

By: /s/ Chirstopher Carmichael