IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION OF ATIKU ABUBAKAR; ) ) ) CHICAGO STATE UNIVERSITY, ) ) Respondent. ) ) | Case No. 1:23-cv-05099 Judge Maldonado Magistrate Judge Gilbert |

**RESPONDENT CHICAGO STATE UNIVERSITY'S
RESPONSE TO COURT ORDER DATED SEPTEMBER 8, 2023**

Respondent, Chicago State University ("CSU"), by its undersigned counsel, responds to this Court's Order dated September 8, 2023 (Doc. 26, the Order"), as follows:

<u>Preliminary Statement and General Objections to Revised Subpoenas</u>

The Order directed CSU to file objections to Applicant's subpoenas by the close of business today. Applicant in its September 6, 2023 reply brief filing withdrew its initial document and deposition subpoenas and replaced them with new subpoenas (*See,* Doc. 22, Exhibits 3 and 4), thus CSU will confine this response to these new subpoenas and not address the prior, superseded subpoenas.

At the outset, CSU notes that it is not a party to any of the Nigerian election proceedings, has no stake in the outcome of those proceedings, and does not take any position on the legal issues that have been litigated there. Although CSU has very limited information which might be relevant in the Nigerian proceedings, CSU has already been required to devote significant time and legal expense arising from these foreign controversies, both in prior actions in Illinois state court and now in this federal proceeding. CSU thus respectfully requests that any discovery which may be directed here be focused in scope and take into account the information CSU has

1

already provided, as well as the information CSU has already notified Applicant's counsel it does and does not possess.

CSU has already confirmed, in its prior filing with this Court (Doc. 20) and in an affidavit from its Registrar (Doc. 21-1), that Bola Tinubu, the President of Nigeria, graduated from CSU in 1979. Applicant's reply brief does not challenge that fact, so discovery on that issue would not appear to be warranted. CSU has also, in meet and confer communications with counsel for both Abubakar and Tinubu, confirmed that CSU (like many U.S. colleges and universities) treats diplomas as ceremonial documents and does not in the ordinary course maintain copies of them, as student records or otherwise. That is true not just for Mr. Tinubu but for all CSU students. Accordingly, CSU is not able to authenticate ceremonial documents such as diplomas, as it does not regularly maintain copies of same. Finally, CSU has already explained, in its Registrar's affidavit, that a replacement copy of a Tinubu diploma (Doc. 5-4) contains an inadvertent error as to the date in June, 1997 on which Tinubu graduated.

In view of these established facts, and the burden, disruption and expense CSU has already experienced in this and related proceedings in which it is a disinterested third party, CSU objects to the further expense of preparing and presenting a corporate representative for deposition, particularly on the expedited time frame sought by Applicant. CSU thus urges the Court to either decline to authorize a deposition subpoena entirely or, alternatively, to direct CSU to respond to focused written questions under Federal Rule 31. CSU does not oppose the production of Tinubu's student records but notes that such documents have been produced before; in fact, Applicant concedes they are already in the public record and were introduced as exhibits in the now concluded Nigerian trial level proceedings.

Specific Objections to Revised Subpoenas

With respect to the five requests in Applicant's revised subpoena for documents (Doc. 22-1), CSU has no objection to the first four of these requests. CSU does object to that aspect of Request No. 5 which seeks "Communications" on the basis of undue expense and burden to the extent an expedited ESI search is required, and on the basis of privilege to the extent communications between CSU and its internal lawyer (Jamar Orr) or outside counsel are sought. CSU requests that it be provided at least seven (7) days to make any document production ordered by the Court.

With respect to Applicant's revised deposition subpoena (Doc. 22-2), as noted above CSU requests that any deposition inquiry be conducted pursuant to Federal Rule 31 and only on topics approved by the Court. CSU requests at least seven (7) days to respond to any such Rule 31 questions.

Conclusion

CSU appreciates this Court's consideration of this matter and looks forward to further discussion of these issues with the Court at the scheduled September 12, 2023 hearing.

Respectfully submitted,

Dated: September 11, 2023     **CHICAGO STATE UNIVERSITY**

By: */s/ Michael D. Hayes*
    Counsel for Respondent

Michael D. Hayes
Husch Blackwell LLP
120 S. Riverside Plaza
Suite 2200
Chicago, Illinois 60603
312/341-9830
michael.hayes@huschblackwell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2023 the foregoing **Respondent Chicago State University's Response to Court Order Dated September 8, 2023** was served on all counsel of record as a result of the CM/ECF filing of this document.

/s/ *Michael D. Hayes*