## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re* Application of ) | |
| ATIKU ABUBAKAR ) | |
| ) | |
| ) | No. 23 CV 5099 |
| For an Order Directing Discovery from ) | |
| CHICAGO STATE UNIVERSITY Pursuant to ) | |
| 28 U.S.C. § 1782. ) | |

## EMERGENCY MOTION TO DELAY A DISPOSTIVE RULING
## <u>ISSUED BY THE MAGISTRATE</u>

Intervenor, Bola A. Tinubu, requests that the Court delay the Magistrate Judge's self-effectuating order directing Chicago State University to comply with the Applicant's subpoenas, starting September 21, 2023, because, as the Ninth and Tenth Circuits have concluded, a ruling under 28 U.S.C. § 1782 is akin to a dispositive motion, and a Magistrate may only report and recommend to the District Judge. Here, the Magistrate issued what purports to be a final order on September 19th requiring immediate compliance, starting on September 21st. Intervenor asks this Court to enter an immediate order delaying the effect of the Magistrate's order, at least until Monday, September 25, 2023, so the Court may fully consider both the scope of the Magistrate's authority to issue the order without review, and the issue of whether the Magistrate's order was a correct application of the law to the facts presented. In support of this motion, Intervenor states as follows:

1.     Applicant is challenging an election that occurred in Nigeria in February 2023.

2.     Applicant filed his action under 28 U.S.C. § 1782 on August 2, 2023, after dismissing a similar Illinois State Court action that was originally filed July 11, 2023. (Dkt. 1 and Dkt. 22-1, Exh. 1.)

3.     The limited time available is therefore due to the Applicant's decision to seek information utilizing section 1782 six months after the election concluded.

4.     This Court referred the Applicant's request to issue discovery to the Magistrate.  (Dkts. 6 & 7.)

5.     After hearing from the parties, on September 19, 2023, the Magistrate issued an order requiring Chicago State University to comply with Applicant's document requests within 2 days (*i.e.*, by September 21st), and comply with Applicant's deposition subpoena 2 days thereafter (*i.e.*, by September 23rd).   (Dkt. 40, pg. 31.)

6.     The order does not report or recommend; rather, it requires compliance with Chicago State University by those deadlines without any action by this Court.  (*Id.*) Intervenor was unaware, until the issuance of the ruling, that the Magistrate intended to issue a binding ruling requiring compliance without any action by this Court.

7.     Considering the nature of applications for discovery under 28 U.S.C. § 1782, the Ninth Circuit concluded a magistrate may only report and recommend to a district judge.  In *CPC Patent Technologies PTY Ltd. v. Apple, Inc.*, the Ninth Circuit held

that the "application for court-ordered discovery pursuant to § 1782 was a dispositive matter." 34 F.4th 801, 808 (9th Cir. 2022). Because the decision was dispositive, and both parties did not consent to the magistrate, the Ninth Circuit concluded that "the magistrate judge here lacked authority to issue a binding ruling that denied the application."

8.     Relatedly, the Tenth Circuit concluded that regardless of "[w]hether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it." *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Here, there is nothing for this Court to act upon because the Magistrate's order purports to be final order resolving the application and ordering compliance by Chicago State University. The Tenth Circuit concluded, however, that a magistrate's order on a section 1782 application required further action by the district court. *Id*.

9.     The Seventh Circuit has yet to address the issue of whether rulings on section 1782 applications are dispositive. "In the absence of controlling precedent, the district court may look to out of circuit precedent as persuasive authority." *Liberty Mutual Fire Insurance Co. v. Clayton*, 33 F.4th 442, 449 (7th Cir. 2022). This Court should therefore look to the Ninth and Tenth Circuit's analysis on this issue.

10.     In determining the proper standard of review, the Ninth Circuit conducted a thorough analysis of Supreme Court precedent, 28 U.S.C. § 1782, 28 U.S.C.

§ 636, and Federal Rule of Civil Procedure 72 and concluded that unlike ordinary discovery orders, a decision on an application under section 1782 ends the entire controversy before the court, leaving nothing further to be decided. *CPC Patent Technologies* 34 F.4th at 806. Because a decision that effectively grants or denies the ultimate relief sought by a party is dispositive, the Ninth Circuit found the district court should have treated the magistrate judge's order on section 1782 application as a non-binding recommendation and applied the *de novo* standard of review. *Id.* at 807.

11. The Ninth Circuit's analysis is similar to how the Seventh Circuit has analyzed whether specific types of rulings were dispositive or non-dispositive and required a magistrate to report and recommend. *See Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995) ("The application for fees cannot be characterized as nondispositive."). This Court should follow that analysis.

12. Moreover, it is also noteworthy that other courts considering the authority of magistrates to rule on section 1782 applications, adopt a cautious approach and opt for issuing reports and recommendations. *See In re Akkermansia Co. for An Order Pursuant to 28 U.S.C. § 1782*, No. 22-mc-91577-DJC, 2023 U.S. Dist. LEXIS 106207, at *2 n.2 (D. Mass. May 5, 2023).

13. Intervenor raises a substantial question about the Magistrate's authority to resolve the section 1782 petition and order immediate compliance by Chicago State University.

14.     If Chicago State University complies with the Magistrate's order prior to this Court having an opportunity to review the order, Intervenor will suffer prejudice because the information will have been disclosed and effective relief will be impossible. The order requires the documents to be produced today. (Dkt. 40, pg. 31.)

15.     By contrast, Applicant represented that he has at least until September 27 to submit material, if not longer, and, as the Magistrate commented, the "tight timeframe" was created "in no small part" by applicant. (Dkt. 40, pg. 28.) That leaves enough time for the Court to review the ruling and, if discovery were permitted to proceed, for Applicant to still obtain the information sought.

16.     Due to the timing for compliance by Chicago State University – later today – Intervenor is filing this motion separately from its challenge to the Magistrate's ruling on the application. Intervenor intends to file, by the end of the day, a substantive brief addressing the errors in the Magistrate's decision.

17.     Intervenor requests that the Court defer compliance by Chicago State University until Monday, which will provide both an opportunity to review the Magistrate's ruling, and, if ordered, to allow the discovery to proceed before September 27th.[1]

---

[1] For example, a production could occur on Tuesday morning, be followed by a deposition in the afternoon, and a court reporter can provide a rough or real time transcript that evening.

18.     Counsel for Intervenor, Christopher W. Carmichael, communicated with counsel for applicant, Alexandre de Gramont, who opposes the motion.

**WHEREFORE**, Intervenor prays that the Court grant the emergency motion and delay compliance with the Magistrate's September 19, 2023 order until the end of the day Monday, September 25, 2023.

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: s/ Christopher Carmichael
        One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

Respectfully submitted,

**INTERVENOR BOLA AHMED TINUBU,**

By: s/Oluwole Afolabi
        Admitted *Pro Hac Vice*

Oluwole Afolabi
**LAW OFFICES OF OLUWOLE AFOLABI**
805 Castleton Ave.
Staten Island, New York 10310
Tel: (973) 703-9433
woleafolabi@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on **September 21, 2023**, the foregoing **Emergency Motion** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By: <u>/s/ Chirstopher Carmichael</u>