IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| *In re* Application of <br> ATIKU ABUBAKAR <br><br> For an Order Directing Discovery from <br> CHICAGO STATE UNIVERSITY Pursuant to <br> 28 U.S.C. § 1782. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:23-cv-5099 <br> Honorable Nancy L. Maldonado <br><br> Magistrate Judge Jeffrey T. Gilbert |

**APPLICANT'S OPPOSITION TO INTERVENOR'S OBJECTIONS TO
MAGISTRATE JUDGE GILBERT'S MEMORANDUM OPINION AND ORDER**

DECHERT LLP
35 West Wacker Dr.
Suite 3400
Chicago, Illinois 60601
Telephone: (312) 646-5800
Facsimile: (312) 646-5858

**PRELIMINARY STATEMENT**

This is a straightforward Section 1782 application (the "Application") brought by former Vice President Atiku Abubakar ("Abubakar" or "Applicant") seeking evidence from Respondent Chicago State University ("CSU") for use in proceedings commenced by Abubakar (the "Abubakar Proceedings") now pending in the Supreme Court of Nigeria. In those proceedings, Abubakar challenges, among other things, the electoral qualifications of President Bola A. Tinubu ("Tinubu" or "Intervenor")—including whether he in fact attended CSU and whether he submitted a forged CSU diploma to Nigeria's Independent National Electoral Commission ("INEC") in 2022.

Contrary to Intervenor's inflated rhetoric, Applicant is not seeking "to conduct a fishing expedition into Intervenor's private, confidential, and protected educational records." *See* ECF 44 (the "Objections"). Rather, Applicant seeks to test (1) the authenticity and origin of <u>twelve (12) pages</u> of documents (including two very different diplomas) that purport to have been issued by CSU (the "CSU documents")[1]—all of which have <u>already been submitted to the Nigerian courts and widely published in the media</u>; and (2) the basis for CSU's categorical assertion that Tinubu received a B.S. degree in 1979, given discrepancies between information in the CSU documents and information in his affidavit submitted to INEC. If, as Intervenor asserts, he graduated from CSU in 1979—and the CSU documents are authentic copies issued by CSU—there is no reason why he should oppose the limited discovery Applicant seeks.

On September 19, 2023, Magistrate Judge Jeffrey T. Gilbert issued a thorough and well-reasoned Memorandum Opinion and Order ("Order") (ECF 40), granting the Application and ordering CSU to produce four narrow categories of documents (as limited by Judge Gilbert), and to present a Rule 30(b)(6) designee to address five deposition topics. Judge Gilbert correctly

---

[1] *See* ECF 22, Ex. 4 at 11-19; ECF 23, Ex. R; ECF 24, Ex. D.

concluded that the Application meets the statutory requirements under 28 U.S.C. § 1782, and that the discretionary criteria articulated in *Intel Corp. v. Advanced Micro Devices, Inc*, 542 U.S. 241 (2004), weigh in favor of ordering the discovery. In his Objections, Intervenor argues that Judge Gilbert incorrectly determined that the statutory "for use" requirement is satisfied—although, as noted below, Intervenor concedes that discovery concerning the diploma that he submitted to INEC in 2022 is "for use" in related Nigerian proceedings. *See* ECF 44 at 6. Intervenor also argues that Judge Gilbert erred in concluding that (1) there is no record evidence showing that the Supreme Court would be necessarily "unreceptive" to any evidence obtained through Section 1782 discovery; and (2) the discovery sought is neither unduly burdensome nor intrusive.

The "for use" requirement: As Judge Gilbert explained, courts in this District have consistently held that the "for use" requirement is satisfied if the discovery is relevant to issues in the foreign proceeding under the broad "relevance" standard of Federal Rule of Civil Procedure 26—and that it is not for courts to assess foreign issues of discoverability or admissibility. ECF 40 at 7-12. Intervenor argues, however, that the documents cannot be "for use" in the Abubakar Proceedings because the Court of Appeal found that Applicant's attempt to submit new evidence was untimely, and that without those documents, Applicant's assertion that Tinubu was not qualified for office was insufficiently particularized. *See* ECF 44 at 3-4. Thus, according to Intervenor, Applicant is barred from submitting the documents at issue to the Nigerian Supreme Court as part of his appeal. But as Judge Gilbert noted, the uncontroverted evidence demonstrates that "the Supreme Court of Nigeria can consider new evidence in 'exceptional circumstances' under the Nigerian Electoral Act of 2022 and/or in its discretion." ECF 40 at 10. Intervenor also contends that only the authenticity of the CSU diploma that he submitted to INEC is relevant to the Abubakar Proceedings. ECF 44 at 6. But the limited discovery about the authenticity of the

