IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re* Application of ) | |
| ATIKU ABUBAKAR ) | |
| ) | |
| ) | No. 23 CV 5099 |
| For an Order Directing Discovery from ) | |
| CHICAGO STATE UNIVERSITY Pursuant to ) | |
| 28 U.S.C. § 1782. ) | |
| ) | |

**REPLY IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING
ON THE APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782**

The discovery sought here, with one narrow exception, is not "for use" in the pending appeal, and the Nigerian courts were unequivocally hostile to the discovery. Application of the principles of comity and parity included in section 1782, require the Nigerian decision be given effect and that the application be denied. The federal rules also do not permit a fishing expedition to challenge established fact, and that is a further reason to deny the application.

**1.      Review Is *De Novo*.**

Applicant analogizes discovery in this proceeding to ordinary discovery supervised by magistrates where there is an underlying lawsuit. There is no underlying case in this proceeding; the application is a proceeding unto itself and the Magistrate here purported to terminate this proceeding with a definitive ruling ordering compliance. That is one reason the Ninth Circuit concluded that proceedings under

section 1782 are more akin to dispositive motions.  *CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022) (contrasting ordinary discovery with the "atypical situation" under § 1782 where a freestanding subpoena request was filed on its own and not in conjunction with another federal lawsuit).  In *Rajaratnam v. Moyer*, the Seventh Circuit looked to a Ninth Circuit decision on whether a fee petition should be considered dispositive or non-dipositive.  47 F.3d 922, 924 (7th Cir. 1995) (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993)).  There, the Seventh Circuit observed that "[w]e believe that the situation before us is analytically indistinguishable," and adopted the Ninth Circuit's rationale.  The rationale in *CPC Patent Techs* is equally persuasive.

      Applicant counters the Ninth Circuit's analysis in *CPC Patent Techs* with other out-of-circuit decisions concluding that section 1782 applications are non-dispositive and reviewing for clear error.  Those decisions, however, arrive at the destination without preforming the requisite analysis, usually by citing some other district court case.  The short unpublished Eleventh Circuit decision, *Rothe v. Aballi*, is emblematic of the lack of analysis in the decisions relied upon by Applicant.  By contrast, the Ninth Circuit in *CPC Patent Techs* thoroughly delved into the issue.  As the citations to *CPC Patent Techs* show, the decision has been followed by numerous district courts because it is based on sound logic and precedent.

Applicant's assertion that the ruling here should be characterized as non-dispositive is also inconsistent what the Seventh Circuit said in *Rajaratnam* about referrals and in *Haraeus Kulzer GmbH* about the finality of decisions on section 1782 applications. In *Rajaratnam*, the Seventh Circuit rejected the theory that a referral may allow a magistrate to enter a final decision, observing that "[s]uch a referral does not permit the magistrate judge to enter a final decision appealable to this court." 47 F.3d at 924. And, in *Haraeus Kulzer GmbH v. Biomoet, Inc.*, the Seventh Circuit observed that discovery orders are normally unappealable, but in a section 1782 application "the orders . . . are final because there is no pending litigation in the district court." 633 F.2d 591, 594 (7th Cir. 2011). Here, the Magistrate entered a ruling that purported to be final decision that ended the dispute and ordered compliance. A magistrate cannot enter such a decision. The review should be *de novo*.[1]

**1.     The Discovery is Not "For Use" In Applicant's Emergency Appeal.**

Applicant's response makes clear that the "other documents" are not "for use" in his pending appeal – the appeal that he has asked this Court to expedite its decision based upon. (Dkt. 45, pg. 4.) According to Applicant, the "other documents" were submitted "in a related proceeding" and Applicant should be able to "authenticate documents that are already in the public record." (*Id*.) "Related" proceedings are not

---

[1] In a *de novo* review, the Court can consider the totality of Intervenor's objections and the correctness of the Magistrate's ruling on all points, contrary to what Applicant suggests. (*See* Dkt. 45, pg. 8, n.3.)

3

the proceedings the Application is based upon, and Applicant cannot invoke section 1782 for other proceedings. Nor does section 1782 provide authority for foreigners to authenticate documents they find in public records. The discovery sought by Applicant is simply not "for use" in the pending appeal and should not be permitted.

**2.      The Nigerian Courts Are Unreceptive To Applicant's Discovery.**

Applicant misunderstands the point in the objection about the effect of the decision from Nigeria. The Nigerian court decision precluded Applicant from asserting the theory he seeks to support with discovery here. Applicant's response notes, but ignores the fact that he included only a single, general sentence about Intervenor being "not qualified" in his 200+ petition in Nigeria. (Dkt. 45 pg. 6.) The Nigerian court made clear that Applicant's conduct precluded him from asserting any facts surrounding that generalized statement. (*See* Dkt. 34, pgs. 556-562, finding that applicant either failed to explain "what [he] meant by qualification for the election or simply deliberately kept it back when filing [his] petition").) Applicant's failure to include supporting allegations to flush out the general statement in his petition forecloses any opportunity to try to submit new material to the Nigerian Supreme Court.[2]

A foreign court's decision to bar the discovery sought should not present an opportunity for the Applicant to seek that very same discovery. The Seventh Circuit