3

other documents, and whether Tinubu in fact attended CSU, is plainly relevant to the authenticity of the diploma and Intervenor's qualifications as represented in a sworn affidavit that he submitted to INEC. ECF 24.

The "receptiveness" of the foreign tribunal to the discovery: Next, Intervenor argues that all "Nigerian courts" are "unreceptive" to the discovery in light of the Court of Appeal's finding that the evidence was untimely submitted. *Id*. But as Judge Gilbert concluded, there is no record evidence that the Supreme Court "would be affronted by [Applicant's] recourse to U.S. discovery or would refuse to admit any evidence . . . that the discovery produced." ECF 40 at 18-20 (quoting *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011)). Indeed, the fact that the Nigerian Electoral Act specifically allows for the submission of new evidence to the Supreme Court in "exceptional circumstances" demonstrates its receptivity to the evidence sought. ECF 40 at 18-21. Put differently, it is not for this Court to assess whether exceptional circumstances exist. *Id*. at 11.

Unduly burdensome or intrusive: Judge Gilbert further concluded that only CSU has standing to object that the discovery is unduly burdensome. ECF 40 at 26. CSU has not objected, because no basis exists to assert that the requests are burdensome. As to privacy, Judge Gilbert appropriately determined that "Applicant's interests in obtaining records outweighs Intervenor's privacy rights because Intervenor put the diploma at issue by submitting it to INEC and submitted other CSU documents in a related proceeding." *Id.* Both statutes invoked by Intervenor provide for the release of records pursuant to a duly issued subpoena. And Applicant is not seeking the disclosure of Intervenor's educational documents; he is seeking to authenticate documents that are already in the public record.

Lastly, Judge Gilbert's Order may only be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A). Regardless, even if the Court determines that *de novo* review applies, the Objections should nonetheless be overruled in their entirety.

## BACKGROUND[2]

On or about June 17, 2022, Intervenor submitted his Affidavit of Personal Particulars to INEC, attaching what purports to be a CSU diploma dated June 22, 1979, issued to Bola A. Tinubu. ECF 24 ¶ 4. The June 22 diploma has indicia of forgery. Although it appears to be signed by three CSU officials, two of the signatures are illegible, and the third purports to be that of Dr. Elnora D. Daniel as President of CSU—even though she did not join CSU until 1998. ECF 5, Ex. F. It also contains a clear grammatical error. ECF 5, Ex. C.

Approximately ten days later, CSU's Registrar, Caleb Westberg, apparently issued a letter dated June 27, 2022, addressed "To whom it May Concern." According to this letter, "Bola A. Tinubu attended Chicago State University from August 1977-June 1979. He was awarded a Bachelor of Science degree in Business Administration with Honors on June 22, 1979. His major was accounting." ECF 23, Ex. R.

On or about September 11, 2022, a Nigerian lawyer named Mike Enahoro-Ebah (who is unaffiliated with Applicant) obtained a subpoena issued to CSU from the Circuit Court of Cook County, Illinois, seeking "[a]ny and all records pertaining to the admission of Bola A. Tinubu … as a student [at] Chicago State University." ECF 24 ¶ 4. On or about September 22, 2022, and apparently in response to the subpoena, Westberg sent Enahoro-Ebah a letter reiterating the language of his "To whom it May Concern" letter, and also stating that the "enclosed documentation is all the records we have for Bola A. Tinubu." ECF 5, Ex. D. The enclosed

---

[2] The relevant procedural history is set forth in the Order and is not contested by Intervenor.