---

[2] Applicant's response includes a chronology that shows he was aware of the issue in June 2022. (Dkt. 45, pg. 5.)

warned district courts to be on alert for potential abuses of section 1782, one of which is an applicant seeking "discovery of documents or other materials that the foreign court would not admit into evidence." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011). But, unlike in *Heraues Kulzer*, where "there is nothing in the record to suggest that the German court would be affronted by Heraes's recourse to U.S. discovery or would refuse to admit the evidence," there is a clear statement from the Nigerian court. *Id*. at 597. Here, the foreign court *is* affronted to the discovery sought and has refused to consider it. *See Kestrel Coal PTY. LTD. v. Joy Global, Inc.*, 362 F.3d 401, 406 (7th Cir. 2004). Intervenor has clearly established that granting the application would undermine the judgment of the Nigerian court by allowing Applicant to do what the Nigerian court prohibited him from doing. That should preclude the discovery.

The Applicant, and the Magistrate, asserted that the Nigerian court's decision should be effectively nullified because Applicant can appeal. There is nothing in section 1782 suggesting that discovery should be permitted anytime a losing party can take an appeal in the foreign jurisdiction. The issues of comity that the Supreme Court directed courts to consider would become a nullity if the Applicant's and the Magistrate's logic prevailed. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial

5

assistance."). A foreign litigant can always suggest an appeal will be taken and the prospect that discovery might be considered at some point in the future. This line of thinking, however, disregards the existing judgment of the foreign court based on a hypothetical. *See* S*chlich v. Broad Inst., Inc. (In re Schlich)*, 893 F.3d 40, 51 (1st Cir. 2018). The judgment of the Nigerian court was an authoritative statement of the unreceptivity to the discovery that should end the quest here.[3]

**3.     The Federal Rules Preclude the Discovery Sought Here.**

Applicant's response asserts that discovery under 28 U.C.S. § 1782 is "straightforward", implying that his application should be given little scrutiny. The Supreme Court said the opposite in *Intel*. 542 U.S. at 264, 266 (As earlier emphasized, *see supra*, at 260-261, 159 L. Ed. 2d, at 375, a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.). As the Supreme Court made clear in *Intel*, the Federal Rules still apply to section 1783 applications and those procedures can limit the scope of discovery. *Id*. at 266. The Federal Rules, such as Rule 26, do not afford the Applicant unfettered discovery.

Applicant asserts that the diploma Intervenor submitted to INEC as a potential forgery, and that submission by Intervenor is his basis for the Nigerian Constitutional "qualification" challenge. (*See* Dkt. 22, pg. 5.) Yet, even that discovery has no legitimate basis and should not be permissible under the federal rules. Applicant's

---

[3] The Nigerian decision also precludes the admission of the material sought in discovery.

basis for doubting the diploma is his interpretation of proper comma placement and inability to read a signature. (Dkt. 45, pgs. 5-6.) That speculation can be contrasted with established fact – that Nigerian President Bola A. Tinubu graduated from Chicago State University with a degree in 1979. (Dkt. 20-1.) Despite the affidavit from CSU, the Applicant persists in doubting facts, not unlike another domestic presidential candidate. (Dkt. 45, pg. 11.) Unlike that domestic presidential candidate, whose lawsuits were never allowed discovery on such a flimsy basis, Applicant asserts that he can obtain discovery merely by "questioning" established fact. That is not a basis for discovery.

Applicant's identification of "other documents" as another area for discovery is based on other proceedings and material that Applicant claims has filtered into the public record. Applicant then offers the refrain that "nobody should oppose this discovery," despite the political intrigue opposition figures were able to create with the documents. Enahoro-Ebah's illegal subpoena and the typographical error in creating a new diploma, is an example of the harm that can arise when someone is allowed to rummage through another's records.[4] Applicant's asserted interest in resolving questions about documents "widely published in the media" is not a basis to use Rule 45 to compel an institution of higher education. Congress and the Illinois General

---

[4] Applicant persists in questioning this more recent diploma, despite clear explanations about its genesis from Chicago State. (Dkt. 20-1.)

7

Assembly created protections for educational records that should not be so lightly pushed aside for what appears to be foreign political opposition research. The proposed discovery of "other documents" should be precluded.

## Conclusion

The Magistrate erred in granting the Application and ordering Chicago State University to comply with the subpoenas for documents and a deposition. The ruling should be set aside and the Application denied.

                                                  Respectfully submitted,

                                                  **INTERVENOR BOLA AHMED TINUBU,**

                                                  By: s/Christopher Carmichael
                                                        One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

                                                  Respectfully submitted,

                                                  **INTERVENOR BOLA AHMED TINUBU,**

                                                  By: s/Oluwole Afolabi
                                                        Admitted *Pro Hac Vice*

Oluwole Afolabi
**LAW OFFICES OF OLUWOLE AFOLABI**
805 Castleton Ave.
Staten Island, New York 10310
Tel: (973) 703-9433
woleafolabi@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on **September 28, 2023**, the foregoing **Reply in Support of Objections to the Magistrate's Order on the 28 U.S.C. § 1782 Application for Discovery** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By: /s/ Christopher Carmichael