documents included a CSU diploma dated June 27, 1979, purportedly issued to Bola A. Tinubu. In addition to the different date, the June 22 diploma is different in numerous respects from the June 27 diploma submitted by Intervenor to INEC. The June 22 diploma has a different font and seal and does not have the grammatical error in the June 27 diploma. Instead of three signatures, it has only two. It also purports to be signed by Dr. Daniel as President of CSU—who did not begin working at CSU until 1998. The second signature purports to be that of Dr. Niva Lubin as Chair of the Board. But like Dr. Daniel, Dr. Lubin did not begin working at CSU until the late 1990s. Although Intervenor submitted an affidavit to this Court from Westberg asserting that "all diplomas are signed by the *current* President/Board Chair," ECF 21-1 at ¶ 4, both Dr. Daniel and Dr. Lubin had left CSU by, 2008 and 2001, respectively. ECF 5, Ex. G; ECF 23, Ex. P.

On or about November 9, 2022, Enahoro-Ebah submitted a Criminal Complaint in the Chief Magistrate Court in Abuja, Nigeria. ECF 5, Ex. A. The Complaint alleged that the June 22 diploma submitted by Intervenor to INEC was a forgery. In support, the Complaint compared the two diplomas and observed notable differences between the information in the records produced by CSU and the information provided by Intervenor to INEC (including a different year of birth, gender, and citizenship information). *Id*. at 3-4. Nigeria held its Presidential elections in February 2023. INEC subsequently declared Intervenor as the victor; Applicant the runner-up; and Peter Obi of the Labor Party, in third place.

On March 21, 2023, Applicant filed his Petition in Nigeria's Court of Appeal, challenging both the results of the election and Intervenor's qualifications to serve as President. ECF 5, Ex. B ¶ 16(d) ("[Tinubu] was at the time of the Election not qualified to contest the Election."). As Applicant subsequently explained to this Court, the submission of a forged document that

accompanies an Affidavit of Personal Particulars to INEC disqualifies a candidate under the Nigerian Constitution, and a challenge to such qualifications can be raised post-election.

On April 24, 2023, in a reply brief submitted to the Court of Appeal, Applicant alleged that Intervenor "has demonstrated inconsistency as to actual date of birth . . .; his State of origin, gender, actual name; certificates evidencing Universities attended (Chicago State University)," and, moreover, that "[t]he purported degree Certificate [Tinubu] allegedly acquired at the Chicago State University did not belong to him but to a Female." ECF 44 at 3. At a June 23, 2023 hearing before the Court of Appeal, Applicant called Enahoro-Ebah to testify and present the documents he had obtained from CSU. The Court of Appeal admitted the testimony and exhibits on a provisional basis. ECF 24 ¶ 4 and Ex. C at 221-233.

On or about July 4, 2023, Intervenor submitted documents purporting to constitute portions of his educational records from CSU (which do not appear to have been produced to Enahoro-Ebah in response to his August 2022 subpoena) in the proceedings brought by the Labor candidate, Obi (whose proceedings in the Court of Appeal were consolidated with Applicant's). ECF 24 ¶ 6. Each page is marked: "Certified True Copy—Certified by Jamar C. Orr, Associate General Counsel" at Chicago State University. *Id*. Ex. D. Although the Court of Appeal was expected to issue its ruling in the consolidated case on or shortly before September 20, 2023, ECF 24 ¶ 6, the court issued an early ruling on September 6, 2023—two days before Applicant submitted his reply to this Court. *See* ECF 22 at 1-2. As Intervenor stated, the Court of Appeal excluded the CSU evidence offered by Applicant on grounds that it was untimely, and because, without the evidence, Applicant's allegation that Intervenor was unqualified was not sufficiently particularized.

On September 18, 2023—after Judge Gilbert issued his Order and shortly before this Court's hearing on the September 21, 2023 emergency motion—Applicant filed his Notice of

7

Appeal in the Supreme Court of Nigeria. Applicant appeals, *inter alia*, the Court of Appeal's ruling rejecting the CSU evidence on procedural grounds.

## ARGUMENT

### I. STANDARD OF REVIEW

Relying on an outlier case from the Ninth Circuit, Intervenor argues that this Court should review Judge Gilbert's Order *de novo*, on the grounds that a ruling on a Section 1782 application is "dispositive" under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). ECF 44 at 5 (citing *CPC Patent Technologies PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022)).[3]

But the *Apple* panel's determination that Section 1782 orders issued by a magistrate are dispositive for purposes of district court review is at odds with the law on this issue in virtually every other circuit. *See Rothe v. Aballi*, 2021 WL 4429814, at *2 (11th Cir. Sept. 27, 2021) (per curiam) (concluding that Section 1782 motions "are non dispositive matters within the meaning of 28 U.S.C. § 636(b)(1)(A), and orders on such motions are 'set aside or modified [by the district court] only 'if clearly erroneous or contrary to law.'" (citations omitted)); *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 72 (S.D.N.Y. 2019) ("[B]ecause § 1782 applications are not dispositive, Chief Magistrate Judge Gorenstein properly decided Petitioners' application in an order rather than in a report and recommendation, and the appropriate standard of review of his Order is for clear error."); *California State Tchrs. Ret. Sys. v. Novo Nordisk, Inc.*, 2020 WL 6336199, at *4 (D.N.J.

---

[3] Under Federal Rule of Civil Procedure 72(a), the Court cannot consider Intervenor's new evidence because "[c]onsidering new evidence upon appeal from a magistrate's nondispositive pretrial order would amount to impermissible de novo review of the order." *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310669, at *3 (N.D. Ill. Sept.13, 2000); *Continental Bank, N.A. v. Premier Systems, Inc.*, No. 88 C 7703, 1989 WL 65045, at *1 (N.D. Ill. May 31, 1989); *Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *10 (N.D. Ill. July 31, 2013) (If the new "evidence was never presented to the magistrate judge, the Court cannot consider it in reviewing the magistrate's decision.").

Oct. 29, 2020) (agreeing with "the majority of out-of-district decisions '[finding] that such rulings are *not* dispositive and therefore subject to review only for clear error." (citation omitted)); *JSC MCC EuroChem v. Chauhan*, 2018 WL 3872197, at *1 (M.D. Tenn. Aug. 15, 2018) ("The majority of persuasive authority on this topic concludes that a magistrate judge's ruling on a motion for discovery under 28 U.S.C. § 1782(a) is nondispositive.").

The *Apple* panel's outlier decision is also inconsistent with the practice of courts in this District, where magistrate judges routinely *grant* or *deny* immediately enforceable non-dispositive orders pursuant to Section 1782. *See In re Bayerische Motoren Werke AG*, 2022 WL 1422758, at *1 (N.D. Ill. May 5, 2022) (Magistrate order *granting* 1782 petition); *In re Bayer Healthcare LLC*, 2014 WL 2801206, at *1 (N.D. Ill. June 19, 2014) (same); *In re Lab. Ct. of Brazil*, 244 F.R.D. 434, 436 (N.D. Ill. 2007) (Magistrate order granting motion to compel discovery pursuant to Section 1782); *see also Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 2020 WL 208825, at *1 (N.D. Ill. Jan. 14, 2020) (Magistrate order *denying* Section 1782 petition); *cf. In re Application of High Point SARL*, 2011 WL 2297657, at *1 (N.D. Ill. June 8, 2011) (Magistrate order granting motion to quash Section 1782 subpoenas).

This makes sense, because in "[i]n general, discovery orders are nondispositive within the meaning of Rule 72(a)." *Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006). Nonetheless, Intervenor contends that the Court should adopt the Ninth Circuit's reasoning because unlike ordinary discovery matters, the Order directing discovery "ends the controversy between the parties." ECF 44 at 5. But this same argument has been flatly rejected by district courts around the country. Indeed, "an application under § 1782 is quintessentially akin to an application for discovery, which 'is procedural in nature and does not address substantive issues.'" *Novo Nordisk*, 2020 WL 6336199, at *4 (quoting *In re Macquarie Bank, Ltd.*, 2015 WL 3439103 at *3

9

(D. Nev. May 28, 2015)). Instead, a ruling by a magistrate "'is dispositive if a decision on the motion would effectively determine a claim or defense of a party.'" *Id.* (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017)). Here, however, the determination concerning the propriety of the Nigerian presidential election for which discovery is being sought in the United States is a matter to be decided in the Abubakar Proceedings—which are ongoing. Accordingly, "it is appropriate to apply the clearly erroneous standard when reviewing a Magistrate Judge's decision on a § 1782 application." *Id.*[4] Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

However, even if the Court determines that *de novo* review applies, Judge Gilbert's well-reasoned Order should nonetheless be affirmed in its entirety for the reasons set forth below.[5]

## II.     APPLICANT HAS SATISFIED THE "FOR USE" REQUIREMENT

The parties do not dispute that CSU is found in this district, and Intervenor has not challenged Judge Gilbert's finding that Applicant is "an interested person" in the Abubakar Proceedings.[6] Thus, the only statutory issue for the Court to decide is whether Judge Gilbert erred

---

[4] Intervenor's reliance on the Seventh Circuit's decision in *Rajaratnam v. A.D. Moyer*, 47 F.3d 922 (7th Cir. 1995) is misplaced. There, the Seventh Circuit observed that magistrate judges are authorized to make independent decisions on "'pretrial matters.'" *Id.* at 923 (quoting 28 U.S.C. § 636(b)(1)(A)). In *Rajaratnam*, the court held that an application for attorneys' fees did not fall into that category (or any others that a magistrate judge can review independently). *Id*.

[5] *See Rajaratnam*, 47 F.3d at 924 n.8 (The "de novo" standard does *not* mean that the judge must conduct a new hearing, but must simply "give free consideration to those issues to which specific objections have been made.") (citations omitted).

[6] Intervenor has therefore waived this argument. *Shivaraju v. Advoc. Christ Med. Ctr.*, 2020 WL 7183746, at *2 (N.D. Ill. Dec. 7, 2020) ("Defendants fail to discuss . . . this issue in their opening brief, so they waive it."). But even if the Court finds that the argument was not waived (it was), Judge Gilbert's conclusion was plainly correct based on the reasons and authorities provided in his Order.

10

in concluding that Applicant has satisfied Section 1782's "for use" requirement.

Intervenor first contends that Judge Gilbert's "for use" determination was erroneous because Applicant "is barred from attempting to use the discovery in the foreign proceeding," ECF 44 at 7, and because, in reaching his determination, Judge Gilbert conducted an impermissible "foray into Nigerian law by preferring the assertions of Applicant's lawyer over the decision of the Nigerian Election Court, which held that the new evidence cannot be considered under any circumstances." *Id*. at 8. But this argument is belied by the Order itself, which correctly explained that "[w]hether or not the Supreme Court of Nigeria will consider or admit the new evidence sought in this Application is beyond the purview of this Court." ECF 40 at 12; *see Lumenis Ltd. v. Alma Lasers Ltd.*, 2013 WL 1707571, at *2 (N.D. Ill. Apr. 19, 2013) ("[C]ourts have found the term 'for use in' does not require the material requested to be discoverable or admissible in the foreign jurisdiction"); *see also In re Lab. Ct. of Braz.*, 466 F. Supp. 2d at 1029-30 ("The reference in Section 1782 to the Federal Rules signals to the courts that discovery may be as broad and liberal as the Federal Rules allow."). It is therefore "sufficient for purposes of 28 U.S.C. § 1782 that Applicant has presented evidence of a legal process in Nigeria—his appeal to the Supreme Court of Nigeria—by which the discovery he seeks here could be used in that country." ECF 40 at 11. Under any standard, Judge Gilbert correctly decided this issue.

Second, Intervenor argues that "nearly all of the discovery sought is not 'for use' in the election challenge because Applicant's assertions of disqualification only apply to the diploma submitted to INEC by Intervenor." ECF 44 at 6, 10, 11. This argument, however, was also considered and rejected by Judge Gilbert, who found that "Applicant still questions whether President Tinubu actually attended and received an undergraduate degree from CSU," even if, "in the Court's view . . . the primary issue in this case appears to be whether a CSU diploma . . . is

11

genuine or was forged." ECF 40 at 9. As stated above, the question of whether Intervenor in fact attended CSU is relevant to the authenticity of the diploma. Moreover, as demonstrated by the portion of Applicant's reply quoted above, Applicant raised questions in the Court of Appeal about the discrepancies between the information in the CSU documents and the information provided by Intervenor to INEC. As Judge Gilbert noted, the Court of Appeal "declined to consider that evidence and the underlying argument" because they were not "raised for the first time in the initial Petition," and that Applicant intends to appeal (and now has appealed) that decision. *Id.* at 10 n.3. Because Applicant submitted evidence in his Application that there is "a mechanism by which new evidence could be presented to the Supreme Court of Nigeria," the discovery sought meets the "for use" requirement. *Id.* Further, Intervenor himself has submitted documents that were supposedly certified by CSU in the related Obi case. Discovery as to whether CSU in fact provided and certified those documents (and under what circumstances) is also relevant to these issues. *See id*. at 11 (citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (holding that Section 1782 discovery for imminent appeal was relevant and district court should not consider discoverability or inadmissibility of evidence in foreign proceeding).

Finally, Intervenor's unsupported assertion that the heightened relevance of the authenticity of the diploma obviates the discovery concerning Tinubu's election qualifications, including whether he actually attended CSU, makes no sense. *See* ECF 44 at 7, 10. An order directing discovery on the former need not come at the expense, or to the exclusion of, the latter. The Court should overrule the objection as to the "for use" requirement.

**III.    THE *INTEL* FACTORS WEIGH IN FAVOR OF GRANTING THE APPLICATION**

At the outset, Judge Gilbert correctly applied the Seventh Circuit's holding that once an applicant has satisfied the statutory factors of Section 1782, the burden shifts to the opposing party

12

to demonstrate that the balance of the discretionary factors weigh against the discovery. ECF 40 at 16 (citing *Heraeus Kulzer*, 633 F.3d at 597 ("[O]nce a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric that allowing the discovery sought (or a truncated version of it) would disservice the statutory objectives"). Intervenor does not contend otherwise. Nor does Intervenor challenge Judge Gilbert's conclusion that "[t]here is no evidence in the record to show that granting the Application would undermine or circumvent any Nigerian policy," so that discretionary factor does not weigh against granting the discovery. *Id*. at 22. As such, the issues remaining for the Court are: whether (1) the Nigerian courts would be unreceptive to this Court's assistance; and (2) whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. Intervenor's arguments do not withstand scrutiny under either standard.

*First*, Intervenor has failed to make a showing that the Nigerian Supreme Court would be unreceptive to this Court's assistance under the second *Intel* discretionary factor. *See Intel*, 542 U.S. at 264. The bar is a high one, as Intervenor must furnish "clear" and "authoritative proof" by the relevant foreign "judicial, executive or legislative bodies objecting to foreign discovery assistance" to show that the foreign tribunal would be unreceptive to the U.S. court's assistance. ECF 40 at 21 (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100-01 (2d Cir. 1995)); *In re Martin & Harris Priv. Ltd.*, 2021 WL 2434069, at *6 (D.N.J. June 14, 2021). Intervenor argues that "Applicant has no ability to submit anything further" because the Court of Appeal found the proffered evidence to be inadmissible on timeliness grounds. ECF 44 at 8, 11. Judge Gilbert considered this same argument but found that Applicant "submitted evidence to this Court that the Supreme Court of Nigeria can consider new evidence in exceptional circumstances." ECF 40 at 20. Intervenor did "not dispute that a legal mechanism exists" then, *id*.; he does not dispute

13

this now, ECF 44 at 8 (acknowledging that the Supreme Court can "lift" the evidentiary procedural bar and reopen the record to "add new allegations and supporting evidence.").[7]

Nor can Intervenor credibly assert that Judge Gilbert "gave no weight to the decision of the [Court of Appeal]" in addressing the receptivity of the Nigerian courts under the third discretionary factor, ECF 44 at 9, or that it was error for Judge Gilbert to "prefer[] the assertions of Applicant's lawyer over the decision of the Nigerian Election Court," *id.* at 8. To the contrary, Judge Gilbert appropriately weighed whether "a Nigerian election court might consider material gathered using Section 1782(a)," and concluded that "Applicant has submitted unrebutted evidence that there is a procedural mechanism by which he can attempt to submit new evidence in his appeal of the Nigerian Court of Appeal Decision." *Id.* at 22. By contrast, Intervenor has provided no evidence that the Court of Appeal's decision forecloses use of that mechanism.

*Second*, Intervenor argues that the discovery Applicant seeks is intrusive because educational records are private and protected from disclosure under the Federal Educational Records and Privacy Act, 28 U.S.C. § 1232(g) ("FERPA"). ECF 44 at 11-13. However, it is well-settled that FERPA and analogous state laws do not create an independent privilege for educational records and cannot serve as a shield against a court-issued subpoena, *Jakes v. Boudreau*, 2020 WL 5297007, at *5 (N.D. Ill. Sept. 4, 2020) ("[t]he assertion of a privilege or privacy interest under FERPA is a nonstarter; the statute does not give individuals any enforceable rights") (citation omitted); *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) ("FERPA does not provide a privilege that prevents the disclosure of student records"); *Loch v. Bd. of Educ. of Edwardsville Cmty. Sch. Dist. #7*, 2007 WL 3037288, at *1 n.1 (S.D. Ill. Oct. 17, 2007) (holding Illinois School Student Records Act did not create privilege independent from

---

[7] Intervenor's reliance on *Kestrel Coal Pty. Ltd. v. Joy Global Inc.*, 362 F.3d 401 (7th Cir. 2004), ECF 44 at 9, only undermines his position for the reasons explained in the Order, ECF 40 at 19 n.8.

federal law because federal and state statutes are consistent), or where, as here, the party seeking protection has placed its educational records at issue, ECF 40 at 25-26 (explaining that Intervenor put his diploma at issue by submitting it to INEC and Tinubu's records have already been introduced into the Nigerian proceedings, including by Tinubu himself, and widely published in the media); *see also McGlenn v. Driveline Retail Merch., Inc.*, 2020 WL 1955259, at *11 (C.D. Ill. Apr. 23, 2020) (holding production of credit report was not breach of privacy because respondent put her credit at issue). Through various proceedings, Tinubu has submitted his own educational records for consideration by courts and indeed by the public. ECF 24 ¶ 6. Judge Gilbert correctly decided that the balance of the *Intel* discretionary factors weigh in favor of granting the discovery. The Objections are meritless.[8]

## CONCLUSION

For the foregoing reasons, the Court should overrule the Objections in their entirety. If the Court overrules the Objections, Applicant respectfully requests that it enter an order requiring production of documents no later than October 2, 2023, and the deposition scheduled no later than October 3, to allow time for transcripts to be finalized, and the discovery obtained to be sent to Nigeria (which is six (6) hours ahead) by October 4 so that such evidence may, in turn, be filed with the Supreme Court by October 5, which is when Applicant's Nigerian counsel intend to submit any new evidence to the Supreme Court.

---

[8] Judge Gilbert correctly concluded that Intervenor has no standing to object based on burden. Regardless, the discovery is not unduly burdensome under any applicable standard.

| | |
|---|---|
| Dated: Chicago, Illinois<br>September 27, 2023 | DECHERT LLP<br><br>By: /s/ *Angela M. Liu*<br>Angela M. Liu<br>35 West Wacker Dr. Suite 3400<br>Chicago, Illinois 60601<br>Telephone: (312) 646-5800<br>Facsimile: (312) 646-5858<br>angela.liu@dechert.com<br><br>Andrew J. Levander (*pro hac vice*)<br>Tamer Mallat*<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 698-3500<br>andrew.levander@dechert.com<br>tamer.mallat@dechert.com<br><br>Alexandre de Gramont (*pro hac vice*)<br>Taylor Jaszewski*<br>1900 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 261-3333<br>alex.degramont@dechert.com<br>taylor.jaszewski@dechert.com<br><br>Tooba Hussain*<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Telephone: (215) 994 2078<br>Facsimile: (215) 994 2222<br>tooba.hussain@dechert.com<br><br>*Pro hac vice forthcoming*<br><br>*Attorneys for Applicant Atiku Abubakar* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2023, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all the parties to this proceeding.

*/s/ Angela M. Liu*
Angela M. Liu

DECHERT LLP
Angela M. Liu
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
(312) 646-5816
angela.liu@dechert.com

*Attorney for Applicant Atiku Abubakar*